UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LORRAINE MASCIARELLI,

                               Plaintiff,        **INDEX NO. _____**

-against-

                                                **COMPLAINT**

NEW YORK CITY DEPARTMENT OF
EDUCATION,                                    **JURY TRIAL DEMANDED**

                               Defendant.
-----------------------------------------------------------------X

The Petitioner LORRRAINE MASCIARELLI ("Plaintiff") by her attorneys, The Scher Law Firm, LLP, alleges the following as her Complaint:

### I.    PARTIES, JURISDICTION AND VENUE

1. The Plaintiff LORRAINE MASCIARELLI ("Plaintiff") was and still is a natural person who resides in and is a domiciliary of the County of Suffolk, State of New York and was formerly employed as a tenured teacher with the New York City Department of Education.

2. The Defendant NEW YORK CITY DEPARTMENT OF EDUCATION ("NYCDOE" or "Defendant") was and still is a municipal corporation duly organized under the laws of New York State, acting under color of State law, with its principal place of business is located in the County of Kings, State of New York.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

4. This Court has further supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367(a), over related claims for relief for New York State statutory violations.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because the events giving rise to the Plaintiff's claims occurred in the Eastern District of New York.

6. The Plaintiff filed a claim with the United States Equal Employment Opportunity Commissioner ("EEOC"). *See,* **Exhibit A,** a copy of the Plaintiff's filing with the EEOC.

7. The EEOC issued a Right to Sue Letter on September 25, 2022. *See,* **Exhibit B**, a copy of the EEOC's Right To Sue Letter.

8. This Action was commenced prior to the expiration of the ninety (90) day window to file a claim pursuant to the Right to Sue Letter.

## II. FACTUAL BACKGROUND

9. The Plaintiff was hired by the NYCDOE as a teacher in September 2000.

10. The Plaintiff earned tenure pursuant to N.Y. Education Law.

11. The Plaintiff has not become vaccinated with a COVID-19 vaccine.

12. The Petitioner was suspended without pay for not becoming vaccinated with a COVID-19 vaccine.

13. The Plaintiff is a practicing Roman Catholic. *See,* **Exhibit C**, a copy of the Plaintiff's request for religious accommodation from the COVID-19 vaccine mandate.

14. The Plaintiff requested a reasonable accommodation based upon her sincerely held religious beliefs that stand in opposition to the COVID-19 vaccine. *See,* **Exhibit C**.

15. On September 21, 2021, the NYCDOE denied the Plaintiff any accommodation for her sincerely held religious beliefs. *See,* **Exhibit D**, a copy of the NYCDOE's denial of the Plaintiff's requested accommodation.

16. The Plaintiff appealed the NYCDOE's denial of an accommodation for her sincerely held religious beliefs.

17. On October 4, 2021, the Plaintiff's appeal of the denial of an accommodation was rejected. *See,* **Exhibit E,** a copy of the decision from the Plaintiff's appeal.

18. On November 19, 2021, the Plaintiff applied to the City of New York Reasonable Accommodation Appeals Panel. *See,* **Exhibit F**, a copy of the Plaintiff's appeal to the City of New York Reasonable Accommodation Appeals Panel.

19. On December 1, 2021, I had an attorney write a letter to the City of New York Reasonable Accommodation Appeals Panel. *See,* **Exhibit G**, a copy of the attorneys' letter.

20. On February 15, 2022, the Plaintiff's appeal to the City of New York Reasonable Accommodation Appeals Panel was denied. *See,* **Exhibit H**, a copy of the decision of the City of New York Reasonable Accommodation Appeals Panel.

21. At no point did the NYCDOE participate in an interactive process to determine what reasonable accommodation may be provided to the Plaintiff for her sincerely held religious belief.

### III.   CAUSES OF ACTION

**AS AND FOR A FIRST CAUSE OF ACTION FOR RELIGIOUS DISCRIMINATION**

19. The Plaintiff repeats, reiterates, and realleges each and every allegation contained in ¶¶ 1 through 18 as if the same were fully set forth at length herein.

20. The Plaintiff has been a live-long practicing Roman Catholic. *See,* **Exhibit C**.

21. The Plaintiff's Roman Catholic beliefs conflicts with the COVID-19 vaccine such that, based upon the Plaintiff's religious beliefs. *See,* **Exhibit C**.

22. The NYCDOE, the Plaintiff's employer had actual knowledge of the Plaintiff's sincerely held religious beliefs. *See,* **Exhibit D**.

3

23. The NYCDOE initially suspended the Plaintiff, without pay, for not becoming vaccinated with a COVID-19 vaccine, which would have conflicted with her sincerely held religious beliefs.

24. On September 5, 2022, the NYCDOE terminated the Plaintiff's employment for not becoming vaccinated with a COVID-19 vaccine, which would have conflicted with her sincerely held religious beliefs.

25. Based on the foregoing, the NYCDOE subjected the Plaintiff to discrimination on the basis of her religion, unlawfully discriminating against the Plaintiff in the terms and conditions of her employment on the basis of her religion, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, 42 U.S.C. § 1983; N.Y. Executive Law § 296 (New York State Human Rights Law); and N.Y.C. Human Rights Law.

## AS AND FOR A SECOND CAUSE OF ACTION FOR FAILURE TO REASONABLY ACCOMMODATE THE PLAINTIFF'S SINCERELY HELD RELIGIOUS BELIEFS

26. The Plaintiff repeats, reiterates, and realleges each and every allegation contained in ¶¶ 1 through 25 as if the same were fully set forth at length herein.

27. The Plaintiff has been a live-long practicing Roman Catholic. *See,* **Exhibit C**.

28. The Plaintiff's Roman Catholic beliefs conflicts with the COVID-19 vaccine such that, based upon the Plaintiff's religious beliefs. *See,* **Exhibit C**.

29. The NYCDOE, the Plaintiff's employer had actual knowledge of the Plaintiff's sincerely held religious beliefs. *See,* **Exhibit D**.

30. The NYCDOE initially suspended the Plaintiff, without pay, for not becoming vaccinated with a COVID-19 vaccine, which would have conflicted with her sincerely held religious beliefs.

31. On September 5, 2022, the NYCDOE terminated the Plaintiff's employment for not becoming vaccinated with a COVID-19 vaccine, which would have conflicted with her sincerely held religious beliefs.

32. No reasonable accommodation was offered to the Plaintiff.

33. There were reasonable accommodations that would not have caused the NYCDOE an undue hardship, but none were offered to the Plaintiff to accommodate her sincerely held religious beliefs.

34. The NYCDOE did not participate in an interactive process to find a reasonable accommodation for the Plaintiff's sincerely held religious belief.

35. Instead, the NYCDOE terminated the Plaintiff from her employment with the NYCDOE. *See,* **Exhibit I**, a copy of the UFT Arbitration Award, at III.B.

36. Based on the foregoing, the NYCDOE failed to provide a reasonable accommodation and as a result, discriminated against the Plaintiff on the basis of her religion, unlawfully discriminating against the Plaintiff in the terms and conditions of her employment on the basis of her religion, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, 42 U.S.C. § 1983; N.Y. Executive Law § 296 (New York State Human Rights Law); and N.Y.C. Human Rights Law.

**WHEREFORE,** the Plaintiff demands judgement against the Defendant for all compensatory, emotional, psychological and punitive damages, injunctive relief and any other damages permitted by law pursuant to the above referenced causes of action. It is respectfully requested that this Court grant Plaintiff any other relief to which he is entitled, including but not limited to:

1. Awarding reasonable attorney's fees and costs and disbursements of this action; and
2. Granting such other and further relief that the Court seems just and proper.

Dated:   Carle Place, New York
         December 13, 2022

                                        Respectfully submitted,
                                        THE SCHER LAW FIRM, LLP

                                        _____
                                        Austin Graff, Esq.
                                        One Old Country Road, Suite 385
                                        Carle Place, New York 11514
                                        (516) 746-5040