

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

LAUREN A. ZAPRZALKA
*Assistant Corporation Counsel*
Phone: (212) 356-3574
Lzaprza@law.nyc.gov

**BY ECF**                                                                                         March 27, 2023

Honorable Carol Bagley Amon
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

                        Re:   Lorraine Masciarelli v. New York City Department of Education, 22-cv-07553 (CBA) (SJB)

Dear Judge Amon:

       I am an Assistant Corporation Counsel in the office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, attorney for the New York City Department of Education ("Defendant" or "DOE"). Defendant writes to respectfully request a pre-motion conference to discuss a motion to dismiss with prejudice.

**Summary of Plaintiff's Complaint**

       Plaintiff was a DOE teacher who declined to take the COVID-19 vaccination, ostensibly because of her religious beliefs as a self-identified Catholic. See Compl. at ¶¶ 9, 11; Pl. Exh. "C." Plaintiff alleges claims under Title VII, 42 U.S.C. § 1983, New York State Human Rights Law ("SHRL") and New York City Human Rights Law ("CHRL") claiming religious discrimination as well as failure to accommodate her purported religious belief.[1]

       Plaintiff requested a religious exemption from the COVID-19 vaccination requirement set by the DOE. See Compl. at ¶ 11; see also Pl. Exh. "C."[2] It is important to note that "the Second Circuit and other courts in have repeatedly found that vaccination against COVID-19 is a proper condition of employment." Kane v. DeBlasio, 2022 U.S. Dist. LEXIS 154260, at *38 (S.D.N.Y. Aug. 26, 2022). Indeed, in a case remarkably on point, the Kane Court rejected a Free Exercise and Title VII challenge to the DOE's vaccination mandate brought by teachers. Id., at *2-3.

       At any rate, after a review, defendant denied plaintiff's request. See Compl. at ¶ 15; see

---

[1] It is well-settled that "§ 1983 creates no independent, substantive constitutional rights but rather is a vehicle for enforcing such rights." Rosa R. v. Connelly, 889 F.2d 435, 440 (2d Cir. 1989), cert, denied, 496 U.S. 941 (1990). Because plaintiff failed to identify the Constitutional right ostensibly at issue, defendant, basing its conclusion on the context of the Complaint, presumes plaintiff seeks to litigate the Free Exercise Clause of the First Amendment.

[2] Plaintiff describes her request in the Complaint as one for an accommodation but her own Exhibit shows that she believes she should be exempt from all vaccines. Compare Compl., ¶ 21 with Pl. Exh. C, at 1 (where plaintiff states "I am writing to respectfully apply for a religious exemption to immunizations").

also Pl. Exh. "D." Defendant denied plaintiffs request because,
> [p]er the Order of the Commissioner of Health, unvaccinated employees cannot work in a [DOE] building or other site with contact with DOE students, employees, or families without posing a direct threat to health and safety. We cannot offer another worksite as an accommodation as that would impose an undue hardship (i.e. more than a minimal burden) on the DOE and its operations.

Pl. Exh. "D." Plaintiff availed herself of the opportunity to appeal the accommodation request denial which was rejected on October 4, 2021. See Compl. at ¶¶ 16, 17; see also Pl. Exh. "E." On November 19, 2021, plaintiff appealed to the Reasonable Accommodation Appeals Panel ("Panel") and the appeal was denied. See Compl. at ¶¶ 18, 20; see also Pl. Exhibits "F" and "H." The Panel denied plaintiff's appeal because "DOE ha[d] demonstrated that it would be an undue hardship to grant this accommodation." See Pl. Exhibits "F" at 4 and "H."

Notably the United States Equal Employment Opportunity Commission came to the same conclusion in response to plaintiff's administrative charge. Pl. Exh. B, at 4. The EEOC determined that the DOE "illustrated that the granting of [plaintiff's] requested accommodation would have been more than a minimal hardship." Id.

Plaintiff was placed on leave without pay status ("LWOP") on October 4, 2021 and was terminated on September 5, 2022. See Compl. at ¶¶ 23, 24; see also Pl. Exh. "A" at 4.

**Basis for Dismissal of the Complaint**

   A. Plaintiff's Religious Discrimination Claim Must be Dismissed

To prevail on her religious discrimination claim under Title VII, plaintiff must show (1) she is in a protected group; (2) was qualified for the position; (3) subject to an adverse employment decision; and (4) under circumstances giving rise to an inference of discrimination. See Shah v. MTA N.Y. City Transit, 687 Fed. Appx. 32 (2d Cir. Apr. 13, 2017); see also Tolbert v. Smith, 790 F.3d 427, 434 (2d Cir. 2015) (SHRL claims governed by same standard as Title VII claim). To state a claim under the CHRL, plaintiff must allege that her employer treated her less well, at least in part for a discriminatory reason. See Freud v. N.Y. City Dept. of Educ., 2022 U.S. Dist. LEXIS 54353, at *28 (S.D.N.Y. Mar. 25, 2022).

Plaintiff fails to state a claim for religious discrimination. Anti-discrimination laws require that where an employee's genuine religious belief conflicts with a condition of employment, the employee is entitled to a reasonable accommodation "***unless doing so would cause the employer to suffer an undue hardship***." Kane, supra, at *38 (citing and quoting Cosme v. Henderson, 287 F.3d 152, 158 (2d Cir. 2002) (emphasis added)). Moreover, an undue hardship is one that results in "more than a de minimis cost to the employer." Id. (internal quotations and citations omitted). Thus, the Kane Court dismissed similar claims to the ones presented here, and held that "[p]laintiffs' inability to teach their students safely in person presents more than a de minimis cost" on the DOE. Id. Defendant respectfully urges this Court to reach the same conclusion, because even the limited record here shows that the actions plaintiff challenges -- her placement on LWOP and termination – were not based on her religion, but were solely due to the undue burden that an exemption or accommodation would impose on defendant. See Pl. Exhibits "D," "F" and "H." Indeed, plaintiff does not even allege any direct evidence of discrimination, or contend any anti-

Catholic remarks were made. See Compl. generally. Similarly, an inference of discrimination may arise from the employer's more favorable treatment of employees not in the protected group, see Johnson v. Andy Frain Servs., 2016 U.S. App. LEXIS 784, *3 (2d Cir. Jan. 19, 2016), but plaintiff has not alleged that any employee who was not in her protected class was treated differently.

This failure by plaintiff is also fatal to her § 1983 claim, because to support "a Free Exercise Clause claim, a plaintiff generally must establish that the object of [the challenged] law is to infringe upon or restrict practices because of their religious motivation, or that its purpose . . . is the suppression of religion or religious conduct." Kane, supra, at *19 (internal quotations and citations omitted) (brackets in original). In a prior decision in Kane, the Second Circuit held that the DOE's vaccine mandate is "neutral and generally applicable." Id., at *20. This Court, similarly, should reject the instant plaintiff's identical Free Exercise challenge.

B. Plaintiff's Failure to Accommodate Claim Must Fail

"A *prima facie* case for a failure to accommodate claim requires a plaintiff to demonstrate that: '(1) they held a bona fide religious belief conflicting with an employment requirement; (2) they informed their employers of this belief; and (3) they were disciplined for failure to comply with the conflicting employment requirement.'" Verne v. N.Y.C. Dep't, 2022 U.S. Dist. LEXIS 180135, at *43-44 (S.D.N.Y. Sep. 30, 2022) (citation omitted). "Once a prima facie case is established by the employee, the employer 'must offer [him or her] a reasonable accommodation, unless doing so would cause the employer to suffer an undue hardship.'" See id. (citation omitted). The SHRL and CHRL, similarly, hold that employers are not required to suffer undue hardship to accommodate religious beliefs. N.Y. Exec. Law, § 296, 10(a); N.Y.C. Admin. Code § 8-102.

In the case at bar, defendant's reason for the denial of her accommodation requests and ultimately her placement on LWOP status as well as her termination was the undue burden that would be placed on Defendant. See Pl. Exhibits "D," "F" and "H." Defendant denied plaintiff's request because unvaccinated teachers could not work in DOE sites for health and safety reasons. See Pl. Exh. "D." The accommodation that defendant considered but was unable to provide due to an undue hardship was another worksite where plaintiff would not have contact with students, employees and families. See id. Defendant had over 3,300 DOE staff who requested religious accommodations and DOE school programs are conducted mainly in person, therefore creating alternative assignments outside of school buildings would cause the defendant to bear significant and unreasonable costs and ultimately an undue hardship. See James Hogue v. The Board of Education of the City School District of the City of N.Y. et al., 155400/2022, Dkt. No. 61 (N.Y. Cty. Sup. Ct., 2022). Therefore, plaintiff's failure to accommodate claim should be denied because accommodating plaintiff would cause an undue hardship.

It need only be added that, as the Second Circuit has held, no religious accommodations is required to laws that are "neutral and generally applicable," Kane v. DeBlasio, 19 F.4th 152, 175 (2d Cir. 2021), which the Circuit held the vaccine mandate at issue here to be, id., at 164. Accordingly, defendant respectfully requests the opportunity for a pre-motion conference.

Respectfully submitted,

*/s/ Lauren A. Zaprzalka*
Lauren A. Zaprzalka
Assistant Corporation Counsel