# THE SCHER LAW FIRM, LLP

ONE OLD COUNTRY ROAD, SUITE 385
CARLE PLACE, NY 11514

MARTIN H. SCHER*
JONATHAN L. SCHER*†

AUSTIN R. GRAFF*

TEL: 516-746-5040

FAX: 516-746-5043

W. SCOTT KERSHAW
COUNSEL
MICHAEL SCHILLINGER
COUNSEL
ROLAND P. BRINT
COUNSEL
ADAM GANG
COUNSEL

ROBERT S. NAYBERG
(1959-2012)

* Also Admitted in District of Columbia
† Also Admitted in New Jersey

March 29, 2023

**BY ECF**
Hon. Carol Bagley Amon, U.S.D.J.
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re:  Masciarelli v. New York City Department of Education
          E.D.N.Y. Docket No. 22-cv-07553 (CBA)(SJB)

Dear Judge Amon:

  This law firm represents the Plaintiff in the above-referenced Action. This letter shall serve as the Plaintiff's opposition to the Defendant's request for a pre-motion conference to discuss a Motion to Dismiss.

  The Plaintiff was a former teacher employed by the Defendant. The Plaintiff was terminated from her employment when she refused to take the COVID vaccine because she has a long-held religious objection to the vaccine.

  The Plaintiff sought a religious exemption/accommodation, which was rejected, just like most of her former colleagues, without any offer from the Defendant of a reasonable accommodation. Instead, the Defendant denied the Plaintiff any religious accommodation based upon an "undue hardship", which the Defendant said was "the need for a safe environment for in-person learning." Docket Entry No. 1-8.

  The Defendant never offered any reasonable accommodation to the Plaintiff that would both satisfy the Plaintiff's sincere religious beliefs and the Defendant's concern for "a safe environment for in-person learning."

  In *Ansonia Bd. of Educ. v. Philbrook*, 479 U.S. 60, 68-69 (1986), the Court held:

> We find no basis in either the statute or its legislative history for requiring an employer to choose any particular reasonable accommodation. By its very terms the statute directs that any reasonable accommodation by the employer is sufficient to meet its accommodation obligation. The employer violates the statute unless it "demonstrates that [it] is unable to reasonably accommodate . . . an employee's . . . religious observance or practice without undue hardship on the conduct of the employer's

THE SCHER LAW FIRM, LLP

Hon. Carol Bagley Amon, U.S.D.J.
United States District Court, Eastern District of New York
March 29, 2023
Page 2 of 3

---

business." 42 U. S. C. § 2000e(j). Thus, where the employer has already reasonably accommodated the employee's religious needs, the statutory inquiry is at an end. The employer need not further show that each of the employee's alternative accommodations would result in undue hardship. As *Hardison* illustrates, the extent of undue hardship on the employer's business is at issue only where the employer claims that it is unable to offer any reasonable accommodation without such hardship. Once the Court of Appeals assumed that the school board had offered to Philbrook a reasonable alternative, it erred by requiring the Board to nonetheless demonstrate the hardship of Philbrook's alternatives.

In this case, the Defendant did not offer any accommodation to the Plaintiff for her long-held religious beliefs. The failure to offer any accommodation places the Defendant's alleged undue hardship at issue. Since the Defendant's explanation that the undue hardship was "the need for a safe environment for in-person learning" the alternative of testing (which system existed before the COVID vaccine mandate was implemented) could have been a reasonable accommodation and could have allowed the Plaintiff to have a reasonable accommodation and would have maintained a safe environment for in-person learning. Docket Entry No. 1-8. But the Defendant did not offer that option to the Plaintiff. Accordingly, any Motion to Dismiss will likely be denied.

The Defendant also does not address the fact that in testimony in the *New Yorkers for Religious Liberty, Inc., et al. v. The City of New York, et al.*, Eastern District of New York, Docket Number 2022-cv-00752, the City's witness testified that out of roughly 3,200 accommodation requests that were processed by the Citywide Panel that reviewed accommodation requests to the City, roughly 100 were granted, with 80 to 85 percent of the appeals being religious reasonable accommodation requests. Deposition of Eric Eichenholtz, dated May 24, 2022, at page 32, line 8 through page 33, line 5.

This evidence reveals that despite having a mechanism for reasonable accommodation requests, the Defendant failed to accommodate religious beliefs and the excuse of an undue hardship was merely pretext for discrimination.

As a result, any Motion to Dismiss by the Defendant will fail because the Plaintiff has stated a claim for religious discrimination based upon the Defendant's failure to provide any reasonable accommodation and its undue hardship explanation is merely a pretext for discrimination against the Plaintiff's long-held religious beliefs.

Finally, the Defendant's citation to several cases, including *Kane v. DeBlasio*, 19 F.4th 152 (2d Cir. 2021) pre-date the Supreme Court's decision in *Kennedy v. Bremerton Sch. Dist.*, __ U.S. __, 142 S Ct 2407, 2421 (2022), in which the Court held

> Under this Court's precedents, a plaintiff bears certain burdens to demonstrate an infringement of his rights under the Free Exercise

THE SCHER LAW FIRM, LLP

and Free Speech Clauses. If the plaintiff carries these burdens, the focus then shifts to the defendant to show that its actions were nonetheless justified and tailored consistent with the demands of our case law.

…The Free Exercise Clause provides that "Congress shall make no law . . . prohibiting the free exercise" of religion. Amdt. 1. This Court has held the Clause applicable to the States under the terms of the Fourteenth Amendment. *Cantwell v. Connecticut*, 310 U. S. 296, 303, 60 S. Ct. 900, 84 L. Ed. 1213 (1940). The Clause protects not only the right to harbor religious beliefs inwardly and secretly. It does perhaps its most important work by protecting the ability of those who hold religious beliefs of all kinds to live out their faiths in daily life through "the performance of (or abstention from) physical acts." *Employment Div., Dept. of Human Resources of Ore. v. Smith*, 494 U. S. 872, 877, 110 S. Ct. 1595, 108 L. Ed. 2d 876 (1990).

The Defendant violated the Plaintiff's constitutional rights under the Free Exercise clause when it required the Plaintiff to take the COVID-19 vaccine or lose her job, when the Plaintiff's religious beliefs conflicted with the vaccine. The Free Exercise clause protects the Plaintiff from abstaining from taking the COVID-19 vaccine (a physical act) based upon her religious beliefs.

However, the *Kennedy* decision establishes that the Plaintiff's constitutional right under the Free Exercise clause was violated when the Defendant made the Plaintiff choose her religion or her job. When the Plaintiff chose her religion, which was her constitutional right, the Plaintiff was terminated because of it.

The Court should deny the Defendant's request to make a Motion to Dismiss.

*********

The Plaintiff requests that if the Court grants permission for the Defendant to make a Motion to Dismiss, the Court permit discovery to proceed and the Initial Conference schedule, including the settlement conference to proceed while the Motion to Dismiss is pending.

Thank you for your courtesies.

Respectfully submitted,
THE SCHER LAW FIRM, LLP

Austin Graff

ARG:ms
cc:     Lauren A. Zaprzalka, Esq. (by ECF)