22-CV-07553 (CBA) (SJB)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LORRAINE MASCIARELLI,

                                            Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

                                            Defendant.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

**HONORABLE SYLVIA O. HINDS-RADIX**

*Corporation Counsel of the City of New York*
Attorney for the Defendant
100 Church Street, Room 2-122
New York, New York 10007
*Of Counsel:* Lauren A. Zaprzalka
*Tel.*: (212) 356-3574


## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1
STATEMENT OF FACTS .......................................................................................................... 3
    A.  Order of the Commissioner of Health and Mental Hygiene ........................................... 3
    B.  Lorraine Masciarelli ......................................................................................................... 4
ARGUMENT ................................................................................................................................. 7
  STANDARD OF REVIEW ....................................................................................................... 7
  POINT I ...................................................................................................................................... 8
      PLAINTIFF'S CLAIMS OF RELIGIOUS DISCRIMINATION FAIL ........................... 8
    A.  Plaintiff's Claim of Religious Discrimination due to Denial of Requested
    Accommodation Fails ...................................................................................................... 8
    B.  If Plaintiff is Alleging Religious Discrimination Based on Disparate Treatment, Her
    Claim Fails ..................................................................................................................... 11
    C.  Plaintiff's § 1983 Claim Fails ........................................................................................ 13
  POINT II .................................................................................................................................. 14
      PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES FAIL AND MUST BE
      STRICKEN .................................................................................................................... 14
CONCLUSION ............................................................................................................................ 15

## **TABLE OF AUTHORITIES**

**Cases**

Abdu-Brisson v. Delta Air Lines, Inc., 239 F.3d 456 (2d Cir. 2001 ........................................... 12

Abdul-Hakeem v. Parkinson, 523 F. App'x 19   (2d Cir. 2013) ................................................. 12

Anderson v. City of N.Y., 2017 U.S. Dist. LEXIS 8358 (S.D.N.Y. Jan. 19, 2017) ..................... 15

Ashcroft v. Iqbal, 556 U.S. 662 (2009)......................................................................................... 7

Baker v. The Home Depot, 445 F.3d 541 (2d Cir. 2006) ........................................................... 8, 9

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) ........................................................................ 7

Bind v. City of N.Y., 2011 U.S. Dist. LEXIS 113629, 2011 WL 4542897 (S.D.N.Y. Sept. 30, 2011) ......................................................................................................................................... 8

Chambers v. TRM Copy Centers Corp., 43 F.3d 29 (2d Cir. 1994).......................................... 12

City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 101 S. Ct. 2748, 69 L. Ed. 2d 616 (1981)..................................................................................................................................... 15

Claiborne v. Winthrop Univ. Hosp., 2019 U.S. Dist. LEXIS 24456 (E.D.N.Y. Feb. 13, 2019).... 8

Cosme v. Henderson, 287 F.3d 152 (2d Cir. 2002) ..................................................................... 8

Davis v. City of N.Y., 228 F. Supp. 2d 327 (S.D.N.Y. 2002) ..................................................... 14

Does v. Hochul, 2022 U.S. Dist. LEXIS 180025 (E.D.N.Y. Sep. 30, 2022)................................. 9

Elgalad v. N.Y.C. Dep't of Educ., 2018 U.S. Dist. LEXIS 162838 (S.D.N.Y. Sep. 24, 2018) .... 15

Freud v. N.Y. City Dept. of Educ., 2022 U.S. Dist. LEXIS 54353 (S.D.N.Y. Mar. 25, 2022).... 12

Garcia v. N.Y.C. Health & Hosps. Corp., 2016 U.S. Dist. LEXIS 101952 (S.D.N.Y. July 26, 2016) ...................................................................................................................................... 15

Hickey v. State Univ. of N.Y. at Stony Brook Hosp., 2012 U.S. Dist. LEXIS 105182, 2012 WL 3064170 (E.D.N.Y. July 27, 2012) .......................................................................................... 8

James Hogue v. The Board of Education of the City School District of the City of N.Y. et al., 155400/2022, Dkt. No. 61 (N.Y. Cty. Sup. Ct., 2022) ............................................................ 10

Kane v. De Blasio, 19 F.4th 152 (2d Cir. 2021) .................................................................... 13, 14

Kane v. de Blasio, 2022 U.S. Dist. LEXIS 154260 (S.D.N.Y. Aug. 26, 2022)..................... passim

Kramer v. Time Warner Inc., 937 F.2d 767 (2d Cir. 1991)......................................................... 3

Lorraine Masciarelli v. New York City Department of Education, 726150/2022, Dkt. No. 18 (Sup. Ct. Queens Cnty. 2022) ................................................................................................ 5

Maniscalco v. N.Y. City Dept. of Educ., 563 F. Supp. 3d 33 (E.D.N.Y. 2021) ............................. 4

Rendon v. Berry Global Inc., 2023 U.S. Dist. LEXIS 93809 (S.D.N.Y. May 30, 2023) ............... 3

Rosa R. v. Connelly, 889 F.2d 435 (2d Cir. 1989), cert, denied, 496 U.S. 941 (1990) ................ 13

Russell v. Cnty. of Nassau, 696 F. Supp. 2d 213 (E.D.N.Y. 2010) .............................................. 12

St. Juste v. Metro Plus Health Plan, 8 F. Supp. 3d 287 (E.D.N.Y. 2014) ............................... 11, 12

The New York City Municipal Labor Committee ("MLC"), et al. v. The City of New York, et al., 2021 NY Slip Op 21260 (N.Y. Sup., N.Y. Cnty. 2021) ........................................................ 4

Tolbert v. Smith, 790 F.3d 427 (2d Cir. 2015) ............................................................................. 11

Trans World Airlines, Inc. v. Hardison, 432 U.S. 63, 97 S. Ct. 2264, 53 L. Ed. 2d 113 (1977) .... 9

Verne v. N.Y.C. Dep't, 2022 U.S. Dist. LEXIS 180135 (S.D.N.Y. Sep. 30, 2022) ....................... 8

Weber v. City of N.Y., 973 F. Supp. 2d 227 (E.D.N.Y. 2013) ....................................................... 8

White v. N.Y. City Dep't of Educ., 2008 U.S. Dist. LEXIS 79002, 2008 WL 4507614 (E.D.N.Y. Sept. 30, 2008) ........................................................................................................ 12

**Other Authorities**

N.Y. Exec. Law, § 296, 10(a) ........................................................................................................ 9

N.Y.C. Admin. Code § 8-102 ........................................................................................................ 9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
LORRAINE MASCIARELLI,

                                          Plaintiff,

                  -against-                                22-CV-07553 (CBA) (SJB)

NEW YORK CITY DEPARTMENT OF EDUCATION,

                                          Defendant.
------------------------------------------------------------------- x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

### PRELIMINARY STATEMENT

      Defendant, the New York City Department of Education ("DOE") ("defendant"), submits respectfully this memorandum of law in support of its motion to dismiss the Complaint.

      Plaintiff, Lorraine Masciarelli, is a former teacher with the DOE. After the COVID-19 pandemic started, the DOE Vaccine Mandate was in effect, mandating all DOE employees receive the COVID-19 vaccination, yet plaintiff refused to do so. Plaintiff's request indicate that she sought to be exempt from this request, ostensibly based on her religion as a self-identified Catholic.

      Whether stylized as an exemption or an accommodation, plaintiff's request was denied. Plaintiff then appealed the decision which was denied within the DOE, and she ultimately appealed the decision to the CityWide Panel which also denied her request. Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"), and the EEOC determined plaintiff's requested accommodation would be more than a minimal hardship and that the EEOC was unable to conclude that evidence established a violation of Title VII. The EEOC noted that the agency would also have to consider "the assessment of the public risk posed at a particular time; the availability of effective alternative means of infection control; and the number of employees who actually request accommodations." Plaintiff then appealed by

1

filing an Article 78 Special Proceeding in the New York State Supreme Court and her petition was dismissed.

In the instant matter, Plaintiff alleges claims under Title VII, 42 U.S.C. § 1983, New York State Human Rights Law ("SHRL") and New York City Human Rights Law ("CHRL"), claiming religious discrimination as well as failure to accommodate her purported religious belief.

Plaintiff's claims are without merit. As set forth more fully in Point I, infra, plaintiff fails to state a claim of religious discrimination. Plaintiff's claim of religious discrimination under Title VII based on the denial of her request fails because granting her request would have been an undue burden. To the extent plaintiff alleges religious discrimination based on disparate treatment, her claim fails because there is no inference of discriminatory intent and plaintiff fails to make any allegations that would give rise to an inference of discriminatory intent. Lastly, plaintiff's § 1983 claim fails because while presumably the claim is seeking to litigate the Free Exercise Clause of the First Amendment, the vaccine mandate is neutral and generally applicable. Plaintiff also does not plead a Monell violation, which is independently fatal to her § 1983 claim.

As set forth more fully in Point II, infra, plaintiff's claim for punitive damages fails because they are not recoverable against a municipality.

In sum, and for all the foregoing reasons, the Complaint should be dismissed.

## STATEMENT OF FACTS[1]

**A. Order of the Commissioner of Health and Mental Hygiene**

In response to the COVID-19 pandemic, on August 24, 2021, the then-Commissioner of the New York City Department of Health and Mental Hygiene ("DOHMH"), David A. Chokshi, issued a Commissioner's Order requiring all New York City DOE employees to show proof of receipt of vaccination against COVID-19 by September 27, 2021 (the "DOE Order"). See DOE Order, Defendant Exh. 1.[2]

After the issuance of the DOE Order, DOE and the United Federation of Teachers ("UFT"), the bargaining unit for teachers employed by DOE, negotiated regarding the impact of the DOE Order. Those negotiations reached an impasse and, on September 10, 2021, Arbitrator Martin F. Scheinman ("Arbitrator Scheinman") issued a decision to resolve the impasse, which established: (1) a process for exemptions and accommodation requests; (2) options to voluntarily separate from service with certain benefits or extend the leave without pay ("LWOP") status with health benefits available for employees who declined to comply with the DOE Order; and (3) that starting December 1, 2021, DOE could seek to "unilaterally separate employees" who had been placed on LWOP due to vaccination status and had not either opted for separation or extended such LWOP pursuant to the provisions set forth in Arbitrator Scheinman's decision ("Impact Arbitration

---

[1] This statement of facts is derived from the allegations in plaintiff's Complaint herein (ECF Dkt. No. "1") and the exhibits attached to the Complaint. The material, non-conclusory allegations set forth therein are assumed to be true for the purposes of the motion to dismiss only. The Statement of Facts is supplemented by material in Court filings, including Court decisions, of which this Court may take judicial notice. "On a motion to dismiss, a Court may take judicial notice of court filings and other matters of public record." Rendon v. Berry Global Inc., 2023 U.S. Dist. LEXIS 93809, at *16 n.4 (S.D.N.Y. May 30, 2023) (citing Kramer v. Time Warner Inc., 937 F.2d 767, 774 (2d Cir. 1991)); see Fed. R. Evid. 201(c)(2).

[2] The September 27, 2021 deadline was extended to October 1, 2021 by a subsequent Health Commissioner's order. See https://www1.nyc.gov/assets/doh/downloads/pdf/covid/covid-19-vaccination-requirement-doe-3.pdf (last visited March 19, 2022).

Award"). See In the Matter of the Arbitration between Board of Education of the City School District of the City of New York and United Federation of Teachers, Local 2, AFT, AFL-CIO, re: Impact Bargaining, dated September 10, 2021, Pl. Exh. I.

The DOE Order was the subject of several legal challenges brought in state and federal court. See, e.g., Kane v. de Blasio, 2022 U.S. Dist. LEXIS 154260 (S.D.N.Y. Aug. 26, 2022); Maniscalco v. N.Y. City Dept. of Educ., 563 F. Supp. 3d 33 (E.D.N.Y. 2021); The New York City Municipal Labor Committee ("MLC"), et al. v. The City of New York, et al., 2021 NY Slip Op 21260 (N.Y. Sup., N.Y. Cnty. 2021). Plaintiffs in these challenges have sought to enjoin the enforcement of the DOE Order as applied to DOE employees. See Kane, 2022 U.S. Dist. LEXIS 154260; Maniscalco, 563 F. Supp. 3d 33; The New York City Municipal Labor Committee ("MLC"), et al. v. The City of New York, et al., 2021 NY Slip Op 2126. In MLC, Maniscalco, and Kane, the respective Courts denied the plaintiffs' application.

### B. Lorraine Masciarelli

Plaintiff, a former teacher, was hired by the Defendant in September of 2000. Compl. at ¶ 9. The DOE Order required all DOE employees to be vaccinated, but plaintiff decided to not comply by not becoming vaccinated. Id. at ¶ 11. Plaintiff requested to be exempted from the vaccine mandate with a letter dated September 10, 2021. Compl. at ¶¶ 13, 14; Pl. Exh. C. Defendant denied plaintiff's request because

> [p]er the Order of the Commissioner of Health, unvaccinated employees cannot work in a [DOE] building or other site with contact with DOE students, employees, or families without posing a direct threat to health and safety. We cannot offer another worksite as an accommodation as that would impose an undue hardship (i.e. more than a minimal burden) on the DOE and its operations.

Compl. at ¶ 15; Pl. Exh. D. Plaintiff had the opportunity to appeal the Defendant's decision and this appeal was rejected. Compl. at ¶¶ 16, 17; Pl. Exh. E. Plaintiff then availed herself of another

4

opportunity to appeal, which was to the City of New York Reasonable Accommodation Appeals Panel ("Citywide Panel"). Compl. at ¶¶ 18, 19; Pl. Exh. F. The appeal was then denied because "DOE has demonstrated that it would be an undue hardship to grant this accommodation to [plaintiff] given the need for a safe environment for in-person learning." Compl. at ¶ 20; Pl. Exh. H.

The Equal Employment Opportunity Commission (EEOC) investigated plaintiff's charge and found "the facts alleged in the charge fail to state a claim under any of the laws enforced by EEOC." Pl. Exh. B at 1. EEOC determined,

> [c]ourts have found more than a minimal hardship where the requested accommodation impairs workplace safety [e.g., spread of COVID-19], or cause co-workers to carry the accommodated employee's share of potentially hazardous or burdensome work. A requested accommodation that conflicts with another law would also be considered more than a minimal hardship for the employer. Under Title VII, the EEOC must also consider other factors including: the assessment of the public risk posed at a particular time, the availability of effective alternative means of infection control; and the number of employees who actionally request accommodations.
> Based upon upon the information submitted during the investigation, the Commission is unable to conclude that the evidence establishes a violation of Title VII. The Respondent has successfully illustrated that the granting of your requested accommodation would have been more than a minimal hardship under the circumpstances.

Id. at 3.

Plaintiff was placed on leave without pay status on October 4, 2021 and was terminated on September 5, 2022. See Compl. at ¶¶ 23, 24; see also Pl. Exh. A at 4.

Plaintiff filed a separate claim in state court with an Article 78 petition alleging her termination was "arbitrary, capricious, without any legal authority, and in violation of her rights as a teacher," and her petition was dismissed. Def. Exh. 2, Lorraine Masciarelli v. New York City Department of Education, 726150/2022, Dkt. No. 18 (Sup. Ct. Queens Cnty. 2022). The Court

5

found DOE's conduct was not arbitrary and capricious because the DOHMH had authority to sign the DOE order and DOE was allowed to separate employees due to vaccination status. See id. The decision held that "a vaccine mandate is a condition of employment" and "[t]he acts of not permitting [plaintiff] to enter the building, preventing her from performing her job, and withholding pay are not disciplinary actions, they were designed to prevent COVID-19 exposure to a particularly vulnerable population." See id. Plaintiff claimed the DOE "and the UFT had no legal authority to resolve their impasse in negotiations" but the court dismissed this. See id. Additionally, plaintiff brought a cause of action for breach of contract although the court found she lacked "standing to maintain a breach of contract lawsuit" as a union member. See id. Plaintiff filed a notice of appeal on June 6, 2023 in which the appeal has not been perfected. See id., Dkt. No. 22.

## ARGUMENT

## STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff must plead sufficient facts "to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). Thus, a plaintiff must plead facts sufficient to demonstrate "more than a sheer possibility that a defendant has acted unlawfully…[and] [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted).

"Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief,'" and must, therefore, be dismissed. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 557, 570 ("[b]ecause the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed"). If a court is unable to infer more than the mere possibility of the alleged misconduct based on the pleaded facts, then the pleader has not demonstrated that he is entitled to relief and the action is subject to dismissal. See Iqbal, 556 U.S. at 678-79. Further, courts "are not bound to accept as true a legal conclusion couched as a factual allegation," and need not accept as true any conclusory allegations. Id. at 678, 681 (quoting and citing Twombly, 550 U.S. at 554-55).

# POINT I

## PLAINTIFF'S CLAIMS OF RELIGIOUS DISCRIMINATION FAIL

**A. Plaintiff's Claim of Religious Discrimination due to Denial of Requested Accommodation Fails.**

"[A] plaintiff may claim a violation of religious discrimination under Title VII under theories of either disparate treatment or denial of reasonable accommodation." Claiborne v. Winthrop Univ. Hosp., 2019 U.S. Dist. LEXIS 24456, at *6-8 (E.D.N.Y. Feb. 13, 2019); (citing Weber v. City of N.Y., 973 F. Supp. 2d 227, 249 (E.D.N.Y. 2013) (quoting Bind v. City of N.Y., 2011 U.S. Dist. LEXIS 113629, 2011 WL 4542897, at *9 (S.D.N.Y. Sept. 30, 2011)); see also Hickey v. State Univ. of N.Y. at Stony Brook Hosp., 2012 U.S. Dist. LEXIS 105182, 2012 WL 3064170, at *6, n.8 (E.D.N.Y. July 27, 2012)).

In the case at bar, plaintiff may be alleging both, and defendant turns first to the allegations of religious discrimination under the theory of a denial of an accommodation. "A *prima facie* case for a failure to accommodate claim requires a plaintiff to demonstrate that: '(1) they held a bona fide religious belief conflicting with an employment requirement; (2) they informed their employers of this belief; and (3) they were disciplined for failure to comply with the conflicting employment requirement.'" Verne v. N.Y.C. Dep't, 2022 U.S. Dist. LEXIS 180135, at *43-44 (S.D.N.Y. Sep. 30, 2022) (citing Baker v. The Home Depot, 445 F.3d 541, 546 (2d Cir. 2006) (internal quotation marks omitted)). "Once a prima facie case is established by the employee, the employer 'must offer [him or her] a reasonable accommodation, unless doing so would cause the employer to suffer an undue hardship.'" See id. (quoting Cosme v. Henderson, 287 F.3d 152 at 158 (2d Cir. 2002)). The SHRL, similarly, holds that employers are not required

to suffer undue hardship to accommodate religious beliefs. N.Y. Exec. Law, § 296, 10(a). The CHRL has a similar admonition. N.Y.C. Admin. Code § 8-102.

"Title VII makes it unlawful for employers 'to fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . religion.' 'Religion' includes 'all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate . . . an employee's . . . religious observance without undue hardship on his business.'" Does v. Hochul, 2022 U.S. Dist. LEXIS 180025, at *48-50 (E.D.N.Y. Sep. 30, 2022) (internal citations omitted).

"An accommodation is said to cause an undue hardship whenever it results in 'more than a de minimis cost' to the employer." Kane v. De Blasio, 2022 U.S. Dist. LEXIS 154260, at *38 (S.D.N.Y. Aug. 26, 2022) (citing Baker v. The Home Depot, 445 F.3d 541, 548 (2d Cir. 2006) (quoting Trans World Airlines, Inc. v. Hardison, 432 U.S. 63, 84, 97 S. Ct. 2264, 53 L. Ed. 2d 113 (1977))).

Plaintiff describes her request in the Complaint as one for an accommodation, but she never describes the accommodation she seeks and plaintiff's own Exhibit shows that she believes she should be exempt from all vaccines. Compare Compl., ¶ 21 with Pl. Exh. C, at 1 (where plaintiff states "I am writing to respectfully apply for a religious exemption to immunizations"). In any event, the accommodation plaintiff sought, an exemption to immunizations, including the COVID-19 vaccine mandate as a teacher who worked in person with students, would be an undue hardship for defendant. This conclusion has not only been affirmed in a number of previous cases, see supra, in the case at bar the EEOC found more than a minimal hardship. Pl. Exh. B. Defendant's reason for the denial of her accommodation requests, denial of her appeals, and ultimately her

9

placement on leave without pay status as well as her termination was the undue burden that the accommodation would place on defendant. See Pl. Exhibits D, F and H.

Defendant clearly stated in its denial of plaintiff's accommodation requests as well as the denial of her appeals that the reason for denying the accommodation was the undue burden. See Pl. Exhibits D, F and H. Defendant denied plaintiff's request because unvaccinated teachers, such as plaintiff, could not work in DOE sites and have contact with students, employees and families, for health and safety reasons. See Pl. Exh. D; see also Pl. Exh. B ("Under Title VII, the EEOC must also consider other factors including: the assessment of the public risk posed at a particular time; the availability of effective alternative means of infection control; and the number of employees who actually request accommodations.").

The accommodation that defendant considered but was unable to provide due to an undue hardship was another worksite where plaintiff would not have contact with students, employees and families. See id. Defendant had over 3,300 DOE staff who requested religious accommodations and DOE school programs are conducted in person (except for a small program for medically fragile students), therefore creating alternative assignments outside of school buildings would cause the defendant to bear significant and unreasonable costs and ultimately an undue hardship. See James Hogue v. The Board of Education of the City School District of the City of N.Y. et al., 155400/2022, Dkt. No. 61 (N.Y. Cty. Sup. Ct., 2022).

In a case similar to the instant matter, Kane v. DeBlasio, the plaintiffs were former DOE employees who refused to be vaccinated, applied for religious exemptions which were denied and ultimately plaintiffs were terminated. Kane, 2022 U.S. Dist. LEXIS 154260. The Kane Court rejected a Free Exercise and Title VII challenge to the DOE's vaccination mandate brought by

teachers. Id., at *2-3. Among other causes of actions, plaintiffs alleged a violation of Title VII but the court found an accommodation would be an undue burden because "[p]laintiffs' inability to teach their students safely in person presents more than a de minimis cost." Kane, 2022 U.S. Dist. LEXIS 154260. "The Second Circuit and other courts [] have repeatedly found that vaccination against COVID-19 is a proper condition of employment." Id. at *38. Additionally, as the Second Circuit has held, no religious accommodation is required to laws that are "neutral and generally applicable," which the Circuit held the vaccine mandate at issue here to be, id., at 164, 175. Defendant respectfully urges this Court to apply the same reasoning and reach the same conclusion as the Kane Court did, because even the limited record before this Court shows that the actions plaintiff challenges -- her placement on leave without pay status and termination – were not based on her religion, but were solely due to the undue burden that an exemption or accommodation would impose on defendant. See Pl. Exhibits D, F and H.

In sum, plaintiff's failure to accommodate claim should be denied because accommodating plaintiff would cause an undue hardship.

### B. If Plaintiff is Alleging Religious Discrimination Based on Disparate Treatment, Her Claim Fails.

To the extent is the operative Complaint can be read to allege religious discrimination based on disparate treatment, plaintiff "must show that: '(1) [s]he belonged to a protected class; (2) [s]he was qualified for the position [s]he held; (3) [s]he suffered an adverse employment action; and (4) that the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent.'" St. Juste v. Metro Plus Health Plan, 8 F. Supp. 3d 287, 303-04 (E.D.N.Y. 2014) (citations omitted); see also Tolbert v. Smith, 790 F.3d 427, 434 (2d Cir. 2015) (SHRL claims governed by same standard as Title VII claim). Even if the more liberal CHRL

11

standard also controlled the SHRL results here, plaintiff still fails to support his claims, as discussed in this section. To state a claim under the CHRL, plaintiff must allege that her employer treated her less well, at least in part for a discriminatory reason. See Freud v. N.Y. City Dept. of Educ., 2022 U.S. Dist. LEXIS 54353, at *28 (S.D.N.Y. Mar. 25, 2022). Plaintiff fails to show that the adverse employment actions (her placement on leave without pay status and termination) give rise to an inference of discriminatory intent.

"An inference of discrimination can be drawn from circumstances such as 'the employer's criticism of the plaintiff's performance in . . . degrading terms [linked to the protected characteristic]; or its invidious comments about others in the employee's protected group; or the more favorable treatment of employees not in the protected group; or the sequence of events leading to the plaintiff's [adverse employment action].'" St. Juste v. Metro Plus Health Plan, 8 F. Supp. 3d 287, 309-10 (E.D.N.Y. 2014) (citing Abdu-Brisson v. Delta Air Lines, Inc., 239 F.3d 456, 468 (2d Cir. 2001) (quoting Chambers v. TRM Copy Centers Corp., 43 F.3d 29, 37 (2d Cir. 1994)). Additionally, an inference of discrimination can be shown by showing plaintiff was treated less favorably than a similarly situated employee outside of plaintiff's religion or there was a pattern of discriminatory treatment. See St. Juste, 8 F. Supp. 3d at 309-10; see also Abdul-Hakeem v. Parkinson, 523 F. App'x 19, 20 (2d Cir. 2013); Russell v. Cnty. of Nassau, 696 F. Supp. 2d 213, 232 (E.D.N.Y. 2010); White v. N.Y. City Dep't of Educ., 2008 U.S. Dist. LEXIS 79002, 2008 WL 4507614 (E.D.N.Y. Sept. 30, 2008) ("Simply put, plaintiff must demonstrate that the conduct occurred because of, not incidental to, the protected characteristic.").

In the case at bar, plaintiff fails to allege any direct evidence of discrimination or claim she was treated less favorably than similarly situated employees who are not of the same religion. See generally Compl. Additionally, plaintiff fails to claim any comments or statements were made

regarding her protected group. Plaintiff solely claims she was discriminated based on her religion because her religion conflicts with the COVID-19 vaccine and she was not given a religious accommodation. See id. Under the caselaw cited above, this is insufficient for plaintiff to state a claim.

### C. Plaintiff's § 1983 Claim Fails

It is well-settled that "§ 1983 creates no independent, substantive constitutional rights but rather is a vehicle for enforcing such rights." Rosa R. v. Connelly, 889 F.2d 435, 440 (2d Cir. 1989), cert, denied, 496 U.S. 941 (1990). Plaintiff failed to identify the Constitutional right ostensibly at issue; therefore based on the Complaint, defendant presumes plaintiff seeks to litigate the Free Exercise Clause of the First Amendment. "In order to prevail on a Free Exercise Clause claim, a plaintiff generally must establish that the object of [the challenged] law is to infringe upon or restrict practices because of their religious motivation, or that its purpose . . . is the suppression of religion or religious conduct." Kane, supra, at *19 (internal quotations and citations omitted) (brackets in original).

The Free Exercise Clause "does not relieve an individual of the obligation to comply with a valid and neutral law of general applicability. Where the government seeks to enforce a law that is neutral and of general applicability it need only demonstrate a rational basis for its enforcement, even if enforcement of the law incidentally burdens religious practices." Kane, 2022 U.S. Dist. LEXIS 154260, at *1. In a prior decision in Kane, the Second Circuit held that the DOE's vaccine mandate is "neutral and generally applicable." Id., at *20; Kane v. De Blasio, 19 F.4th 152, 164 (2d Cir. 2021). This Court, similarly, should reject the instant plaintiff's identical Free Exercise challenge.

13

In order to determine the vaccine mandate is neutral and generally applicable, the <u>Kane</u> Court

> beg[a]n by examining the Mandate's text, 'for the minimum requirement of neutrality is that a law not discriminate on its face.' Facial neutrality alone, however, is not enough. A law that is facially neutral will still run afoul of the neutrality principle if it 'targets religious conduct for distinctive treatment.' We thus also consider whether there are "subtle departures" from religious neutrality, as well as 'the historical background of the decision under challenge, the specific series of events leading to the enactment or official policy in question, and the legislative or administrative history, including contemporaneous statements made by members of the decision-making body.'

<u>Kane</u>, 19 F.4th at 164 (internal citations omitted). The vaccine mandate applies to all DOE staff and does not single out employees "who decline vaccination on religious grounds," <u>id.</u>, nor does the Complaint allege that the vaccine mandate is not facially neutral, <u>see generally</u> Compl. After an analysis regarding the historical background of the decision, statements made by former Mayor Bill de Blasio and a rational basis review, the Second Circuit in <u>Kane</u> found the mandate is neutral and generally applicable. <u>See</u> <u>Kane</u>, 19 F.4th 152. Accordingly, this Court, too, should reject plaintiff's challenge.

An independent reason to reject plaintiff's claims under § 1983 is that she has failed to plead Monell liability. At most, plaintiff has identified only one person – herself – and she therefore cannot credibly contend that she has identified a municipal custom that would support imposing liability on the DOE. <u>See</u> <u>Davis v. City of N.Y.</u>, 228 F. Supp. 2d 327 (S.D.N.Y. 2002).

### POINT II
### PLAINTIFF'S CLAIM FOR PUNITIVE DAMAGES FAIL AND MUST BE STRICKEN

Plaintiff brings a claim for punitive damages which fails because "punitive damages are not recoverable against New York City." <u>Anderson v. City of N.Y.</u>, 2017 U.S. Dist. LEXIS 8358,

at *68 (S.D.N.Y. Jan. 19, 2017) (citing City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271, 101 S. Ct. 2748, 69 L. Ed. 2d 616 (1981) ("a municipality is immune from punitive damages under 42 U.S.C. § 1983"); Garcia v. N.Y.C. Health & Hosps. Corp., 2016 U.S. Dist. LEXIS 101952, at *1 n.1 (S.D.N.Y. July 26, 2016) (finding punitive damages unavailable against City Defendants for NYCHRL and Title VII claims)). The DOE is, of course, a municipal agency, Elgalad v. N.Y.C. Dep't of Educ., 2018 U.S. Dist. LEXIS 162838 (S.D.N.Y. Sep. 24, 2018), and accordingly, punitive damages are not available against the DOE.

## CONCLUSION

For the foregoing reasons, the defendant respectfully requests that the Court grant the defendant's Motion to Dismiss the Complaint in its entirety, together with such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         June 20, 2023

**HON. SYLVIA O. HINDS-RADIX**
Corporation Counsel of the
City of New York
Attorney for Defendant
100 Church Street, Room 2-122
New York, New York 10007
(212) 356-3574
lzaprza@law.nyc.gov

By:   /s/ *Lauren A. Zaprzalka*
      Lauren A. Zaprzalka
      Assistant Corporation Counsel