SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND

JENNIFER LABARBERA,
Petitioner,

Index #: 85001/2023

FOR A JUDGMENT PURSUANT TO
ARTICLE 78 OF THE CPLR

**DECISION & ORDER**

-against-

NEW YORK CITY DEPARTMENT
OF EDUCATION,
Respondents.

Upon the papers filed in support of the application and the papers filed in opposition thereto, and after hearing oral arguments, it is

**ORDERED** that the Article 78 Petition is hereby granted;

**ORDERED** that the Petitioner is entitled to a religious accommodation from the vaccine mandate;

**ORDERED** that the Petitioner is reinstated to her full employment status; and

**ORDERED** that the Petitioner shall be awarded back pay counsel fees, costs and expenses. Petitioner shall submit a proposed Order regarding back pay, fees, costs and expenses consistent with this decision.

## BACKGROUND & PROCEDURAL HISTORY

Petitioner, Jennifer LaBarbera, (hereinafter "the Petitioner"), is a former preschool teacher with the Respondent, New York City Department of Education (hereinafter "DOE"). In March 2020, the DOE suspended in-person instructions in their school facilities amidst the COVID-19 pandemic and began remote instruction. In September of 2020, preschool programs for three and four-year old students began in person instruction, and the Petitioner resumed in-person instruction. The Department of Health and Mental Hygiene issued an Order on August 24, 2021 (hereinafter "the vaccine mandate") which required all DOE employees to receive vaccination against COVID-19 no later than September 27, 2021. The order was later amended, requiring the proof to be provided no later than October 1, 2021. Pursuant to an Arbitration Award between the

United Federation of Teachers and the DOE (hereinafter "the arbitration agreement"), DOE members were permitted to submit requests for reasonable accommodations through an online portal called the Self-Service Online Leave Application System (hereinafter "SOLAS"). These requests were required to be submitted by September 21, 2021. SOLAS would only allow for an applicant to submit one reasonable accommodation request at a time. On August 4, 2021, the Petitioner tested positive for COVID-19. On September 20, 2021, the Petitioner submitted a request for a medical exemption, submitting a blood test that demonstrated she had a high count of antibodies to COVID-19 as a result of testing positive for the virus. On September 23, 2021, the DOE granted the Petitioner a temporary medical exemption, which ran from September 28, 2021, through October 31, 2021, and allowed the Petitioner to apply for an extension at that time. The Petitioner applied for an extension of her medical exemption on October 28, 2021, submitting a new antibody test showing that she continued to have a high count of antibodies to COVID-19. The Petitioner was notified via email that she had been placed on leave without pay (hereinafter "LWOP") on October 28, 2021, prior to the expiration of her initial medical exemption. On October 31, 2021, the DOE extended the Petitioner's medical exemption to November 8, 2021, to allow the Petitioner "time to be vaccinated." On November 6, 2021, the DOE denied the Petitioner's request to further extend her medical exemption past November 8, 2021, with the SOLAS informing the Petitioner her request was "DENIED." That same day, after learning that her request for a further extension of the medical exemption was denied, the Petitioner submitted a request for a religious exemption. This exemption was denied that day, on November 6, 2021, with SOLAS again informing the Petitioner that her request was "DENIED." On November 23, 2021, the Petitioner was provided further explanation via email that her religious exemption request was denied. On November 29, 2021, the Petitioner received a notice from the DOE which stated, "If you remain non-compliant and have not opted to extend LWOP or return from LWOP status by November 30, you are subject to termination from service with the NYCDOE beginning December 1, 2021." SOLAS presented the Petitioner with four (4) options at that time: (1) resign; (2) go on LWOP until September of 2022; (3) Return to work within 7 days vaccinated; or (4) Retire. The Petitioner selected to go on LWOP until September of 2022. On November 30, the Petitioner emailed the DOE, stating that despite her selection to be placed on LWOP until September 2022, the Petitioner was not waiving any of her rights to seek a reasonable accommodation or to challenge any denials of those requests.

On August 19, 2022, the Petitioner submitted a religious exemption request through SOLAS. On August 31, the DOE denied the petitioner's request. On September 3, 2022, the Petitioner submitted a request for a medical exemption, based on an updated antibody test. On September 23, 2022, the Petitioner was notified that her request was closed because she had been terminated.

This action was commenced with the filing of a Petition pursuant to CPLR Article 78 on December 30, 2022. The Petitioner alleges that the denial request for a religious accommodation was affected by an error of law and was arbitrary and capricious. Petitioner seeks a judgment of backpay to the date of her placement on LWOP, in addition to an award of counsel fees. Oral arguments on the Petition were heard by this Court on February 22, 2023.

## ARTICLE 78

### Timeliness

Pursuant to CPLR § 217(1), a proceeding under Article 78 "must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner." A determination under this section becomes final and binding when the petitioner receives notice that the agency has "reached a definitive position on the issue that inflicts actual, concrete injury and ... the injury inflicted may not be prevented or significantly ameliorated by further administrative action or by steps available to the [petitioner]." *Fiondella v. Town of E. Hampton Architectural Review Bd.*, 212 A.D.3d 811, 811 (2d Dep't 2023), quoting *Matter of Olivares v. Rhea*, 119 A.D.3d 866, 867 (2d Dep't 2014); *See also Matter of Best Payphones, Inc. v. Department of Info. Tech. & Telecom. of City of N.Y.*, 5 N.Y.3d 30, 34 (2005).

### Standard of Review

Judicial review of the acts of an administrative agency under Article 78 is limited to questions expressly identified by statute (*see* CPLR §7803; *Matter of Featherstone v. Franco*, 95 NY2d 550, 554 [2000]). CPLR §7803 states:

> The only questions that may be raised in a proceeding under this article are:
> 1. whether the body or officer failed to perform a duty enjoined upon it by law; or

> 2. whether the body or officer proceeded, is proceeding or is about to proceed without or in excess of jurisdiction; or
> 3. whether a determination was made in violation of lawful procedure, was affected by an error of law or was arbitrary and capricious or an abuse of discretion, including abuse of discretion as to the measure or mode of penalty or discipline imposed; or
> 4. whether a determination made as a result of a hearing held, and at which evidence was taken, pursuant to direction by law is, on the entire record, supported by substantial evidence.
> 5. A proceeding to review the final determination or order of the state review officer pursuant to subdivision three of section forty-four hundred four of the education law shall be brought pursuant to article four of this chapter and such subdivision; provided, however, that the provisions of this article shall not apply to any proceeding commenced on or after the effective date of this subdivision.

Under CPLR Article 78, a Petitioner must establish that the agency determination or decision is so "lacking in reason for its promulgation that it is essentially arbitrary." *NY State Ass'n. of Counties v. Axelrod,* 78 N.Y.2d 158, 166 (1991). The standard of review is "whether the regulation has a rational basis, and is not unreasonable, arbitrary, or capricious." *Matter of Consolation Nursing Home, Inc., v. Commr. Of New York State Dept. of Health,* 85 N.Y.2d 326, 331-332 (1995). The reviewing court "must be certain that an agency has considered all the important aspects of the issue and articulated a satisfactory explanation for its action, including a rational connection between the facts found and the choice made." *O'Rourke v. City of NY,* 64 Misc. 3d 1203 [A] (Sup. Ct. Kings County 2019). The Court "may not substitute its own judgment of the evidence…but should review the whole record to determine whether there exists a rational basis to support the findings upon which the …determination is predicated." *Purdy v. Kreisberg,* 47 N.Y.2d 354, 358 (1979). "Public health agencies, in particular, are entitled to a high degree of judicial deference when acting in their area of their particular expertise." *C.F. v. NYC Dept. Of Health & Mental Hygiene,* 191 A.D.3d 52, 69 (2d Dep't. 2020). However, if the grounds relied upon by an agency are lacking a rational basis, the reviewing court cannot affirm an agency determination "substituting what it deems a more appropriate or proper basis." *Matter of Pell v Board of Educ. of Union Free Sch. Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 N.Y.2d 222, 231 (1974).

In reviewing alleged arbitrary and capricious administrative determinations, a reviewing court's function is limited to "whether the record contains sufficient evidence to support the

rationality of the…determination." *Atlas Henrietta LLC v. Town of Henrietta Zoning Bd. Of Appeals,* 46 Misc. 3d 325, 332 (Sup. Ct. 2013) *aff'd*, 120 A.D.3d 1606 (2014). Furthermore, "capricious action in a legal sense is established when an administrative agency on identical facts decides differently." *Italian Sons & Daughters, Inc. v. Common Council of Buffalo,* 453 N.Y.S2d 962 (4d Dep't 1982).

**Reasonable Accommodation Process**

The Petitioner challenges the DOE's denial of her request for a religious exemption to the vaccine mandate. Here, the Petitioner submitted multiple requests for a religious exemption. One request was submitted on November 6, 2021, after Petitioner's request for an extension of her September 2021 medical exemption was denied. In this request, the Petitioner stated that the taking of any available COVID-19 vaccination would be in violation of her Christian faith, in that the available vaccinations are composed partially of aborted fetal cells. This request was denied the same day that it was submitted, with no other explanation being given other than the indication of "DENIED" appearing on SOLAS. On November 23, 2021, the Petitioner was sent an email via SOLAS which stated the following:

> Your application has failed to meet the criteria for a religious based accommodation. Per the Order of the Commissioner of Health, unvaccinated employees cannot work in a Department of Education (DOE) school setting or other site where they would have contact with DOE students, employees, or families without posing a direct threat to health and safety. We cannot offer another worksite as an accommodation as that would impose an undue hardship (i.e., more than a minimal burden) on the DOE and its operations.

There was no option for the Petitioner to appeal this denial through SOLAS. On November 30, 2021, the Petitioner emailed the DOE requesting the ability to either appeal the denial of her religious exemption, or to submit a new request. The Petitioner received a response from a Beth Norton, general counsel for the United Federation of Teachers, that the Petitioner was not eligible to appeal to the Citywide Panel. The Petitioner had no option to appeal this denial based on the Arbitration Agreement, which required reasonable accommodation requests to be submitted by September 21, 2021. On August 19, 2022, the Petitioner submitted a new request for a religious exemption, based on the same reasoning as her prior request. On August 31, 2022, the DOE denied the Petitioner's request, stating:

> Your application has failed to meet the criteria for a religious based accommodation. Consistent with the Health Commissioner's Order, unvaccinated employees cannot work in a Department of Education (DOE) school setting or other site where they would have in-person contact with students, families, or members of the public. We cannot offer another worksite as an accommodation as that would impose an undue hardship (i.e., more than a minimal burden) on the DOE and its operations.

Under federal law, the City of New York must make reasonable accommodations for religious practices of its employees, unless the accommodation results in undue hardship on the conduct of the employer's business. *Baker v. The Home Depot,* 445 F.3d 541 (2d Cir. 2006). Pursuant to the NYC Administrative Code, the City of New York must reasonably accommodate an employee who's sincerely held religious belief, practice, or observance conflicts with a work requirement, unless the accommodation would create an undue hardship or present a direct threat. *See NYC Admin. Code* 8-107(3). Furthermore, to establish the existence of an undue burden, the Respondents must show that accommodating the employee would cause a "significant interference with the safe or efficient operation of the workplace." *See NYC Admin. Code* 8-107(3)(b). Moreover, "the determination that no reasonable accommodation would enable the person requesting an accommodation to satisfy the essential requisites of a job or enjoy the right or rights in question may only be made after the parties have engaged, or the covered entity has attempted to engage, *in a cooperative dialogue*." *See NYC Admin. Code* 8-107 (28)(e) (emphasis added). Finally, an agency that makes a different decision when facing essentially the same facts without indicating its reasoning acts arbitrarily and capriciously. *See Matter of Charles A. Field Delivery Service Inc.*, 66 N.Y.2d 516 (1985).

## DECISION

### Timeliness

As an initial matter, this Court finds that the Petition, to the extent that it challenges the DOE's decision to deny the Petitioner's August 2022 religious accommodation request, was timely brought under CPLR § 217(1). As stated above, the Petitioner did request a religious exemption on more than one occasion. The Petitioner submitted a request for a religious exemption on

November 6, 2021, which was denied by the DOE that same day, with no explanation given to the Petitioner other than that it was "DENIED." The Petitioner received a follow up to this denial on November 23, 2021, which cited an alleged undue hardship. The Petitioner's next request for a religious exemption to the vaccine mandate was made on August 19, 2022. The DOE denied this request on August 31, 2022, again citing to an alleged undue hardship that would be presented if the Petitioner was granted the accommodation. Unlike in other cases that have been adjudicated in New York City courts, this Petitioner did not have the option to appeal these denials. Therefore, the denials became binding and final at that time they were issued, as the Petitioner had exhausted any and all administrative options available to her at those times. *See Matter of Best Payphones, Inc. v Department of Info. Tech & Telecom. Of City of N.Y.*, 5 N.Y.3d 30, 34 (2005). Therefore, to the extent that this Petition challenges the DOE's November 2021 denial of Petitioner's request for a religious exemption, the Petition is denied. However, the Petitioner is correct that her challenge to the denial of her August 2022 religious exemption request remains. By opening SOLAS to new reasonable accommodation requests for the 2022-2023 school year, the DOE in turn made a new determination on the Petitioner's request. The fact that the Petitioner made the new request based on the same prior stated reasons is irrelevant. The DOE did not deny the request because it had previously been determined. The Petitioner received a new denial, citing again to an alleged undue hardship that her reasonable accommodation would present. Therefore, this Court finds that the Petition filed on December 30, 2022, insofar as it challenges the August 31, 2022, denial of Petitioner's religious exemption request, was timely filed.

**Petitioner's Waiver**

This Court further finds that the waiver signed by the Petitioner on November 30, 2021, after selecting to remain on LWOP until September of 2022, does not bar the Petitioner from bringing this Article 78 action. The waiver agreed to by the Petitioner reads as follows:

> I (Petitioner) understand that if I have not returned by September 6, 2022, I shall be deemed to have voluntarily resigned and knowingly waive my rights to challenge such resignation, including, but not limited to, through a contractual or statutory disciplinary process. I understand that upon the effective date of such resignation, as it relates to the DOE, I lose all entitlements to reversion, retention, and tenure…I understand that I have the right to return to employment at any time prior to September 6, 2022, if I provide to the DOE documentation that I have complied with the Commissioner of

> Health's order regarding vaccination of NYC Department of Education employees and inform the DOE that I seek to return before September 6, 2022. In exchange for the right to return and extended health benefits as set forth herein, I agree to waive and release the DOE and any of its present or former employees or agents (collectively the "Released Parties"), from any and all claims, liabilities, or causes of action which ***were or could have been asserted by me against any of the Released Parties based upon anything that has happened up to now and including the date of the execution of this Attestation, including, but not limited to, any right or claim that may exist or arise up to and including the date that this Attestation is signed.*** (Emphasis added).

The DOE's argument that this waiver released them of all potential claims is unpersuasive. The language of the agreement clearly states that any purported release from claims, liability, or causes of action was limited to those which were based upon events *up to and including the date of signing*. The Petitioner was given the option by the Respondent to apply for a reasonable accommodation for the 2022-2023 school year through the SOLAS well after the execution of this waiver. It cannot be said that this waiver, in any way, bars the Petitioner from challenging the August 2022 denial of her request for a religious exemption. As such, this Court finds that the waiver agreement between Petitioner and Respondent executed November 30, 2021, is irrelevant to this Article 78 action, and did not bar the Petitioner from bringing the action.

**Merits**

We now turn to the merits of the petition. This Court finds the denial of the Petitioner's reasonable accommodation request was arbitrary and capricious. As an initial matter, this Court finds that in not presenting the Petitioner with any option to appeal, the DOE's denial of the Petitioner's reasonable accommodation request is presumptively arbitrary and capricious. The DOE asserts that the Petitioner was unable to appeal her denial because her request for a religious exemption was not timely submitted pursuant to the arbitration agreement. Specifically, in their papers, the DOE states that "Petitioner was unable to appeal her denials because she did not submit her requests before September 20, 2021, [at] 5:00pm." They further argue that "to avail themselves of the process of exemptions and accommodation requests, including the appeal process, an individual would have to submit via the SOLAS system no later than Monday, September 20, 2021, by 5:00pm." The Petitioner submitted her initial request for a medical exemption prior to the aforementioned deadline. The Petitioner did not submit a religious exemption request at that

time because SOLAS would not allow her to do so. Notwithstanding this seemingly technical issue, there is an inconsistency in the DOE's argument. Both of the Petitioner's subsequent religious exemption requests were accepted, reviewed, and denied by the DOE, despite their untimely submission after September 20, 2021. If it is the DOE's position that the Petitioner was not entitled to avail herself of the accommodation process, including the appeal process, because they were not timely submitted, then neither of the Petitioner's religious exemption requests should have been even accepted by the DOE. Even accepting, *in arguendo*, that the Petitioner's November 2021 religious exemption request was untimely, and therefore ineligible for an appeal based on its hypothetical application for the *2021-2022 school year*, there would still be the question of why no appellate process was available to the Petitioner for her August 2022 religious exemption request. The two cases of *Lynch* and *Hogue* cited to by the DOE in support of their decision are distinguishable for this reason. In each of those cases, a DOE employee was denied a reasonable accommodation based on a religious exemption to the vaccine mandate, and those denials were ultimately upheld by the Supreme Court. However, both of the employees in those two cases were given the opportunity to appeal their initial DOE denial to the City of New York Reasonable Accommodation Appeals Panel. *See Lynch v. Bd. of Educ.*, 2023 N.Y. Slip Op. 30250[U], 1 (N.Y. Sup Ct, New York County 2023); *Hogue v. Board of Education et al.*, Index No. 155400/2022 decision dated October 12, 2022. Therefore, this Court finds that in not providing the Petitioner an appellate process for her religious exemption request submitted August 19, 2022, the denial of that request is presumptively arbitrary and capricious.

Furthermore, this Court finds definitively that the DOE's denial of the Petitioner's request was arbitrary and capricious because the reasons given for the denial were vague and conclusory. *See Finley v. The City of New York and FDNY*, Index No. 717617/2022 decision dated October 27 2022 (wherein the Supreme Court, Queens County, found that a reasonable accommodation denial where "not a single item particular to petitioner is discussed" was irrational, arbitrary, and capricious); *Schiefer v Bd. of Educ. of the City of New York, et al*, Index no. 155983/2022 decision dated October 4, 2022 (wherein the Supreme Court, New York County, held that the DOE's assertion of an undue hardship, without any support or explanation given at the time of the decision, was arbitrary and capricious); *See DeLetto v. Eric Adams, et al.,* Index No. 156459/2022 decision dated September 13, 2022 (wherein the Supreme Court, New York County, found that the determination of the NYPD to deny a religious exemption was "irrational because it did not

provide any individualized analysis"). *Loiacono v. the Bd. of Educ. of the City of New York, et al*, Index no. 154875/2022 decision dated July 11, 2022 (wherein the Supreme Court, New York County, found that failing to explain the nature of an alleged undue hardship rendered a decision to deny a religious exemption arbitrary and capricious). The DOE's denial of the Petitioner's religious reasonable accommodation request only stated that they "[could not] offer another worksite as an accommodation as that would impose an undue hardship (i.e., more than a minimal burden) on the DOE and its operations." The DOE also directly violated the New York City Human Rights Law by failing to engage in a cooperative dialogue with the Petitioner at any point regarding an accommodation to satisfy the essential requisites of his job. At no point from the Fall of 2021 until the Petitioner was terminated in the Fall of 2022 did the DOE attempt to discuss, explain, or negotiate this undue hardship with the Petitioner. The Petitioner had to be informed by a union representative that she was unable to even appeal her denial.

Citing an "undue hardship" is not a sufficient explanation for the denial of a reasonable accommodation. This generic denial continues to appear in various cases across the City regarding reasonable accommodation requests, with no explanations or reasoning being provided by City agencies to the Petitioners in these cases, including this Petitioner, as to what the potential undue burden or undue hardship is that their individual reasonable accommodations would present. *See DePaola v New York City Fire Dept*, Index No. 85265/2022, decision dated March 27, 2023; *Rivicci v New York City Fire Dept.*, 2022 NY Slip Op 34070[U] (Sup Ct, Richmond County 2022, Index No. 85131/2022). In their papers, the DOE points specifically to NYC Administrative Code 8-107(ii) to support their position that granting this Petitioner a reasonable accommodation would create an undue hardship. This section highlights "the number of individuals who will need the particular accommodation to a sincerely held religious observance or practice" as a factor to be considered in determining whether an accommodation constitutes an undue economic hardship. The DOE's argument here is that the cumulative effect that granting this type of religious exemption would create the undue hardship on their operations. However, none of this was communicated to the Petitioner by the DOE at the time she made her request. The Petitioner was told two pieces of information in her denial. The first was that pursuant to the vaccine mandate she could not work in a DOE school setting or site where she would be in contact with students, families, or members of the public. The second was that another worksite could not be offered because it would impose an undue hardship, explained as "more than a minimal burden," on the

DOE. Therefore, this Court cannot, and will not, speculate as to whether NYC Administrative Code 8-107(ii) was even considered by the DOE when making their decision on the Petitioner's request. *See Schiefer v Bd. of Educ. of the City of New York, et al*, Index no. 155983/2022 decision dated October 4, 2022.

It should also be noted in this case that the DOE had previously granted the Petitioner a medical exemption based on her high COVID-19 antibody count in September and October of 2021. While it is not this Court's position to evaluate the merits of the DOE's decision to deny the Petitioner an extension of that medical exemption, it does inform the Court's evaluation of the alleged undue hardship that the DOE cites as its reasoning for denying the Petitioner a religious exemption. This Court is left with questions as to what circumstances changed and what created an undue hardship regarding this Petitioner working unvaccinated from a remote location, when she had worked unvaccinated from a remote location under a medical exemption seemingly without issue. As this Court just recently stated in *DePaola v. New York City Fire Dept.*, the alleged undue burden either exists or it does not. *See DePaola v. New York City Fire Department*, Index No. 85265/2022 decision dated March 27, 2023. The record is lacking any indication as to what circumstances changed between September 2021 and August 2022 that would have caused the Petitioner's previously acceptable reasonable accommodation to impose an undue hardship on the DOE.

Despite the deference afforded to city agencies regarding the interpretations of their own regulations, this Court's role is to review these interpretations to ensure each of these decisions are reasonable and rational. *See Finley v. The City of New York and FDNY*, Index No. 717617/2022. The question that must be answered is whether or not the record shows that the DOE's decision was supported by a rational basis. *See Purdy v. Kreisberg,* 47 N.Y.2d 354, 358 (1979) and *Atlas Henrietta LLC v. Town of Henrietta Zoning Bd. Of Appeals,* 46 Misc. 3d 325, 332 (Sup. Ct. 2013) *aff'd*, 120 A.D.3d 1606 (2014). In light of the lack of appellate process for the Petitioner regarding her August 2022 request, the lack of any provided explanation by the DOE to the Petitioner at the time of her denial, and the DOE's different determinations based on the same set of facts, this Court finds that this decision was not. As the record contains insufficient evidence to support the DOE's determination, the denial of the Petitioner's reasonable accommodation is hereby annulled.

Finally, the Court is granting the Petitioner's application for backpay and attorney's fees. The Court finds that an award of attorney's fees to the Petitioner is warranted under the

circumstances of this case. *See Auguste v. Wing,* 269 A.D.2d 239 (1d Dep't 2000); *Graves v. Doar*, 87 A.D.3d 744 (2d Dep't 2011); *Perez v. New York State Dept. of Labor*, 259 A.D.2d 161 (3d Dep't 1999).

Accordingly, it is hereby:

**ORDERED** that the Petition is granted in that the Petitioner is entitled to a religious exemption from the vaccine mandate;

**ORDERED** that the Petitioner is reinstated to her full employment status;

**ORDERED** that the Petitioner is entitled to back pay in salary and benefits from August 19, 2022, the date she submitted her request for a reasonable accommodation;

**ORDERED** that the Petitioner is granted counsel fees, costs, and expenses; and it is further

**ORDERED** that the Petitioner is directed to submit a proposed order and judgment consistent with this decision on or before April 11, 2023.

This constitutes the Decision and Order of the Court.

Date: April 4, 2023

ENTER

Ralph J. Porzio

HON. RALPH J. PORZIO
J.S.C.