22-cv-07553 (CBA) (SJB)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LORRAINE MASCIARELLI

Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

Defendant.

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT**

*HON. SYLVIA O. HINDS-RADIX*
*Corporation Counsel of the City of New York*
*Attorney for Defendant*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Donald C. Sullivan*
*Tel: (212) 356-2433*
*Matter No. 2022-074546*

# TABLE OF CONTENTS

| | Page |
|---|---|
| TABLE OF AUTHORITIES | II |
| PRELIMINARY STATEMENT | 1 |
| STATEMENT OF FACTS | 2 |

ARGUMENT

POINT I

DEFENDANT COULD NOT GRANT PLAINTIFF'S ACCOMMODATION REQUEST BECAUSE IT WOULD IMPOSE AN UNDUE HARDSHIP .................................................................. 3

POINT II

PLAINTIFF'S FIRST AMENDMENT CLAIM SHOULD BE DISMISSED .................................................................. 9

POINT III

PLAINTIFF'S REQUEST TO FILE AN AMENDED COMPLAINT SHOULD BE DENIED ............................... 10

POINT IV

PLAINTIFF ABANDONED HER CLAIM FOR PUNITIVE DAMAGES .................................................................. 11

CONCLUSION .................................................................. 12

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Pages**

Cagle v. Weill Cornell Med.,
    2023 U.S. Dist. LEXIS 113687 (S.D.N.Y. Jul. 30, 2023) ...................................................... 5

Davis v. City of N.Y.,
    228 F. Supp. 2d 327 (S.D.N.Y. 2002),
    aff'd, 2003 U.S. App. LEXIS 19650 (2d Cir. Sep. 22, 2003) ........................................ 10

Dennison v. Bon Secours Charity Health Sys. Med. Grp., P.C.,
    2023 U.S. Dist. LEXIS 84888 (S.D.N.Y. 2023) ............................................................... 5

East v. Roosevelt Union Free Sch. Dist.,
    No. 19-cv-3709 (JS) (AKT), 2020 U.S. Dist. LEXIS
    138849 (E.D.N.Y. July 31, 2020) .................................................................................. 11

Groff v. DeJoy,
    143 S. Ct. 2279 (2023) ........................................................................................ 3, 4, 5, 6

James Hogue v. The Board of Education of the City School District of the City of
N.Y., et al.,
    155400/2022, Dkt. No. 61 (N.Y. Cty. Sup. Ct., 2022) .................................................. 4, 5

Kane v. de Blasio,
    19 F.4th 152 (2d Cir. 2001) ............................................................................................. 9

Kane v. de Blasio,
    2022 U.S. Dist. LEXIS 154260 (S.D.N.Y. Aug. 26, 2022) .............................................. 7

Kennedy v. Bremerton Sch. Dist.,
    142 S. Ct. 2407 (2023) ..................................................................................................... 9

Labarbera v. New York City Department of Education,
    85001/2023 (N.Y. Sup. Ct. Richmond Cty., 2023) .......................................................... 8

Lowe v. Mills,
    68 F.4th 706 (5th Cir. 2023) ............................................................................................ 5

Maniscalco v. N.Y. City Dept. of Educ.,
    563 F. Supp. 3d 33 (E.D.N.Y. 2021) ............................................................................ 7, 8

Masciarelli v. New York City Dept of Education,
    7261050/2022 (Sup. Ct. Queens County May 30, 2023),
    Dkt. No. 18 ................................................................................................................... 7-8

**Cases**                                                                                                          **Pages**

St. Juste v. Metro Plus Health Plan,
    8 F. Supp. 3d 287 (E.D.N.Y. 2014) ............................................................................................9

The New York City Municipal Labor Committee ("MLC"), et al. v. The City of
New York, et al.,
    2021 NY Slip Op 21260 (N.Y. Sup., N.Y. Cnty. 2021) ............................................................7

Waronker v. Hempstead Union Free Sch. Dist.,
    788 F. App'x. 788 (2d Cir. Oct. 17, 2019) ...............................................................................11

**Statutes**

N.Y. Exec. Law § 296(10)(a) .............................................................................................................6

N.Y.C. Admin. Code 8-107(3)(b)......................................................................................................6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
LORRAINE MASCIARELLI

                                  Plaintiff,

          -against-                      22-cv-07553 (CBA) (SJB)

NEW YORK CITY DEPARTMENT OF EDUCATION,

                                Defendant.

----------------------------------------------------------------- X

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

### PRELIMINARY STATEMENT

Defendant New York City Department of Education ("DOE") respectfully submits this reply memorandum of law in further support of its Motion to Dismiss the Complaint. Lorraine Masciarelli ("plaintiff") was a teacher with the DOE who requested an exemption from the COVID-19 vaccination based on her religion ("Roman Catholic"), but her exemption request was denied because it would impose an undue hardship on the City school system.

Plaintiff alleges claims under Title VII, the First Amendment, and New York State and New York City Human Rights Laws ("SHRL" and "CHRL," respectively). Plaintiff's opposition merely repeats her conclusory claims of discrimination, and she conveniently ignores the caselaw defendant cited to that supports dismissal of her claims. Plaintiff ignores the New York State Supreme Court decision *against her* that upheld an arbitration decision her opposition now claims was "illegal." Plaintiff mistakenly and unpersuasively argues that two recent United States Supreme Court cases, each decided after defendant's moving papers were submitted, requires rejection of defendant's motion. As set forth herein, they do not.

Plaintiff also argues that she should have been given an accommodation, although even her opposition papers effectively concede that her suggestion of working from home as a teacher was not viable. As defendant noted in its moving papers, due to the volume of staff who requested accommodations and because the DOE school programs are almost exclusively conducted in person, plaintiff's suggested teach-from-home assignment would cause a significant harm and undue hardship. Plaintiff's alternative argument is that workers at other City agencies were eligible for testing as an alternative to the vaccine and therefore she should have been. First, this claim was not set forth in the Complaint. Moreover, it is misleading, because it ignores the reality that plaintiff, unlike other City workers, was a teacher, and was therefore continually exposed to not only other staff, but also students (many of whom were not eligible for vaccination), who, in turn, could transmit the virus to their families.

Additionally, plaintiff's First Amendment claim should be dismissed because she does not even contend the vaccine mandate is anything other than neutral and generally applied. Plaintiff requested to file an amended complaint but failed to file a motion to amend the complaint. Given that plaintiff has already litigated her claims unsuccessfully in State Court, and has failed to state a claim here, plaintiff's suggestion of an amended complaint should be rejected as futile. Lastly, plaintiff's claim for punitive damages was abandoned therefore should be stricken.

As set forth below, plaintiff's claims fail and the Complaint should be dismissed.

## STATEMENT OF FACTS

For a full statement of the relevant facts, defendant respectfully refers the Court to Defendant's Memorandum of Law in Support of Defendant's Motion to Dismiss the Complaint. ("Def. Mem.").

# ARGUMENT

## POINT I

### DEFENDANT COULD NOT GRANT PLAINTIFF'S ACCOMMODATION REQUEST BECAUSE IT WOULD IMPOSE AN UNDUE HARDSHIP

Plaintiff argues that she was entitled to an accommodation with respect to the COVID-19 vaccine mandate, on the basis of her Roman Catholic religion. Pl. Opp., at 8. As noted in defendant's moving papers, plaintiff was really seeking to be exempt from the mandate, and plaintiff concedes this in her opposition. See Def. Mem., at 4 (citing Compl., ¶¶ 13, 14 and Pl. Exh. C); Pl. Opp. at 12 (acknowledging that "Plaintiff's request[ed] accommodation . . . [was] not to be vaccinated"). As set forth in Defendant's moving papers, an exemption could not be given to Plaintiff, who worked as an in-person teacher. See Def. Mem., at 4 (citing, inter alia, Plaintiff's own Exh. D).

In her opposition, plaintiff discusses two "accommodations:" (1) having plaintiff teach from an alternative worksite (which she identifies as her "home") (Pl. Opp., at 16), or (2) having plaintiff submit to regular testing. (Pl. Opp., at 16). Defendant discussed the first of these in its moving papers and reiterates here that such an accommodation would not be reasonable because it would impose an undue hardship on defendant, since so many DOE employees had requested a similar accommodation and because plaintiff would not be interacting in a classroom with students. Def. Mem., at 9-10 (citing cases).

To the extent that plaintiff's opposition can be read to suggest that plaintiff believes the recent Supreme Court decision in Groff v. DeJoy, required the DOE to allow plaintiff to work from home, see Pl. Opp., at 8, defendant rejects any such suggestion, for the reasons discussed immediately below.

3

Plaintiff's opposition on this point is based solely on her convenient supposition that the Groff decision substantially changed the law. Pl. Opp., at 9-10. In contrast, what Groff did was clarify the law. Prior to Groff, most Courts understood that the employer in a Title VII religious accommodation case was required to show only a "de minimus" cost to support rejection of a proposed accommodation. Groff v. DeJoy, 143 S. Ct. 2279, 2294 (2023). The Groff Court clarified that employers in such a situation must show the burden of granting the requested accommodation "is substantial in the overall context of the employer's business." Id. Defendant here has met even the Groff standard, because defendant – as even plaintiff concedes – noted in its moving papers that

> The accommodation that defendant considered but was unable to provide due to an undue hardship was another worksite where plaintiff would not have contact with students, employees and families. . . . Defendant had over 3,300 DOE staff who requested religious accommodations and DOE school programs are conducted in person (except for a small program for medically fragile students), therefore creating alternative assignments outside of school buildings would cause the defendant to bear significant and unreasonable costs and ultimately an undue hardship.

Pl. Opp., at 11 (citing and quoting Def. Mem., at 10) (first internal citation, to Plaintiff's exhibits, omitted). For reasons unclear to defendant, plaintiff chose to eliminate the citation defendant offered in support of the last sentence above, which was: James Hogue v. The Board of Education of the City School District of the City of N.Y., et al., 155400/2022, Dkt. No. 61 (N.Y. Cty. Sup. Ct., 2022) (cited in Def. Mem., at 10). Thus, as noted in defendant's moving papers, there is evidentiary support – in the form of a published judicial decision --- for defendant's description of some of the substantial hardships it would face had it permitted Plaintiff to work from home.

4

Given this data and information, plaintiff cannot credibly contend that the defendant failed to meet the Groff standard. See also Lowe v. Mills, 68 F.4th 706, 721 (5th Cir. 2023) (holding, while Groff was pending, that "plaintiffs' requested [religious] accommodation would have constituted an undue hardship under any plausible interpretation of the statutory text"); Cagle v. Weill Cornell Med., 2023 U.S. Dist. LEXIS 113687, *12 (S.D.N.Y. Jul. 30, 2023) (post-Groff decision dismissing religious discrimination case involving COVID vaccine and noting that "cases have uniformly rejected claims that an employer is required by Title VII to accommodate a request for religious exemption" from the mandate for health care workers); Dennison v. Bon Secours Charity Health Sys. Med. Grp., P.C., 2023 U.S. Dist. LEXIS 84888, *14 (S.D.N.Y. 2023) (pre-Groff case holding that vaccine exemption could not be given to patient-facing nurses based on State law requirements and because "it would have risked the health and safety of patients and *other employees*" and noting that this would qualify as a hardship on the employer even if "'de minimus' . . . is interpreted to mean more than minimal") (emphasis added).

Plaintiff, perhaps implicitly recognizing the deficiencies in any contrary argument, contends that the DOE did not have evidence in the record supporting this data. See Pl. Opp., at 11. This contention, however, cannot withstand scrutiny and must be rejected. Plaintiff's contention is eviscerated by defendant's citation to, and reliance on, Hogue, a decision of which this Court make take judicial notice. See also Hogue, supra, where that Court held that

> Were Petitioner the only person in this situation, the request to work remotely full time would be entirely reasonable. However, as over 3,300 DOE staff have requested religious accommodations, allowing all of them this same exemption would cause the DOE to bear significant and unreasonable costs.

In sum, even under the definition of undue burden set in Groff, ("substantial increased costs in relation to the conduct of its particular business") defendant has proven that granting plaintiff

5

an accommodation would cause an undue burden. A similar standard applies under the CHRL, and perhaps a less stringent standard under the SHRL, and again, given the above, the DOE would have suffered undue burden as defined in either of those statutes by allowing plaintiff to work from her home. See N.Y. C. Admin. Code 8-107(3)(b).[1]

Moreover, even after citing Groff, plaintiff's opposition effectively conceded that allowing plaintiff to work from her home (or another alternative worksite) would not have been a practical (or required) accommodation, because Plaintiff herself argued only that "the alternative of testing . . . could have been a reasonable accommodation that would have maintained a safe environment for in-person learning." Pl. Opp., at 12. While prior to the COVID-19 vaccine becoming a viable option, defendant enforced COVID-19 testing, once the vaccine was an option, defendant implemented the Vaccine Mandate. As Plaintiff's own Exhibits establish, the vaccine mandate in place at the relevant time stated that unvaccinated teachers, such as plaintiff, could not work in DOE sites and have contact with students, employees and families, for health and safety reasons.

---

[1] The CHRL declares: Undue hardship" as used in this subdivision shall mean an accommodation requiring significant expense or difficulty (including a significant interference with the safe or efficient operation of the workplace or a violation of a bona fide seniority system). Factors to be considered in determining whether the accommodation constitutes an undue economic hardship shall include, but not be limited to:

(i) The identifiable cost of the accommodation, including the costs of loss of productivity and of retaining or hiring employees or transferring employees from one facility to another, in relation to the size and operating cost of the employer;

(ii) The number of individuals who will need the particular accommodation to a sincerely held religious observance or practice; and

(iii) For an employer with multiple facilities, the degree to which the geographic separateness or administrative or fiscal relationship of the facilities will make the accommodation more difficult or expensive.

Provided, however, an accommodation shall be considered to constitute an undue hardship, for purposes of this subdivision, if it will result in the inability of an employee who is seeking a religious accommodation to perform the essential functions of the position in which the employee is employed.

See also N.Y. Exec. Law § 296(10)(a) (employer need not accommodate religious belief if doing so would impose an "undue hardship on the conduct of the employer's business")

See Pl. Exh. D; see also Pl. Exh. B ("Under Title VII, the EEOC must also consider other factors including: the assessment of the public risk posed at a particular time; the availability of effective alternative means of infection control; and the number of employees who actually request accommodations."). Considering the relevant factors, defendant determined the vaccine was necessary and the vaccine mandate has been upheld in both state and federal court. See Def. MTD MOL at 4 (citing Kane v. de Blasio, 2022 U.S. Dist. LEXIS 154260 (S.D.N.Y. Aug. 26, 2022); Maniscalco v. N.Y. City Dept. of Educ., 563 F. Supp. 3d 33 (E.D.N.Y. 2021); The New York City Municipal Labor Committee ("MLC"), et al. v. The City of New York, et al., 2021 NY Slip Op 21260 (N.Y. Sup., N.Y. Cnty. 2021).

The Court in Maniscalco held that

> Ultimately, even if plaintiffs disagree with it, the Order at issue represents a rational policy decision surrounding how best to protect children during a global pandemic. Although plaintiffs argue that there are other proven means of preventing the spread of COVID-19 in schools, among them frequent testing and mask wearing, it is not shocking for the City to conclude that vaccination is the best way to do so, particularly at a time when viral transmission rates are high. To support this proposition, defendants note that the CDC has recommended vaccination of schoolteachers and staff "as soon as possible" because vaccination is "the most critical strategy to help schools safely resume full operations. . . [and] is the leading public health prevention strategy to end the COVID-19 pandemic." Further, defendants point to the recent exponential increase in pediatric cases since schools have resumed elsewhere in the country where vaccination rates among those eligible are low.

Maniscalco v. N.Y.C. Dep't of Educ., 563 F. Supp. 3d 33, 39-40 (E.D.N.Y. 2021).

It need only be added that the State Supreme Court rejected Plaintiff's Article 78 Petition – a proceeding she does not even mention in either her Complaint or opposition – and the Court there held that "the mandate was rationally related to the Commissioner[ of Health]'s power to pass order related to the protection of public health against the imminent or existing threat of COVID-19" and upheld the "vaccine mandate [as] a condition of employment." Masciarelli v.

7

New York City Dept of Education, 7261050/2022 (Sup. Ct. Queens County May 30, 2023), Dkt. No. 18. As such, plaintiff cannot credibly contend that her newly-presented request that she be permitted to teach from her home was a reasonable one.

Similarly, the same decisions indicate that plaintiff's request for testing as an accommodation was not reasonable. Plaintiff attempts to compare the DOE mandate with the actions of the New York Police Department although the two are easily distinguishable. Pl. Opp. at 13. When a similar claim was made in Maniscalco, the court determined

> [a]lthough permitting opt-out testing may be appropriate for other municipal employees, defendants are not unreasonable in requiring vaccination of DOE employees without such an opt-out. Unlike other municipal employees, these DOE employees are necessarily in close contact for long hours with children below twelve - who cannot be vaccinated - in indoor, congregate settings. Social distancing, mask wearing, and testing may be sufficient to protect other municipal employees in different contexts, particularly because at least a portion of these employees are vaccinated.

Maniscalco., 563 F. Supp. 3d at 39-40. Ultimately opt-out testing was not a viable accommodation in the case at bar.

Additionally, plaintiff cites to Labarbera v. New York City Department of Education, a New York State Supreme Court Article 78 proceeding with a different standard than the case at bar and it is currently pending an appeal. Pl. Opp at 14, 15; Labarbera v. New York City Department of Education, 85001/2023 (N.Y. Sup. Ct. Richmond Cty., 2023).

Plaintiff suggests defendant's reasoning for denying plaintiff's accommodation request, because it would impose an undue hardship, is pretext for religious discrimination – but she fails to support that argument. See Pl. Opp. at 14-16. As discussed above, Defendant has identified with particularity the reasons Plaintiff's exemption/accommodation request would impose an undue burden. Moreover, to support her discrimination claims, plaintiff must prove "the adverse employment action occurred under circumstances giving rise to an inference of discriminatory

intent.'" St. Juste v. Metro Plus Health Plan, 8 F. Supp. 3d 287, 303-04 (E.D.N.Y. 2014); Def. MTD MOL at 11. As discussed in Point II, infra, and in defendant's moving papers, plaintiff does not "claim she was treated less favorably than similarly situated employees who are not of the same religion. And therefore her discrimination claims fail. See Def. Mem., at 12.

## POINT II

### PLAINTIFF'S FIRST AMENDMENT CLAIM SHOULD BE DISMISSED

Plaintiff fails to state a First Amendment claim. Plaintiff attempts to oppose defendant's assertions by arguing that the recent Supreme Court decision of Kennedy v. Bremerton Sch. Dist. effectively overturned the Second Circuit's decision in Kane v. de Blasio, 19 F.4th 152, 164 (2d Cir. 2001). Pl. Opp., at 18. The Kennedy Court did no such thing and, indeed, emphasized once again that requirements that are "neutral" towards religion or "generally applicable" do not violate the First Amendment. Kennedy, 142 S. Ct. 2407, 2422 (2023). Plaintiff's opposition does not even argue that the vaccine mandate was anything other than generally applicable; at most, she argues that the mandate was opposed to all religions, but she provides no support for this remarkable proposition. See Pl. Opp., at 20-21. In any event, as plaintiff does not dispute, the Second Circuit in Kane upheld the mandate as neutral and generally applicable. Kane v. De Blasio, 19 F.4th 152, 164 (2d Cir. 2021).

Further, Plaintiff's opposition attempts to argue that she had properly pled a Monell violation in her Complaint. See Pl. Opp., at 20. As noted in defendant's moving papers, plaintiff's

Complaint identified only one alleged victim of the mandate – herself – which would be insufficient to support a claim under Monell. Def. Mem., at 14.[2]

Plaintiff attempts to evade this requirement by arguing that the original mandate did not contain any exemptions for religious objectors. Pl. Opp., at 20. This argument fails because plaintiff herself concedes she was allowed to seek an exemption/accommodation. See Pl. Opp., at 9. Plaintiff then argues that the DOE had a policy of not granting religious exemptions – but her only "evidence" quotes from a document drafted by plaintiff's union, not the DOE. Pl. Opp., at 20 & Pl. Exh. B. Finally, plaintiff argues that the DOE "failed to provide accommodations to *most* of the employees who objected to the vaccine." Pl. Opp., at 20 (emphasis added). First, plaintiff's acknowledgement that at least some accommodations were granted eviscerates her own claim that there was a policy of denying claims on an anti-religious basis. Next, as noted above, the DOE had substantial reasons for denying requested exemptions and accommodations, and Courts have repeatedly rejected challenges to those decisions.

## POINT III

### PLAINTIFF'S REQUEST TO FILE AN AMENDED COMPLAINT SHOULD BE DENIED

Plaintiff purports to seek leave file an amended complaint but plaintiff has not filed a motion to amend the complaint nor has plaintiff submitted a proposed amended complaint. Thus, the request should be denied. Moreover, for all the reasons discussed above, a proposed amended complaint should be denied as futile. The sole case plaintiff cites as authority supporting her request to amend actually cuts against her, because there the Second Circuit affirmed the decision

---

[2] Defendant's memorandum inadvertently failed to note that the case cited in support of the Monell argument had been affirmed by the Second Circuit. The correct citation is Davis v. City of N.Y., 228 F. Supp. 2d 327 (S.D.N.Y. 2002), aff'd, 2003 U.S. App. LEXIS 19650 (2d Cir. Sep. 22, 2003).

denying leave to amend. Waronker v. Hempstead Union Free Sch. Dist., 788 F. App'x. 788, *17 (2d Cir. Oct. 17, 2019) (holding that the district court did not err in denying leave because none of plaintiff's filings indicated he would be able to amend to state a claim that would survive a dismissal motion).

## POINT IV

### PLAINTIFF ABANDONED HER CLAIM FOR PUNITIVE DAMAGES

Plaintiff failed to respond to defendant's assertion that her claim for punitive damages fail; therefore, for this reason, as well as for the reasons set forth in defendant's moving papers, her claim for punitive damages must be stricken. District Courts in the Second Circuit have held that "[a] plaintiff's failure to respond to contentions raised in a motion to dismiss claims constitute an abandonment of those claims." East v. Roosevelt Union Free Sch. Dist., No. 19-cv-3709 (JS) (AKT), 2020 U.S. Dist. LEXIS 138849, at *61 (E.D.N.Y. July 31, 2020).

## CONCLUSION

For the foregoing reasons, and for those provided in defendant's opening brief, defendants respectfully request that their Motion to Dismiss the Complaint be granted, that the Complaint be dismissed, that the relief requested in the Complaint denied in all respects, that judgment be entered for defendant, and that defendant be granted costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated:     New York, New York
              August 14, 2023

              **HON. SYLVIA O. HINDS-RADIX**
              Corporation Counsel of the
                City of New York
              Attorney for Defendant
              100 Church Street, Room 2-190
              New York, New York 10007
              (212) 356-2433

              By:    /s/ Donald C. Sullivan
                        Donald C. Sullivan
                        Assistant Corporation Counsel