

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**DONALD C. SULLIVAN**
*Assistant Corporation Counsel*
Labor & Employment Law Division
(212) 356-2433
dsulliva@law.nyc.gov

September 12, 2023

**VIA ECF**
Hon. Carol B. Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: <u>Masciarelli v. New York City Department of Education</u>
           22 Cv 7553 (CBA)(SJB)

Dear Judge Amon:

      I am an Assistant Corporation Counsel in the Office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, assigned to represent the New York City Department of Education ("Defendant" or "DOE") in the above matter. Pursuant to Local Civil Rule 7.1(d), I write in furtherance of the discussion between the Court and the parties at oral argument on September 6, 2023, and to respectfully to inform the Court of a decision relevant to the instant proceeding.

      As the Court established at oral argument, plaintiff was a gym teacher with young students. The Complaint acknowledges that plaintiff requested to be exempted from the COVID-19 vaccination requirement, and that, when her request was denied, she appealed this decision both internally within the DOE, and then to a Citywide Appeals Panel. Complaint, ECF No. 1, at ¶¶ 13-20. As plaintiff's own exhibit documented, the request was denied because of the undue hardship it would place on the DOE. <u>See</u> Pl. Exh. D. In defendant's papers, and at oral argument, defendant explained that both permitting plaintiff to work from home and allowing plaintiff to mask and test were not workable options, given her position. <u>See</u> Def. Mem. of Law in Support of Motion to Dismiss, ECF No. 21-1, at 9-11 and Def. Reply Memorandum, ECF No. 23, at 7 (each citing cases).

      My notes reflect that during oral argument -- and without raising any other conceivable accommodation -- plaintiff contended that the New York City Human Rights Law required a more substantial cooperative dialogue than she ostensibly received. Defendant respectfully asserts that plaintiff's argument is an effective concession that defendant had met its cooperative dialogue obligation under the other statutes referenced in her Complaint, specifically

the Americans with Disabilities Act, 42 U.S.C. § 1983, and the New York State Human Rights Law.  See also Heiden v. New York City Health & Hosps. Corp., 2023 U.S. Dist. LEXIS 5583, *109 n.28 (S.D.N.Y. Jan. 11, 2023) ("there is no independent cause of action for the failure to engage in an 'interactive process' under the ADA or NYSHRL").

Moreover, the New York Appellate Division has explicitly rejected plaintiff's argument.  On June 20, 2023, the Appellate Division, First Department, issued a ruling in Marsteller v. City of New York, Index No. 157230/2022, which is dispositive on this issue. In Marsteller, the court held that where an agency received an unprecedented number of requests for exemptions to the COVID-19 vaccine mandate from its employees, and where defendant "informed employees about how to apply to their agency's Equal Employment Opportunity office and how to appeal denials" and a petitioner availed himself of this process, and where the agency "explained why his application did not qualify for an accommodation and the parties further engaged during the administrative appeals process," the City Human Rights Law "does not require a more robust or individualized [cooperative] dialogue."

Accordingly, defendant respectfully requests that the Court consider this authority in its deliberations. A copy of the aforementioned Order is attached hereto for the Court's convenience.

Defendant thanks the Court for its attention to this matter.

Respectfully submitted,

*Donald C. Sullivan*

Donald C. Sullivan
Assistant Corporation Counsel

cc: All Counsel of Record (via ECF)

🅐 Neutral

As of: September 12, 2023 8:51 PM Z

# Matter of Marsteller v. City of New York

Supreme Court of New York, Appellate Division, First Department

June 20, 2023,Decided; June 20, 2023, Entered

Index No. 157230/22, Appeal No. 493, Case No. 2023-00271

**Reporter**
217 A.D.3d 543 *; 192 N.Y.S.3d 18 **; 2023 N.Y. App. Div. LEXIS 3323 ***; 2023 NY Slip Op 03308 ****

 **[****1]** In the Matter of Patrick Marsteller, Petitioner-Appellant, v City of New York et al., Respondents-Respondents.

**Prior History:** Order and judgment (one paper), Supreme Court, New York County (Nancy M. Bannon, J.), entered January 9, 2023, which denied the petition to annul respondents' June 30, 2022 determination, denying petitioner's request for a religious exemption from the COVID-19 vaccination requirement for New York City employees, and dismissed the proceeding brought pursuant to CPLR article 78 **[***1]** , unanimously affirmed, without costs.

## Core Terms

accommodation, vaccine, requests, respondents', religious, dialogue, arbitrary and capricious, cooperative, employees

## Headnotes/Summary

**Headnotes**

**Civil Service — Judicial Review — Reasonable Accommodations — Religious Exemption from COVID-19 Vaccination Requirement for New York City Employees — Civil Service — Judicial Review — Consideration of Official's Affidavit — Civil Rights — New York City Human Rights Law — Discrimination in Employment — Process for Resolving Requests for Reasonable Accommodations — COVID-19 Vaccination Requirement for New York City Employees**

**Counsel:** Law Office of Jimmy Wagner, Brooklyn (Jimmy Wagner of counsel), for appellant.

Sylvia O. Hinds-Radix, Corporation Counsel, New York (Chloe K. Moon of counsel), for respondents.

**Judges:** Before: Webber, J.P., Oing, Gesmer, González, Pitt-Burke, JJ.

## Opinion

 **[*544] [**20]** Petitioner has failed to demonstrate that respondents' determination was arbitrary and capricious or made in violation of lawful procedure (*CPLR 7803[3]*). The determination by the City of New York Reasonable Accommodation Appeals Panel (Citywide Panel) was based on the reasoning set forth in the denial letter from respondent New York City Police Department (NYPD), which concluded that petitioner's application contained a "generic statement that does not support [his] request" and that he failed to explain how his religious tenets conflict with the vaccine requirement. NYPD **[***2]** also found that petitioner had no demonstrated history of refusing medications or vaccines. The decision therefore had a rational basis in the record (*see Matter of Galaxy Bar & Grill Corp. v New York State Liq. Auth., 154 AD3d 476, 478, 61 N.Y.S.3d 539 [1st Dept 2017]*, *appeal dismissed 30 NY3d 1046 [2018]*), and we decline to substitute our judgment for that of the NYPD (*see Matter of Roberts v Gavin, 96 AD3d 669, 671-672, 948 N.Y.S.2d 36 [1st Dept 2012]*). Contrary to petitioner's position otherwise, we need not limit our review to the language in the Citywide Panel's decision, as the Panel noted that it had "carefully reviewed [the NYPD's] determination" as well as "all of the documentation submitted to the agency," and that it had based its decision on that review.

Furthermore, where, as here, there was no administrative hearing, an agency may submit an official's affidavit to explain the information that was before the agency and the rationale for its decision, and this Court may consider such an affidavit even though it was not submitted during the administrative process

(*Matter of Robins v New York City Off. of Chief Med. Examiner, 212 AD3d 541, 542, 182 N.Y.S.3d 83 [1st Dept 2023]*). The affirmation of Eric J. Eichenholtz, Chief Assistant Corporation Counsel for Employment Policy and Litigation, who served as a final reviewer for Citywide Panel determinations, further supports the court's conclusion that respondents' determination was not arbitrary and capricious.

 [*545] Petitioner has also not established [***3] that the City's process for resolving requests for accommodations to the vaccine mandate fell short of the requirements of the New York City Human Rights Law (City HRL). The City HRL makes it an "unlawful discriminatory practice for an employer . . . to refuse or otherwise fail to engage in a cooperative dialogue within a reasonable time with a person who has requested an accommodation," including a religious accommodation (*Administrative Code of the City of New York § 8-107[28][a]*). Here, the City publicly offered [****2] public information on its process for reviewing accommodation requests related to the vaccine mandate, and informed employees about how to apply to their agency's Equal Employment Opportunity office and how to appeal denials. Petitioner availed himself of this process, the NYPD explained why his application did not qualify for an accommodation, and the parties further engaged during the administrative appeals process. Respondents also submitted evidence that they received approximately 6,000 requests for religious accommodations to the vaccine mandate from NYPD employees alone, which the City had to resolve under a constrained timeline during an evolving public health emergency. Petitioner has not established that, under these [***4] unique circumstances, the City HRL required a more robust or individualized dialogue than the process he received (*cf. Hosking v Memorial Sloan- [**21] Kettering Cancer Ctr., 186 AD3d 58, 65, 126 N.Y.S.3d 98 [1st Dept 2020]* [issues of fact existed as to employer's provision of cooperative dialogue where record contained evidence that employer refused to consider accommodation]; *Gordon v Consolidated Edison Inc., 190 AD3d 639, 640-641, 140 N.Y.S.3d 512 [1st Dept 2021]* [same]).

Finally, petitioner has not established that respondents' personnel policies, several of which appear to have been superseded by the procedures created specifically to address requests for accommodations to the vaccine mandate, required additional process or accommodation beyond the requirements of the City HRL.

We have considered petitioner's additional arguments and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, SUPREME COURT OF NEW YORK, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: June 20, 2023

**End of Document**