# THE SCHER LAW FIRM, LLP

600 OLD COUNTRY ROAD, SUITE 440
GARDEN CITY, NY 11530

MARTIN H. SCHER*
JONATHAN L. SCHER**

AUSTIN R. GRAFF*

TEL: 516-746-5040

FAX: 516-746-5043

W. SCOTT KERSHAW
COUNSEL
MICHAEL SCHILLINGER
COUNSEL
ROLAND P. BRINT
COUNSEL
ADAM GANG
COUNSEL

ROBERT S. NAYBERG
(1959-2012)

* Also Admitted in District of Columbia
* Also Admitted in New Jersey

September 14, 2023

**BY ECF**
Hon. Carol B. Amon
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: Masciarelli v. New York City Department of Education
         E.D.N.Y. Docket Number 22-cv-7553

Dear Judge Amon:

  This law firm represents the Plaintiff in the above-referenced Action. This letter shall serve as the Plaintiff's response to the Defendant's September 12, 2023 letter (Docket Entry No. 25).

  The Defendant asserts that *Matter of Marsteller v. City of New York*, 217 A.D.3d 543 (1st Dept 2023) is dispositive of the issue of the need for the Defendant to have an interactive dialogue with the Plaintiff as part of the accommodation process. The Plaintiff disagrees for three reasons.

  First, the Defendant in this Action was not the defendant in *Matter of Marsteller*. The City of New York was the defendant in *Matter of Marsteller*, not the Defendant in this Action, namely, the New York City Department of Education.

  While the Defendant might say that is a distinction without a difference, at oral argument, the Defendant argued that the accommodation process for police officers, namely a testing regimen while the accommodation request was pending (*Johnson v. New York City*, 2023 NYLJ LEXIS 1470, *3 (Sup. Ct. N.Y. County 2023)) was different than the one involving the Plaintiff, a teacher, because unvaccinated teachers (like the Plaintiff) could not be around children out of fear of the spread of COVID.

  The Defendant cannot have it both ways. Since Marsteller was a police officer, the accommodation process reviewed by the Court in *Matter of Marsteller* was different from the one at issue in this Action since, as the Defendant admitted thee teachers and police officers were different when it came to testing and masking. As a result, *Matter of Marsteller* should not control the outcome of the Defendant's Motion because this case is examining a different

THE SCHER LAW FIRM, LLP

Hon. Carol B. Amon
United States District Court, Eastern District of New York
September 14, 2023
Page 2 of 2

---

procedure than the one examined by *Matter of Marsteller* by the Defendant's own admission at oral argument.

Second, the standard of review in *Matter of Marsteller* was an arbitrary and capricious standard in a CPLR article 78 proceeding. In this motion, the standard of review is whether the Plaintiff has set forth a plausible claim. *See, Estate of Anglade v. Am. Airlines Group Inc.*, 2021 US Dist LEXIS 256919, at *7-8 (E.D.N.Y. 2021) (Amon, J). Based upon the differences in the standard of review, this Court should not accept that the *Matter of Marstellar* controls the outcome of the Defendant's Motion.

Third, the Court in *Matter of Marsteller* had before it the "affirmation of Eric J. Eichenholtz, Chief Assistant Corporation Counsel for Employment Policy and Litigation, who served as a final reviewer for Citywide Panel determinations...." *Matter of Marsteller v. City of New York*, 217 A.D.3d at 544. In this case, the Defendant has not submitted any evidence from a person with personal knowledge in support of its position, relying only on attorney argument in the letter and in its motion papers. As a result, the underlying facts in this Action has not been developed as was developed in *Matter of Marsteller*.

Accordingly, the Court should reject the Defendant's suggestion that *Matter of Marsteller* is dispositive of the Plaintiff's argument that the Defendant's failure to enter into the interactive process is evidence of the Defendant's religious discrimination of the Plaintiff.

The Plaintiff requests the Court deny the Defendant's Motion. The Plaintiff thanks the Court for its consideration of this matter.

Respectfully submitted,

Austin Graff

ARG:ms
cc:   All Counsel of Record (via ECF)

H:\Masciarelli, Lorraine\Federal Court Litigation\Motions\Motion #001 - Defendant's Motion to Dismiss\9-14-2023 letter to Court re Marsteller.docx