

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**THE CITY OF NEW YORK**

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**Donald C. Sullivan**
*Assistant Corporation Counsel*
Telephone: (212) 356-2433
E-mail: dsulliva@law.nyc.gov
*Email not for service*

October 25, 2023

**VIA ECF**
Magistrate Judge Sanket J. Bulsara
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Masciarelli v. New York City Department of Education
22 Cv 7553 (CBA)(SJB)

Dear Magistrate Judge Bulsara:

I am an Assistant Corporation Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and attorney for Defendant. I write on behalf of both parties to respectfully request a stay in discovery and an adjournment *sine die* in the October 30, 2023 Status Conference, pending resolution of Defendant's motion to dismiss. In the alternative, the parties respectfully request a 60-day extension in discovery, until January 8, 2024 as well as an adjournment of the Status Conference until a date after January 8, 2024 that is convenient to the Court.

Pursuant to Your Honor's Individual Rules, the parties respectfully submit this letter brief in support of their request for a stay. This is the parties' first request for a stay in discovery.

### A. Procedural History

On March 24, 2023, an Initial Conference was held. Plaintiff's counsel (Austin Graff) and the prior Assistant Corporation Counsel assigned to this case were present. The Court adopted all the deadlines in the parties' proposed Rule 26(f) report, and those deadlines included: completion of all fact discovery by 11/08/2023; completion of experts discovery by 5/10/2024; and the last date to take the first step in dispositive motion practice to be 6/10/24. See ECF Dkt. No. 14. Although the parties have exchanged some discovery, plaintiff has not yet responded to Defendants' First Set of Interrogatories and Document Requests, and defendants have not had an opportunity to take plaintiff's deposition.

Defendant submitted its motion to dismiss the original complaint on August 14, 2023. See ECF Dkt. No. 21. On September 6, 2023, oral arguments were held before Judge Carol Bagley Amon on Defendant's motion to dismiss, and the parties submitted supplemental material on September 12, 2023 and September 14, 2023. The decision on Defendant's motion to dismiss is pending.

### B. Basis for Stay and Adjournment

Pursuant to Fed. R. Civ. P. 26(c), courts have discretion to stay discovery for good cause pending the outcome of a fully dispositive motion to dismiss. See Chesney v. Valley Stream Union Free Sch. Dist. No. 24, 236 F.R.D. 113, 115 (E.D.N.Y. 2006). Courts in this circuit "have routinely held that a stay of discovery is appropriate 'pending resolution of a potentially dispositive motion where the motion appears to have substantial grounds or . . . does not appear to be without foundation in law.'" King v. City of New York, 2014 U.S. Dist. LEXIS 140790, at *17 (E.D.N.Y. Sept. 30, 2014) (quoting Johnson v. N.Y. Univ. Sch. of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002)). In determining whether to stay discovery, courts consider: "1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; 2) the breadth of discovery and the burden of responding to it; and 3) the risk of unfair prejudice to the party opposing the stay." Kanowitz v. Broadridge Fin. Solutions, Inc., 2014 U.S. Dist. LEXIS 46518, at *15-16 (E.D.N.Y. Mar. 31, 2014). As applied to this case, each of these factors favors a stay of discovery.

For the reasons articulated in Defendant's moving papers in support of the pending motion to dismiss, Defendant respectfully asserts that the Complaint lacks viable claims and Defendant's motion to dismiss rests on a solid foundation in law. See ECF Dkt. No. 21. Accordingly, a stay of discovery is appropriate. See O'Sullivan v. Deutsche Bank AG, 2018 U.S. Dist. LEXIS 70418 (S.D.N.Y. Apr. 26, 2018) (staying discovery where defendants "made a strong showing that they are likely to succeed on their motion to dismiss"); Telesca v. Long Island Hous. P'ship, Inc., 2006 U.S. Dist. LEXIS 24311, at *4 (E.D.N.Y. Apr. 27, 2006) (staying discovery where defendants' motion raised "substantial issues with regard to the viability of plaintiffs' complaint"); Johnson, 205 F.R.D. at 434 (staying discovery where defendants' motion was "potentially dispositive," did not appear unfounded in law, and would potentially "obviate the need for burdensome discovery"). Moreover, even if Defendant's motion is granted only in part, the parties will still benefit by a stay in discovery. Chesney, 236 F.R.D. at 116 ("[b]y waiting until a decision is reached on the pending motion, the areas of discovery may well be substantially reduced, if not eliminated"). Thus, Defendant respectfully asserts, engaging in discovery may unnecessarily consume judicial resources if the Court ultimately grants Defendant's Rule 12(b)(6) motion to dismiss.

Plaintiff does not agree that Defendant's motion is likely to succeed, but does agree that the motion is potentially dispositive and concurs that the remaining factors support a stay. For example, while Plaintiff has been working on her responses to Defendant's requests, she has not yet been able to complete those responses and believes a stay will enable her to continue working. From Defendant's perspective, because Plaintiff has not yet served her requests, we are unable to assess the burdensomeness of those requests.

Similarly, both parties concur that a stay of discovery presents no risk of unfair prejudice. A delay will not result in any loss of evidence, nor will it increase difficulties of discovery, and delay alone does not constitute prejudice. See, e.g., Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983); O'Sullivan, 2018 U.S. Dist. LEXIS 70418, at *30 ("the passage of a reasonable

amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery").

In sum, the parties jointly respectfully request that the Court issue an order staying discovery pending a decision on Defendant's motion to dismiss. If granted, this request would obviate the need for a Status Conference at this time.

### C. Alternative Request for an Extension and Adjournment

If the Court is inclined to reject the request for a stay, the parties alternatively respectfully request that the Court grant a sixty-day extension in discovery, until January 8, 2024, so that the parties can complete discovery in this matter. The parties also request that the Court adjourn the Status Conference until a date after on or about January 8, 2024 that is convenient to the Court.

The parties thank the Court for its consideration of these requests.

Respectfully submitted,

*Donald C. Sullivan*
Donald C. Sullivan
Assistant Corporation Counsel

cc: Austin Graff, Plaintiff's Attorney (via ECF and E-Mail)