

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | **THE CITY OF NEW YORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **DONALD C. SULLIVAN**<br>*Assistant Corporation Counsel*<br>Labor & Employment Law Division<br>(212) 356-2433<br>dsulliva@law.nyc.gov |

November 22, 2023

**VIA ECF**
Hon. Carol B. Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: <u>Masciarelli v. New York City Department of Education</u>
     22 Cv 7553 (CBA)(SJB)

Dear Judge Amon:

I am an Assistant Corporation Counsel in the Office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, assigned to represent the New York City Department of Education ("Defendant" or "DOE") in the above matter, where Defendants' motion to dismiss is pending. Pursuant to Local Civil Rule 7.1(d), I write to respectfully to inform the Court of a recently uncovered Waiver and Release ("Waiver") signed by Plaintiff which, Defendant asserts, precludes Plaintiff from moving forward with the instant proceeding. Defendant apologizes for raising this issue at this time, but, for the reasons outlined below, requests a pre-motion conference to discuss how to proceed in light of this Waiver, in anticipation of Defendant's request for a supplemental motion to dismiss.

Plaintiff is a former DOE teacher, and her Complaint, which she filed on December 13, 2022, alleges that she was terminated for declining to comply with the COVID-19 vaccination mandate. Compl., Dkt. No. 1, ¶¶ 1, 11, 24. Months before she filed the Complaint, on February 21, 2022, Plaintiff, who was then on a leave without pay based on her decision to decline the vaccine, signed the Waiver, which extended her leave. *See* Exhibit A, attached. In that Waiver, Plaintiff explicitly agreed to "waive and release the DOE … from any and all claims, liabilities, or causes of action which were or could have been asserted" by her in return for certain medical insurance benefits, and certain other benefits. *See* Exhibit A attached.

Plaintiff had initially been placed on leave without pay status more than four months earlier, on October 4, 2021. *See* Pl. Compl. at 23, Pacer Doc. No. 1. Through the signing of the Waiver, Plaintiff memorialized her decision to extend her leave through September 6, 2022, in return for the right to return to work by that date, if she complied with the vaccination mandate,

as well as extended eligibility to maintain health insurance through that same date, regardless of her vaccination status. *See id*. Although the Waiver was signed in February 2022, the Waiver explicitly contemplated that Plaintiff, if she complied with the vaccination mandate, could return to employment at any time prior to September 6, 2022. *Id*. In accord with the Waiver, Plaintiff was deemed to have voluntarily resigned as of September 6, 2022, and *knowingly* waived her rights to challenge such resignation. *See id*. The Waiver itself explicitly states that:

> I understand that if I have not returned by September 6, 2022, I shall be deemed to have voluntarily resigned and knowingly waive my rights to challenge such resignation.

*Id*.

Plaintiff's Complaint does not mention the Waiver at all, and instead claims that she was terminated by the DOE on September 5, 2022. See Compl., Dkt. No. 1, ¶ 24.

Defendant asserts that, notwithstanding the fact that a motion to dismiss on separate grounds is pending, this Waiver bars Plaintiff's claims. The Second Circuit uses a "totality of the circumstances" test to determine whether a waiver of Title VII claims is knowing and voluntary. *See Bormann v. AT & T Communications, Inc.*, 875 F.2d 399, 403 (2d Cir. 1989). In *Bormann*, the Second Circuit outlined several factors relevant to this analysis:

> (1) the plaintiff's education and business experience, (2) the amount of time the plaintiff had possession of or access to the agreement before signing it, (3) the role of plaintiff in deciding the terms of the agreement, (4) the clarity of the agreement, (5) whether the plaintiff was represented by or consulted with an attorney, and (6) whether the consideration given in exchange for the waiver exceeds employee benefits to which the employee was already entitled by contract or law.

In addition, courts have considered a seventh factor—whether the employer encouraged the employee to consult an attorney and whether the employee had a fair opportunity to do so. *Id.* These factors are not an exhaustive list, "and all need not be satisfied before a release is deemed enforceable." *Cordoba v. Beau Deitl & Assocs.*, 2003 U.S. Dist. LEXIS 22033, 2003 WL 22927874, at *5 (S.D.N.Y. Dec. 2, 2003). "The essential question is whether, in the totality of circumstances, the individual's waiver of his right can be characterized as knowing and voluntary." *Id.* (internal quotation marks and citations omitted).

Here, Plaintiff's waiver of her right to sue Can only be described as knowing and voluntary under *Bormann's* totality of the circumstances test. Plaintiff has sufficient education and experience to warrant the inference that she was capable of understanding the terms of the Waiver. *See Bachiller v. Turn On Prods., Inc.*, No. 00 Civ. 8701 (JSM), 2003 U.S. Dist. LEXIS 6164, 2003

WL 1878416, at *4 (S.D.N.Y. Apr. 14, 2003), *aff'd*, 86 Fed. App'x 465 (2d Cir. 2004). The Waiver is "unambiguous and comprehensible." *See Cordoba*, 2003 U.S. Dist. LEXIS 22033, 2003 WL 22902266, at *5. In *Mandavia v. Columbia Univ.*, 912 F. Supp. 2d 119, 131 (S.D.N.Y. 2012), the Court held that a similar one-page release involving Columbia University was "clear and unambiguous," satisfying the *Bormann* factor. The Waiver explicitly notes that Plaintiff was also advised by the DOE to consult with an attorney, provided a 21-day period to review and consider the Waiver, and even provided a 7-day revocation period. *See* Exhibit A.

We have notified Plaintiff's counsel of the Waiver and advised that we would write to the Court if Plaintiff chose not to withdraw her claims. Plaintiff responded by claiming that Plaintiff was under economic duress, the Waiver was not a component of the UFT Arbitration Award and thus unenforceable, and Defendant must assert the release as a defense in its Answer. *See* Exhibit B attached.

Plaintiff's first argument is unavailing, because in contract interpretation, New York's Appellate Division holds that ratification waives any challenge a party may have to the validity of an agreement. *See e.g., Forman v. Forman*, 211 A.D.3d 698, 700 (2d Dep't 2022) ("[a] party who 'accepts the benefits provided under a[n] agreement for any considerable period of time' is deemed to have ratified the agreement and thus, 'relinquishes the right to challenge the agreement'") (*quoting Rio v. Rio*, 110 A.D.3d 1051,1054 (2d Dep't 2013)); 110 *Sand Co. v. Nassau Land Improvement Co.,* 7 A.D.3d 497, 498 (2d Dep't 2004) ("the appellant waived any claim of economic duress by its failure to promptly repudiate its waiver). Thus, by accepting the benefits of the Waiver – including health benefits through September 6, 2022 – and failing to promptly repudiate the agreement, Plaintiff ratified the Waiver.  Plaintiff's second argument is similarly unpersuasive, because the Arbitration Award makes no mention of whether such a release and waiver can be enforceable. *See* Arbitration Award, Exh. G to Compl., Dkt. No. 1-9.  Finally, Plaintiff cannot credibly claim any prejudice whenever the Court considers the Waiver, given that she executed it and indisputably had knowledge of it throughout these proceedings.

Ultimately, Defendant asserts respectfully that Plaintiff has knowingly and voluntarily released Defendant from liability and this matter cannot proceed. Accordingly, Defendant respectfully requests that the Court hold a pre-motion conference to discuss this issue, in an advance of Defendant's anticipated supplemental motion to dismiss.

Defendant thanks the Court for its attention to this matter.

Respectfully submitted,

*Donald C. Sullivan*

Donald C. Sullivan
Assistant Corporation Counsel

cc: All Counsel of Record (via ECF)

# Exhibit A

02/21/2022

Employee Name: **LORRAINE MASCIARELLI**
Title: **TEACHER**
File#: **0735976**
Employee ID: **893680**
Work Site: **30Q084**

I, **LORRAINE MASCIARELLI** , opt to extend my leave without pay due to vaccination status through September 6, 2022. I understand that by selecting to extend such leave, I will be eligible to maintain health insurance through September 6, 2022.

I understand that if I have not returned by September 6, 2022, I shall be deemed to have voluntarily resigned and knowingly waive my rights to challenge such resignation, including, but not limited to, through a contractual or statutory disciplinary process. I understand that upon the effective date of such resignation, as it relates to the DOE, I lose all entitlements to reversion, retention, and tenure.

I understand that I am prohibited from engaging in gainful employment while I am on unpaid leave at the DOE.

I understand that I have the right to return to employment at any time prior to September 6, 2022, if I provide to the DOE documentation that I have complied with the Commissioner of Health's order regarding vaccination of NYC Department of Education employees and inform the DOE that I seek to return before September 6, 2022. In exchange for the right to return and extended health benefits as set forth herein, I agree to waive and release the DOE and any of its present or former employees or agents (collectively the "Released Parties"), from any and all claims, liabilities, or causes of action which were or could have been asserted by me against any of the Released Parties based upon anything that has happened up to now and including the date of the execution of this Attestation, including, but not limited to, any right or claim that may exist or arise up to and including the date that this Attestation is signed.

For Employees Currently Age Forty (40) and Older Only: If I am currently age forty (40) or older, I acknowledge that in accordance with the Older Workers Benefit Protection Act: (i) I enter into this release voluntarily and with full understanding and knowledge of its consequences; (ii) I have been advised by the DOE to consult with an attorney prior to executing this agreement and release; (iii) I have been provided at least a twenty-one (21) day period to review and consider whether to sign this Attestation; and (iv) I have been advised that I have seven (7) days following execution to revoke it (the "Revocation Period"). This Attestation will not be effective and enforceable until the Revocation Period has expired. Such revocation shall only be effective if an originally executed written notice of revocation is delivered by email to Revokevaccinationprovision@schools.nyc.gov on or before 5:00 p.m. on the seventh day after execution of this Attestation. If so revoked, this Attestation shall be deemed to be void ab initio and have no force or effect.

I affirm that as of the date that this Attestation is signed, I have not received any dose of a COVID-19 Vaccine.

Subject to review of eligibility.

**Electronic Signature**

# Exhibit B

| | |
|---|---|
| **From:** | Austin Graff |
| **To:** | Martin, Andrea (LAW) |
| **Cc:** | Sullivan, Donald (Law); Austin Graff |
| **Subject:** | [EXTERNAL] RE: Masciarelli v. DOE - Update 11/20/23 |
| **Date:** | Tuesday, November 21, 2023 10:21:10 AM |

**CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe. Forward suspect email to phish@oti.nyc.gov as an attachment (Click the More button, then forward as attachment).

Andrea:

The Plaintiff's position is threefold:

1. The release was signed under economic duress. The Plaintiff had written contemporaneous communications with the NYCDOE when she "executed" the "release" that reflects the duress. In addition, the Plaintiff communicated with the UFT contemporaneously about the duress relating to executing the release. As a result, the release is void as a matter of law.
2. The release was not a component of the UFT Arbitration Award and was not authorized by the Award. Therefore, is unenforceable since nowhere in the Arbitration Award was there a waiver of rights. In fact, the Award permitted the UFT members to retain all of their rights. The attempt to enforce the release in violation of the Arbitration Award is bad faith and reflects further retaliation and discrimination against the Plaintiff.
3. The Defendants have already moved to dismiss. There is no second bite at the apple. If the NYCDOE wants to assert the release as a defense in its Answer, we will do discovery on the issue and address it during the course of the litigation.

I am available to discuss this matter at your earliest convenience.

Finally, I assume you received the Plaintiff's discovery responses and discovery demands. Please confirm.

**PLEASE TAKE NOTICE OF OUR NEW ADDRESS**
Austin Graff, Esq.
The Scher Law Firm, LLP
600 Old Country Road, Suite 440
Garden City, New York 11530
T: (516) 746-5040

* * * * * * * * *

This e-mail and any attachments may contain confidential and privileged information for use by the designated recipient(s) named above. If you are not the intended recipient of this message from The Scher Law Firm, LLP, then you are hereby notified that any review, dissemination, distribution or copying of this message is unauthorized and may be illegal. If you have received this communication in error, please notify the sender identified above by email and/or The Scher Law Firm, LLP, by telephone, at (516) 746-5040. Please also delete this e-mail and destroy any copies of it. Thank you.

**From:** Martin, Andrea (LAW) <andmarti@law.nyc.gov>
**Sent:** Monday, November 20, 2023 1:03 PM
**To:** Austin Graff <AGraff@scherlawfirm.com>
**Cc:** Sullivan, Donald (Law) <Dsulliva@law.nyc.gov>
**Subject:** Masciarelli v. DOE - Update 11/20/23

Dear Austin,

We have just become aware of the attached waiver that plaintiff signed on February 21, 2022, releasing the DOE and any of its present or former employees or agents from any and all claims, liabilities, or causes of action. We believe in light of this waiver that this case cannot continue. We intend to write to the Court this Wednesday, 11/22 informing them of this waiver if plaintiff does not withdraw this case.

Please advise as to plaintiff's position.

Best,
Andrea

**Andrea M. Martin**
Assistant Corporation Counsel
Labor & Employment Law Division
New York City Law Department
100 Church Street, Room 2-103
New York, NY 10007
P: (212) 356-3549



PRIVILEGED AND CONFIDENTIALITY NOTICE: This e-mail message is intended only for the person(s) to whom it is addressed and may contain information that is privileged confidential, or otherwise protected from disclosure.  The information contained herein is not to be forwarded, discussed, or otherwise disclosed to anyone other than the persons(s) addressed in this email without the advance written permission of the sender.  Any unauthorized review, use, disclosure, or distribution is expressly prohibited. If you are not the intended recipient of this e-mail, please promptly alert the sender by reply e-mail that you received it in error and destroy all copies of the original and any reply message.