# THE SCHER LAW FIRM, LLP

600 OLD COUNTRY ROAD, SUITE 440
GARDEN CITY, NY 11530

MARTIN H. SCHER*
JONATHAN L. SCHER*⁺

AUSTIN R. GRAFF*

TEL: 516-746-5040

FAX: 516-746-5043

W. SCOTT KERSHAW
COUNSEL
MICHAEL SCHILLINGER
COUNSEL
ROLAND P. BRINT
COUNSEL
ADAM GANG
COUNSEL

ROBERT S. NAYBERG
(1959-2012)

* Also Admitted in District of Columbia
⁺ Also Admitted in New Jersey

November 22, 2023

**BY ECF**
Hon. Carol Bagley Amon, U.S.D.J.
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

          Re:    Masciarelli v. New York City Department of Education
                 E.D.N.Y. Docket No. 22-cv-07553 (CBA)(SJB)

Dear Judge Amon:

      This law firm represents the Plaintiff in the above-referenced Action. This letter shall serve as the Plaintiff's opposition to the Defendant's request for a pre-motion conference to discuss a second Motion to Dismiss regarding a "recently uncovered Waiver and Release" executed by the Plaintiff. **Docket Entry No. 28,** at page 1. For the reasons discussed in this letter, the Court should decline to hold a pre-motion conference.

      First, the Defendant has already filed a Motion to Dismiss and is now seeking to file a second Motion to Dismiss. A second Motion to Dismiss is barred by FRCP Rule 12(g)(2), which states that "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."

      As Plaintiff's employer and the recipient of the purported Waiver and Release, the document "recently uncovered" was in the Defendant's possession at all times before the Defendant filed its Motion to Dismiss. The Plaintiff failed to assert any defense of waiver and release in its Motion to Dismiss and therefore is now precluded from making a second Motion to Dismiss. Accordingly, the request for a pre-motion conference should be denied since the Defendant is not permitted to make a second Motion to Dismiss pursuant to FRCP Rule 12(g)(2).

      Second, the purported Waiver and Release was executed under extreme economic duress.

      In *Interpharm, Inc. v. Wells Fargo Bank, N.A.*, 655 F.3d 136, 142 (2d Cir 2011), the Court held "[t]o void a contract on the ground of economic duress, the complaining party must show that its agreement was procured by means of (1) a wrongful threat that (2) precluded the exercise of its free will."

THE SCHER LAW FIRM, LLP

The Defendant made a wrongful threat. The Defendant told the Plaintiff that if she did not execute the document that contained a release, she could not participate in the UFT Arbitration Award provision that extended her suspension without pay, but granted her health insurance benefits until September 2022. However, the UFT Arbitration Award **never** required members of the UFT to waive or release their rights in order to continue with health insurance through September 2022.

In fact, the UFT Arbitration Award states: "[e]xcept for the express provisions contained, herein, all parties retain all legal rights at all times relevant, herein." **Docket Entry No. 1-9**, at pages 17-18. Nowhere in the UFT Arbitration Award did the Arbitrator permit the Defendant to seek a release and waiver of rights of the members of the UFT as a prerequisite to the benefits contained in the UFT Arbitration Award. *See generally*, **Docket Entry 1-9**.

If the waiver or release of rights was not contained in the UFT Arbitration Award, then it was a wrongful threat for the Defendant to require a release to be executed in return for obtaining the benefit granted to the Plaintiff in the UFT Arbitration Award of extending her health insurance benefits to September 2022.

The wrongful threat by the Defendant emanates from the improper demand for a release in return for the benefits the Plaintiff was entitled to receive pursuant to the UFT Arbitration Award.

Second, at the time the Plaintiff executed the release, the Plaintiff had no free will to decline health insurance benefits and risk the loss of her pension.

In fact, on the document that is her Waiver and Release, she communicated with the Defendant and stated that she is "continuing my leave under duress. I am 51 years old and need my pension that I worked for my whole life." **Exhibit 1** to this letter.

In addition, the Plaintiff emailed Beth Norton, Esq. an attorney for the UFT that "[t]oday I notified the revokevaccinationprovision@schools.nyc.edu to extend my forced unpaid leave **UNDER DURESS!** I am notifying you as well." **Exhibit 2** to this letter (emphasis in original).

Additionally, the Plaintiff emailed her Principal that she "[u]nder duress, I have extended my forced Leave Without Pay for Vaccine Reasons until September 5, 2022." **Exhibit 3** to this letter.

These three contemporaneous communications reflect the Plaintiff's feeling at the time she executed the release was that she was under duress.

The Plaintiff executed the purported Release and Waiver at a time when she was suspended without pay, just lost her final appeal of her religious accommodation request, and, if she did not sign the document created by the Defendant, she would lose her health insurance and pension. The Defendant used economic pressure to obtain a release from the Plaintiff that was unconscionable.

THE SCHER LAW FIRM, LLP

Hon. Carol Bagley Amon, U.S.D.J.
United States District Court, Eastern District of New York
November 22, 2023
Page 3 of 3

---

The Plaintiff was deprived of her free will and had no choice but to sign the purported Waiver and Release. The Defendant made her choose either sign the release or lose her valuable health benefits and pension. This was an impossible situation for her to choose. Her choice to accept the health benefits for her family and protect her pension was made under economic duress.

Accordingly, the Defendant has an extremely low likelihood of success on the merits of a second Motion to Dismiss based upon the purported Waiver and Release. No pre-motion conference should be scheduled by the Court.

Finally, the Waiver and Release is an Affirmative Defense that the Defendant can assert in its Answer.[1] The Defendant does not waive the issue by not being able to file a second Motion to Dismiss. The Defendant is not prejudiced by the Court denying the Defendant a pre-motion conference. Accordingly, the Court should decline to hold such a conference.

*********

The Plaintiff requests that the Court deny the Defendant's request for a pre-motion conference because the request is futile.

Thank you for your courtesies.

Respectfully submitted,

THE SCHER LAW FIRM, LLP

Austin Graff

ARG:ms
cc:   Counsel of Record (by ECF)

H:\Masciarelli, Lorraine\Federal Court Litigation\Motions\Motion #002 - Release Motion to Dismiss\November 2023 letter to Court in response to -pre-motion.docx

---

[1] The Defendant has not filed an Answer because of the pending Motion to Dismiss.

# EXHIBIT 1

02/21/2022

Employee Name: **LORRAINE MASCIARELLI**
Title: **TEACHER**
File#: **0735976**
Employee ID: **893680**
Work Site: **30Q084**

I, **LORRAINE MASCIARELLI**, opt to extend my leave without pay due to vaccination status through September 6, 2022. I understand that by selecting to extend such leave, I will be eligible to maintain health insurance through September 6, 2022.

I understand that if I have not returned by September 6, 2022, I shall be deemed to have voluntarily resigned and knowingly waive my rights to challenge such resignation, including, but not limited to, through a contractual or statutory disciplinary process. I understand that upon the effective date of such resignation, as it relates to the DOE, I lose all entitlements to reversion, retention, and tenure.

I understand that I am prohibited from engaging in gainful employment while I am on unpaid leave at the DOE.

I understand that I have the right to return to employment at any time prior to September 6, 2022, if I provide to the DOE documentation that I have complied with the Commissioner of Health's order regarding vaccination of NYC Department of Education employees and inform the DOE that I seek to return before September 6, 2022. In exchange for the right to return and extended health benefits as set forth herein, I agree to waive and release the DOE and any of its present or former employees or agents (collectively the "Released Parties"), from any and all claims, liabilities, or causes of action which were or could have been asserted by me against any of the Released Parties based upon anything that has happened up to now and including the date of the execution of this Attestation, including, but not limited to, any right or claim that may exist or arise up to and including the date that this Attestation is signed.

For Employees Currently Age Forty (40) and Older Only: If I am currently age forty (40) or older, I acknowledge that in accordance with the Older Workers Benefit Protection Act: (i) I enter into this release voluntarily and with full understanding and knowledge of its consequences; (ii) I have been advised by the DOE to consult with an attorney prior to executing this agreement and release; (iii) I have been provided at least a twenty-one (21) day period to review and consider whether to sign this Attestation; and (iv) I have been advised that I have seven (7) days following execution to revoke it (the "Revocation Period"). This Attestation will not be effective and enforceable until the Revocation Period has expired. Such revocation shall only be effective if an originally executed written notice of revocation is delivered by email to Revokevaccinationprovision@schools.nyc.gov on or before 5:00 p.m. on the seventh day after execution of this Attestation. If so revoked, this Attestation shall be deemed to be void ab initio and have no force or effect.

I affirm that as of the date that this Attestation is signed, I have not received any dose of a COVID-19 Vaccine.

Subject to review of eligibility.

☐ **Electronic Signature**

MASCIARELLI 000118

1/1

↶ Reply all ∨   🗑 Delete   ⊘ Junk   Block sender   ⋯

## (No subject)

**ML**  **Masciarelli Lorraine**
Mon 2/28/2022 5:00 PM

To: Revoke Vaccination Provision

I am continuing my leave under duress. I am 51 years old and need my pension that I worked for my whole life.

Reply | Forward

# EXHIBIT 2

**From:** Lorraine Masciarelli lmasciarelli08@gmail.com
**Subject:** Extended LWOP
**Date:** February 28, 2022 at 5:41 PM
**To:** BNorton@uft.org



Hello,
Today I notified the Revokevaccinationprovision@schools.nyc.gov to extend my forced unpaid leave **UNDER DURESS**! I am notifying you as well.
Thank you,
Lorraine Masciarelli

# EXHIBIT 3

↩ Reply all ⌄ | 🗑 Delete | ⊘ Junk | Block sender | ⋯

## RE: Lorraine Masciarelli



**Armano Dominic**
Wed 10/6/2021 1:57 PM
To: Masciarelli Lorraine

Hi Lorraine,

Thank you for letting me know. We'll be in touch.

Regards,
Dom

**From:** Masciarelli Lorraine
**Sent:** Wednesday, October 06, 2021 12:35 PM
**To:** Armano Dominic <DArmano@schools.nyc.gov>
**Cc:** Locastro Marie <MLocastro@schools.nyc.gov>
**Subject:** Lorraine Masciarelli

Hello Dominic,
I am informing you that my appeal was denied last night.
Thank you, Lorraine

Reply | Forward

↺ Reply all ⌄   🗑 Delete   ⊘ Junk   Block sender   ⋯

# Re: Extension LWOP



**Armano Dominic**
Mon 2/28/2022 10:12 PM

To: Masciarelli Lorraine
Cc: Locastro Marie

Hi Lorraine,

Thank you for informing and keeping me in the loop. Hope all is well with you.

Speak to you soon,

Regards,
**Dominic Armano,** *Principal*
Steinway Elementary School, P.S. 84, Q.
Phone: 718-278-1915
Email: darmano@schools.nyc.gov
Twitter: @Principal_84Q
Twitter: @DominicArmano
Instagram: @DominicArmano
www.ps84q.org
#SteinwaySWAG | #Team84

Confidentiality Notice: This e-mail communication and any attachments may contain confidential and privileged information for the use of the designated recipients named above. If you are not the intended recipient, you are hereby notified that you have received this communication in error and that any review, disclosure, dissemination, distribution or copying of it or its contents is prohibited. If you have received this communication in error, please notify me immediately by replying to this message and deleting it from your computer. Thank you.

On Feb 28, 2022, at 5:10 PM, Masciarelli Lorraine <LMasciarelli@schools.nyc.gov> wrote:

Hello Dominic,
I hope you are doing well. I was notified on 2/15/22 that my reappeal for a religious exemption was denied. Under duress, I have extended my forced Leave Without Pay for Vaccine Reasons until September 5, 2022.
Thank you,
Lorraine Masciarelli

MASCIARELLI000092

## Re: Religious Exemption Accommodation Request

Armano Dominic <DArmano@schools.nyc.gov>
Fri 8/19/2022 11:31 AM
To: Masciarelli Lorraine <LMasciarelli@schools.nyc.gov>
Cc: Lorraine Masciarelli (lmasciarelli08@gmail.com) <lmasciarelli08@gmail.com>

Hi Lorraine,

Thank you informing me, please be informed that religious accommodations are reviewed by the leaves unit when an application is submitted via SOLAS.

Regards,
**Dominic Armano,** *Principal*
Steinway Elementary School, P.S. 84, Q.
Phone: 718-278-1915
Email: darmano@schools.nyc.gov
Twitter: @Principal_84Q
Instagram: @DominicArmano
www.ps84q.org
#SteinwaySWAG | #Team84

Confidentiality Notice: This e-mail communication and any attachments may contain confidential and privileged information for the use of the designated recipients named above. If you are not the intended recipient, you are hereby notified that you have received this communication in error and that any review, disclosure, dissemination, distribution or copying of it or its contents is prohibited. If you have received this communication in error, please notify me immediately by replying to this message and deleting it from your computer. Thank you.

> On Aug 18, 2022, at 2:17 PM, Masciarelli Lorraine <LMasciarelli@schools.nyc.gov> wrote:
>
> Hello Dominic,
> As per SOLAS, I am requesting a religious exemption accommodation for the 2022/2023 school year.
> Thank you,
> Lorraine Masciarelli

MASCIARELLI000093

## Religious Exemption Accommodation

Masciarelli Lorraine <LMasciarelli@schools.nyc.gov>

Sat 9/3/2022 11:31 AM

To: Armano Dominic <DArmano@schools.nyc.gov>

Hello Dominic,
Today is September 3, 2022 and I haven't received a decision about my religious exemption. Please advise.
Thank you,
Lorraine Masciarelli

**From:** Lorraine Masciarelli lmasciarelli08@gmail.com
**Subject:** Lorraine Masciarelli
**Date:** June 21, 2023 at 11:34 PM
**To:** Armano Dominic darmano@schools.nyc.gov



Hello Dominic,
I would like to return to PS 84 for the 2023/2024 school year if you have any openings. I have no access to the open market. Please advise. My phone number is (631)235-4192.
Thank you,
Lorraine Masciarelli

**From:** LORRAINE MASCIARELLI lmasciarelli08@gmail.com
**Subject:** Re: Lorraine Masciarelli
**Date:** June 23, 2023 at 8:22 AM
**To:** Armano Dominic DArmano@schools.nyc.gov



Good morning Dominic,
Since I am currently not in the DOE system, I cannot access Open Market. I did access New Teacher Finder and submit everything through there. Please call me whenever you have availability.
Thank you,
Lorraine

Sent from my iPad

> On Jun 21, 2023, at 11:34 PM, Lorraine Masciarelli <lmasciarelli08@gmail.com> wrote:
>
> Hello Dominic,
> I would like to return to PS 84 for the 2023/2024 school year if you have any openings. I have no access to the open market. Please advise. My phone number is (631)235-4192.
> Thank you,
> Lorraine Masciarelli