
**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**ANDREA M. MARTIN**
*Assistant Corporation Counsel*
Labor & Employment Law Division
(212) 356-3549
andmarti@law.nyc.gov

February 1, 2023

**VIA ECF**
Hon. Carol B. Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:  Masciarelli v. New York City Department of Education
               22 Cv 7553 (CBA)(SJB)

Dear Judge Amon:

       I am an Assistant Corporation Counsel in the Office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, assigned to represent the New York City Department of Education ("Defendant" or "DOE") in the above matter. Pursuant to Local Civil Rule 7.1(d), I write to respectfully request an adjournment in Defendant's time to respond to the Complaint, based on Plaintiff's filing of what she described as her Amended Complaint, notwithstanding her apparent failure to abide by Federal Rule 15. Plaintiff did not seek Defendant's position prior to this filing, and Defendant has not consented to this filing. Accordingly, for the reasons outlined below, Defendant respectfully requests guidance from the Court as to whether the operative complaint remains Plaintiff's original complaint as modified by the Court's decision. In the alternative, Defendant respectfully asks whether the Court will direct Plaintiff to make a formal motion for leave to amend in accordance with the federal rules.

       On January 19, 2024, this Court filed a Memorandum and Order (the "Order") granting Defendant's motion to dismiss the Complaint in part with prejudice, and denying the motion in part. See ECF No. 33. Notably, the Order did not provide Plaintiff leave to amend her complaint. See id. at 14. Yet, on January 30, 2024, Plaintiff filed an unauthorized Amended Complaint against the DOE, asserting new claims, attempting to revive claims that have already been waived, and including claims that were expressly dismissed with prejudice. See ECF No. 35.

       Rule 15 requires Plaintiff to receive permission from either Defendant or the Court to amend Plaintiff's complaint more than 21 days after Plaintiff either served the original complaint or received Defendant's answer or a motion to dismiss. Fed. R. Civ. P. 15(a)(2). "Federal Rule of Civil Procedure 15(a) provides that courts should freely give leave to amend when justice so

requires." Nonetheless, "it is within the sound discretion of the district court to grant or deny leave to amend." Kim v. Kimm, 884 F.3d 98, 105 (2d Cir. 2018) (quoting McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007)). "[A] district court may properly deny leave when amendment would be futile." Jones, 166 F.3d at 50. To seek leave to amend, a plaintiff must at least "provide some indication of the substance of the contemplated amendment **before a court could entertain the request**." Mariah Re Ltd. v. Am. Family Mut. Ins. Co., 52 F. Supp. 3d 601, 624 (S.D.N.Y. 2014); see Techno Marine SA v. Giftports, Inc., 758 F.3d 493, 505 (2d Cir. 2014) ("A plaintiff need not be given leave to amend if it fails to specify . . . how amendment would cure the pleading deficiencies in its complaint.").

Here, Plaintiff blatantly failed to either seek permission from the Court or consent from Defendant, and neglected to file a motion for leave to amend her original Complaint pursuant to Rule 15. See Fed. R. Civ. P. 15(a)(2). Thus, Defendant respectfully suggests, if Plaintiff wishes the Amended Complaint to be considered the operative one, Plaintiff should be given an opportunity to file a formal motion to amend in accordance with the federal rules.

Defendant notes, however, some preliminary concerns. In addition to the apparent violation of Rule 15, Plaintiff's unauthorized amended complaint is flawed for several reasons. Most notably, the amended complaint simply restates – word for word in many instances -- allegations from the original complaint, inclusive of errors in the number sequencing. Compare Pl. Compl., Dkt No. 1 at 3 with Pl. Amend. Compl., ECF No. 35, at 3. Most troubling, in her amended complaint, Plaintiff included claims under 42 U.S.C, § 1983, alleging violations of her right to Free Exercise under the First Amendment, despite Your Honor's clear decision striking such claims with prejudice. See Order, at 5-6, 13-14; Pl. Amended Compl. ¶¶ 25, 36. In the Order, this Court held that "[t]o the extent Plaintiff seeks leave to amend her free exercise claim, such amendment would be futile because the very same vaccine mandate she challenges has been upheld as a neutral law of general applicability" (citing Kane v. de Blasio, 19 F.4th 152, 162, 167 (2d Cir. 2021).

Ultimately, Defendant respectfully requests clarity from the Court to determine whether the original complaint, to which Defendant was already drafting an Answer, is operative, or if Plaintiff will be granted the opportunity to submit a formal motion to amend in accordance with the federal rules. In addition, Defendant respectfully requests that our time to respond to the Complaint be extended sine die pending resolution of this question.

Defendant thanks the Court for its attention to this matter.

Respectfully submitted,

*Andrea M. Martin*
Andrea M. Martin
Assistant Corporation Counsel

cc: All Counsel of Record (via ECF)