**EXHIBIT A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LORRAINE MASCIARELLI,

                      Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF
EDUCATION,

                      Defendant.
-----------------------------------------------------------------X

INDEX NO. 22-cv-7553

**PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION PURSUANT TO FRCP 34 UPON DEFENDANT**

TO: Donald Sullivan
New York City Law Department
100 Church Street, Room 2-103
New York, NY 10007

**PLEASE TAKE NOTICE** that pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Defendant **NEW YORK CITY DEPARTMENT OF EDUCATION** ("NYCDOE") shall answer each of the following demands for production under oath, in writing, separately, in the fullest detail possible, and in accordance with the definitions and instructions set forth below. The answers shall be signed by the person making them and a copy of the answers, together with your objections, if any, shall be served upon The Scher Law Firm, LLP, attorneys for the Plaintiff at 600 Old Country Road, Suite 440, Garden City, New York 11530, no later than the **29th day of November 2023.**

**PLEASE TAKE FURTHER NOTICE** that counsel for the Plaintiff assumes that the within demands will be complied with by mailing the copies of the demanded documents and items to the undersigned on or before the due date. If this Notice will be complied with by a personal appearance at the offices of the Plaintiff's counsel for the purpose of the Plaintiff's counsel making copies of documents, then the appearance must be confirmed at least seventy-two (72) hours in advance.

1

# I. DEFINITIONS

1. "Appeals Panel" is defined as and means the City of New York Reasonable Accommodation Appeals Panel, its members, employees, and agents.

2. "Arbitration" is defined as and means the process during which Scheinman acted as an arbitrator to resolve the impasse in negotiations between the NYCDOE and the UFT relating to the implementation of the Vaccine Mandate.

3. "Commissioner of Health" is defined as and means the individual Dave A. Chokshi, M.D., MSc.

4. "Communication" is defined as and means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

5. "Department of Health" is defined as and means the New York City Department of Health and Mental Hygiene, its employees and agents.

6. "DeBlasio" is defined as and means former Mayor of New York Bill DeBlasio and the Office of Mayor during his tenure as Mayor.

7. "Document" is defined as and is synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and Local Civil Rule 26.3(c)(2). A draft of a non-identical copy is a separate document within the meaning of this term.

8. "Identify" (with respect to person) is defined as and means, when referring to a person, to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

9. "Identify" (with respect to documents) is defined as and means, when referring to documents, to give, to the extent known, the: (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

10. "Identify" (with respect to communications) is defined as and means, when referring to oral or written communications, to give, to the extent known, the (i) identity of person(s) presenting and receiving the communications; (ii) general subject matter of quotes if known; (iii) date of the communication; (iv) means of communication (i.e., telephone, electronic, such as email, recorded message, in person); and (v) the location where the communication was made and/or received.

11. "Mediation" is defined as and means the process during which Scheinman acted as a mediator to resolve the impasse in negotiations between the NYCDOE and the UFT relating to the implementation of the Vaccine Mandate.

12. "NYCDOE" is defined as and means the Defendant, New York City Department of Education, its employees and agents.

13. "Person" is defined as and means any natural person, business, legal or governmental entity or association.

14. "Plaintiff" is defined as and means the individual Lorraine Masciarelli.

15. "Relating to" and "concerning" are defined as and mean referring to, describing, evidencing or constituting.

16. "SAMS" is defined as and means the entities Scheinman Arbitration and Mediation Services, LLC and Scheinman Arbitration and Mediation Services.

17. "Scheinman" is defined as and means the individual Martin Scheinman.

18. "Torrey" is defined as and means Julie Torrey, the arbitrator employed by SAMS.

19. "UFT" is defined as and means the United Federation of Teachers, Local 2, American Federation of Teachers, AFL-CIO, its employees and agents.

20. "Vaccine Mandate" is defined as and means the Order of the Commissioner of the New York City Health and Mental Hygiene mandating NYCDOE employees to become vaccinated from COVD-19, dated September 15, 2021 and its prior incarnations, drafts, and adopted orders.

21. The terms "all" and "each" shall be construed as all and each.

22. The correctives "and" and "or" shall be construed as either conjunctively or disjunctively as necessary to bring within the scope of the production request all responses that might otherwise be construed to be outside of its scope.

23. The use of the singular form of any word includes the plural and vice-versa.

## II. INSTRUCTIONS

1. (i) With respect to each demand, you are to supply the documents that support, refer to, or evidence the subject matter of each demand.

(ii) For each document identified herein, and referred to in the response to any demand, and therefore deemed relevant to the response demanded, you shall attach copies of said documents to your response and identify in your response the document by description or "Bates #."

(iii) If any of the documents identified herein are no longer in your possession, custody, or control because of destruction, loss, or any other reason, then do the following with respect to each and every such document: (a) describe the nature of the document (e.g., letter or memorandum); (b) state the date of the document; (c) identify the persons who sent and received the original and copy of the document; and (d) state the manner and date of the disposition of the document.

2. If you contend that you are entitled to withhold from production any or all documents identified or requested herein on the basis of the attorney-client privilege, the work-product doctrine, or other ground, then do the following with respect to each and every such document: (i) describe the nature of the document (e.g., letter or memorandum; (ii) state the date of the document; (iii) identify the persons who sent and received the original and copy of the document; (iv) state the subject matter of the document; and (v) state the basis upon which you contend you are entitled to withhold the document from production.

3. Unless specifically indicated otherwise, all documents demanded herein are requested for the period commencing **January 1, 2020** to date. Any document in effect during any part of, or at any time during the period of **January 1, 2020** and continuing to date, whether or not received or in effect or dated prior to **January 1, 2020**, shall be deemed to refer to and relate to the period commencing **January 1, 2020** and continuing to date. Further, any event, act, occurrence, or happening occurring during a period of time that includes any part of the period commencing **January 1, 2020** and continuing to date, shall be deemed to have occurred during the period commencing **January 1, 2020** to date.

4. Pursuant to Fed. R. Civ. Proc. 26(e)(2), these demands require supplemental responses. If any documents responsive to any demand are not presently known, identifiable or available, include a statement to that effect, furnish the information when known, identifiable or available, and produce the relevant documents within ten (10) days from the time such document becomes known, identifiable or available, unless otherwise agreed to by counsel. In addition, you are under a duty to amend a prior response if you obtain information on the basis of which you know that the response was materially incomplete or incorrect when made, or that the response, though correct when made, is no longer true, and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

5. The responses to the demands must be in the numerical sequence in which they are presented and typed in a separate document with the specific demand preceding it.

6. Identify each and every person consulted, relied upon, or otherwise constituting a source of information in connection with the preparation of the responses to these demands, listing with respect to each and every such person the number(s) of the demands to which he or she helped to prepare responses or with respect to which he or she was consulted, relied upon or otherwise constituted a source of information.

## III. DEMANDS

1. Produce the proposals offered by the NYCDOE to the UFT relating to the implementation of the Vaccine Mandate.

2. Produce the proposals offered by the UFT to the NYCDOE relating to the implementation of the Vaccine Mandate.

3. Produce the communications between the NYCDOE and Scheinman from July 1, 2021 through September 10, 2021 relating to the Vaccine Mandate.

4. Produce the communications between the NYCDOE and the UFT from May 1, 2021 through October 30, 2023 relating to the Vaccine Mandate.

5. Produce the communications between the NYCDOE and the UFT from May 1, 2021 through October 30, 2023 relating to the implementation of the Vaccine Mandate.

6. Produce the documents exchanged between the NYCDOE and the UFT relating to the negotiations relating to the implementation of the Vaccine Mandate.

7. Produce the documents provided by the NYCDOE to Scheinman relating to the implementation of the Vaccine Mandate.

8. Produce the documents provided by the UFT to Scheinman relating to the implementation of the Vaccine Mandate.

9. Produce the notes made by the NYCDOE employee who reviewed the Plaintiff's request for accommodation from the Vaccine Mandate.

10. Produce the communications between the NYCDOE employee and the NYCDOE relating to the Plaintiff's request for accommodation from the Vaccine Mandate.

11. Produce the documents relating to guidelines provided to NYCDOE employees who reviewed the Plaintiff's request for accommodation from the Vaccine Mandate.

12. Produce the documents relating to policies provided to NYCDOE employees who reviewed the Plaintiff's request for accommodation from the Vaccine Mandate.

13. Produce the documents relating to standards provided to NYCDOE employees who reviewed the Plaintiff's request for accommodation from the Vaccine Mandate.

14. Produce the documents relating to the decision-making process provided to NYCDOE employees who reviewed the Plaintiff's request for accommodation from the Vaccine Mandate.

15. Produce the forms created by the NYCDOE relating the decision-making process for those who sought accommodations from the Vaccine Mandate.

16. Produce the documents relating to guidelines provided to SAMS's employees who reviewed the Plaintiff's request for accommodation from the Vaccine Mandate.

17. Produce the documents relating to policies provided to SAMS's employees who reviewed the Plaintiff's request for accommodation from the Vaccine Mandate.

18. Produce the training material provided by the NYCDOE to the person who reviewed the Plaintiff's request for accommodation from the Vaccine Mandate.

19. Produce the training material provided by the NYCDOE to SAMS relating to appeals of the NYCDOE's denial of religious accommodations from the Vaccine Mandate.

20. Produce the communications between the NYCDOE and SAMS relating to appeals of the NYCDOE's denial of accommodations from the Vaccine Mandate.

21. Produce the communications within the NYCDOE relating to the Plaintiff's request for accommodation from the Vaccine Mandate.

22. Produce the communications within the NYCDOE relating to the standard of review for requests for accommodations from the Vaccine Mandate.

23. Produce the documents relating to analysis performed by the NYCDOE relating to the cost of granting the Plaintiff's accommodation of working from home for the Vaccine Mandate.

24. Produce the communications between the Commissioner of Health and the NYCDOE relating to the Vaccine Mandate from January 1, 2021 through October 30, 2023.

25. Produce the communications between the Department of Health and the NYCDOE relating to the Vaccine Mandate from January 1, 2021 through October 30, 2023.

26. Produce the communications between DeBlasio and Scheinman relating to the Vaccine Mandate from January 1, 2021 through April 30, 2022.

27. Produce the communications between DeBlasio and the NYCDOE relating to the Vaccine Mandate from January 1, 2021 through April 30, 2022.

28. Produce the communications between DeBlasio and Commissioner of Health relating to the Vaccine Mandate from January 1, 2021 through April 30, 2022.

29. Produce the communications between DeBlasio and Department of Health relating to the Vaccine Mandate from January 1, 2021 through April 30, 2022.

30. Produce the communications within the NYCDOE relating to the decision to terminate the Plaintiff's employment.

31. Produce the communications with the Plaintiff relating to her request for accommodations from the Vaccine Mandate.

32. Produce the communications with the Plaintiff relating to leave without pay relating to the Vaccine Mandate.

33. Produce the communications with the Plaintiff relating to the termination of the Plaintiff's employment.

34. Produce the communications between the NYCDOE and third parties relating to unemployment insurance applications for NYCDOE employees who did not comply with the Vaccine Mandate.

35. Produce the communications between the NYCDOE and New York State relating to unemployment insurance and the Vaccine Mandate.

36. Produce the billing records submitted by SAMS for its work as the appellate review of denials of accommodation requests from the Vaccine Mandate.

37. Produce copies of payment to SAMS for its work as the appellate review of denials of accommodation requests from the Vaccine Mandate.

38. Produce the billing records for Scheinman relating to the Mediation.

39. Produce the billing records for Scheinman relating to the Arbitration.

40. Produce copies of payment to Scheinman for his work as the mediator in the Mediation.

41. Produce copies of payment to Scheinman for his work as the arbitrator in the Arbitration.

42. Produce the notes made by Torrey concerning the Plaintiff's appeal of her denial of her request for religious accommodation from the Vaccine Mandate.

43. Produce the transcript of the Plaintiff's hearing relating to her request for accommodation from the Vaccine Mandate.

44. Produce the Plaintiff's employment records.

45. Produce the Plaintiff's personnel file.

46. Produce the Plaintiff's electronic employment file, including, but not limited to negative information relating to the Plaintiff's refusal to take a vaccine for COVID-19.

47. Produce the communications between the NYCDOE and the Appeals Panel relating to the Plaintiff's request for an accommodation from the Vaccine Mandate.

48. Produce the training materials provided to the Appeals Panel relating to religious accommodations.

49. Produce the identity of the members of the Appeal Panel.

50. Produce the notes made by the member of the Appeal Panel who reviewed the Plaintiff's request for accommodation from the Vaccine Mandate.

51. Produce the documents relating to the standard of review for the Appeal Panel relating to requests for accommodations from the Vaccine Mandate.

52. Produce the communications between the NYCDOE and the Appeals Panel relating to the accommodation request to work from home.

Dated:  Garden City, New York
October 30, 2023

Yours, etc.

THE SCHER LAW FIRM, LLP

_____
Austin Graff
*Attorneys for Plaintiff*
600 Old Country Road, Suite 440
Garden City, New York 11530
(516) 746-5040