# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

LORRAINE MASCIARELLI,

                                    Plaintiff,

                    -against-

NEW   YORK   CITY   DEPARTMENT   OF
EDUCATION,

                                    Defendant.
------------------------------------------------------------------- x

**DEFENDANT'S RESPONSES
AND OBJECTIONS TO
PLAINTIFF'S FIRST SET OF
DOCUMENT REQUESTS**

No. 22-CV-7553

   Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local

Civil Rules for the Eastern District of New York, Defendant the New York City Department of

Education (misidentified in the caption of Plaintiff's Requests as "New York City Board of

Education") responds and objects to Plaintiff's First Set of Document Requests to Defendant as

follows.

## GENERAL STATEMENT

   1.  By responding to any request, Defendant does not concede the materiality

of the subject to which it refers.  Defendant's responses are made expressly subject to, and without

waiving or intending to waive, any questions, or objections as to the competency, relevancy,

materiality, privilege, or admissibility as evidence or for any other purpose, of any of the

documents or information produced, or of the subject matter thereof, in any proceeding including

the trial of this action or any subsequent proceeding.

   2.  Inadvertent production of any document or information which is privileged,

was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not

constitute a waiver of any privilege or of another ground for objecting to discovery with respect to

that document or any other document, or its subject matter, or the information contained therein,

or of Defendant's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

3.      The Defendant's objections to any particular document request should not be construed to mean that information or documents responsive to such request exist.  Similarly, the Defendant's statement that it will undertake to search for documents or information in response to a particular document request should not be construed to mean that documents or information of a type or in a category described in the document request in fact exist.  Furthermore, the production of any documents or information that is otherwise subject to an objection is not a waiver of any objection as to any other information or document not produced.

4.      These general statements and objections apply to all of Plaintiff's Document Requests, in addition to Defendant's specific responses and objections, and are incorporated by reference into each and every response set forth below.

## DOCUMENT REQUESTS

### DOCUMENT REQUEST NO. 1:

Produce the proposals offered by the NYCDOE to the UFT relating to the implementation of the Vaccine Mandate.

### OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 1:

Defendant objects to this request on the grounds that it is vague with respect to the phrases "the proposals offered by the NYCDOE to the UFT relating to the implementation of the Vaccine Mandate," and assumes facts not admitted or established.

Consistent with and without waiving any objections, and construing this request to seek the proposals offered by the NYCDOE to the UFT relating to the implementation of the Vaccine Mandate as it relates to religious exemptions, Defendant states that it is conducting a reasonable

search and anticipates producing any documents that are located in that search and are responsive to this request by January 8, 2024.

**DOCUMENT REQUEST NO. 2:**

Produce the proposals offered by the UFT to the NYCDOE relating to the implementation of the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 2:**

Defendant objects to this request on the grounds that it is vague with respect to the phrases "the proposals offered by the UFT to the NYCDOE relating to the implementation of the Vaccine Mandate," and assumes facts not admitted or established.

Consistent with and without waiving any objections, and construing this request to seek the proposals offered by the UFT to the NYCDOE relating to the implementation of the Vaccine Mandate as it relates to religious exemptions, Defendant states that it is conducting a reasonable search and anticipates producing any documents that are located in that search and are responsive to this request by January 8, 2024.

**DOCUMENT REQUEST NO. 3:**

Produce the communications between the NYCDOE and Scheinman from July 1, 2021 through September 10, 2021 relating to the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 3:**

Defendant objects to this request on the grounds that it is vague with respect to the phrases "the communications between the NYCDOE and Scheinman" and "relating to the Vaccine Mandate," and assumes facts not admitted or established.

Consistent with and without waiving any objections, and construing this request to seek the communications between the NYCDOE and Martin Scheinman involving Plaintiff from July 1, 2021 through September 10, 2021 relating to the Vaccine Mandate, Defendant states that it is

conducting a reasonable search and anticipates producing any documents  located in that search and that are responsive to this request by January 8, 2024.

**DOCUMENT REQUEST NO. 4:**

Produce the communications between the NYCDOE and the UFT from May 1, 2021 through October 30, 2023 relating to the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 4:**

Defendant objects to this request on the grounds that it is vague with respect to the phrases "the communications between the NYCDOE and UFT from May 1, 2021 through October 30, 2023" and "relating to the Vaccine Mandate," seeks information that is not relevant to any claim or defense and not proportional to the needs of the case, and assumes facts not admitted or established.

Consistent with and without waiving any objections, and construing this request to seek the communications between the NYCDOE and UFT involving Plaintiff from May 1, 2021 through September 6, 2022 relating to the Vaccine Mandate, Defendant states that it is conducting a reasonable search and anticipates producing any documents that are located in that search and are responsive to this request by January 8, 2024.

**DOCUMENT REQUEST NO. 5:**

Produce the communications between the NYCDOE and the UFT from May 1, 2021 relating to the implementation of the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 5:**

Defendant objects to this document request on the grounds that it is essentially duplicative of Request No. 4.  Defendant restates and incorporates its response and objections to Request No. 4 in response to this request, and refers Plaintiff to the objections and response to Document Request No. 4.

**DOCUMENT REQUEST NO. 6:**

Produce the documents exchanged between the NYCDOE and the UFT relating to the negotiations relating to the implementation of the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 6:**

Defendant objects to this request on the grounds that it is vague with respect to the phrases "the documents exchanged between the NYCDOE and the UFT relating to the negotiations relating to the implementation of the Vaccine Mandate" and assumes facts not admitted or established.

Consistent with and without waiving any objections, and construing this request to seek documents exchanged between the NYCDOE and the UFT involving Plaintiff relating to the negotiations relating to the implementation of the Vaccine Mandate, Defendant states that it is conducting a search and will produce any documents responsive to this request by January 8, 2024.

**DOCUMENT REQUEST NO. 7**

Produce the documents provided by the NYCDOE to Scheinman relating to the implementation of the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 7:**

Defendant objects to this request on the grounds that it is vague with respect to the phrases "the documents provided by the NYCDOE to Scheinman relating to the implementation of the Vaccine Mandate", and assumes facts not admitted or established.

Consistent with and without waiving any objections, and construing this request to seek the documents provided by the NYCDOE to Scheinman relating to the implementation of the Vaccine Mandate as it relates to Plaintiff, Defendant states that it is conducting a reasonable search and anticipates producing any documents that are located in that search and are responsive to this request by January 8, 2024.

**DOCUMENT REQUEST NO. 8:**

Produce the documents provided by the UFT to Scheinman relating to the implementation of the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 8:**

Defendant objects to this document request on the grounds that it is vague with respect to the phrase "relating to" and seeks production of documents from the UFT, an entity outside the control of Defendant. On the basis of these objections, Defendant intends no further response to this request.

**DOCUMENT REQUEST NO. 9:**

Produce the notes made by the NYCDOE employee who reviewed the Plaintiff's request for accommodation from the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 9:**

Defendants object to this document request on the grounds that the phrase "notes made by the NYCDOE employee" is vague. In addition, Plaintiff's request is overly broad with respect to time in that Plaintiff's default time span covers January 1, 2020 to date, and it would be unduly burdensome for Defendant to search for documents on this topic in that timeframe. Plaintiff's request also assumes facts that are neither admitted nor otherwise established.  Defendant further objects to this Document Request on the grounds that it is based on a false premise, because Plaintiff sought an exemption from the Vaccine Mandate.

Consistent with, and without waiving, these objections and construing this request as seeking documents concerning the review done by the NYCDOE employee who reviewed Plaintiff's request for an exemption from the Vaccine Mandate, Defendant states that it has undertaken a reasonable search for responsive documents, and has been unable to locate any such documents in that search.

**DOCUMENT REQUEST NO. 10:**

Produce the communications between the NYCDOE employee and the NYCDOE relating to the Plaintiff's request for accommodation from the Vaccine Mandate.

.**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 10:**

Defendants object to this document request on the grounds that it is essentially duplicative of Document Request No. 9, and Defendant refers Plaintiff to the objections and response to Document Request No. 9.

**DOCUMENT REQUEST NO. 11:**

Produce the documents relating to guidelines provided to NYCDOE employees who reviewed the Plaintiff's request for accommodation from the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 11:**

Defendants object to this document request on the grounds that the phrase "documents relating to guidelines provided to NYCDOE employees" is vague. Plaintiff's request also assumes facts that are neither admitted nor otherwise established. Defendant further objects to this Document Request on the grounds that it is based on a false premise, because Plaintiff sought an exemption from the Vaccine Mandate.

Consistent with, and without waiving, any objections and construing this request as seeking documents provided to NYCDOE employees who reviewed the Plaintiff's request for an exemption from the Vaccine Mandate, Defendants are to search for materials responsive to this request. If such materials exist and are located, they will, to the extent not privileged, be produced within 15 days.

**DOCUMENT REQUEST NO. 12:**

Produce the documents relating to policies provided to NYCDOE employees who reviewed the Plaintiff's request for accommodation from the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 12:**

Defendant objects to this Interrogatory on the grounds that it is essentially duplicative of Interrogatory No. 11, and Defendant refers Plaintiff to the objections and response to Interrogatory No. 11.

**DOCUMENT REQUEST NO. 13:**

Produce the documents relating to standards provided to NYCDOE employees who reviewed the Plaintiff's request for accommodation from the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 13:**

Defendant objects to this Interrogatory on the grounds that it is essentially duplicative of Interrogatory No. 11, and Defendant refers Plaintiff to the objections and response to Interrogatory No. 11.

**DOCUMENT REQUEST NO. 14:**

Produce the documents relating to the decision-making process provided to NYCDOE employees who reviewed the Plaintiff's request for accommodation from the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 14:**

Defendant objects to this Interrogatory on the grounds that it is essentially duplicative of Interrogatory No. 11, and Defendant refers Plaintiff to the objections and response to Interrogatory No. 11.

**DOCUMENT REQUEST NO. 15:**

Produce the forms created by the NYCDOE relating to the decision-making process for those who sought accommodations from the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 15:**

Defendant objects to this request as it is vague with respect to the phrase "forms created by the NYCDOE relating to the decision-making process." Consistent with, and without waiving any

objections, and construing this request as seeking forms created by the NYCDOE in relation to the decision-making process for Plaintiff's exemption from the Vaccine Mandate, Defendant states that it has undertaken a reasonable search for responsive documents, and has been unable to locate any such documents in that search.

**DOCUMENT REQUEST NO. 16:**

Produce the documents relating to guidelines provided to SAMS's employees who reviewed the Plaintiff's request for accommodation from the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 16:**

Defendant objects to this document request on the grounds that it is overly broad with respect to time and scope, based on Plaintiff's default time span, is vague with respect to the phrase "relating to guidelines," assumes facts not admitted or established, and appears to call for the production of documents from an entity outside Defendant's control. Defendant further objects to this Document Request on the grounds that it is based on a false premise, because Plaintiff sought an exemption from the Vaccine Mandate.

Consistent with, and without waiving any objections, and construing this request to seek documents relating to guidelines provided to SAMS's employees who reviewed Plaintiff's exemption from the Vaccine Mandate, and which Defendant is aware, Defendant refers plaintiff to the document bearing Bates Stamp No. DEF000442 for documents that may be responsive to this request.

**DOCUMENT REQUEST NO. 17**

Produce the documents relating to policies provided to SAMS's employees who reviewed the Plaintiff's request for accommodation from the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 17:**

Defendant objects to this document request on the grounds that it is duplicative of Document Request No. 16, and Defendant refers Plaintiff to the objections and response to Document Request No. 16.

**DOCUMENT REQUEST NO. 18:**

Produce the training material provided by the NYCDOE to the person who reviewed the Plaintiff's request for accommodation from the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 18:**

Defendant objects to this request as it is vague with respect to the phrase "the training material provided by the NYCDOE to the person who reviewed" as it is unclear, and assumes facts not admitted or established. Defendant further objects to this Document Request on the grounds that it is based on a false premise, because Plaintiff sought an exemption from the Vaccine Mandate.  Consistent with, and without waiving any objections, and construing this request as seeking training material provided by the NYCDOE to the persons who reviewed Plaintiff's exemption from the Vaccine Mandate, Defendant states that no such documents exist.

**DOCUMENT REQUEST NO. 19:**

Produce the training material provided by the NYCDOE to SAMS relating to appeals of the NYCDOE's denial of religious accommodations from the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 19:**

Defendant objects to this document request on the grounds that it is duplicative of Interrogatory No. 8, and Defendant refers Plaintiff to the objections and response to Interrogatory No. 8.

**DOCUMENT REQUEST NO. 20:**

Produce the communications between the NYCDOE and SAMS relating to appeals of the NYCDOE's denial of accommodations from the Vaccine Mandate.

.**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 20:**

Defendant objects to this document request on the grounds that it is overly broad with respect to time and scope, and seeks information that is not relevant to any claim or defense and not proportional to the needs of the case

Consistent with, and without waiving any objections, and construing this request to seek documents between the NYCDOE and SAMS regarding Plaintiff's appeal of the NYCDOE's denial of Plaintiff's exemption from the Vaccine Mandate, Defendant refers Plaintiff to the documents bearing Bates Stamp No. DEF000443 for documents that may be responsive to this request.

**DOCUMENT REQUEST NO. 21:**

Produce the communications within the NYCDOE relating to the Plaintiff's request for accommodation from the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 21:**

Defendant objects to this request on the grounds that it is essentially duplicative of Document Request No. 10, and Defendant refers Plaintiff to the objections and response to Document Request No. 10.  Defendant further objects to this Document Request on the grounds that it is based on a false premise, because Plaintiff sought an exemption from the Vaccine Mandate.

**DOCUMENT REQUEST NO. 22:**

Produce the communications within the NYCDOE relating to the standard of review for requests for accommodations from the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 22:**

Defendant objects to this document request on the grounds that it is duplicative of Document Request No. 13. Defendant restates and incorporates its response and objections to Request No. 13 in response to this request, and refers Plaintiff to the objections and response to Document Request No. 13.

**DOCUMENT REQUEST NO. 23:**

Produce the documents relating to analysis performed by the NYCDOE relating to the costs of granting the Plaintiff's accommodation of working from home for the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 23:**

Defendant objects to this request as it is vague with respect to the phrases "relating to analysis," "relating to the costs of granting the Plaintiff's accommodation of working from home for the Vaccine Mandate," "working from home for the Vaccine Mandate," and "relating to analysis . . . relating to the costs," and the request assumes facts not admitted or established. Defendant further objects to this Document Request on the grounds that it is based on a false premise, because Plaintiff sought an exemption from the Vaccine Mandate.  Consistent with, and without waiving any objections, and construing this request as seeking documents relating to the financial costs of granting the Plaintiff's demand for exemption from the Vaccine Mandate, Defendant states that it has undertaken a reasonable search, and no responsive documents have been located in such a search.

**DOCUMENT REQUEST NO. 24:**

Produce the communications between the Commissioner of Health and the NYCDOE relating to the Vaccine Mandate from January 1, 2021 through October 30, 2023.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 24:**

Defendant objects to this request as it is vague with respect to the phrase "relating to the Vaccine Mandate," is overly broad and unduly burdensome, given the time frame specified in the request, and seeks information that is not relevant to any claim or defense and is not proportional to the needs of the case.  Consistent with, and without waiving any objections, and construing this request as seeking communications between the Commissioner of Health and the NYCDOE relating to Plaintiff's request for an exemption from the Vaccine Mandate prior to her resignation, Defendant states that it has undertaken a reasonable search, and no responsive documents have been located in such a search.

**DOCUMENT REQUEST NO. 25:**

Produce the communications between the Department of Health and the NYCDOE relating to the Vaccine Mandate from January 1, 2021 through October 30, 2023.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 25:**

Defendant objects to this document request on the grounds that it is essentially duplicative of Document Request No. 24. Defendant restates and incorporates its response and objections to Request No. 24 in response to this request, and Defendant refers Plaintiff to the objections and response to Document Request No. 24.

**DOCUMENT REQUEST NO. 26:**

Produce the communications between DeBlasio and Scheinman relating to the Vaccine Mandate from January 1, 2021 through April 30, 2022.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 26:**

Defendant objects to this document request on the grounds that it is overly broad with respect to time and scope; that it is unduly burdensome; that it seeks information not relevant to the claims or defenses of any party, is not reasonably calculated to lead to the discovery of admissible evidence; and that it assumes facts not admitted or established. Responding further, Defendant notes that this request seeks material that, if it exists, is outside the control of the Defendant.

Consistent with, and without waiving any objections, and construing this request as seeking communications between Mayor Bill DeBlasio and Scheinman Arbitration and Mediation Services relating to the Vaccine Mandate from January 1, 2021 through April 30, 2022, Defendant states that it has undertaken a reasonable search and no responsive documents have been located in such a search.

**DOCUMENT REQUEST NO. 27**

Produce the communications between DeBlasio and the NYCDOE relating to the Vaccine Mandate from January 1, 2021 through April 30, 2022.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 27:**

Defendant objects to this document request on the grounds that it is overly broad with respect to time and scope; that it is unduly burdensome; that it seeks information not relevant to the claims or defenses of any party, is not reasonably calculated to lead to the discovery of admissible evidence; and that it assumes facts not admitted or established.

Consistent with, and without waiving any objections, and construing this request as seeking communications between Mayor Bill DeBlasio and the NYCDOE relating to the Vaccine Mandate

from January 1, 2021 through April 30, 2022, Defendant states that it has undertaken a reasonable search and no responsive documents have been located in such a search.

**DOCUMENT REQUEST NO. 28:**

Produce the communications between DeBlasio and Commissioner of Health relating to the Vaccine Mandate from January 1, 2021 through April 30, 2022.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 28:**

Defendant objects to this document request on the grounds that it is overly broad with respect to time and scope; that it is unduly burdensome; that it seeks information not relevant to the claims or defenses of any party, is not reasonably calculated to lead to the discovery of admissible evidence; and that it assumes facts not admitted or established.  Responding further, Defendant notes that this request seeks material that, if it exists, is outside the control of the Defendant.  On the basis of these objections, Defendant intends no further response to this request.

**DOCUMENT REQUEST NO. 29:**

Produce the communications between DeBlasio and Department of Health relating to the Vaccine Mandate from January 1, 2021 through April 30, 2022.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 29:**

Defendant objects to this document request on the grounds that it is essentially duplicative of Document Request No. 28. Defendant restates and incorporates its response and objections to Request No. 28 in response to this request, and Defendant refers Plaintiff to the objections and response to Document Request No. 28..

**DOCUMENT REQUEST NO. 30:**

Produce the communications within the NYCDOE relating to the decision to terminate the Plaintiff's employment.

**.OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 30:**

Defendant objects to this document request on the grounds that it is vague with respect to the phrase "relating to the decision to terminate," and assumes facts not admitted or otherwise established.

Consistent with, and without waiving any objections, and construing this request to seek documentation regarding Plaintiff's decision to voluntarily resign, Defendant states that it has undertaken a reasonable search and no responsive documents have been located in such a search.

**DOCUMENT REQUEST NO. 31:**

Produce the communications with the Plaintiff relating to her request for accommodations from the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 31:**

Defendant objects to this document request on the grounds that it vague with respect to the phrase "relating to her request for accommodations,"  and assumes facts not admitted or established

Consistent with, and without waiving any objections, and construing this request to seek communications with the Plaintiff relating to her request of an exemption from the Vaccine Mandate, Defendant refers plaintiff to the document bearing Bates Nos. DEF000445 - DEF000474 for documents that may be responsive to this request.

**DOCUMENT REQUEST NO. 32:**

Produce the communications with the Plaintiff relating to leave without pay relating to the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 32:**

Defendant objects to this document request on the grounds that it vague with respect to the phrases "relating to" and "relating to . . . relating to."

- 16 -

Consistent with, and without waiving any objections, and construing this request to seek communications with the Plaintiff regarding her request for extended leave without pay, Defendant refers plaintiff to the document bearing Bates No. DEF000444 - DEF000474 for documents that may be responsive to this request.

**DOCUMENT REQUEST NO. 33:**

Produce the communications with the Plaintiff relating to the termination of the Plaintiff's employment.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 33:**

Defendant objects to this document request on the grounds that it is vague with respect to the phrases "relating to," and "relating to the termination of Plaintiff's employment," and assumes facts not admitted or otherwise established.

Consistent with, and without waiving any objections, and construing this request to seek communications with the Plaintiff regarding her voluntary resignation, Defendant refers plaintiff to the document bearing Bates No. DEF 000444 for documents that may be responsive to this request.

**DOCUMENT REQUEST NO. 34:**

Produce the communication between the NYCDOE and third parties relating to unemployment insurance applications for NYCDOE employees who did not comply with the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 34:**

Defendant objects to this request as it is overbroad with respect to scope in that it requests information not relevant to any claim or defense, is unduly burdensome, and seeks information that is disproportionate to the needs of this case, and that it requests information which may constitute an unwarranted invasion of privacy as it requests the unemployment insurance

applications of individuals not a party to this action. Based on these objections, Defendant intends no further response to this document request as drafted.

**DOCUMENT REQUEST NO. 35:**

Produce the communications between the NYCDOE and New York State relating to unemployment insurance and the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 35:**

Defendant objects to this request as it is vague with respect to the phrase "relating to unemployment insurance and the Vaccine Mandate," and assumes facts not admitted or established.  Consistent with, and without waiving any objections, and construing this request as seeking documents reflecting Plaintiff's application for unemployment insurance, Defendant states that this request is essentially duplicative of Document Request No. 34, and refers Plaintiff to the objections and response to Document Request No. 34.

**DOCUMENT REQUEST NO. 36:**

Produce the billing records submitted by SAMS for its work as the appellate review of denials of accommodations requests from the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 36:**

Defendant objects to this document request on the grounds that it is seeks information not relevant to any claims or defenses.  On the basis of these objections, Defendant intends no further response to this request.

**DOCUMENT REQUEST NO. 37**

Produce copies of payment to SAMS for its work as the appellate review of denials of accommodations requests from the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 37:**

Defendant objects to this document request on the grounds that is vague with respect to the phrases "copies of payment," and seeks information not relevant to any claims or defenses and not proportional to the needs of the case.  Based on these objections, Defendant intends no further response to this request.

**DOCUMENT REQUEST NO. 38:**

Produce the billing records for Scheinman relating to the Mediation.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 38:**

Defendant objects to this document request on the grounds that it is vague with respect to the phrases "billing records," "billing records for Scheinman," and "relating to the Mediation," seeks information regarding non-parties to the litigation, seeks information that is not in the care, custody, or control of Defendant, and seeks information not relevant to any claims or defenses and not proportional to the needs of the case.  Based on these objections, Defendant intends no further response to this request.

**DOCUMENT REQUEST NO. 39:**

Produce the billing records for Scheinman relating to the Arbitration.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 39:**

Defendant objects to this document request on the grounds that it is vague with respect to the phrases "billing records," "billing records for Scheinman," and "relating to the Arbitration," seeks information regarding non-parties to the litigation, seeks information that is not in the care, custody or control of the Defendant, and seeks information that is not relevant to any claims or defenses and is not proportional to the needs of the case.  Based on these objections, Defendant intends no further response to this request.

**DOCUMENT REQUEST NO. 40:**

Produce copies of payment to Scheinman for his work as the mediator in the Mediation.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 40:**

Defendant objects to this document request on the grounds that it is vague with respect to the phrase "copies of payment," and seeks that is not relevant to any claims or defenses and not proportional to the needs of the case.  Based on these objections, Defendant intends no further response to this request.

**DOCUMENT REQUEST NO. 41:**

Produce copies of payment to Scheinman for his work as the arbitrator in the Arbitration.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 41:**

Defendant objects to this document request on the grounds that it is vague with respect to the phrase "copies of payment," and seeks that is not relevant to any claims or defenses and not proportional to the needs of the case.  Based on these objections, Defendant intends no further response to this request.

**DOCUMENT REQUEST NO. 42:**

Produce the notes made by Torrey concerning the Plaintiff's appeal of her denial of her request for religious accommodation from the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 42:**

Defendant objects to this document request on the grounds that it is vague as to the phrase "the notes made by Torrey," assumes facts not admitted or otherwise established, and seeks material that, if it exists, is not in the care, custody, or control of Defendant.  Defendant further objects to this Document Request on the grounds that it is based on a false premise, because Plaintiff sought an exemption from the Vaccine Mandate. Based on these objections, Defendant intends no further response to this request.

**DOCUMENT REQUEST NO. 43:**

Produce the transcript of the Plaintiff's hearing relating to her request for accommodation from the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 43:**

Defendant objects to this document request on the grounds that it is vague with respect to the phrases "Plaintiff's hearing," "Plaintiff's hearing relating to her request for accommodation," and assumes facts not admitted or otherwise established.  Defendant further objects to this Document Request on the grounds that it is based on a false premise, because Plaintiff sought an exemption from the Vaccine Mandate.

Consistent with, and without waiving any objections, and construing this request to seek the transcript of Plaintiff's hearing relating to her request for an exemption from the Vaccine Mandate, Defendant conducted a reasonable search and has not located any documents in response to this request.

**DOCUMENT REQUEST NO. 44:**

Produce the Plaintiff's employment records.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 44:**

Defendant objects to this document request on the grounds that it is overly broad with respect to time and scope, and is vague as to the phrase "the Plaintiff's employment records," and seeks information that is not relevant to any claims or defenses and not proportional to the needs of the case

Consistent with, and without waiving any objections, and construing this request to seek Plaintiff's personnel file, Defendant refers plaintiff to the documents bearing Bates Nos. 000001-000441 that was produced on December 13, 2023, for documents that may be responsive to this

request. Defendant further refers plaintiff to the documents bearing Bates Nos. DEF000474 – DEF000542 for documents that may be responsive to this request.

**DOCUMENT REQUEST NO. 45:**

Produce the Plaintiff's personnel file.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 45:**

Defendant refers plaintiff to the documents bearing Bates Nos. 000001-000441 that we produced on December 13, 2023, for documents that may be responsive to this request.

**DOCUMENT REQUEST NO. 46:**

Produce the Plaintiff's electronic employment file, including, but not limited to negative information relating to the Plaintiff's refusal to take a vaccine for COVID-19.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 46:**

Defendant objects to this document request on the grounds that it is vague as to the phrase "the Plaintiff's electronic employment file," and assumes facts not admitted or established.

Consistent with, and without waiving any objections, and construing this request to seek Plaintiff's personnel file, Defendant refers plaintiff to the documents bearing Bates Nos. 000001-000441 that was produced on December 13, 2023, for documents that may be responsive to this request. Defendant further refers plaintiff to the documents bearing Bates Nos. DEF000474 – DEF000542 for documents that may be responsive to this request.

**DOCUMENT REQUEST NO. 47:**

Produce the communications between the NYCDOE and the Appeals Panel relating to the Plaintiff's request for an accommodation from the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 47:**

Defendant objects to this document request on the grounds that it vague with respect to the phrase "Plaintiff's request for an accommodation," and assumes facts not admitted or otherwise

established.  Defendant further objects to this Document Request on the grounds that it is based on a false premise, because Plaintiff sought an exemption from the Vaccine Mandate.

Consistent with, and without waiving any objections, and construing this request to seek communications between the NYCDOE and the Appeals Panel relating to the Plaintiff's request for an exemption from the Vaccine Mandate, Defendant refers plaintiff to the document bearing Bates Nos. DEF000543-DEF000556 for documents that may be responsive to this request.

**DOCUMENT REQUEST NO. 48:**

Produce the training materials provided to the Appeals Panel relating to religious accommodations.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 48:**

Defendant objects to this request on the grounds that it is vague with respect to its reference to the phrase "the training materials . . . relating to religious accommodations."  Consistent with, and without waiving any objections, and construing this request as seeking guidance from the federal EEOC provided to the Appeals Panel surrounding COVID-19, Defendant refers Plaintiff to the documents bearing Bates Stamp Numbers DEF000557-DEF000634.

**DOCUMENT REQUEST NO. 49:**

Produce the identity of the members of the Appeal Panel

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 49:**

Defendant objects to this request on the grounds that it is vague with respect to the phrases "the identity of the members."and on the grounds that it is not a proper Document Request. Consistent with, and without waiving, any objections, and construing this request to seek information regarding the members of the Citywide Appeal Panel who dealt with Plaintiff's appeal regarding her exemption request, Defendant states that Hanh Le, David Rozen, and Silvia

Montalban may have been involved with reviewing, discussing, and/or evaluating Plaintiff's appeal from the denial of her initial application for exemption from the Vaccine Mandate.

**DOCUMENT REQUEST NO. 50:**

Produce the notes made by the member of the Appeal Panel who reviewed the Plaintiff's request for accommodation from the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 50:**

Defendant objects to this request on the grounds that it is vague with respect to its reference to the phrase "the notes made by the member of the Appeal Panel." Consistent with, and without waiving any objections, and construing this request as seeking notes made by the members of the Appeal Panel who reviewed the Plaintiff's request for an exemption from the Vaccine Mandate, Defendant refers Plaintiff to the document bearing Bates Stamp Numbers DEF000635-DEF000641.

**DOCUMENT REQUEST NO. 51:**

Produce the documents relating to the standard of review for the Appeal Panel relating to requests for accommodations from the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 51:**

Defendant objects to this request on the grounds that it is vague with respect to the phrases "relating to the standard of review," and "relating to the standard of review . . . relating to requests for accommodations," and "relating to requests for accommodations."

Consistent with and without waiving any objections, and construing this request as seeking documents relating to the procedural guidelines for the Appeal Panel relating to requests for accommodations, Defendant refers plaintiff to the documents bearing Bates Nos. DEF000557-DEF000634 and DEF000642-DEF000683 for documents that may be responsive to this request.

**DOCUMENT REQUEST NO. 52:**

Produce the communications between the NYCDOE and the Appeals Panel relating to the accommodation request to work from home.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 52:**

Defendant objects to this document request on the grounds that it is overly broad with respect to time and scope in that it does not specify which "accommodation request," nor what the basis of any such "accommodation request" would be, and would appear to be covered by Plaintiff's  default time span of January 1, 2020 to the present, is therefore unduly burdensome, seeks information not relevant to any claims or defenses, seeks confidential information regarding non-parties without proper authorization, and is not proportional to the needs of the case.

Consistent with, and without waiving any objections, and construing this request as seeking communications between the NYCDOE and the Appeals Panel relating to an accommodation request to work from home as it relates to Plaintiff,  Defendant conducted a reasonable search and has not located any documents in response to this request.

Dated:      New York, New York
            December 21, 2023

                          **HON. SILVIA O. HINDS-RADIX**
                          Corporation Counsel of the City of New York
                          Attorney for Defendant
                          100 Church Street, Room 2-103
                          New York, New York 10007
                          (212) 356-3549
                          andmarti@law.nyc.gov

                          By:  _____/s/_____
                                Andrea Martin
                                Assistant Corporation Counsel

To:     **THE SCHER LAW FIRM, LLP** (By E-Mail)

Austin Graff

Attorneys for Plaintiff
1 Old County Rd, Suite 385
Carle Place, NY 11514