# EXHIBIT C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

LORRAINE MASCIARELLI,

                                  Plaintiff,

                  -against-

NEW   YORK   CITY   DEPARTMENT   OF
EDUCATION,

                                Defendant.

-------------------------------------------------------------------- x

**DEFENDANT'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF COMBINED DOCUMENT REQUESTS AND <u>INTERROGATORIES</u>**

No. 22-CV-7553

        Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Civil Rules for the Eastern District of New York, defendant the New York City Department of Education (misidentified in the caption of Plaintiff's Requests as "New York City Board of Education") ("DOE" or "Defendant") amends certain of its responses and objections to Plaintiff's First Set of Document Requests to Defendant, December 21, 2023, as follows.

<u>**GENERAL STATEMENT**</u>

        1.      By responding to any request, Defendant does not concede the materiality of the subject to which it refers.  Defendant's responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

        2.      Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein,

or of Defendant's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

3.     The Defendant's objections to any particular document request should not be construed to mean that information or documents responsive to such request exist.  Similarly, the Defendant's statement that it will undertake to search for documents or information in response to a particular document request should not be construed to mean that documents or information of a type or in a category described in the document request in fact exist.  Furthermore, the production of any documents or information that is otherwise subject to an objection is not a waiver of any objection as to any other information or document not produced.

4.     These general statements and objections apply to all of Plaintiff's Document Requests, in addition to Defendant's specific responses and objections, and are incorporated by reference into each and every response set forth below.

## DOCUMENT REQUESTS

### DOCUMENT REQUEST NO. 1:

Produce the proposals offered by the NYCDOE to the UFT relating to the implementation of the Vaccine Mandate.

### OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 1:

Defendant objects to this request on the grounds that it is vague with respect to the phrases "the proposals offered by the NYCDOE to the UFT relating to the implementation of the Vaccine Mandate," and assumes facts not admitted or established.

Consistent with and without waiving any objections, and construing this request to seek conversations by the NYCDOE to the UFT that led to a declaration of impasse as it relates to the implementation of the Vaccine Mandate, Defendant states that no such "proposals" exist, and

refers Plaintiff to the documents bearing Bates Stamp No. DEF000684-000729 for documents that may be responsive to this request.

**DOCUMENT REQUEST NO. 2:**

Produce the proposals offered by the UFT to the NYCDOE relating to the implementation of the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 2:**

Defendant objects to this request on the grounds that it is vague with respect to the phrases "the proposals offered by the NYCDOE to the UFT relating to the implementation of the Vaccine Mandate," and assumes facts not admitted or established.

Consistent with and without waiving any objections, and construing this request to seek conversations by the NYCDOE to the UFT that led to a declaration of impasse as it relates to the implementation of the Vaccine Mandate, Defendant states that no such "proposals" exist, and refers Plaintiff to the documents bearing Bates Stamp No. DEF000684-000729 for documents that may be responsive to this request.

**DOCUMENT REQUEST NO. 3:**

Produce the communications between the NYCDOE and Scheinman from July 1, 2021 through September 10, 2021 relating to the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 3:**

Defendant objects to this request on the grounds that it is vague with respect to the phrases "the communications between the NYCDOE and Scheinman" and "relating to the Vaccine Mandate," and assumes facts not admitted or established. Defendant also objects to this request as overly broad as to scope, in that it purports to seek all "communications between the NYCDOE and Scheinman . . . relating to the Vaccine Mandate", and to the extent it seeks "communications"

concerning the Vaccine Mandate generally that are not relevant to Plaintiff's claims that she was denied an exemption from the Vaccine Mandate.

Consistent with and without waiving any objections, and construing this request to seek the communications between the NYCDOE and Martin Scheinman involving Plaintiff from July 1, 2021 through September 10, 2021 relating to the Vaccine Mandate, Defendant states that it has undertaken a reasonable search for responsive documents, and has been unable to locate any such documents in that search.

**DOCUMENT REQUEST NO. 4:**

Produce the communications between the NYCDOE and the UFT from May 1, 2021 through October 30, 2023 relating to the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 4:**

Defendant objects to this request on the grounds that it is vague with respect to the phrases "the communications between the NYCDOE and UFT from May 1, 2021 through October 30, 2023" and "relating to the Vaccine Mandate," and assumes facts not admitted or established. Defendant also objects to this request on the grounds that it is overly broad with respect to scope in that it purports to seek all "communications between the NYCDOE and the UFT from May 1, 2021 through October 30, 2023 relating to the Vaccine Mandate", including "communications" that are not relevant to Plaintiff's claims that she was denied an exemption from the Vaccine Mandate Such extraneous information is not proportional to the needs of the case,.

Consistent with and without waiving any objections, and construing this request to seek the communications between the NYCDOE and UFT involving Plaintiff from May 1, 2021 through September 6, 2022 relating to the Vaccine Mandate, Defendant states that it has undertaken a reasonable search for responsive documents, and has been unable to locate any such documents in that search.

**DOCUMENT REQUEST NO. 6:**

Produce the documents exchanged between the NYCDOE and the UFT relating to the negotiations relating to the implementation of the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 6:**

Defendant objects to this request on the grounds that it is vague with respect to the phrases "the documents exchanged between the NYCDOE and the UFT relating to the negotiations relating to the implementation of the Vaccine Mandate" and assumes facts not admitted or established. Defendant further objects to this request on the grounds that it is overly broad with respect to scope, in that it purports to seek all "documents exchanged between the NYCDOE and the UFT relating to the negotiations relating to the implementation of the Vaccine Mandate", including "documents" that are not relevant to Plaintiff's claims that she was denied an exemption from the Vaccine Mandate Such extraneous information is not proportional to the needs of the case.

Consistent with and without waiving any objections, and construing this request to seek documents exchanged between the NYCDOE and the UFT involving Plaintiff and relating to the negotiations relating to the implementation of the Vaccine Mandate, Defendant states that it has undertaken a reasonable search for responsive documents, and has been unable to locate any such documents in that search.

**DOCUMENT REQUEST NO. 7**

Produce the documents provided by the NYCDOE to Scheinman relating to the implementation of the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 7:**

Defendant objects to this request on the grounds that it is vague with respect to the phrases "the documents provided by the NYCDOE to Scheinman relating to the implementation of the Vaccine Mandate", and assumes facts not admitted or established. Defendant further objects to

this request on the grounds that it is overly broad with respect to scope, in that it purports to seek all "documents provided by the NYCDOE to Scheinman relating to the implementation of the Vaccine Mandate", including "documents" that are not relevant to Plaintiff's claims that she was denied an exemption from the Vaccine Mandate Such extraneous information is not proportional to the needs of the case.

Consistent with and without waiving any objections, and construing this request to seek the documents provided by the NYCDOE to Scheinman relating to the implementation of the Vaccine Mandate as it relates to Plaintiff, Defendant states that it has undertaken a reasonable search for responsive documents, and has been unable to locate any such documents in that search.

**DOCUMENT REQUEST NO. 8:**

Produce the documents provided by the UFT to Scheinman relating to the implementation of the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 8:**

Defendant objects to this document request on the grounds that it is vague with respect to the phrase "relating to" and seeks production of documents from the UFT, an entity outside the control of Defendant. Defendant further objects to this request on the grounds that it is overly broad with respect to scope, in that it purports to seek all "documents provided by the UFT to Scheinman relating to the implementation of the Vaccine Mandate", including "documents" that are not relevant to Plaintiff's claims that she was denied an exemption from the Vaccine Mandate Such extraneous information is not proportional to the needs of the case.

Consistent with, and without waiving, any objections, and construing this as a request for documents provided by the UFT to Scheinman and which Defendant was provided a copy and are regarding Plaintiff Masciarelli, Defendant states that it has undertaken a reasonable search for responsive documents, and has been unable to locate any such documents in that search.

**DOCUMENT REQUEST NO. 11:**

Produce the documents relating to guidelines provided to NYCDOE employees who reviewed the Plaintiff's request for accommodation from the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 11:**

Defendants object to this document request on the grounds that the phrase "documents relating to guidelines provided to NYCDOE employees" is vague. Plaintiff's request also assumes facts that are neither admitted nor otherwise established. Defendant further objects to this Document Request on the grounds that it is based on a false premise, because Plaintiff sought an exemption from the Vaccine Mandate.

Consistent with, and without waiving, any objections and construing this request as seeking documents provided to NYCDOE employees who reviewed the Plaintiff's request for an exemption from the Vaccine Mandate, Defendants refer Plaintiff to documents already produced bearing Bates Stamp Nos. DEF 000557- 000634.

**DOCUMENT REQUEST NO. 12:**

Produce the documents relating to policies provided to NYCDOE employees who reviewed the Plaintiff's request for accommodation from the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 12:**

Defendant objects to this document request on the grounds that it is essentially duplicative of Interrogatory No. 11, and Defendant refers Plaintiff to the objections and response to Interrogatory No. 11.

**DOCUMENT REQUEST NO. 13:**

Produce the documents relating to standards provided to NYCDOE employees who reviewed the Plaintiff's request for accommodation from the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 13:**

Defendant objects to this document request on the grounds that it is essentially duplicative of Interrogatory No. 11, and Defendant refers Plaintiff to the objections and response to Interrogatory No. 11.

**DOCUMENT REQUEST NO. 14:**

Produce the documents relating to the decision-making process provided to NYCDOE employees who reviewed the Plaintiff's request for accommodation from the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 14:**

Defendant objects to this document request on the grounds that it is essentially duplicative of Interrogatory No. 11, and Defendant refers Plaintiff to the objections and response to Interrogatory No. 11.

**DOCUMENT REQUEST NO. 22:**

Produce the communications within the NYCDOE relating to the standard of review for requests for accommodations from the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO DOCUMENT REQUEST NO. 22:**

Defendant objects to this document request on the grounds that it is duplicative of Document Request No. 13. Defendant restates and incorporates its response and objections to Request No. 13 in response to this request, and refers Plaintiff to the objections and response to Document Request No. 13.

**INTERROGATORIES**

**INTERROGATORY NO. 24:**

Identify why SAMS was appointed as the arbitrator for appeals to NYCDOE denials of accommodation requests from the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 24:**

Defendant objects to this interrogatory on the grounds that it seeks information about the relationship between SAMS and NYCDOE that is not relevant to Plaintiff's claims that she was denied an exemption from the Vaccine Mandate. In addition, Defendant objects to this interrogatory on the grounds that it seeks information better obtained through deposition. Based on the objections raised, Defendant intends no further response to this Interrogatory as drafted.

**INTERROGATORY NO. 25:**

Identify the amount of money paid to SAMS for its work relating to the appeal process of denials of accommodation requests from the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 25:**

Defendant objects to this interrogatory on the grounds that it seeks information about the relationship between SAMS and NYCDOE that is not relevant to Plaintiff's claims that she was denied an exemption from the Vaccine Mandate, and assumes facts that are neither admitted nor otherwise established. Based on the objections raised, Defendant intends no further response to this Interrogatory as drafted.

**INTERROGATORY NO. 30:**

Identify the religion of those persons who were granted religious accommodations from the Vaccine Mandate from the NYCDOE.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 30:**

Defendant objects to this interrogatory on the grounds that it is vague with respect to the phrases "the religion of those persons who were granted religious accommodations," and assumes facts not admitted or established.

Consistent with and without waiving any objections, and construing this request to seek the different types of religions of those persons who were granted a religious exemption from the

Vaccine Mandate from the NYCDOE, Defendant refers Plaintiff to the documents bearing Bates Stamp No. DEF000730-000732 for documents that may be responsive to this request.

**INTERROGATORY NO. 33:**

Identify the persons who represented the NYCDOE before Scheinman in the Arbitration.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 33:**

Defendant objects to this interrogatory on the grounds that it is vague with respect to the terms "represented," "Scheinman," and "the Arbitration." Defendant further objects on the grounds that the information sought concerning "the persons who represented the NYCDOE before Scheinman in the Arbitration" is not relevant to Plaintiff's claims that she was denied an exemption from the Vaccine Mandate. Based on those objections, Defendant intends no further response to this Interrogatory as drafted.

**INTERROGATORY NO. 37:**

Identify the amount of money paid by the NYCDOE to Torrey for her work relating to the appeals of accommodation requests from the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 37:**

Defendant objects to this interrogatory on the grounds that it is overly broad with respect to time and scope, unduly burdensome, and seeks information not relevant to Plaintiff's claims that she was denied an exemption from the Vaccine Mandate. Consistent with and without waiving any objections, Defendant intends no further response to this Interrogatory as drafted.

**INTERROGATORY NO. 38:**

Identify the amount of money paid to Scheinman as a mediator relating to the impasse in negotiations between the UFT and the NYCDOE relating to the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 38:**

Defendant objects to this interrogatory on the grounds that seeks information not relevant to Plaintiff's claims that she was denied an exemption from the Vaccine Mandate. Consistent with and without waiving any objections, Defendant intends no further response to this Interrogatory as drafted.

**INTERROGATORY NO. 39:**

Identify the amount of money paid to Scheinman as an arbitrator relating to the impasse in negotiations between the UFT and the NYCDOE relating to the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 39:**

Defendant objects to this interrogatory on the grounds that seeks information not relevant to Plaintiff's claims that she was denied an exemption from the Vaccine Mandate. Consistent with and without waiving any objections, Defendant intends no further response to this Interrogatory as drafted.

**INTERROGATORY NO. 40:**

Identify the NYCDOE's witnesses who have information relating to the denial of Plaintiff's request for an accommodation from the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 40:**

Defendant objects to this Interrogatory on the grounds that it is vague with respect to the phrase "NYCDOE's witnesses who have information relating to the denial of Plaintiff's request for an accommodation," and "Plaintiff's request for an accommodation," and assumes facts not admitted or otherwise established.   Responding further, Defendant notes that if this Interrogatory is construed to be asking for information about potential trial witnesses, Defendant objects to this Interrogatory as premature, and Defendant will provide responsive information in accord with the pretrial procedures of the Hon. Carol Amon.

Consistent with and without waiving any objections, and construing this request to seek the name of a Citywide Panel member who both oversaw Plaintiff's request for a religious exemption from the Vaccine Mandate and could have information regarding the denial of Plaintiff's request for an exemption from the Vaccine Mandate, Defendant identifies Eric Eichenholtz, Managing Attorney, Office of the Corporation Counsel of the City of New York.

Dated:          New York, New York
                March 8, 2024

                                **HON. SILVIA O. HINDS-RADIX**
                                Corporation Counsel of the City of New York
                                Attorney for Defendant
                                100 Church Street, Room 2-103
                                New York, New York 10007
                                (212) 356-3549
                                andmarti@law.nyc.gov

                                By:        _____/s/_____

                                           Andrea Martin
                                           Assistant Corporation Counsel


To:    **THE SCHER LAW FIRM, LLP** (By E-Mail)

       Austin Graff

       Attorneys for Plaintiff
       1 Old County Rd, Suite 385
       Carle Place, NY 11514

## VERIFICATION

STATE OF NEW YORK          )
                          :   SS.:
COUNTY OF NEW YORK         )

       **HENRY CHOU**, being duly sworn, deposes and says that he is an Agency Attorney for the New York City Department of Education and that he has read Defendant's Amended Objections and Responses to Plaintiffs' First Set of Discovery Requests in the within action, that he knows, upon information and belief, that the contents of the interrogatory responses to be true, and that the source of this information and the basis for his belief are the books and records of the Department of Education and from statements made to him by certain officers or agents of the Department of Education.

                                     **Henry Chou**

Sworn to before me this
___ day of March 2024.

           NOTARY

ROBIN FEINGOLD SINGER
NOTARY PUBLIC-STATE OF NEW YORK
No. 02SI6104235
Qualified in New York County
My Commission Expires 01-20-2028