# EXHIBIT D

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
LORRAINE MASCIARELLI,

                             Plaintiff,

             -against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

                            Defendant.
-------------------------------------------------------------X

**INDEX NO. 22-cv-7553**

**PLAINTIFF'S FIRST SET OF INTERROGATORIES UPON THE DEFENDANT**

TO:    Donald Sullivan
         New York City Law Department
         100 Church Street, Room 2-103
         New York, NY 10007

**PLEASE TAKE NOTICE** that pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and Rules 26.3, 33.1 and 33.3 of the Civil Rules for the United States District Courts for the Southern and Eastern Districts of New York, the Defendant **NEW YORK CITY DEPARTMENT OF EDUCATION** ("NYCDOE") shall answer each of the following interrogatories under oath, in writing, separately, in the fullest detail possible, and in accordance with the definitions and instructions set forth below. The answers shall be signed by the person making them, and a copy of the answers, together with your objections, if any, shall be served upon The Scher Law Firm, LLP, attorneys for the Plaintiff at 600 Old Country Road, Suite 440, Garden City, New York 11530, no later than the **29th day of November 2023.**

### I. DEFINITIONS

1.    "Appeals Panel" is defined as and means the City of New York Reasonable Accommodation Appeals Panel, its members, employees, and agents.

2.    "Arbitration" is defined as and means the process during which Scheinman acted as an arbitrator to resolve the impasse in negotiations between the NYCDOE and the UFT relating to the implementation of the Vaccine Mandate.

3. "Commissioner of Health" is defined as and means the individual Dave A. Chokshi, M.D., MSc.

4. "Communication" is defined as and means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

5. "Department of Health" is defined as and means the New York City Department of Health and Mental Hygiene, its employees and agents.

6. "DeBlasio" is defined as and means former Mayor of New York Bill DeBlasio and the Office of Mayor during his tenure as Mayor.

7. "Document" is defined as and is synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a) and Local Civil Rule 26.3(c)(2). A draft of a non-identical copy is a separate document within the meaning of this term.

8. "Identify" (with respect to person) is defined as and means, when referring to a person, to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

9. "Identify" (with respect to documents) is defined as and means, when referring to documents, to give, to the extent known, the: (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

10. "Identify" (with respect to communications) is defined as and means, when referring to oral or written communications, to give, to the extent known, the (i) identity of person(s) presenting and receiving the communications; (ii) general subject matter of quotes if known; (iii) date of the communication; (iv) means of communication (i.e., telephone, electronic, such as email, recorded message, in person); and (v) the location where the communication was made and/or received.

11. "Mediation" is defined as and means the process during which Scheinman acted as a mediator to resolve the impasse in negotiations between the NYCDOE and the UFT relating to the implementation of the Vaccine Mandate.

12. "NYCDOE" is defined as and means the Defendant, New York City Department of Education, its employees and agents.

13. "Person" is defined as and means any natural person, business, legal or governmental entity or association.

14. "Plaintiff" is defined as and means the individual Lorraine Masciarelli.

15. "Relating to" and "concerning" are defined as and mean referring to, describing, evidencing or constituting.

16. "SAMS" is defined as and means the entities Scheinman Arbitration and Mediation Services, LLC and Scheinman Arbitration and Mediation Services.

17. "Scheinman" is defined as and means the individual Martin Scheinman.

18. "Torrey" is defined as and means Julie Torrey, the arbitrator employed by SAMS.

19. "UFT" is defined as and means the United Federation of Teachers, Local 2, American Federation of Teachers, AFL-CIO, its employees and agents.

20. "Vaccine Mandate" is defined as and means the Order of the Commissioner of the New York City Health and Mental Hygiene mandating NYCDOE employees to become vaccinated from COVD-19, dated September 15, 2021 and its prior incarnations, drafts, and adopted orders.

21. The terms "all" and "each" shall be construed as all and each.

22. The correctives "and" and "or" shall be construed as either conjunctively or disjunctively as necessary to bring within the scope of the production request all responses that might otherwise be construed to be outside of its scope.

23. The use of the singular form of any word includes the plural and vice-versa.

## II. INSTRUCTIONS

1. Unless specifically indicated otherwise, all inquiries are for the period commencing **January 1, 2020** to date.

2. Pursuant to Fed. R. Civ. Proc. 26(e)(2), these demands require supplemental responses. If any information responsive to any interrogatory is not presently known, identifiable or available, include a statement to that effect, furnish the information when known, identifiable or available, and produce the relevant responsive information within ten (10) days from the time such information becomes known, identifiable or available, unless otherwise agreed to by counsel. In addition, you are under a duty to amend a prior response if you obtain information on the basis of which you know that the response was materially incomplete or incorrect when made, or that the response, though correct when made, is no longer true, and the circumstances are such that a failure to amend the response is, in substance, a knowing concealment.

3. The responses to the interrogatories must be in the numerical sequence in which they are presented and typed in a separate document with the specific interrogatory preceding it.

4. Identify each and every person consulted, relied upon, or otherwise constituting a source of information in connection with the preparation of the responses to these demands, listing with respect to each and every such person the number(s) of the interrogatories to which he or she helped to prepare responses or with respect to which he or she was consulted, relied upon or otherwise constituted a source of information.

5. If you contend that you are entitled to withhold from production any or all information and/or documents identified or requested herein on the basis of the attorney-client privilege, the work-product doctrine, or other ground, then do the following with respect to each and every such response and/or document: (i) describe the nature of the information and/or document (*e.g.,* letter or memorandum; (ii) state the date of the document; (iii) identify the persons who possess the information and regarding documents sent and received the original and copy of

the document; (iv) state the subject matter of the information and/or document; and (v) state the basis upon which you contend you are entitled to withhold the information and/or document from production.

6. The Plaintiff to whom these demands are addressed must execute a verification or affidavit attesting to the accuracy of the responses.

### III. INTERROGATORIES

1. Identify the person who reviewed the Plaintiff's request for accommodation from the Vaccine Mandate.

2. Identify the person who denied the Plaintiff's request for accommodation from the Vaccine Mandate.

3. Identify the person who reviewed the Plaintiff's appeal of NYCDOE's denial of the Plaintiff's request for accommodation from the Vaccine Mandate.

4. Identify the persons on the Appeal Panel who reviewed the Plaintiff's request for accommodation from the Vaccine Mandate.

5. Identify the training relating to religious accommodation requests provided to the person who reviewed the Plaintiff's request for accommodation before the person reviewed the Plaintiff's request for a religious accommodation from the Vaccine Mandate.

6. Identify the training relating to religious accommodation requests provided to the members of the Appeals Panel.

7. Identify the training relating to religious accommodation requests provided to the person who denied the Plaintiff's request for accommodation from the Vaccine Mandate before the person denied the Plaintiff's request relating to religious accommodations.

8. Identify the training relating to religious accommodation requests provided to SAMS by the NYCDOE.

9. Identify the number of denials of the accommodation requests from the Vaccine Mandate that were reversed by SAMS.

10. Identify the type of accommodation requests from the Vaccine Mandate that were reversed by SAMS.

11. Identify the number of denials of the accommodation requests from the Vaccine Mandate that were reversed by the Appeal Panel.

12. Identify the type of accommodation requests from the Vaccine Mandate that were reversed by the Appeal Panel.

13. Identify the persons whose denied accommodation requests from the Vaccine Mandate were reversed by SAMS.

14. Identify the persons whose denied accommodation requests from the Vaccine Mandate were reversed by the Appeal Panel.

15. Identify the accommodations granted by SAMS when it reversed the denied accommodation requests from the Vaccine Mandate.

16. Identify the accommodations granted by the Appeal Panel when it reversed the denied accommodation requests from the Vaccine Mandate.

17. Identify the persons who obtained accommodations from the Vaccine Mandate.

18. State the type of accommodation requests made by the persons who received accommodations from the Vaccine Mandate, *i.e.*, medical accommodation or religious accommodation.

19. Identify the accommodations received by persons who were granted accommodations from the Vaccine Mandate.

20. Identify those persons who granted the accommodation requests from the Vaccine Mandate.

21. State the reasons why the persons who received accommodations from the Vaccine Mandate had their requests granted.

22. Identify the person who supervised the process for the review of accommodation requests from the Vaccine Mandate.

23. Identify the people who made the initial determinations whether to grant or deny UFT members' accommodation requests from the Vaccine Mandate.

24. Identify why SAMS was appointed as the arbitrator for appeals to NYCDOE denials of accommodation requests from the Vaccine Mandate.

25. Identify the amount of money paid to SAMS for its work relating to the appeal process of denials of accommodation requests from the Vaccine Mandate.

26. Identify the financial cost of granting the Plaintiff an accommodation from the Vaccine Mandate of working from home.

27. Identify the number of persons who requested religious accommodations from the Vaccine Mandate from the NYCDOE.

28. Identify the number of persons who were granted religious accommodations from the Vaccine Mandate from the NYCDOE.

29. Identify the accommodations granted to persons who were granted religious accommodations for the Vaccine Mandate from the NYCDOE.

30. Identify the religion of those persons who were granted religious accommodations from the Vaccine Mandate from the NYCDOE.

31. Identify the subject matters of arbitration between the NYCDOE and the UFT relating to impasses in negotiation.

32. Identify the number of times impasses in negotiation between the NYCDOE and the UFT were resolved through arbitration.

33. Identify the persons who represented the NYCDOE before Scheinman in the Arbitration.

34. Identify the number of religious accommodation requests from the Vaccine Mandate received by the NYCDOE.

35. Identify the number of religious accommodation requests from the Vaccine Mandate that were granted by the NYCDOE.

36. Identify the amount of money paid to SAMS for its work relating to appeals of accommodation requests from the Vaccine Mandate.

37. Identify the amount of money paid by the NYCDOE to Torrey for her work relating to appeals of accommodation requests from the Vaccine Mandate.

38. Identify the amount of money paid to Scheinman as a mediator relating to the impasse in negotiations between the UFT and the NYCDOE relating to the Vaccine Mandate.

39. Identify the amount of money paid to Scheinman as an arbitrator relating to the impasse in negotiations between the UFT and the NYCDOE relating to the Vaccine Mandate.

40. Identify the NYCDOE's witnesses who have information relating to the denial of the Plaintif's request for an accommodation from the Vaccine Mandate.

Dated: Garden City, New York
October 30, 2023

Yours, etc.

THE SCHER LAW FIRM, LLP

_____
Austin Graff
*Attorneys for Plaintiff*
600 Old Country Road, Suite 440
Garden City, New York 11530
(516) 746-5040
