# EXHIBIT E

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

LORRAINE MASCIARELLI,

                                   Plaintiff,

                    -against-

NEW YORK CITY BOARD OF EDUCATION,

                                   Defendant.
-------------------------------------------------------------------- X

**DEFENDANT'S RESPONSES
AND OBJECTIONS TO
PLAINTIFF'S FIRST SET OF
INTERROGATORIES**

No. 22-CV-7553

            Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local

Civil Rules for the Eastern District of New York, Defendant, the New York City Department of

Education, s/h/a "New York City Board of Education" ("DOE") responds and objects to Plaintiff's

First Set of Interrogatories to Defendant as follows.

## GENERAL STATEMENT

            1.      By responding to any request, Defendant does not concede the materiality

of the subject to which it refers.  Defendant's responses are made expressly subject to, and without

waiving or intending to waive, any questions, or objections as to the competency, relevancy,

materiality, privilege, or admissibility as evidence or for any other purpose, of any of the

documents or information produced, or of the subject matter thereof, in any proceeding including

the trial of this action or any subsequent proceeding.

            2.      Defendant objects to these Document Requests to the extent that they

demand documents and/or information which are protected by the attorney-client or work-product

privilege, or which constitute material prepared for litigation purposes.

            3.      Inadvertent production of any document or information which is privileged,

was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not

constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of Defendant's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

4.      Defendant objects in the entirety to any document request for production from entities and persons not represented by the Corporation Counsel of the City of New York in this action or production of documents not in the Defendant's possession or control.

5.      Defendant objects to any document request that is not limited in time.

6.      The Defendant's objections to any particular document request should not be construed to mean that information or documents responsive to such request exist.  Similarly, the Defendant's statement that it will undertake to search for documents or information in response to a particular document request should not be construed to mean that documents or information of a type or in a category described in the document request in fact exist.  Furthermore, the production of any documents or information that is otherwise subject to an objection is not a waiver of any objection as to any other information or document not produced.

7.      These general statements and objections apply to all of Plaintiff's Interrogatories, in addition to Defendant's specific responses and objections, and are incorporated by reference into each and every response set forth below.

## INTERROGATORIES

## INTERROGATORY NO. 1:

Identify the person who reviewed the Plaintiff's request for accommodation from the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 1:**

Defendant objects to this request on the grounds that it is vague with respect to the phrase "request for accommodation," and assumes facts not admitted or established. Consistent with, and without waiving, any objections, and construing this request to seek information regarding Plaintiff's initial request to the DOE for an exemption, Defendant identifies personnel in the Medical, Leaves, and Records Administration as the persons who would have been responsible for reviewing such requests generally. Defendant also states that Katherine Rodi, Vicki Bernstein, and/or Mallory Sullivan may have been involved with reviewing, discussing, and/or evaluating Plaintiff's initial application for a religious exemption.

**INTERROGATORY NO. 2:**

Identify the person who denied the Plaintiff's request for accommodation from the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 2:**

Defendant objects to this request on the grounds that it is vague with respect to the phrase "request for accommodation," and assumes facts not admitted or established. Consistent with, and without waiving, any objections, and construing this request to seek information regarding Plaintiff's initial request to the DOE for an exemption, Defendant identifies personnel in the Medical, Leaves, and Records Administration as the persons who would have been responsible for reviewing such requests generally. Defendant also states that Katherine Rodi, Vicki Bernstein, and/or Mallory Sullivan may have been involved with reviewing, discussing, and/or evaluating Plaintiff's initial application for a religious exemption.

**INTERROGATORY NO. 3:**

Identify the person who reviewed the Plaintiff's appeal of NYCDOE's denial of the Plaintiff's request for accommodation from the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 3:**

Defendant objects to this request on the grounds that it is vague with respect to the phrases "denial of Plaintiff's request for accommodation" and "request for accommodation," and assumes facts not admitted or established.  Consistent with, and without waiving, any objections, and construing this request to seek information regarding Plaintiff's appeal of her initial request to the DOE for an exemption, Defendant identifies Arbitrator Julie Torrey. Defendant also states that Hanh Le, David Rozen, and Silvia Montalban may have been involved with reviewing, discussing, and/or evaluating Plaintiff's appeal from her initial application for exemption from the Vaccine Mandate.

**INTERROGATORY NO. 4:**

Identify the persons on the Appeal Panel who reviewed the Plaintiff's request for accommodation from the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 4:**

Defendant objects to this request on the grounds that it is vague with respect to the phrases "Appeal Panel" and "request for accommodation," and assumes facts not admitted or established.  Consistent with, and without waiving, any objections, and construing this request to seek information regarding Plaintiff's appeal to the Citywide Appeal Panel of her request to the DOE for an exemption, Defendant identifies the Citywide Panel. Defendant also states that Hanh Le, David Rozen, and Silvia Montalban may have been involved with reviewing, discussing, and/or evaluating Plaintiff's initial application for accommodation from the Vaccine Mandate.

**INTERROGATORY NO. 5:**

Identify the training relating to religious accommodation requests provided to the person who reviewed the Plaintiff's request for a religious accommodation from the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 5:**

Defendant objects to this request on the grounds that it is vague and ambiguous with respect to its reference to the phrases "the person," "the training relating to religious accommodation requests," and "Plaintiff's request for a religious accommodation," and assumes facts not admitted or established. Consistent with and without waiving any objections, and construing this request to seek information regarding training provided to the members of the Citywide Appeal Panel regarding religious accommodation requests, pursuant to FRCP 33(d), Defendant refers Plaintiff to the documents at www.eeoc.gov/coronavirus (page last visited 12/13/2023).

**INTERROGATORY NO. 6:**

Identify the training relating to religious accommodation requests provided to the members of the Appeals Panel.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 6:**

Defendant objects to this Interrogatory on the grounds that it is essentially duplicative of Interrogatory No. 5, and Defendant refers Plaintiff to the objections and response to Interrogatory No. 5.

**INTERROGATORY NO. 7:**

Identify the training relating to religious accommodation requests provided to the person who denied the Plaintiff's request for accommodation from the Vaccine Mandate before the person denied the Plaintiff's request relating to religious accommodations.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 7:**

Defendant objects to this Interrogatory on the grounds that it is essentially duplicative of Interrogatories Nos. 5 and 6, and Defendant refers Plaintiff to the objections and response to Interrogatory No. 5.

**INTERROGATORY NO. 8:**

Identify the training relating to religious accommodation requests provided to SAMS by the NYCDOE.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 8:**

Defendant objects to this request on the grounds that it is vague with respect to the phrase "SAMS," and it assumes facts not admitted or established. Consistent with and without waiving any objections, and construing this request to seek information about the training Scheinman Arbitration & Mediation Services received, pursuant to FRCP 33(d), Defendant refers Plaintiff to the documents at www.eeoc.gov/coronavirus.

**INTERROGATORY NO. 9:**

Identify the number of denials of the accommodation requests from the Vaccine Mandate that were reversed by SAMS.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 9:**

Defendant objects to this interrogatory request to the extent it is overbroad with respect to time and scope, and seeks information that is not relevant to any claims or defenses, and is not proportional to the needs of this case.

Notwithstanding Consistent with and without waiving any objections, and construing this request to seek the number of denials of religious exemption requests from the Vaccine Mandate within the DOE, Defendant identifies: 3,186 employees applied for a religious exemption and 146 of those individuals had their exemptions approved.

**INTERROGATORY NO. 10:**

Identify the type of accommodation requests from the Vaccine Mandate that were reversed by SAMS

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 10:**

Defendant objects to this request on the grounds that it is vague with respect to the phrases "requests . . .  reversed by SAMS," and "SAMS," is garbled, and assumes facts not admitted or established.  Consistent with, and without waiving any objections, and construing this request to seek what types of exemptions were sought from the Vaccine Mandate, Defendant identifies that there were religious and medical exemptions.

**INTERROGATORY NO. 11:**

Identify the number of denials of the accommodation requests from the Vaccine Mandate that were reversed by the Appeal Panel.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 11:**

Defendant objects to this interrogatory request to the extent it is overbroad with respect to time and scope, and seeks information that is not relevant to any claim or defense. Consistent with and without waiving any objections, and construing this request to seek the number of denials of the religious exemption requests of DOE employees that were reversed by the Appeal Panel, Defendant identifies approximately 5 reversals of the denials of either accommodations or exemption requests.

**INTERROGATORY NO. 12:**

Identify the type of accommodation requests from the Vaccine Mandate that were reversed by the Appeal Panel.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 12:**

Defendant objects to this interrogatory request on the grounds that it is vague with respect to the phrases "requests . . . that were reversed by the Appeal Panel," and "Appeal Panel." Defendant further objects to this request on the grounds that it is garbled, assumes facts not admitted or otherwise established, and to the extent it is overbroad with respect to time and scope.

Consistent with and without waiving any objections, and construing this request to seek information about the types of accommodation requests that had initially been denied, and where the denials had been reversed by the Citywide Appeals Panel, Defendant identifies medical and religious accommodations.

**INTERROGATORY NO. 13:**

Identify the persons whose denied accommodation requests from the Vaccine Mandate were reversed by SAMS.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 13:**

Defendant objects to this request as it is overbroad with respect to scope and time, in that it requests information not relevant to any claims or defenses, requests information which, if produced, may constitute an unwarranted invasion of personal privacy for non-parties to the litigation, seeks information that is personal and confidential to non-parties to this action, is unduly burdensome, and seeks information that is disproportionate to the needs of this case. Based on these objections, Defendant intends no further response to this Interrogatory as it is drafted.

**INTERROGATORY NO. 14:**

Identify the persons whose denied accommodation requests from the Vaccine Mandate were reversed by the Appeal Panel.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 14:**

Defendant objects to this interrogatory request on the grounds that it is vague and ambiguous with respect to the phrases "the persons," "denied accommodation requests," and "reversed by the Appeal Panel," seeks information that is disproportionate to the needs of this case, seeks information not relevant to the claims or defenses in this action, seeks information that is personal and confidential to non-parties to this action. Based on these objections, Defendant intends no further response to this Interrogatory as it is drafted.

**INTERROGATORY NO. 15:**

Identify the accommodations granted by SAMS when it reversed the denied accommodations requests from the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 15:**

Defendant objects to this request on the grounds that it is vague with respect to the phrases "the accommodations granted by SAMS when it reversed the denied accommodation requests" and "SAMS," and assumes facts not admitted or established.

Consistent with and without waiving any objections, and construing this request to seek the number of exemptions granted by Scheinman Arbitration and Mediation Services when it reversed the denial of previous exemption requests by DOE employees, Defendant states that it conducted a reasonable search and has not located any information in response to this request.

**INTERROGATORY NO. 16:**

Identify the accommodations granted by the Appeal Panel when it reversed the denied accommodation requests from the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 16:**

Defendant objects to this request on the grounds that it is vague with respect to the phrases "the accommodations granted by the Appeal Panel when it reversed the denied accommodation requests" and "Appeal Panel," and assumes facts not admitted or established.

Consistent with and without waiving any objections, and construing this request to seek the types of accommodations granted by the Citywide Appeal Panel when it reversed the denial of previous exemption requests by DOE employees, Defendant states that it conducted a reasonable search and has not located any information in response to this request.

**INTERROGATORY NO. 17:**

Identify the persons who obtained accommodations from the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 17:**

Defendant objects to this request on the grounds that it is vague and ambiguous with respect to the phrase "the persons who obtained accommodations from the vaccine mandate," and "accommodations," is overbroad with respect to scope, seeks information that is otherwise private and confidential regarding non-parties to the litigation, seeks information that is not relevant to any claim or defense, and is not proportionate to the needs of the case.

Consistent with and without waiving any objections, and construing this request as seeking the number of DOE employees who sought and obtained religious exemptions from the Vaccine Mandate, Defendant states there were approximately 146 such employees.

**INTERROGATORY NO. 18:**

State the type of accommodation requests made by the persons who received accommodations from the Vaccine Mandate, *i.e.,* medical accommodation or religious accommodation.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 18:**

Defendant objects to this request on the grounds that it is vague with respect to the phrase "the type of accommodation requests made by the persons who obtained accommodations," seeks information that is not relevant to any claim or defense, and is disproportionate to the needs of the case.

Consistent with and without waiving any objections, and construing this request to seek the categories of accommodation requests from the Vaccine Mandate that were received by the DOE, Defendant identifies medical and religious accommodation requests.

**INTERROGATORY NO. 19:**

Identify the accommodations received by persons who were granted accommodations from the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 19:**

Defendant objects to this request on the grounds that it is vague with respect to the phrase "the accommodations received by persons who were granted accommodations from the Vaccine Mandate," seeks information that is not relevant to any claim or defense, and is disproportionate to the needs of the case.

Consistent with and without waiving any objections, and construing this request to seek the categories of accommodation requests to the Vaccine Mandate that were granted by the DOE, Defendant states that these categories were medical and religious accommodation requests.

**INTERROGATORY NO. 20:**

Identify those persons who granted the accommodation requests from the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 20:**

Defendant objects to this Interrogatory on the grounds that it seeks information that is not relevant to any claim or defense and is not proportionate to the needs of the case. Consistent with, and without waiving, any objections, Defendant states, with respect to religious exemption requests, some such requests were granted by the Arbitrator, and some by the Citywide Appeal Panel.

**INTERROGATORY NO. 21:**

State the reasons why the persons who received accommodations from the Vaccine Mandate had their requests granted.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 21:**

Defendant objects to Interrogatory No. 21 on the grounds that it is overly broad with respect to time and scope, seeks information that is not relevant to any claim or defense, and is disproportionate to the needs of the case. Consistent with, and without waiving, any objections, and construing this request to seek information about the religious exemption requests to the Vaccine Mandate that were granted by the DOE, Defendant states: as noted above in response to Interrogatory No. 9, there were approximately 146 such requests granted, and these decisions were made on an individualized basis. Responding further, Defendant notes in general that the considerations involved in such decisions included the basis the employee offered in support of the request, the position of the employee, and what, if any, burden granting the request would place on the DOE, other DOE personnel, and the children served by the DOE.

**INTERROGATORY NO. 22:**

Identify the person who supervised the process for the review of accommodation requests from the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 22:**

Defendant objects to Interrogatory No. 22 on the grounds that it is vague with respect to the term "person," overly broad with respect to time and scope, assumes facts not admitted or established, seeks information that is not relevant to any claim or defense, and is not proportionate to the needs of the case.

Consistent with and without waiving any objections, and construing this request to seek information about the persons at DOE who made decisions with respect to religious exemption requests, Defendant identifies Katherine Rodi, Vicki Bernstein, and/or Mallory Sullivan may have been involved with reviewing, discussing, and/or evaluating initial applications for such religious exemptions.

**INTERROGATORY NO. 23:**

Identify the people who made the initial determinations whether to grant or deny UFT members' accommodation requests from the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 23:**

Defendant objects to this Interrogatory on the grounds that it is vague with respect to the term "initial determinations," and seeks information that is not relevant to any claim or defense and not proportionate to the needs of the case.  Consistent with and without waiving any objections, and construing this request to seek information about the processing at the DOE of religious exemption requests to the Vaccine Mandate, Defendant identifies personnel in the Medical, Leaves, and Records Administration unit. Defendant also states that Katherine Rodi, Vicki Bernstein, and/or Mallory Sullivan may have been involved with reviewing, discussing, and/or evaluating initial applications for such religious exemptions.

**INTERROGATORY NO. 24:**

Identify why SAMS was appointed as the arbitrator for appeals to NYCDOE denials of accommodation requests from the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 24:**

Defendant objects to this interrogatory on the grounds that it seeks information not relevant to any claims or defenses.  Based on the objections raised, Defendant intends no further response to this Interrogatory as drafted.

**INTERROGATORY NO. 25:**

Identify the amount of money paid to SAMS for its work relating to the appeal process of denials of accommodation requests from the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 25:**

Defendant objects to this interrogatory on the grounds that it seeks information not relevant to any claims or defenses.  Based on the objections raised, Defendant intends no further response to this Interrogatory as drafted.

**INTERROGATORY NO. 26:**

Identify the financial cost of granting the Plaintiff an accommodation from the Vaccine Mandate of working from home.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 26:**

Defendant objects to this interrogatory on the grounds that it assumes facts not admitted or otherwise established, and assumes the only factor to consider in evaluating an accommodation request is the financial cost to the DOE.  Responding further, the DOE notes that Plaintiff was a physical education teacher to elementary level students, who were generally too young to be eligible for COVID-19 vaccinations in 2021, and that this information had to be considered in evaluating Plaintiff's request, which was for an exemption from the Vaccine Mandate.

**INTERROGATORY NO. 27:**

Identify the number of persons who requested religious accommodations from the Vaccine Mandate from the NYCDOE.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 27:**

Defendant objects to this interrogatory on the grounds that it is duplicative of Interrogatory No. 10.  Defendant restates and incorporates its response and objections to Request No. 10 in response to this request.

**INTERROGATORY NO. 28:**

Identify the number of persons who were granted religious accommodations from the Vaccine Mandate from the NYCDOE.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 28:**

Defendant objects to this interrogatory on the grounds that it is duplicative of Interrogatory No. 17. Defendant restates and incorporates its response and objections to Interrogatory No. 17 in response to this request.

**INTERROGATORY NO. 29:**

Identify the accommodations granted to persons who were granted religious accommodations for the Vaccine Mandate from the NYCDOE.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 29:**

Defendant objects to this interrogatory on the grounds that it is duplicative of Interrogatory No. 19. Defendant restates and incorporates its response and objections to Interrogatory No. 19 in response to this request.

**INTERROGATORY NO. 30:**

Identify the religion of those persons who were granted religious accommodations from the Vaccine Mandate from the NYCDOE.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 30:**

Defendant objects to this request on the grounds that it assumes facts not admitted or otherwise established, in that the DOE does not ask employees to identify their religion. Responding further, Defendant notes that some persons who requested religious

accommodations from the Vaccine Mandate provided information about their self-identified religion.

**INTERROGATORY NO. 31:**

        Identify the subject matters of arbitration between the NYCDOE and the UFT relating to impasses in negotiation.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 31:**

Defendant objects to this request on the grounds that it is vague with respect to the phrases "subject matters of arbitration" and "relating to impasses in negotiation," assumes facts not admitted or established, and seeks information that is not relevant to any claim or defense. Consistent with and without waiving any objections, Defendant states that the issues around the Vaccine Mandate were the only issues that led to impasse in negotiation that resulted in arbitration.

**INTERROGATORY NO. 32:**

        Identify the number of times impasses in negotiation between the NYCDOE and UFT were resolved through arbitration.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 32:**

Defendant objects to this request on the grounds that it is vague with respect to the phrases "number of times impasses in negotiation" and "were resolved through arbitration," assumes facts not admitted or established and seeks information that is not relevant to any claim or defense.  Consistent with and without waiving any objections, Defendant intends no further response to this Interrogatory as drafted.

**INTERROGATORY NO. 33:**

Identify the persons who represented the NYCDOE before Scheinman in the Arbitration.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 33:**

Defendant objects to this interrogatory on the grounds that it is vague with respect to the terms "represented," "Scheinman," and "the Arbitration." Defendant further objects on the grounds that the information sought is not relevant to any claims or defenses. Based on those objections, Defendant intends no further response to this Interrogatory as drafted.

**INTERROGATORY NO. 34:**

Identify the number of religious accommodation requests from the Vaccine Mandate received by the NYCDOE.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 34:**

Defendant objects to this document request on the grounds that it is duplicative of interrogatory No. 18. Defendant refers Plaintiff to the objections and response to Interrogatory No. 18.

**INTERROGATORY NO. 35:**

Identify the number of religious accommodation requests from the Vaccine Mandate that were granted by the NYCDOE.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 35:**

Defendant objects to this document request on the grounds that it is duplicative of interrogatory No. 19. Defendant refers Plaintiff to the objections and response to Interrogatory No. 19.

**INTERROGATORY NO. 36:**

Identify the amount of money paid to SAMS for its work relating to appeals of accommodation requests from the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 36:**

Defendant objects to this document request on the grounds that it is duplicative of interrogatory No. 25.  Defendant refers Plaintiff to the objections and response to Interrogatory No. 25.

**INTERROGATORY NO. 37:**

Identify the amount of money paid by the NYCDOE to Torrey for her work relating to the appeals of accommodation requests from the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 37:**

Defendant objects to this interrogatory on the grounds that it is overly broad with respect to time and scope, unduly burdensome, and seeks information not relevant to any claims or defenses.  Consistent with and without waiving any objections, Defendant intends no further response to this Interrogatory as drafted.

**INTERROGATORY NO. 38:**

Identify the amount of money paid to Scheinman as a mediator relating to the impasse in negotiations between the UFT and the NYCDOE relating to the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 38:**

Defendant objects to this interrogatory on the grounds that seeks information not relevant to any claims or defenses.  Consistent with and without waiving any objections, Defendant intends no further response to this Interrogatory as drafted.

**INTERROGATORY NO. 39:**

Identify the amount of money paid to Scheinman as an arbitrator relating to the impasse in negotiations between the UFT and the NYCDOE relating to the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 39:**

Defendant objects to this interrogatory on the grounds that seeks information not relevant to any claims or defenses.  Consistent with and without waiving any objections, Defendant intends no further response to this Interrogatory as drafted.

**INTERROGATORY NO. 40:**

Identify the NYCDOE's witnesses who have information relating to the denial of Plaintiff's request for an accommodation from the Vaccine Mandate.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NO. 40:**

Defendant objects to this Interrogatory on the grounds that it is vague with respect to the phrase "NYCDOE's witnesses who have information relating to the denial of Plaintiff's request for an accommodation," and "Plaintiff's request for an accommodation," and assumes facts not admitted or otherwise established.   Responding further, Defendant notes that if this Interrogatory is construed to be asking for information about potential trial witnesses, Defendant objects to this Interrogatory as premature, and Defendant will provide responsive information in accord with the pretrial procedures of the Hon. Carol Amon.  Consistent with and without waiving any objections, and construing this request to seek the name of a DOE employee who could have information regarding the denial of Plaintiff's request for an exemption from the Vaccine Mandate, Defendant identifies Katherine Rodi.

Date:   December 14, 2023

**HON. SYLVIA O. HINDS-RADIX**
Corporation Counsel of the City of New York
Attorney for Defendant City of New York

100 Church Street, Room 2-103
New York, New York 10007
(212) 356-3549


/s/  Andrea M. Martin
Andrea M. Martin
Assistant Corporation Counsel



To:     Austin Graff **(via Email)**
        Attorney for Plaintiff
        The Scher Law Firm, LLP
        600 Old County Road, Suite 440
        Garden City, NY 11530
        agraff@scherlawfirm.com

**VERIFICATION**

STATE OF NEW YORK   )
          : SS.:
COUNTY OF NEW YORK  )

    **HENRY CHOU**, an attorney duly admitted to practice law before the bar of

this Court thereby declares, pursuant to 28 U.S.C. § 1746, that he is an attorney at the New

York City Department of Education ("DOE"), affirms that he has read Defendant's Response

to Plaintiff's Interrogatories, in the matter of Lorraine Masciarelli v. New York City

Department of Education, Docket No. 22-cv-07553, filed in the United States District Court

for the Eastern District of New York, and knows the factual contents thereof to be true, and

that the source of his knowledge and basis for his belief are the books and records of the DOE

and information received from other DOE and City employees.

        I declare under penalties of perjury under the laws of the

        United States of America that the foregoing is true and

        correct.

               _____
               Henry Chou