UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- x

LORRAINE MASCIARELLI,

                              Plaintiffs,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

                              Defendant.
----------------------------------------------------------------------- x

**ANSWER TO AMENDED
COMPLAINT**

23-CV-07553 (CBA)(SJB)

        Defendant, New York City Department of Education ("DOE"), by and through its

attorney, Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, as and for

its answer to the Amended Complaint herein, respectfully alleges as follows:

        1.    Denies knowledge or information sufficient to form a belief as to the truth of

the allegations set forth in paragraph "1" of the Amended Complaint, except admit that plaintiff

was formerly employed by the DOE.

        2.    Denies the allegations set forth in paragraph "2" of the Amended Complaint

and respectfully refer the Court to Article 52-A of the New York Education Law regarding the

powers and duties of the Board of Education of the City School District of the City of New York.

        3.    Denies the allegations set forth in paragraph "3" of the Amended Complaint,

except admits that plaintiff has invoked the jurisdiction of this Court.

        4.    Denies the allegations set forth in paragraph "4" of the Amended Complaint,

except admits that plaintiff has invoked the jurisdiction of this Court.

        5.    Denies the allegations set forth in paragraph "5" of the Amended Complaint,

except admits that plaintiff has venued this action in this Court.

6.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Amended Complaint, and respectfully refers to Exhibit A to the Amended Complaint.

7.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Amended Complaint, and respectfully refers to Exhibit B to the Amended Complaint.

8.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Amended Complaint.

9.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Amended Complaint, except refers to Exhibit M to the Amended Complaint.

10.     Admit the allegation set forth in paragraph "10" of the Amended Complaint.

11.     Admit the allegation set forth in paragraph "11" of the Amended Complaint.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Amended Complaint.

13.     Denies the allegations set forth in paragraph "13" of the Amended Complaint, except admits that Plaintiff was placed on leave without pay with benefits on October 15, 2021.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Amended Complaint, and respectfully refers  to Exhibit C to the Amended Complaint.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Amended Complaint, and respectfully refers to Exhibit C to the Amended Complaint.

16.     Denies the allegations set forth in paragraph "16" of the Amended Complaint, except admits that on September 21, 2021, Plaintiff's request for a religious exemption was denied, and refers to Exhibit D to the Amended Complaint.

17.     Denies the allegations set forth in paragraph "17" of the Amended Complaint, except admits that Plaintiff appealed the denial of her request for a religious exemption.

18.     Denies the allegations set forth in paragraph "18" of the Amended Complaint, except admits that on October 4, 2021, Plaintiff's appeal of the denial of an exemption was denied by an independent arbitrator, and refers to Exhibit E to the Amended Complaint.

19.     Denies the allegations set forth in paragraph "19" of the Amended Complaint, except admits that on November 19, 2021, Plaintiff submitted an appeal to the City of New York Reasonable Accommodation Appeals Panel ("Citywide Panel"), and refers to Exhibit F to the Amended Complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Amended Complaint, and respectfully refers to Exhibit G to the Amended Complaint.

21.     Admits the allegations set forth in paragraph "21" of the Amended Complaint, and refers to Exhibit H to the Amended Complaint.

22.     Denies the allegations set forth in paragraph "22" of the Amended Complaint.

23.     In response to Paragraph "23" of the Amended Complaint which is mislabeled as "22" Defendant repeats and re-alleges its responses to Paragraphs "1" through "19" of the Complaint, as set forth fully herein.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Amended Complaint, and respectfully refers to Exhibit C to the Amended Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Amended Complaint, and respectfully refers to Exhibit D to the Amended Complaint.

26. Denies the allegations set forth in paragraph "26" of the Amended Complaint, except admits that Plaintiff was placed on leave without pay with benefits on October 15, 2021.

27. Denies the allegations set forth in paragraph "27" of the Amended Complaint, except admits that Plaintiff was deemed voluntarily resigned on September 6, 2022, pursuant to a waiver and release that she executed which provided that Plaintiff would be transitioned to leave without pay and continue to receive health benefits in exchange for a release of all claims by Plaintiff against the DOE.

28. Defendant only responds to the Title VII allegations set forth in Paragraph "28" of the Complaint as the rest of the claims asserted therein were dismissed by the Court, and to the extent any response is required, defendant denies the allegations in these paragraphs.

29. In response to Paragraph "29" of the Amended Complaint, Defendant repeats and re-alleges its responses to Paragraphs "1" through "28" of the Amended Complaint, as set forth fully herein.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Amended Complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Amended Complaint.

32. Denies the allegations set forth in paragraph "32" of the Amended Complaint.

33. Denies the allegations set forth in paragraph "33" of the Amended Complaint.

34. Denies the allegations set forth in paragraph "34" of the Amended Complaint, except admits that Plaintiff was deemed voluntarily resigned on September 6, 2022, pursuant to a waiver and release that she executed which provided that Plaintiff would be transitioned to leave without pay and continue to receive health benefits in exchange for a release of all claims by Plaintiff against the DOE.

35. Denies the allegations set forth in paragraph "35" of the Amended Complaint.

36. Denies the allegations set forth in paragraph "36" of the Amended Complaint.

37. No response necessary to the allegations set forth in Paragraph "37" as Defendants' motion to dismiss this claim was granted.

38. Denies the allegations set forth in paragraph "38" of the Amended Complaint, except admits that Plaintiff was deemed voluntarily resigned on September 6, 2022, pursuant to a waiver and release that she executed which provided that Plaintiff would be transitioned to leave without pay and continue to receive health benefits in exchange for a release of all claims by Plaintiff against the DOE.

39. Defendant only responds to the Title VII allegations set forth in Paragraph "28" of the Complaint as the rest of the claims asserted therein were dismissed by the Court, and to the extent any response is required, defendant denies the allegations in these paragraphs.

40. In response to Paragraph "40" of the Amended Complaint, Defendant repeats and re-alleges their responses to Paragraphs "1" through "39" of the Amended Complaint, as set forth fully herein.

41.    Denies the allegations set forth in paragraph "41" of the Amended Complaint, and refers to Exhibit I to the Amended Complaint.

42.    Denies the allegations set forth in paragraph "42" of the Amended Complaint, and refers to Exhibit I to the Amended Complaint.

43.    Denies the allegations set forth in paragraph "43" of the Amended Complaint, and respectfully refers to Exhibit J to the Amended Complaint.

44.    Denies the allegations set forth in paragraph "44" of the Amended Complaint, and respectfully refers to Exhibit J to the Amended Complaint.

45.    Denies the allegations set forth in paragraph "45" of the Amended Complaint.

46.    Denies the allegations set forth in paragraph "46" of the Amended Complaint

47.    Denies the allegations set forth in paragraph "47" of the Amended Complaint.

48.    Denies the allegations set forth in paragraph "48" of the Amended Complaint.

49.    Denies the allegations set forth in paragraph "49" of the Amended Complaint.

50.    Denies the allegations set forth in paragraph "50" of the Amended Complaint.

51.    Denies the allegations set forth in paragraph "51" of the Amended Complaint.

52.    Denies the allegations set forth in paragraph "52" of the Amended Complaint.

53.    Denies the allegations set forth in paragraph "53" of the Amended Complaint.

54.    Denies the allegations set forth in paragraph "54" of the Amended Complaint.

55.    Denies the allegations set forth in paragraph "55" of the Amended Complaint.

56.    Denies the allegations set forth in paragraph "56" of the Amended Complaint.

57.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of the Amended Complaint, and respectfully refers to Exhibit J to the Amended Complaint.

58. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of the Amended Complaint.

59. Denies the allegations set forth in paragraph "59" of the Amended Complaint, and refers to Exhibit L to the Amended Complaint.

60. Denies the allegations set forth in paragraph "60" of the Amended Complaint.

61. Denies the allegations set forth in paragraph "61" of the Amended Complaint.

62. Denies the allegations set forth in paragraph "62" of the Amended Complaint.

63. Denies the allegations set forth in paragraph "63" of the Amended Complaint.

64. Denies the allegations set forth in paragraph "64" of the Amended Complaint.

65. Denies the allegations set forth in paragraph "65" of the Amended Complaint, except refers to the Amended Complaint for the relief sought therein.

66. Denies the allegations set forth in paragraph "66" of the Amended Complaint.

## FOR A FIRST DEFENSE:

67. The Amended Complaint fails to state a claim, in whole or in part, upon which relief may be granted.

## AS AND FOR A SECOND DEFENSE:

68. The Amended Complaint is barred by Waiver. *See* Plaintiff's Exhibit J.

## AS AND FOR A THIRD DEFENSE:

69. Plaintiff's NYSHRL and NYCHRL claims, claims under § 1983, and claim for discrimination based on failure to engage in interactive process were previously dismissed by this Court.

## AS AND FOR A FOURTH DEFENSE:

70. Providing Plaintiff with an accommodation such as masking and testing would have caused undue hardship on Defendant and therefore her religious exemption was properly denied.

**WHEREFORE**, Defendant respectfully requests that the Amended Complaint be dismissed in its entirety, that all relief requested therein be denied, and that Defendant be granted such other and further relief as the Court deems just and proper.

Dated:     April 1, 2024
        New York, New York

**HON. SYLVIA O. HINDS-RADIX**
Corporation Counsel of the
City of New York
Attorney for Defendant
100 Church Street, Room 2-103
New York, New York 10007
(212) 356-3549
andmarti@law.nyc.gov

By: _____/s/_____
          Andrea M. Martin
          Assistant Corporation Counsel

VIA ECF:    **THE SCHER LAW FIRM, LLP**

        Austin Graff

        Attorneys for Plaintiff
        1 Old County Rd, Suite 385
        Carle Place, NY 11514

Docket No. 23-CV-07553 (CBA)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LORRAINE MASCIARELLI,

Plaintiff,

– against –

NEW YORK CITY DEPARTMENT OF
EDUCATION,

Defendant.

## ANSWER TO AMENDED COMPLAINT

***HON. SYLVIA O. HINDS-RADIX***
*Corporation Counsel of the City of New York*
*Attorney for Defendant*
*100 Church Street, Room 2-103*
*New York, New York  10007-2601*

*Of Counsel:  Andrea Martin*
*Telephone:  (212) 356-3549*
*Matter No.:  2022-074546*

*Due and timely service is hereby admitted.*

*Dated: New York, New York...................................2024*

*Signed:  ...........................................................................*

*Attorney for ...................................................................*