

| **HON. SYLVIA O. HINDS-RADIX** <br> *Corporation Counsel* | **THE CITY OF NEW YORK** <br> **LAW DEPARTMENT** <br> 100 CHURCH STREET <br> NEW YORK, NY 10007 | **Andrea M. Martin** <br> *Assistant Corporation Counsel* <br> Telephone: (212) 356-3549 <br> E-mail: andmarti@law.nyc.gov <br> *Email not for service* |
|---|---|---|

May 17, 2024

**VIA ECF**
Magistrate Judge Sanket J. Bulsara
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:   Masciarelli v. New York City Department of Education
               22 Cv 7553 (CBA)(SJB)

Dear Magistrate Judge Bulsara:

      I am an Assistant Corporation Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and attorney for Defendant in the above referenced action. I respectfully submit this joint letter, on behalf of both parties, to seek clarification concerning a court order issued during the April 2, 2024 status conference.

      At the April 2 conference, Your Honor ordered Defendant to produce: "a spreadsheet listing, using some form of anonymous method—a the individuals who were – who sought a accommodation from the vaccine mandate from the period of of May 1st, 2021 through October 30th, 2023, an indication of whether, you know limited solely to those who sought an accommodation on the basis of religion, okay so it's not a medical one. Indicating whether or not they were given an accommodation, what the nature of the accommodation was, and whether the person indicated that they were Catholic or non-Catholic." See Exhibit 1, copy of the April 2, 2024 Court transcript, at page 14, lines 11-20.

      Your Honor later explained, "I would expect the spreadsheet would include anyone who's had a religious exemption or accommodation. And I realize, you know, again anonymized in the nature of the accommodation." See Exhibit 1, copy of the April 2, 2024 Court transcript, at page 20, lines 4-7.

      In accordance with the Court's April 2 Order, on May 7, 2024, Defendant produced an anonymized spreadsheet that shows: (1) all DOE individuals who were granted a religious

1

accommodation or exemption, (2) whether they were Catholic or non-Catholic, (3) and the nature of the granted accommodation.[1]

On May 14, 2024, Plaintiff advised Defendant that she believed Defendant's May 7th production was deficient.

First, the Plaintiff objected to the fact that the spreadsheet did not reflect all DOE individuals who sought a religious accommodation and only reflected the 148 employees who were granted accommodations.

Second, the Plaintiff object to the lack of specificity regarding the type of accommodation granted to the 148 employees. The Defendant's production only described the accommodation as "[a]ssignment in non-school location" and not whether that accommodation was working from home or at an office in the Defendant system, or otherwise. The Plaintiff seeks more specificity than offered by the Defendant.

The parties met and conferred, in good faith, about these issues on May 15, 2024, but have reached an impasse. Accordingly, the parties seek the Court's intervention to resolve whether the April 2 Order requires Defendants to produce an anonymized spreadsheet that shows all individuals who sought a religious accommodation as opposed to all individuals who were granted a religious exemption and must provide more specificity with respect to the type of accommodation granted to those granted accommodations.[2]

We appreciate Your Honor's attention to this matter.

Respectfully Submitted,
s/Andrea M. Martin
Assistant Corporation Counsel

cc: Counsel of Record (by ECF)

---

[1] Should the Court require this spreadsheet, Defendant can submit a copy under seal for *in camera* review.
[2] To the extent the Court orders Defendant to produce a list of all DOE employees who sought a religious accommodation, whether granted or not and more specificity with respect to the type of accommodation that was granted, the Defendant estimates there are over 3,000 individuals who made such applications, and respectfully request an additional 4 weeks to produce this information.