Docket No.: 22 CV 07553 (CBA)(SJB)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LORRAINE MASCIARELLI,

Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

Defendant.

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S RULE 72(A) OBJECTIONS TO MAGISTRATE JUDGE BULSARA'S ORDER DATED JUNE 4, 2024**

**MURIEL GOODE-TRUFANT**
Acting Corporation Counsel of the City of New York
*Attorneys for Defendant*
100 Church Street, Room 2-103
New York, New York 10007

*Of Counsel:* Andrea Martin
*Tel:* (212) 356-3549

# TABLE OF CONTENTS

    **Page**

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ............................... **ERROR! BOOKMARK NOT DEFINED.**

PROCEDURAL BACKGROUND........................... **ERROR! BOOKMARK NOT DEFINED.**

STANDARD OF REVIEW ...................................... **ERROR! BOOKMARK NOT DEFINED.**

ARGUMENT

    POINT I

        THE JUNE 4, 2024 ORDER COMPELS DEFENDANT TO PRODUCE INFORMATION THAT PLAINTIFF NEVER REQUESTED.**ERROR! BOOKMARK NOT DEFINED.**

    POINT II

        THE JUNE 4, 2024 ORDER OVERLOOKS LAW OF THE CASE IN THIS ACTION**ERROR! BOOKMARK NOT DEFINED.**

    POINT III

        THE JUNE 4, 2024 ORDER IMPROPERLY COMPELS THE PRODUCTION OF INFORMATION THAT IS NOT RELEVANT, UNDULY BURDENSOME AND NOT PROPORTIONAL TO THE NEEDS OF THIS CASE ...................................... **ERROR! BOOKMARK NOT DEFINED.**

CONCLUSION......................................................... **ERROR! BOOKMARK NOT DEFINED.**

# TABLE OF AUTHORITIES

**Cases**                                                                                    **Pages**

*Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.*,
105 F.R.D. 16 (S.D.N.Y. 1984) ................................................................................... 9

*Dove v. Atl. Cap. Corp.*,
963 F.2d 15 (2d Cir. 1992) ........................................................................................... 10

*Groff v. DeJoy*,
600 U.S. 447, 143 S. Ct. 2279 (2023) .......................................................................... 7

*Gruss v. Zwirn*,
2013 U.S. Dist. LEXIS 100012 (S.D.N.Y. July 10, 2013) ........................................... 4

*Johnson v. Holder*,
564 F.3d 95 (2d Cir. 2009) ........................................................................................... 7

*Kelleher v. City of New York*,
No. CV–06–2702, 2007 U.S. Dist. LEXIS 1831 (E.D.N.Y. Jan.10, 2007) ............. 7-8

*Melendez v. Greiner*,
No. 01 Civ. 7888, 2003 WL 22434101 (S.D.N.Y. Oct. 23, 2003) ............................. 9

*Misas v. North-Shore Long Island Jewish Health Sys.*,
No. 14 Civ. 8787, 2016 U.S. Dist. LEXIS 96764 (S.D.N.Y. July 25, 2016) .............. 4

*Musacchio v. United States*,
577 U.S. 237 (2016) ..................................................................................................... 6

*Nikkal Indus., Ltd. v. Salton, Inc.*,
689 F. Supp. 187 (S.D.N.Y. 1988) ............................................................................... 4

*Pippins v. KPMG LLP*,
279 F.R.D. 245 (S.D.N.Y. 2012) ................................................................................. 9

*Solarex Corp. v. Arco Solar, Inc.*,
121 F.R.D. 163, 169 (E.D.N.Y. 1988),
aff'd, 870 F.2d 642 (Fed. Cir. 1989) ............................................................................ 9

*State Farm Mut. Auto. Ins. Co. v. Fayda*,
No. 14 CIV 9792, 2015 WL 7871037 (S.D.N.Y. Dec. 3, 2015) ................................. 6

*Stinson v. City of N.Y.*,
2014 U.S. Dist. LEXIS 133741 (RWS) (S.D.N.Y. Sep. 22, 2014) ............................. 7

*U2 Home Entm't, Inc. v. Hong Wei Int'l Trading Inc.*,
  No. 04 Civ. 6189, 2007 U.S. Dist. LEXIS 59233 (S.D.N.Y. Aug. 13, 2007) ............................4

*United States v. Quintieri*,
  306 F.3d 1217 (2d Cir. 2002)..................................................................................................7

*United States v. Tenzer*,
  213 F.3d 34 (2d Cir. 2000).....................................................................................................6

*Vidal v. Metro– North Commuter Railroad Co.*,
  No. 3:12CV248, 2013 WL 1310504 (D. Conn. March 28, 2013) ...........................................9

*In re Weatherford Int'l Sec. Litig.*,
  No. 11 CIV. 1646, 2013 WL 2355451 (S.D.N.Y. May 28, 2013)............................................9

## Statutes

Fed. R. Civ. P. 12(b)(6).................................................................................................................2

Fed. R. Civ. P. 26......................................................................................................................10

Fed. R. Civ. P. 26(b)(1)......................................................................................................6, 8, 9

Fed. R. Civ. P. 26(c) ....................................................................................................................9

Fed. R. Civ. P. 26(c)(1)......................................................................................................... 9-10

Fed. R. Civ. P. 72(a) ....................................................................................................................4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

LORRAINE MASCIARELLI,

                                                Plaintiff,

                      -against-

NEW YORK CITY DEPARTMENT OF EDUCATION,     22 Civ. 07553 (CBA)(SJB)

                                          Defendant.

------------------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S RULE 72(A) OBJECTIONS TO MAGISTRATE JUDGE BULSARA'S ORDER DATED JUNE 4, 2024**

## PRELIMINARY STATEMENT

Defendant New York City Department of Education ("DOE" or "Defendant") respectfully submits this memorandum of law in support of its Objections to the June 4, 2024 discovery order issued by Magistrate Judge Bulsara (the "June 4, 2024 Order"). *See* ECF, June 4 Order, Entered: 06/04/2024. In response to plaintiff Lorraine Masciarelli's interrogatory requesting that Defendant "[i]dentify the religion of those persons who were <u>granted</u> religious accommodations from the Vaccine Mandate from the NYCDOE", and in compliance with Magistrate Judge Bulsara's previous order, dated April 2, 2024 (the "April 2, 2024 Order"), Defendant produced an anonymized list that showed: (1) all DOE individuals who were granted a religious accommodation or exemption, (2) whether they were Catholic or non-Catholic, (3) and the nature of the granted accommodation (emphasis added). Nevertheless, the June 4, 2024 Order finds Defendant's production deficient and compels the production of, among other things, an anonymized list identifying the religion of all individuals who sought a religious accommodation regardless of whether an accommodation was granted.

Defendant objects to the June 4, 2024 Order because, as explained below, the Order (1) compels production of information that Plaintiff did not request, (2) overlooks law of the case in this action and (3) compels information that is not relevant, unduly burdensome, and not proportional to the needs of this case. Accordingly, Defendant respectfully requests that this Court grant Defendant's Objections to Magistrate Judge Bulsara's June 4, 2024 Order.

## PROCEDURAL BACKGROUND

Plaintiff, a former teacher employed by the DOE, commenced this action against DOE on December 13, 2022. This Court previously granted, in part with prejudice and denied in part, Defendant's motion to dismiss pursuant to Federal Civil Procedure Rule 12(b)(6). *See* Dkt. No. 33. Significantly, Judge Amon granted dismissal of Plaintiff's claim under the Free Exercise Clause and, in doing so, noted that Defendant did not violate Plaintiff's Free Exercise rights by imposing the vaccine mandate. ECF Dkt. No. 33, at pgs. 5-7. Plaintiff's only surviving claim, then, is whether allowing Plaintiff to mask and test would have posed an undue hardship on Defendant. As noted by Judge Amon, "[a]lthough it is a close question, I hold that at this stage Defendant has failed to show that an accommodation like masking and frequent testing would have imposed an undue hardship as the term is defined in Groff." See Dkt # 33, p. 11. Thereafter, Plaintiff filed an Amended Complaint with Defendant's consent. *See* Dkt. No. 39. On March 13, 2024, Plaintiff filed a motion to compel discovery documents. *See* Dkt. No. 43. On March 18, 2024, Defendant filed a response in opposition to Plaintiff's motion. *See* Dkt. No. 45. On April 2, 2024, the parties attended a status conference with Magistrate Judge Bulsara. After the conference, Judge Bulsara issued the April 2, 2024 Order granting Plaintiff's motion in part, and denying in part. The Order stated, in part, that "Defendant shall produce the anonymized list discussed at today's conference."

2

In accordance with the Court's April 2 Order, on May 7, 2024, Defendant produced an anonymized list that showed: (1) all DOE individuals who were granted a religious accommodation or exemption, (2) whether they were Catholic or non-Catholic, (3) and the nature of the granted accommodation. On May 14, 2024, Plaintiff advised Defendant that she believed Defendant's May 7th production to be deficient. The parties met and conferred, in good faith, about these issues on May 15, 2024, but reached an impasse. On May 17, 2024, the parties wrote a joint letter to Magistrate Judge Bulsara requesting clarification on the April 2, 2024 Order. *See* Dkt. No. 50. In the letter, the parties sought Court intervention to resolve whether the April 2, 2024 Order required Defendant to produce an anonymized spreadsheet that shows all individuals who sought a religious accommodation as opposed to all individuals who were granted a religious accommodation and whether there must be more specificity with respect to the type of accommodation granted to those granted accommodations. *See id*.

On June 4, 2024, Judge Bulsara issued the June 4, 2024 Order finding that Defendant's response to the April 2, 2024 Order was deficient in two ways. The June 4, 2024 Order stated, in relevant part

> First, the Court clearly ordered that Defendant to produce an anonymized list of individuals who sought a religious accommodation from the vaccine mandate. By producing only a list of individuals who received an accommodation, the Defendant's production is deficient. Second, the Defendant's five-word explanation of the accommodation provided –"[a]ssignment in non-school location' – fails to provide any real information about the nature of the accommodation, including whether teaching was involved and whether the accommodation permitted work from home or remote work, and was of a limited or permanent duration."

*See* ECF, June 4 Order, Entered: 06/04/2024. Defendant now timely objects to the June 4, 2024 Order.

3

## STANDARD OF REVIEW

Under Rule 72(a), a court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *Nikkal Indus., Ltd. V. Salton, Inc.*, 689 F. Supp. 187, 189 (S.D.N.Y. 1988) (quotation omitted). A ruling is contrary to law if it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Misas v. North-Shore Long Island Jewish Health Sys.*, No. 14 Civ. 8787, 2016 U.S. Dist. LEXIS 96764 at *3 (S.D.N.Y. July 25, 2016). This is a highly deferential standard, and "[t]he party seeking to overturn a magistrate judge's decision thus carries a heavy burden." *U2 Home Entm't, Inc. v. Hong Wei Int'l Trading Inc.*, No. 04 Civ. 6189, 2007 U.S. Dist. LEXIS 59233 at *1 (S.D.N.Y. Aug. 13, 2007). "[A] magistrate's ruling on a discovery dispute should be overturned only for an abuse of discretion." *Gruss v. Zwirn*, 2013 U.S. Dist. LEXIS 100012 at *13-14 (S.D.N.Y. July 10, 2013)(internal quotations and citations omitted).

Defendant respectfully submits that Magistrate Judge Bulsara's June 4, 2024 Order meets this standard because it disregards the plain language of Plaintiff's discovery request, and the Court's discussion of the discovery dispute during the parties' April 2, 2024 conference, and because requiring Defendants search for such expansive and non-relevant records is disproportionate to the needs of the case.

## ARGUMENT

### POINT I

**THE JUNE 4, 2024 ORDER COMPELS DEFENDANT TO PRODUCE INFORMATION THAT PLAINTIFF NEVER REQUESTED.**

The specific discovery demand at issue here, Plaintiff's Interrogatory No. 30, states the following: "Identify the religion of those persons who were <u>granted</u> religious accommodations from the Vaccine Mandate from the NYCDOE." Pltf. Mtn. to Compel, ECF Dkt. No 44, Exhibit D at Interrogatory Numbered 30 (emphasis added).

Notably, in her motion to compel, Plaintiff repeatedly stressed the importance of the identities[1] of only individuals who were "<u>granted</u> exemptions and accommodations." *See* Pltf. Mtn. to Compel, ECF Dkt. No. 44 at pg. 5 (stating "…the identity of the individual <u>granted</u> exemptions AND accommodations is relevant because the Plaintiff should be permitted to know what Catholic person <u>granted</u> an accommodation/exemption, why the Plaintiff was not granted a similar accommodation/exemption, and that person(s) may be witness in this Action since the person(s) <u>received</u> an accommodation while Plaintiff did not.")(emphasis added). To be clear, since the inception of discovery, Plaintiff has never made a request seeking to identify the religion of those persons who only <u>sought – but did not receive –</u> a religious accommodation from the vaccine mandate as Magistrate Bulsara now compels Defendant to do. *See generally* Pltf. Mtn. to Compel, ECF Dkt. No 44, Exhibit D at Interrogatory Numbered 30; Pltf. Mtn. to Compel, ECF Dkt. No. 44; *see also* Pltf Amend. Compl., ECF Dkt. No. 35 at 36 ("there were reasonable accommodations that would not have caused the NYCDOE an undue hardship, but none were <u>offered</u> to the Plaintiff to accommodate her sincerely held religious beliefs") (emphasis added).

Furthermore, during the April 2, 2024 status conference, Magistrate Judge Bulsara stated that "I would expect the spreadsheet would include anyone who's had a religious exemption or

---

[1] During the April 2, 2024 status conference, Judge Bulsara confirmed the identity of the individuals was not relevant information, stating "the actual name of the person is irrelevant . . . , whether it was . . . John Smith or Jane Smith has nothing to do with the case". *See* April 2, 204 Status Conference Transcript, at 11:7-9. Judge Bulsara further explained, "so you give a list that just uses acronyms or scrambled initials or calls them Employee 1, Employee 2, Employee 3. You haven't given us any identity information. It solves the concern about privacy …" *See id.* at 11:14-17.

5

accommodation. And . . . anonymized in the nature of the accommodation." *See* April 2, 2024 Status Conference Transcript, at 20:4-7.

Accordingly, the June 4, 2024 Order improperly enlarges and, indeed, entirely changes, the scope of Plaintiff's original interrogatory and, as discussed in more detail below, this reconstituted request would result in a burden outweighing the potential benefit which would contravene the requirement that discovery be proportional to the needs of each case. *See State Farm Mut. Auto. Ins. Co. v. Fayda*, No. 14 CIV 9792, 2015 WL 7871037, at *4 (S.D.N.Y. Dec. 3, 2015) ("Rule 26(b)(1) instructs parties and courts to evaluate whether the benefit of the discovery sought is proportional to the burden of producing it, taking into account issues like access, importance, and available resources.").

**POINT II**

**THE JUNE 4, 2024 ORDER OVERLOOKS LAW OF THE CASE IN THIS ACTION**

Magistrate Judge Bulsara's decision to compel disclosure of an anonymized list of all individuals who sought a religious accommodation from the vaccine mandate overlooks this Court's narrow holding on Defendant's motion to dismiss. Under the law of the case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Musacchio v. United States*, 577 U.S. 237 (2016); *see also United States v. Tenzer*, 213 F.3d 34, 39 (2d Cir. 2000) (explaining that although not binding, law of the case doctrine counsels a court against revisiting its prior rulings in subsequent stages of the same case absent cogent and compelling reasons). A court "may depart from the law of the case for 'cogent' or 'compelling' reasons including an intervening change in law, availability of new evidence, or 'the need to correct a clear error or prevent manifest injustice.'" *Johnson v. Holder*, 564 F.3d 95, 99-100 (2d Cir. 2009) (quoting *United States v. Quintieri*, 306 F.3d 1217, 1230 (2d

Cir. 2002)). Further, absent a showing of significant intervening event or a compelling reason to reexamine the question of class certification, the factual underpinnings of a court's prior certification order are deemed to be law of the case. *See Stinson v. City of N.Y.*, 2014 U.S. Dist. LEXIS 133741, 10 cv-4228 (RWS) (S.D.N.Y. Sep. 22, 2014). .

Here, on January 19, 2024, this Court significantly narrowed the scope of this case in ruling on Defendant's motion to dismiss. *See* ECF No. 33. Presently, Plaintiff's sole claim is for an alleged failure to reasonably accommodate her religious beliefs under Title VII. Specifically, the Court found that the sole remaining issue in this case is whether allowing Plaintiff to mask and test would have posed an undue hardship on Defendant:

> [a]lthough it is a close question, I hold that at this stage Defendant has failed to show that an accommodation like masking and frequent testing would have imposed an undue hardship as the term is defined in. I emphasize that my holding is ***narrow*** and is based solely on the fact that Defendant's limited motion-to-dismiss briefing has not provided me with sufficient facts or context to find the existence of a "substantial" hardship in allowing Masciarelli to, for example, test for COVID and wear personal protective equipment, as an alternative to vaccination.

*See* Dkt No. 33, p. 11-12 (emphasis added); *see also Groff v. DeJoy*, 600 U.S. 447, 143 S. Ct. 2279 (2023).

Based on this "narrow" holding, a list of individuals who sought, but never received, a religious accommodation or exemption from the vaccine mandate is not relevant to the very narrow claim remaining in this case of whether "masking and frequent testing would have imposed an undue hardship". *Id.*; *see Kelleher v. City of New York*, No. CV–06–2702, 2007 U.S. Dist. LEXIS 1831, at *3 (E.D.N.Y. Jan.10, 2007) (sustaining defendant's objections to document requests where "court fails to see the relevance of the requested information to the plaintiff's claims"). Moreover, there has been no intervening change in the case law or in the facts of this case to support

7

broadening the scope of Plaintiff's interrogatory to include individuals who never received accommodations. As such, the current request to produce a list of all individuals who <u>sought</u>, and were denied, a religious accommodation from the vaccine mandate – in addition to those who sought, and were granted, such an accommodation – is not relevant to the sole surviving claim in this action of whether allowing Plaintiff Masciarelli to mask and test would have imposed an undue hardship on Defendant.

Finally, there is no clear error in the Court's prior decisions that requires correcting. Nor is a departure from the Court's prior rulings necessary to "prevent manifest injustice." Therefore, because there is no "cogent and compelling reason" for the Court to revisit its prior holding narrowing Plaintiff's remaining claim in this case in this case, Defendant respectfully submits that it has already complied with the April 2, 2024 Order.

# POINT III

**THE JUNE 4, 2024 ORDER IMPROPERLY COMPELS THE PRODUCTION OF INFORMATION THAT IS NOT RELEVANT, UNDULY BURDENSOME AND NOT PROPORTIONAL TO THE NEEDS OF THIS CASE**

Rule 26(b)(1) requires that the discovery sought is both relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1); *Sibley*, 2015 WL 9413101, at *2. Specifically, it reads, in relevant part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

When determining proportionality, the court balances "the value of the requested discovery against the cost of its production." *In re Weatherford Int'l Sec. Litig.*, No. 11 CIV. 1646, 2013 WL 2355451, at *5 (S.D.N.Y. May 28, 2013); *see Pippins v. KPMG LLP*, 279 F.R.D. 245, 256 (S.D.N.Y. 2012). However, "conclusory objections as to relevance, overbreadth, or burden are insufficient to exclude discovery of requested information." *Melendez v. Greiner*, No. 01 Civ. 7888, 2003 WL 22434101, at *1 (S.D.N.Y. Oct. 23, 2003). Rather, "[a] party resisting discovery has the burden of showing 'specifically how, despite the broad and liberal construction afforded [by] the federal discovery rules, each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive ... submitting affidavits or offering evidence revealing the nature of the burden.'" *Vidal v. Metro– North Commuter Railroad Co.*, No. 3:12CV248, 2013 WL

1310504, at *1 (D. Conn. March 28, 2013) (alteration in original) (quoting *Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 42 (S.D.N.Y. 1984)).

Fed. R. Civ. P. 26(c) grants this Court the power to protect a party or person from any unduly burdensome discovery. "Under the Rule, a court is required to compare the potential hardship to the party against whom discovery is sought, if discovery is granted, with that to the party seeking discovery if it is denied." *Solarex Corp. v. Arco Solar*, [*9] Inc., 121 F.R.D. 163, 169 (E.D.N.Y. 1988), aff'd, 870 F.2d 642 (Fed. Cir. 1989). Rule 26(c) also provides that a court may quash or modify any request for discovery "for good cause," that is, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). "Where the discovery is relevant, the burden is upon the party seeking non-disclosure . . . to show good cause." *Dove v. Atl. Cap. Corp.*, 963 F.2d 15, 19 (2d Cir. 1992).

In the June 4, 2024 Order, Magistrate Judge Bulsara ordered Defendant to produce a list of individuals who sought an accommodation from the Covid-19 vaccine mandate. *See* ECF Order Entered 6/4/2024. To compel Defendants to produce a list of all DOE employees who sought a religious accommodation or exemption from the vaccine mandate is unduly burdensome under Rule 26 because a response to this request seeks a voluminous amount of information from a number of different sources, including information from individuals who are not parties to this litigation.

Upon information and belief, there were 3,186 individuals at the DOE who had sought a religious accommodation or exemption from the vaccine mandate. This would require Defendant to individually analyze, edit and reproduce records, documents, and materials sought, and to redact privileged and otherwise protected information from 3,186 applications to determine: (1) what

10

religion each individual identified with, (2) whether they had received an accommodation or not, and (3) if they received an accommodation, what the accommodation permitted, and the duration of the accommodation. Such an undertaking would impose an undue burden upon Defendant because of the resources and expenses Defendants would have to expend in such a time intensive endeavor including gathering a significant amount of information not tracked or collected in the ordinary course of business. Thus, this Court should exercise its powers to cabin discovery here within the proper confines of the Federal Rules of Civil Procedure to ensure that discovery is proportional to Plaintiff's single claim.

## CONCLUSION

Defendants respectfully request that the Court grant Defendant's Objections to Magistrate Judge's June 4, 2024 Order, vacate that order, and any reference to it be removed from the docket, together with such other relief as this Court deems just and proper.

Dated: New York, New York
June 18, 2024

**MURIEL GOODE-TRUFANT**
Acting Corporation Counsel of the City of New York
*Attorney for Defendant*
100 Church Street
New York, New York 10007
(212) 356-5044

By: /s/ *Andrea M. Martin*
Andrea Maria Martin
Assistant Corporation Counsel

cc: Austin Graff, Esq. (by ECF)
*Attorney for Plaintiff*