# THE SCHER LAW FIRM, LLP

### 600 OLD COUNTRY ROAD, SUITE 440
### GARDEN CITY, NY 11530

MARTIN H. SCHER*

JONATHAN L. SCHER**

AUSTIN R. GRAFF*

TEL: 516-746-5040

FAX: 516-746-5043

W. SCOTT KERSHAW
COUNSEL

MICHAEL SCHILLINGER
COUNSEL

ROLAND P. BRINT
COUNSEL

ADAM GANG
COUNSEL

ROBERT S. NAYBERG
(1959-2012)

* Also Admitted in District of Columbia
* Also Admitted in New Jersey

June 27, 2024

**BY ECF**
Hon. Sanket J. Bulsara, U.S.M.J.
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Masciarelli v. New York City Department of Education
E.D.N.Y. Docket No. 22-cv-7553

Dear Magistrate Judge Bulsara:

This law firm represents the Plaintiff in the above-referenced Action. This letter shall serve as the Plaintiff's Motion for Contempt against the non-party Martin Scheinman ("Scheinman") pursuant to FRCP Rule 45(g) and Motion to Compel pursuant to FRCP Rule 37(a).

This is a case about a former New York City school teacher who was terminated from her employment because she applied for a religious accommodation from the COVID Vaccine Mandate and was denied any accommodation. Scheinman is the person who authored the Arbitration Award that established the procedure for religious accommodations and his company, Scheinman Arbitrations and Mediation Services ("SAMS") was the appeal panel that reviewed the Plaintiff's denial of an accommodation and exemption request from the COVID Vaccine Mandate.

The Plaintiff served a Subpoena Duces Tecum upon Scheinman on April 11, 2024. *See,* **Exhibit A**, a copy of the Subpoena Duces Tecum. *See,* **Exhibit B**, a copy of the Affidavit of Service of the Subpoena Duces Tecum upon Scheinman. The deadline for Scheinman to respond to the Subpoena Duces Tecum was May 17, 2024.

In addition, the Plaintiff served a Subpoena Ad Testificandum on Scheinman on April 23, 2024 for a deposition scheduled for June 19, 2024. *See,* **Exhibit C**, a copy of the Subpoena Ad Testificandum. *See,* **Exhibit D**, a copy of the Affidavit of Service of the Subpoena Ad Testificandum upon Scheinman.

Neither Scheinman nor the Defendant New York City Department of Education ("NYCDOE") moved to quash or modify either one of the Subpoenas.

On May 1, 2024, I received a telephone call from Barry Peek, Esq., one of the arbitrators/mediators at Scheinman Arbitration and Mediation Services ("SAMS") at which time

we discussed the Subpoena Duces Tecum. Mr. Peek told me that Scheinman and SAMS had no documents responsive to the Subpoena.

On May 14, 2024, Mr. Peek and I spoke by telephone during which he requested an additional week, or until May 24, to respond to the Subpoena. As a courtesy, I granted the extension.

On May 29, 2024, when the Plaintiff did not receive a response to the Subpoena Duces Tecum, I followed up by email to Mr. Peek, in good faith, who responded on June 4, 2024 that "[w]e have searched out records and the only records we have are scheduling notices and possibly transmittal emails of the arbitration award which you are in possession of." **Exhibit E**, a copy of the Mr. Peek's June 4, 2024 email.

After receiving the June 4, 2024 email, Mr. Peek and I spoke on the telephone several times to meet and confer about the disbelief the Plaintiff had that there were no documents in Scheinman's or SAMS' possession relating to Scheinman's work as the mediator that resolved the impasse between the NYCDOE and the UFT (the Plaintiff's union) in negotiations over the implementation of the COVID-19 Vaccine Mandate. In addition, it did not make any sense that SAMS, the appeal panel that heard and determined appeals from the NYCDOE's denial of accommodation requests and exemption requests from the COVID-19 Vaccine Mandate, had no documents responsive to the Subpoena Duces Tecum.

During those discussions, Mr. Peek made clear that neither Scheinman nor SAMS had documents responsive to the Subpoena Duces Tecum, which is illogical based upon the amount of work performed and the significance of the work for so many employees of the NYCDOE.

Mr. Peek and I further disagreed over the Plaintiff's demand for billing and payment records relating to Scheinman's role as mediator and arbitrator and SAMS' role as the appellate panel for appeals of denials of requests for accommodations and requests for exemptions from the COVID-19 Vaccine Mandate. Mr. Peek refused to turnover those documents.

When the meets and confers by telephone were unsuccessful, on June 13, 2024, the Plaintiff sent a good faith letter to Mr. Peek seeking compliance with the Subpoena Duces Tecum as a last, good faith attempt to obtain compliance with the Subpoena Duces Tecum. *See,* **Exhibit F**, a copy of the June 13, 2024 letter. The Plaintiff set a June 21, 2024 deadline for compliance with the Subpoena Duces Tecum in the June 13, 2024 letter.

In response to the June 13, 2024 letter, Mr. Peek disclosed that 164 exemptions to the vaccine mandate were granted based upon religious reasons by SAMS arbitrators. *See,* **Exhibit G**, a copy of the Mr. Peek's June 18, 2024 email.

This information markedly contradictions the NYCDOE's disclosures to the Plaintiff and the Court regarding the number of accommodations and exemptions granted from the vaccine mandate.

The NYCDOE produced a Court-Ordered spreadsheet informing this Court and the Plaintiff that only 148 employees were granted accommodations and no employees were granted exemptions from the vaccine mandate. *See*, **Docket Entry No. 50**, at page 2. The NYCDOE, in response to the Plaintiff's Interrogatories stated that approximately 146 employees sought and obtained religious exemptions from the Vaccine Mandate. *See*, **Docket Entry No. 44-5**, at Response To Interrogatory No. 17.

The discrepancy between Scheinman's disclosure and the NYCDOE's representations are matters that must be explored in a deposition of Scheinman pursuant to the Subpoena Ad Testificandum.

While providing enlightening information to the Plaintiff and contradicting the NYCDOE, Scheinman has not fully complied with the Subpoena Duces Tecum and the Plaintiff requests that the Court hold Scheinman in contempt and compel Scheinman to respond to the Subpoena Duces Tecum.

Scheinman did not address whether Scheinman has: (1) any notes made during the mediation between the NYCDOE and the UFT; (2) any communications between the NYCDOE or the UFT with Scheinman relating to the vaccine mandate or the conversion of the PERB mediation into binding arbitration between the NYCDOE and the UFT; (3) any source documents used by Scheinman to draft the Impact Bargaining Arbitration Award dated September 10, 2021; (4) any documents relating to NYCDOE, UFT, or the City of New York ("NYC") approving SAMS as the appellate review for denials of reasonable accommodation requests or exemption requests; (5) any documents relating to communications from the NYCDOE concerning the Plaintiff's appeal of the NYCDOE's denial of her reasonable accommodation request and request for an exemption from the vaccine mandate; (6) any training materials for SAMS' arbitrators relating to reasonable accommodations and exemptions from the vaccine mandate; (7) any communications between Scheinman or SAMS and the NYCDOE, the UFT, or NYC relating to the granting or denial of accommodation requests or exemptions from the vaccine mandate on the basis of religion; (8) any arbitration decisions issued by Scheinman or SAMS resolving impasses in negotiations between a school district and a public employees' union in New York; (9) documents relating to the types of accommodations from the vaccine mandate considered by SAMS on appeal from the NYCDOE's denial of requests for accommodations or exemptions from the vaccine mandate; (10) any documents relating to the NYCDOE's undue burden for granting a reasonable accommodation or exemption from the vaccine mandate; and (11) any documents relating to SAMS reversal of denials of accommodations or exemptions from the vaccine mandate. *See*, **Exhibit A.**

While Mr. Peek alleges that Scheinman does not have any documents responsive to the Subpoena Duces Tecum (**Exhibit E**), it is beyond belief that no documents exist in his possession responsive to these demands. There is no Affidavit from Scheinman about the searches conducted to find responsive documents.

Additionally, the Plaintiff demanded billing and payment records for Scheinman and SAMS relating to their work as mediator and the appellate panel for accommodations and exemptions denials. *See,* **Exhibit A**, at Demands Numbered 39 through 53. Mr. Peek rejected any attempt by the Plaintiff to obtain the records, even though they are not confidential, privileged, or protected from disclosure.

More particular, the Plaintiff sought the billing and payment records relating to Julie Torrey ("Torrey"), the SAMS Arbitrator who denied the Plaintiff's appeal of the denial of her request for a reasonable accommodation. *See,* **Exhibit A**, at Demands Numbered 39 through 42. There are no legitimate grounds to deny the Plaintiff the bills sent by SAMS to the NYCDOE and the payments received from the NYCDOE for Torrey's work as the SAMS Arbitrator, the individual who denied the Plaintiff's appeal.

Scheinman has no grounds to withhold documents demanded by the Plaintiff in her Subpoena Duces Tecum. Accordingly, the Court should hold Scheinman in contempt and compel him and SAMS to disclose all documents in its possession responsive to the Plaintiff's demands.

Finally, the Court should compel Scheinman's deposition pursuant to the Subpoena Ad Testificandum (**Exhibit C**). Mr. Peek made clear in our meets and confers that Scheinman had no intention of complying with the Subpoena Ad Testificandum. Scheinman failed to appear for his deposition on June 19, 2024 as directed by the Subpoena Ad Testificandum.

There are four areas of inquiry that are relevant to the Plaintiff's prosecution of this Action that need to be addressed in Scheinman's deposition.

First, Scheinman is the author of the UFT Arbitration Award that served as the basis for the NYCDOE to suspend without pay and terminate the Plaintiff. One issue in this Action is whether the general release that the NYCDOE required the Plaintiff to execute to extend her suspension without pay was consistent with the UFT Arbitration Award. The Plaintiff has asserted a cause of action seeking declaratory relief declaring the release void. *See,* **Docket Entry No. 39**, at ¶¶ 41 through 66. The NYCDOE has asserted an Affirmative Defense seeking to enforce the release to bar this Action. *See,* **Docket Entry No. 46**, at ¶ 68. Scheinman's testimony regarding his Arbitration Award is vital to the prosecution and defense of this Action.

Second, Scheinman's response to the Subpoena Duces Tecum stating "that the SAMS arbitrators granted 164 Covid exemptions based on religious reasons" (**Exhibit G**) requires inquiry as to whether any of the people who received exemptions were Catholic, like the Plaintiff or were they all practicing other religions. In connection with this line of inquiry, the Plaintiff will inquire

about what information that was used or provided to SAMS relating to determined appeals from Catholic applicants, like the Plaintiff, seeking accommodations/exemptions from the Vaccine Mandate. The Plaintiff will also inquire about the NYCDOE's arguments regarding its undue burden if it granted the Plaintiff's request for accommodation/exemption from the vaccine mandate.

Third, as author of the UFT Arbitration Award, the Plaintiff wants to inquire into the source materials and the background into how Scheinman determined and decided the implementation process for the vaccine mandate as described in the UFT Arbitration Award. *See,* **Docket Entry No. 39-9.**

Fourth, the Plaintiff wants to know if Scheinman or SAMS received any financial benefit or incentive to deny religious accommodations or exemptions from the vaccine mandate and/or whether anyone in New York City government influenced, communicated with, or had any role to play in Scheinman's drafting of the UFT Arbitration Award, including, but not limited to Mayor Bill DeBlasio, a person, Scheinman held a fundraiser for in his home several years before the UFT Arbitration Award was issued. *See,* **Exhibit H**, a copy of the invitation to the fundraiser.

These are all areas of inquiry that are relevant to the prosecution of the Plaintiff's causes of action. The Court should grant the Plaintiff's Motion for Contempt and compel Scheinman to attend a deposition pursuant to the Subpoena Ad Testificandum.

\*\*\*\*\*\*\*\*\*\*\*\*\*

Scheinman's failure to comply with the Subpoena Duces Tecum is unacceptable. Scheinman has documents that the Plaintiff believes is relevant to the prosecution of this Action. The disclosure of the documents will not be an undue burden, cause embarrassment, or be prejudicial to Scheinman. Further, Scheinman's testimony is necessary for the prosecution of the Plaintiff's causes of action pursuant to Title VII and seeking a declaratory judgment. *See,* **Docket Entry No. 39**, at ¶¶ 30 through 39; ¶¶ 41 through 66.

This Court should grant the Plaintiff's Motion for Contempt and Motion to Compel, compelling Scheinman to respond to the Subpoena Duces Tecum and be deposed pursuant to the Subpoena Ad Testificandum.

Thank you for your courtesies.

Respectfully submitted,

Austin Graff

ARG;ms
Encs.
c:      Attorneys of Record (by ECF)
        Barry Peek, Esq. (by email)