John W. Barker
Gary W. Patterson, Jr.*
Jeffrey R. Nichols*
Mamie Stathatos-Fulgieri
Dylan Braverman
Kiki Chrisomallides*
Scott A. Singer
Gregg D. Weinstock*** ■ ¤
Adam S. Covitt **
Megan A. Lawless‡
Ralph Vincent Morales

Kevin D. Porter
Susan Vari
Brian Andrews
Edward J. Arevalo
Robert Boccio
Dawn Bristol
Gilbert H. Choi
Joshua R. Cohen
Charles K. Faillace ±

Danielle M. Hansen
Anna Hock
Thomas Jaffa
Gemma Kenney ***
Douglas Langholz
Timothy P. Lewis ¤
Jennifer M. Lobaito *
Rosemary E. Martinson*
Neil Mascolo, Jr.
Adonaid Medina*
Michael Milchan
Joseph P. Muscarella
Miles S. Reiner
Bhalinder L. Rikhye
Michael J. Ryan ‡
Lori Shapiro
Matthew Shindell ‡
Tammy A. Trees
Nicole M. Varisco *
Arthur I. Yankowitz**



Allen Alex †
Zachary Benoit
Giovanna N. Bizzarro †
Theresa A. Bohm
Angela R. Bonica *
Kelly Bronner
Raymond Farrell *
Tyler M. Fiorillo
Jamie Gewurz
Erisa Gjini †
Andrew M. Hansen ●
Lauren P. Ingvoldstad†
Delaney Jones ●
Alexandra Nieto
Kayla Nieves *
Daniel O'Connell * ■
Kara Ognibene * ■
Samantha Panny
Gunjan Persaud
Emily Phillips *
Alesha N. Powell * **
Veronika Tadros
Claudine Travers
Jesse Wang ‡
Tyler Weingarten ‡
Christopher Wood †
Samuel Youssof –
Alexandra Zerrillo * **
Spiridoula Zolotas †

Of Counsel
Brian DiPentima*
Tricia M. Criscito
Roseann V. Driscoll
Taryn M. Fitzgerald
Joseph D. Furlong
Rani B. Kulkarni
Nicole E. Martone
Christian McCarthy
Seema Palmerson
Bonnie LS. Parente
Carolyn Rankin
Nicole C. Salerno *
Valerie L. Siragusa
Gonzalo Suarez
Deirdre Tobin
Karolina Wiaderna

* Also Admitted to Practice in NJ
** Also Admitted to Practice in CT
*** Also Admitted to Practice in NJ, CT, DC
– Admitted to Practice in NJ
● Admitted to Practice in PA
■ Also Admitted to Practice in FL
‡ Also Admitted to Practice in NJ and PA
± Also Admitted to Practice in MA
¤ Admitted in FL
Δ Also Admitted to Practice in Ohio
† Admission Pending

August 2, 2024

**BY ECF**
Hon. Sanket J. Bulsara, U.S.M.J.
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

     Re:  Masciarelli v. New York City Department of Education
        <u>E.D.N.Y. Docket No. 22-cv-7553</u>

Dear Magistrate Judge Bulsara,

  This law firm represents non-party Arbitrator Martin Scheinman (hereinafter, "Arbitrator") in the above-referenced action. Please accept this letter as Arbitrator's opposition to Plaintiff's Motion for Contempt pursuant to FRCP Rule 45(g) and Motion to Compel pursuant to FRCP Rule 37(a).

  Generally, FRCP Rule 45(d)(3)(A)(iii) provides that a court must quash a subpoena it if it requires disclosure of privileged or other protected matter unless an exception or waiver applies.

  For the reasons set forth below, the Plaintiff, here, has not demonstrated any evidence of bias, misconduct, or impartiality of SAMS' arbitrator, as require by the law. The subpoenas are not warranted by the existing law and should be therefore quashed.

### BACKGROUND

  Arbitrator Scheinman has been a full-time arbitrator and mediator since 1979. (*See* Exhibit "A.") In that capacity, he has decided or helped resolve over 20,000 disputes. Arbitrator Scheinman is a member of the National Academy of Arbitrators and the Founder of Scheinman Arbitration and Mediation Services (hereinafter "SAMS").

  On August 23, 2021, the Mayor of the City of New York and the New York City Commissioner of Health and Mental Hygiene announced a policy whereby all employees were required to submit proof

300 Garden City Plaza • Suite 100 • Garden City, New York 11530 • Phone: (516) 282-3355 • Fax: (516) 908-4960

*Office Locations in*  WESTCHESTER  MANHATTAN  NEW JERSEY  CONNECTICUT  FLORIDA  PENNSYLVANIA

they started the COVID vaccine protocol by September 27, 2021. If they didn't, they would not have been allowed onto the Department of Education premises.

In response thereto, the UFT demanded that the City and the Department of Education bargain the impact and implementation of the Vaccine Only Mandate. The UFT then filed a Declaration of Impasse with the New York Public Employment Relations Board (PERB). Arbitrator Scheinman was then duly appointed to serve as the mediator in an attempt to resolve the dispute. Arbitrator Scheinman conducted mediation sessions on September 2, 3, 4 and 5, 2021. By agreement of the parties, he was asked to serve as the arbitrator concerning the dispute subject to this action. On September 10, 2021, Arbitrator Scheinman issued his Opinion and Award which was final and binding on the parties. My Award set forth the parameters for an appeal process regarding Department of Education employees who applied for an exemption from the COVID Vaccine Only mandate based on religious and medical reasons. The appeal process culminated in an expedited arbitration proceeding before a SAM's arbitrator.

## ARGUMENT

**Part I. Consistent with Strong Public Policy, Federal Law Mandates Confidentiality of Documents and Communications in Alternative Dispute Resolutions.**

Denying the Plaintiff's Motion to Compel Arbitrator Scheinman to disclose the confidential documents is supported by the well-established case law and a strong public policy.

Arbitrators are required to maintain the confidentiality of all arbitration proceedings.[1] The Alternative Dispute Resolution Act, 28 U.S.C. § 652, on its face, instructs federal district courts to adopt local rules to apply confidentiality in their dispute resolution programs.[2] Importantly, courts have been instructed to "provide for the confidentiality of the alternative dispute resolution processes and *prohibit disclosure of confidential dispute resolution communications*." 28 U.S.C. § 652(d); (Emphasis added).

To that end, the Second Circuit in *Teligent* made this point clear in their opinion, explaining that "[c]onfidentiality is an important feature of the mediation and other alternative dispute resolution processes." See, e.g. *In re Teligent*, 640 F.3d 53 (2d Cir. 2011); *Bernard v. Galen Group, Inc.*, 901 F. Supp. 778 at *57* (S.D.N.Y. 1995). Moreover, the *Teligent* court "vigorously enforce the confidentiality provisions of [their] own alternative dispute resolution . . . because [the court] believe[s] that *confidentiality is 'essential.'*" *Id.* at 58; (Emphasis added). The Court explained that "if participants cannot rely on the confidential treatment of everything that transpires during [mediations] then counsel of necessity will feel constrained to conduct themselves in a cautious, tight-lipped, non-committal manner more suitable to poker players in a high-stakes game than to adversaries attempting to arrive at a just resolution of a civil dispute." Supra, *Bernard v. Galen Grp.*, 901 F. Supp. 778, 784 (S.D.N.Y. 1995) (citing *Lake Utopia Paper Ltd. v. Connelly Containers, Inc.*, 608 F.2d 928, 930 (2nd Cir. 1979). The state and federal courts of this jurisdiction have held that New York's pervasive public policy of endorsing and enforcing the confidentiality of alternative dispute resolution procedures, and protecting the neutral from discovery can scarcely be debated. *Id.* Our ADR system would cease its important role in dispute

---

[1] Rule 23 of the American Arbitration Association (AAA) provides "[t]he arbitrator and the AAA shall maintain the privacy of the hearings unless the law provides otherwise."
[2] Private Arbitration companies, like our client, are encompassed under the ADRA. *See* 5 U.S.C. § 573(a) and (e).

resolution in the absence of court-enforced confidentiality. In other words, the breach of confidentiality, either by testimony or by producing documents, *threatens the integrity of the ADR system*.

**Part II. Arbitrators Cannot Be Subject to Any Subsequent Discovery Absent Evidence Showing Arbitral Bias or Misconduct.**

Plaintiff has not demonstrated any evidence of bias, misconduct, or impartiality of SAMS' arbitrator, as require by the law—the subpoenas are not warranted by the existing law and should be quashed.

Federal courts have held that an arbitrator cannot be subject to a deposition, an interrogatory, or a subpoena duces tecum absent a showing of arbitral bias. "In the context of a claim of arbitral bias, the court may insist that the challenging party proofer some evidence of arguable misconduct before permitting discovery, particularly if it is addressed to the arbitrator." *Nat'l Hockey League Players' Ass'n v. Bettman*, 93 Civ. 5769 (KMW), 1994 U.S. Dist. LEXIS 1160 (S.D.N.Y. Feb. 4, 1994) (citing *Lyeth v. Chrysler Corp.,* 929 F.2d at 899; *Andros Compania Maritima, S.A. v. Marc Rich & Co., A.G.*, 579 F.2d 691 (2d Cir. 1978) (S.D.N.Y. 1991). Federal courts have ruled that, [s]imilar to judicial immunity, . . . a party may not depose an arbitrator in order to inquire into the basis, reasoning or thought processes that led to the decision*". Id.* The Second Circuit has held party opposing the confirmation of arbitration award not entitled to depose an individual arbitrator <u>absent clear evidence of any impropriety or bias</u>. *See Lyeth v. Chrysler Corp.*, 929 F.2d 891, 899 (2d Cir. 1991).

Here, Plaintiff has not proffered any evidence of arguable bias or misconduct and therefore is barred from serving a Subpoena Duces Tecum and Subpoena Ad Testificandum seeking the deposition testimony of Arbitrator Scheinman. Any alleged discrepancy with the number of vaccine mandate exemptions granted based upon religious reasons provided by SAMS versus the defendant NYCDOE is on the part of the defendant and can be explored during documentary and testimonial discovery of the defendant. Plaintiff cannot bootstrap the basis for her subpoenas by highlighting the defendant's seemingly inconsistent statement with the one of the arbitrator in question. Plaintiff proffers no concrete evidence to show any arbitral bias, whatsoever.

**Part III. Demands for Documents are Overly Broad, Unduly Burdensome, Inapplicable to the Arbitration in Question, or Not Retained and Therefore Arbitrator Scheinman Plaintiff's Subpoena.**

The demands as delineated in the subject subpoenas are overbroad, inapplicable, or seeking documents that are not retained in the usual course of business by arbitrators in general and specifically by SAMS.

In that context, FRCP Rule 45(d)(3)(A)(iii) directs a court to quash a subpoena that subjects a person to undue burden. Plaintiff's requests are not proportional to the needs of the action in question. To demand the production of "*all* documents and things" concerning communications, documents, emails, and many other items would permit Plaintiff' "to roam in the shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so." *Palumbo v. Shulman*, 97 Civ. 4314 (JGK)(KNF), 1998 U.S. Dist. LEXIS 11467 (S.D.N.Y. July 24, 1998) (granting motion for a protective order in connection with discovery of non-parties).

Plaintiff's Subpoenas subject Arbitrator Scheinman to this undue burden.

3

Moreover, any demands pertaining to the granting or denying the *accommodations* are inapplicable here as SAMS and its arbitrators were not involved in presiding and issuing awards on accommodations. The arbitration process was specifically limited to the granted of an exemption based on religious or medical reasons.

Further, consistent with the confidentiality of the ADR proceedings, and in the usual custom and practice of arbitrators and mediators in the State of New York, the documents pertaining to the arbitration award at issue were either solely accessible on the NYCDOE portal or otherwise not retained by SAMS after the arbitration had concluded. As is SAMS' general practice, once Arbitrator renders an award, the documents relating to the arbitration proceeding are removed from the computer system. As a result, the documents relating to this particular individual are no longer accessible on SAMS' portal.

Accordingly, upon a review of SAMS's records, SAMS do not possess any documents responsive to the demands except for some internal invoicing and payments, none of which are subject to disclosure. (See Exhibit "A").

Based on the well-established public policy, the applicable decisional law and the statutory provisions, mediations and arbitrations are confidential proceedings. No documents are subject to disclosure by a mediator or an arbitrator absent a showing of evidence of bias or misconduct. Plaintiff here has made no such showing. For the foregoing reasons, Arbitrator Scheinman is respectfully requesting that the Court denies the Plaintiff's Motion for Contempt and Motion to Compel and quash the Subpoena Ad Testificandum and Subpoena Deuces Tecum as to Arbitrator Scheinman.

Thank you for your time and consideration.

Respectfully Submitted,

*Karolina Wiaderna*
Karolina Wiaderna

cc:   Attorneys of Record (by ECF)