UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x   DOCKET NO.: 20-CV-07553

LORRAINE MASCIARELLI,

                           Plaintiff,

   -against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

                          Defendants.

------------------------------------------------------------------- x

AFFIDAVIT OF
MARTIN F. SCHEINMAN

STATE OF NEW YORK    )
                                  ) :ss
COUNTY OF NASSAU     )

MARTIN SCHEINMAN, being duly sworn, hereby deposes and says:

1. I am over the age of 18, and I am a resident of the State of New York.

2. I am a nonparty to the above-mentioned action.

3. I am fully familiar with the facts and circumstances set forth herein.

4. I have been a full time arbitrator and mediator since 1979. In that capacity I have decided or helped resolve over 20,000 disputes.

5. I am a member of the National Academy of Arbitrators.

6. I am the Founder of Scheinman Arbitration and Mediation Services (hereinafter "SAMS").

7. This Affidavit is submitted in support of SAMS's opposition to the Plaintiff's Motion for Contempt and Motion to Compel Subpoenas.

8. On August 23, 2021, the Mayor of the City of New York and the New York City Commissioner of Health and Mental Hygiene announced a policy whereby all employees were

required to submit proof they started the COVID vaccine protocol by September 27, 2021. If they failed to submit such proof they would not have been allowed onto the Department of Education premises.

9. In response thereto, the UFT demanded that the City and the Department of Education bargain the impact and implementation of the Vaccine Only Mandate.

10. The UFT then filed a Declaration of Impasse with the New York Public Employment Relations Board (PERB).

11. I was then duly appointed to serve as the mediator in an attempt to resolve the dispute.

12. I conducted mediation sessions on September 2, 3, 4 and 5, 2021.

13. By agreement of the parties I was asked to serve as the arbitrator concerning this dispute.

14. On September 10, 2021, I issued my Opinion and Award which was final and binding on the parties.

15. My Award set forth the parameters for an appeal process regarding Department of Education employees who applied for an exemption from the COVID Vaccine Only mandate based on religious and medical reasons.

16. The appeal process culminated in an expedited arbitration proceeding before a SAMS arbitrator.

17. I was served with a Subpoena Duces Tecum and Subpoena Ad Testificandum.

18. Plaintiff's counsel consented to the adjournment of my opposition until August 2, 2024. This Court So-Ordered the request for adjournment on July 24, 2024.

19. Based on the well-established public policy, the applicable decisional law and

the statutory provisions, mediations and arbitrations are confidential proceedings. No documents are subject to disclosure by a mediator or an arbitrator absent a showing of evidence of bias or misconduct.

20. With that said, the demands as delineated in the subject subpoenas are overbroad, inapplicable, or seeking documents that are not retained in the usual course of business by arbitrators in general and specifically by SAMS. Specifically, any demands pertaining to the granting or denying requests for *accommodations* are inapplicable here as SAMS and its arbitrators were not involved in presiding and issuing awards concerning accommodations. The arbitration process was specifically limited to the granted of an exemption based on religious or medical reasons. Further, consistent with the confidentiality of the ADR proceedings, and in the usual custom and practice of arbitrators and mediators in the State of New York, the documents pertaining to the arbitration award at issue were either solely accessible on the NYCDOE portal or otherwise not retained by SAMS after the arbitration had concluded. As is my general practice, once I render an award, the documents relating to the arbitration proceeding are removed from our computer system. As a result, the documents relating to this particular individual are no longer accessible on SAMS' portal.

21. Accordingly, upon a review of SAMS' records, SAMS do not possess any documents responsive to the demands except for some internal invoicing and payments, none of which are subject to disclosure.

22. Plaintiff here has not demonstrated any evidence if bias, misconduct, or impartiality of SAMS' arbitrator, as require by the law, and the subpoenas are not warranted by the existing law and should be quashed.

Dated: August 2, 2024

_____
MARTIN F. SCHEINMAN

On the 2 day of August, 2024, before me personally came MARTIN F. SCHEINMAN, to me known, and known to me to be the same person described in and who executed the foregoing affidavit and acknowledged to me that (s)he executed the same.

_____
NOTARY PUBLIC

DANA W GOLDTHWAITE
NOTARY PUBLIC-STATE OF NEW YORK
No. 01GO6436421
Qualified in Nassau County
My Commission Expires 07-18-2026