

| MURIEL GOODE-TRUFANT<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | ANDREA M. MARTIN<br>*Assistant Corporation Counsel*<br>Labor & Employment Law Division<br>phone: 212-356-3549<br>andmarti@law.nyc.gov |

May 1, 2025

Magistrate Judge Vera Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re: *Masciarelli v. New York City Department of Education*
       No. 22-cv-7553

Dear Judge Scanlon:

  I am an Assistant Corporation Counsel in the Office of Murial Goode-Trufant, Corporation Counsel for the City of New York, assigned to represent Defendant in the above-referenced action. I write to respectfully alert the Court to a breach of the March 1, 2024 entered Protective Order (ECF No. 42) governing confidentiality in the above-captioned matter.

  Specifically, on April 15, 2025, Plaintiff's counsel publicly disclosed testimony from the deposition of Rule 30(b)(6) witness Katherine Rodi, which had been designated as "Confidential" under the Protective Order. Pursuant to Paragraph 5 of the Protective Order, "during the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it is designated as Confidential." This provision was expressly designed to ensure that the parties have a fair opportunity to review and designate testimony prior to any public disclosure.

  Contrary to this Court-ordered provision, on April 15, 2025 – just 21 days after the deposition of 30(b)(6) witness Katherine Rodi, and only **one** day after Plaintiff's counsel provided Defendant the deposition transcript for review – Plaintiff's counsel discussed the substance of the testimony on a publicly-accessible video podcast. *See* **Firsthand,** *I Couldn't Believe What I Was Hearing*, SUBSTACK (Apr. 26, 2024), https://firsthandmedia.substack.com/p/i-couldnt-believe-what-i-was-hearing. More troublingly, Plaintiff's counsel provided the entire deposition transcript to the podcaster, which was made available to download, and resulted in its public dissemination, in clear violation of the binding 30-day confidentiality window imposed by the Protective Order.

  This conduct constitutes a direct and material breach of the Court's Protective Order and violates Federal Rule of Civil Procedure 26(c), which governs the use and protection of confidential discovery material.

Defendant respectfully requests that the Court:

1. Direct Plaintiff's counsel to immediately refrain from any further dissemination of the confidential transcript or testimony, or of any material deemed confidential under the Protective Order; and,

2. Order the withdrawal of the deposition transcript from any party with whom it was shared, and removal from any public platform to which it was provided.

This Office is prepared to submit, under seal, a transcript of the podcast and relevant excerpts of the podcast at the Court's request.

Sincerely,

*/s/ Andrea M. Martin*

Andrea M. Martin
Assistant Corporation Counsel