# THE SCHER LAW FIRM, LLP

600 OLD COUNTRY ROAD, SUITE 440
GARDEN CITY, NY 11530

MARTIN H. SCHER*
JONATHAN L. SCHER**

AUSTIN R. GRAFF*

TEL: 516-746-5040

FAX: 516-746-5043

W. SCOTT KERSHAW
COUNSEL
MICHAEL SCHILLINGER
COUNSEL
ROLAND P. BRINT
COUNSEL
ADAM GANG
COUNSEL

ROBERT S. NAYBERG
(1959-2012)

* Also Admitted in District of Columbia
* Also Admitted in New Jersey

May 2, 2025

**BY ECF**
Hon. Vera M. Scanlon, U.S.M.J.
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    Masciarelli v. New York City Department of Education
               E.D.N.Y. Docket No. 22-cv-7553

Dear Magistrate Judge Scanlon:

      This law firm represents the Plaintiff in the above-referenced Action. This letter shall serve as the Plaintiff's response to the letter dated May 1, 2025 submitted by the Defendant New York City Department of Education ("NYCDOE") relating to the disclosure of the deposition transcript of the NYCDOE's 30(b)(6) witness, Katherine Rodi ("Rodi"). *See,* Docket Entry No. 70.

      First, I want to apologize to the Court and to the NYCDOE for the disclosure of the Rodi deposition transcript.

      Consistent with the NYCDOE's requested relief, I will refrain from any further dissemination of the deposition transcript until the thirty days have expired (which is May 14, 2025 (30 days from April 14, 2025)) and keep confidential any portion of the deposition transcript that the NYCDOE identifies as confidential under the Protective Order, so long as there is basis for it be confidential.

      Additionally, I have asked all parties with whom I shared the deposition transcript to return it to me and I have asked the Podscaster to take down the podcast addressed in the NYCDOE's letter to the Court.

      Again, I apologize for disclosing the transcript.

      Second, the NYCDOE's motion should be denied because, despite having a telephone conversation at 4:00 p.m. on April 30, 2025 to address a discovery dispute that will be the subject of a discovery motion by the Plaintiff, the NYCDOE never discussed the subject matter of its May 1, 2025 letter, filed at 8:56 a.m. The NYCDOE did not meet and confer regarding the issues raised by the letter. If the NYCDOE had addressed the issue directly with me on the meet and confer just hours before filing the letter to the Court, I would have taken the same steps described above, but without the need for judicial intervention.

Hon. Vera M. Scanlon, U.S.M.J.
United States District Court, Eastern District of New York
May 2, 2025
Page 2 of 2

While the NYCDOE's failure to meet and confer regarding the issue before seeking judicial intervention does not change the fact that the deposition transcript was disclosed, it highlights the fact that, as will be discussed in the Plaintiff's motion to compel discovery, a level of bad faith and gamesmanship being played by the NYCDOE during the course of this litigation.

Again, on behalf of myself and the Plaintiff I apologize for disclosing the deposition transcript before the thirty-day expiration period in the Protective Order and I have taken steps to withdraw the deposition transcript from those with whom it was shared.

Thank you for your courtesies.

Respectfully submitted,

THE SCHER LAW FIRM, LLP
Attorneys for Plaintiff

Austin Graff

ARG;ms
Encs.
cc:  Attorneys of Record (by ECF)