# THE SCHER LAW FIRM, LLP

600 OLD COUNTRY ROAD, SUITE 440
GARDEN CITY, NY 11530

MARTIN H. SCHER*

JONATHAN L. SCHER**

AUSTIN R. GRAFF*

TEL: 516-746-5040

FAX: 516-746-5043

W. SCOTT KERSHAW
COUNSEL

MICHAEL SCHILLINGER
COUNSEL

ROLAND P. BRINT
COUNSEL

ADAM GANG
COUNSEL

ROBERT S. NAYBERG
(1959-2012)

* Also Admitted in District of Columbia
* Also Admitted in New Jersey

May 2, 2025

**BY ECF**
Hon. Vera M. Scanlon, U.S.M.J.
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: Masciarelli v. New York City Department of Education
         E.D.N.Y. Docket No. 22-cv-7553

Dear Magistrate Judge Scanlon:

  This law firm represents the Plaintiff in the above-referenced Action. This letter shall serve as the Plaintiff's Motion to Compel the Defendant New York City Department of Education ("NYCDOE") pursuant to FRCP Rule 37(a)(3)(A). The parties held a meet and confer telephone call on April 30, 2025 in attempt to resolve the discovery dispute, which was unsuccessful.

  The Plaintiff is a former teacher for the NYCDOE who was terminated when she was denied a religious accommodation from the COVID-19 vaccine mandate.

  The parties have a discovery dispute regarding whether the NYCDOE must disclose: (a) Scheinman Arbitration and Mediation Service ("SAMS") decisions that granted certain NYCDOE employees religious exemptions to the COVID-19 vaccine mandate (*see,* **Exhibit A,** a copy of the Plaintiff's Third Request for Production Pursuant to FRCP 34 Upon Defendant, at Demand Numbered 1); and (b) decisions of the City of New York Reasonable Accommodation Appeals Panel ("Appeals Panel") granting certain NYCDOE employees religious exemptions to the COVID-19 vaccine mandate. *See,* **Exhibit A,** at Demand Numbered 2. The NYCDOE has objected to disclosing the documents. *See,* **Exhibit B,** a copy of the NYCDOE's Responses and Objections to Plaintiff's Third Requests for Production, at Responses.

  For the reasons argued in this letter Motion, the NYCDOE should be compelled to disclose the demanded documents.

  **A.** **SAMS Arbitration Awards**

  The Plaintiff demanded the SAMS arbitration decisions granting certain NYCDOE employees religious exemptions to the COVID-19 vaccine mandate. To avoid the disclosure of any personal identifiable information concerning the NYCDOE employees who were granted exemptions by SAMS, the Plaintiff limited the disclosure to: (1) the identity of the arbitrator; and

(2) the reasoning given by the arbitrator for the grant of the exemption and the Plaintiff stated that the NYCDOE "may redact the employee's name who was granted the exemption and all other personal identifiable information concerning the employee." **Exhibit A**, at Demand Numbered 1.

SAMS arbitrators' decisions are nonprivileged matter[1] that is relevant to the Plaintiff's claim and proportional to the needs of the case.

First, SAMS arbitrators' decisions will resolve a conflict in the NYCDOE's own disclosure in this Action. In one discovery response, the NYCDOE has disclosed that only 145 individuals were granted religious exemptions. The NYCDOE has also stated in their Interrogatory responses that there were "3,186 employees [who] applied for a religious exemption and 146 of those individuals had their exemptions approved." Docket Entry No. 44-5, at Objections and Response to Interrogatory No. 9. To make matters even more confusing, in communications with SAMS, SAMS stated that "SAMS arbitrators granted 164 COVID exemptions based on religious reasons." Docket Entry No. 53-7.

Since disclosure in this Action has revealed that the NYCDOE did not grant any religious exemptions and all exemptions came as a result of SAMS arbitration awards, this discrepancy makes the redacted SAMS arbitration awards relevant. Were 145 or 146 people granted exemptions or is it 164? Only the NYCDOE has access to the relevant information. The redacted SAMS arbitration awards will be definitive with respect to the number of exemptions actually granted and also will confirm whether the NYCDOE's material disclosure that only 145 (or 146) people were granted religious exemptions is correct or whether SAMS communication that it granted 164 exemptions is correct. *Compare*, Docket Entry No. 44-5, at Objections and Response to Interrogatory No. 9 *with* Docket Entry No. 53-7.

Second, as the District Court held: "Although the identities of other employees who were granted a religious accommodation are minimally relevant (if relevant at all), the Department's denial of other religious accommodation requests would be relevant to understanding whether NYCDOE had a *bona fide* undue hardship reason to deny Masciarelli's request." Docket Entry No. 65, at page 10 (emphasis in original).

The Plaintiff's demand for copies of redacted SAMS appeals is the flip side of what the District Court described as relevant. Instead of learning who was denied it is learning why religious exemptions were granted. Did the SAMS arbitrators who granted religious accommodations determine that the NYCDOE did not have a bona fide undue hardship in a particular situation? The answer to that question could reveal whether the NYCDOE had an undue hardship to deny the Plaintiff's request for a religious accommodation. Accordingly, the NYCDOE should be compelled to disclose the redacted SAMS arbitration awards.

---

[1] The NYCDOE does not assert any privilege in its objections to disclosing the SAMS arbitration decisions nor the Appeal Panels decisions. *See*, **Exhibit B**.

### B. Appeals Panel Decisions

The Plaintiff has also sought Appeals Panel decisions granting NYCDOE employees religious exemptions to the COVID-19 vaccine mandate. *See,* **Exhibit A**, at Demand Numbered 2. Just like with respect to SAMS decisions, the Plaintiff limited the disclosure to: (1) the identity of the appeal panel member's name that granted the exemption (to the extent that was included in the decision); and (2) any reasoning given by the Appeal Panel for the grant of the exemption and the Plaintiff stated that the NYCDOE "may redact the employee's name who was granted the exemption and all other personal identifiable information concerning the employee." **Exhibit A**, at Demand Numbered 2.

The NYCDOE's 30(b)(6) witness testified that the Appeals Panel granted religious exemptions to NYCDOE employees.

Just like the SAMS arbitration awards the Appeals Panel's decisions are relevant to the Plaintiff's claim. The Plaintiff should be able to discover whether the Appeals Panel determined that the NYCDOE did not have an undue hardship to deny individuals exemptions, which "would be relevant to understanding whether NYCDOE had a *bona fide* undue hardship reason to deny Masciarelli's request." Docket Entry No. 65, at page 10. Accordingly, the Court should compel the NYCDOE to disclose redacted Appeals Panel decisions.

### C. NYCDOE's Objections To Disclosures

The NYCDOE's objections to the disclosure of SAMS arbitration awards and Appeals Panel decisions are similar to the objections the District Court rejected in the Court's Rule 72 appeal decision.

First, the NYCDOE objects because "the demand improperly seeks information pertaining to non-parties in this action." **Exhibit B**, at Response No. 1; Response No. 2. The District Court rejected that argument and held "Defendant's concern that the request seeks 'information from individuals who are not parties to this litigation' is not persuasive (Def. App. Mot. 10). First, such boilerplate objections are meaningless and do not suffice to bar discovery." Docket Entry No. 65, at page 11.

Second, the NYCDOE objects because "the information sought bears no relevance to Plaintiff's sole surviving claim – namely, whether granting Plaintiff an exemption to the Covid-19 vaccine mandate applicable to employees of the DOE would have been an undue hardship for Defendant DOE." **Exhibit B**, at Response No. 1; Response No. 2. The District Court rejected that argument and specifically held that "the Department's denial of other religious accommodation requests would be relevant to understanding whether NYCDOE had a *bona fide* undue hardship reason to deny Masciarelli's request." Docket Entry No. 65, at page 10 (emphasis in original). Information about those who were granted religious accommodations is as relevant as who were denied accommodations because if the NYCDOE did not have an undue hardship with respect to

others, it is plausible that the NYCDOE did not have an undue hardship with respect to the Plaintiff.

Third, the NYCDOE objects because the "demand is harassing and burdensome." **Exhibit B**, at Response No. 1; Response No. 2. The District Court stated that creating the list of over 3,000 employees was not unduly burdensome. *See,* Docket Entry No. 65, at page 11. Similarly, redacting 145 pages of documents (the purported number of grants of exemptions) is not unduly burdensome in light of the District Court's finding of relevancy regarding information who were denied exemptions. *See,* Docket Entry No. 65, at page 10. The documents sought are the flip-side of those who were denied; it is information about who were granted religious exemptions and why.

Fourth, the NYCDOE objects because "the Court has already ruled that the identities and individual decisions regarding non-parties are to remain anonymous." **Exhibit B**, at Response No. 1; Response No. 2. The Plaintiff agrees that the identities should remain anonymous and consistent with the Court's prior decision authorized and permitted the NYCDOE to "redact the employee's name who was granted the exemption and all other personal identifiable information concerning that employee." **Exhibit A**, at Demand No. 1; Demand No. 2. The NYCDOE's final objection is cured by the Plaintiff's own demand.

Accordingly, the NYCDOE should be compelled to disclose redacted SAMS arbitration awards granting religious accommodations to NYCDOE employees.

Thank you for your courtesies.

Respectfully submitted,

THE SCHER LAW FIRM, LLP
*Attorneys for Plaintiff*

Austin Graff

ARG;ms
Encs.
cc: Attorneys of Record (by ECF)