

**MURIEL GOODE-TRUFANT**
*Corporation Counsel*

### THE CITY OF NEW YORK
### LAW DEPARTMENT
### 100 CHURCH STREET
### NEW YORK, NY 10007

**ANDREA M. MARTIN**
*Assistant Corporation Counsel*
Labor & Employment Law Division
phone: 212-356-3549
andmarti@law.nyc.gov

May 2, 2025

Magistrate Judge Vera Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:    *Masciarelli v. New York City Department of Education*
No. 22-cv-7553

Dear Judge Scanlon:

I am an Assistant Corporation Counsel in the Office of Murial Goode-Trufant, Corporation Counsel for the City of New York, assigned to represent Defendant in the above-referenced action. I write to respectfully reply to Plaintiff's letter to the Court (ECF No. 72), wherein Plaintiff's counsel addresses his breach of the Protective Order in this matter, and to request an in-person conference with the Court to discuss same.

In Defendant's letter to the Court dated May 1, 2025, Defendant informed the Court that on April 14, 2025, Plaintiff's counsel provided Defendant with the transcript of Defendant's Rule 30(b)(6) witness, Katherine Rodi, which is designated confidential pursuant to the Protective Order, and that in a podcast episode dated April 15, 2025, Plaintiff's counsel discussed the substance of the testimony on a publicly-accessible video podcast. ECF No. 70. In the brief time since Defendant's May 1, 2025 letter was filed with the Court, it has become clear that the deposition transcript was made available to the same podcaster on April 14, 2025, and was published online as a download on the same day. Plaintiff's counsel's conduct is a clear violation of the Protective Order and demonstrates a blatant disregard for this Court's authority and the rules governing discovery in federal litigation.

It is important to note that Defendant did not become aware of this breach of the Protective Order until April 30, 2025 — a full sixteen (16) days after Plaintiff's counsel shared the transcript with the podcaster and the transcript was made publicly available, and fifteen (15) days after Plaintiff's counsel engaged in an in-depth, thirty-six minute long discussion of the deposition in a video podcast. Defendant was unable to timely take remedial action, and as a result, the transcript and video podcast were more broadly disseminated.

This conduct has not only prejudiced Defendant but also compromises the integrity of the discovery process in this case. Though Plaintiff's counsel purports to take a conciliatory tone, his attempt to deflect his improper conduct by, at the same time, accusing Defendants of "bad faith" and "gamesmanship" (ECF No. 72) should not be countenanced by this Court.

Plaintiff's counsel is correct that on April 30, 2025, the parties participated in a meet and confer to discuss Defendant's objections to Plaintiff's latest discovery demands. It was not until late on the same day that the undersigned, during a discussion with another attorney in this Office, was made aware that the deposition transcript had been made public because it had been referenced by a plaintiff during an oral argument in a separate proceeding in Kings County Supreme Court. This made clear the severity and alarming nature of the breach of the Protective Order. Therefore, Defendant respectfully request that the Court schedule an in-person conference to discuss this matter so that Defendant may further elaborate before the Court at the appropriate time.

This Office remains prepared to submit relevant excerpts of the podcast and other communications under seal at the Court's request.

Sincerely,

/s/ Andrea M. Martin

Andrea M. Martin
Assistant Corporation Counsel