

| | | |
|---|---|---|
| **MURIEL GOODE-TRUFANT**<br>*Corporation Counsel* | **THE CITY OF NEW YORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | Andrea M. Martin<br>*Assistant Corporation Counsel*<br>Telephone: (212) 356-3549<br>E-mail: andmarti@law.nyc.gov<br>*Email not for service* |

May 12, 2025

**VIA ECF**
Magistrate Judge Vera Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:   <u>Masciarelli v. New York City Department of Education</u>
                No. 22-Cv-7553

Dear Magistrate Judge Scanlon:

     I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel for the City of New York, and attorney for Defendant in the above-referenced action. In accordance with Local Civil Rule 37.3(c), I write in opposition to Plaintiff's motion to compel Defendant to produce confidential documents that, notably, have already been the subject of prior motion practice, and have already been ruled on by the Court.[1] Plaintiff's motion is not only untimely, but it also squarely falls within the law of the case doctrine, which bars relitigation of matters already resolved. For the reasons set forth below, Plaintiff's motion to compel should be denied in its entirety.

     **A. Plaintiff's Motion to Compel is Untimely and Evidences an Intentional Effort to Delay this Case**

     Plaintiff's latest motion to compel is untimely and should be denied on that basis alone. *See* ECF Dkt No. 73. Plaintiff's motion was filed a mere twenty (20) days before the close of discovery, despite Plaintiff having had ample time and opportunity to raise any purported discovery deficiencies at an earlier time. Courts routinely deny motions to compel that are filed late in the discovery period, especially where, as here, the movant has failed to act with diligence.

---

[1] On May 8, 2025, pursuant to the Court's May 5, 2025 Order, the parties met and conferred for approximately thirty minutes in an effort to resolve the issues raised in Plaintiff's current motion. During that discussion, the parties agreed that the undersigned would confirm with its client whether the individual SAMS awards contained the information Plaintiff seeks in her current motion. On May 9, 2025, the undersigned advised Plaintiff's counsel via e-mail that the individual SAMS awards do not, in fact, contain the information Plaintiff seeks. As of the date of this filing, the undersigned has received no response from Plaintiff's counsel. Accordingly, Defendant proceeds with this opposition in a timely manner.

*See Bhatt v Lalit Patel Physician P.C.*, 2023 US Dist LEXIS 63554 [EDNY Apr. 11, 2023, No. 18-CV-2063-DLI-SJB]). Plaintiff's delay is not justified, and her consistent last-minute requests for additional discovery suggest a pattern of bad-faith tactics intended to stall progress and burden Defendant. Defendant completed its discovery obligations nearly one year ago, further underscoring the absence of any justification for this delay. Because Plaintiff's request is untimely, Plaintiff's motion should be denied.

### B. Plaintiff Has Already Moved to Compel the Identical Discovery She Seeks Here, and Her Request Has Already Been Denied

Here, Plaintiff seeks the identical information she previously attempted – and failed – to obtain through a motion to compel directed at a third party, Scheinman Arbitrations and Mediation Services ("SAMS"), who is not a defendant in this action. ECF Dkt No. 53. Plaintiff now attempts to circumvent the Court's earlier denial of her request for that information by improperly redirecting the same discovery requests to Defendant, despite being aware that the documents she requests are not in Defendant's possession, custody, or control. As Plaintiff is aware, SAMS is a separate and independent party, and Defendant has no legal obligation or ability to produce materials maintained by that entity.

Most relevant here is that Plaintiff already sought to compel this information in a prior motion (hereinafter, "SAMS Motion"), and the Court denied Plaintiff's request. *See* ECF Dkt No. 53. The SAMS motion sought the same confidential decisions Plaintiff seeks here, based on the same erroneous reasoning of an alleged numerical discrepancy. *See id*. Crucially, the SAMS motion was denied in its entirety on August 6, 2024 by Magistrate Judge Bulsara. *See* ECF Minute Entry and Order dated August 6, 2024. In denying Plaintiff's motion, Magistrate Judge Bulsara noted that Plaintiff failed to show any evidence of impropriety, and is simply acting in "what amounts to a fishing expedition based upon the hope that evidence either in the form of testimony or documents or exhibits would be helpful to prosecute the plaintiff's case here." *See* ECF Dkt No. 60, Transcript of Proceedings, 8:2-10.

In denying the SAMS Motion, Magistrate Judge Bulsara also emphasized that the documents sought then, and being sought again now, are confidential. *See id*. at 8:16-22 ("either the mediation or the arbitration or both were conducted pursuant to a confidentiality agreement."). To reinforce this point, Magistrate Judge Bulsara cited to and quoted the Second Circuit's decision *In Re Teligent, Inc*., 640 F.3d 53 (2d. Cir 2011), stating "a party seeking disclosures confidential mediation communications must demonstrate one, a special need for the confidential material; two, resulting in fairness from a lack of discovery; and three, the need for the evidence outweighs the interest in maintaining confidentiality. All three factors are necessary to warrant disclosure of otherwise non-discoverable documents." *See id.* at 9:2-9. Magistrate Judge Bulsara concluded his decision to deny Plaintiff's motion to compel, holding, "those standards aren't even articulated in the motion, let alone met, and that's an independent basis to deny the motion to compel." *See id.* at 9:10-15.

Thus, for the reasons already articulated by Magistrate Judge Bulsara in his August 6, 2024 Order, Plaintiff's renewed attempt to obtain the same confidential materials should be denied once again. Plaintiff's continued pursuit of this irrelevant and protected information – despite a prior ruling directly addressing and rejecting her request – constitutes harassment. The Court has already ruled on this issue, and Plaintiff should not be permitted to relitigate it under a different guise. *See*

*United States v. Quintieri*, 306 F.3d 1217, 1225 (2d Cir. 2002) (The law of the case doctrine commands that "when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case" unless "cogent and compelling reasons militate otherwise.")

### C. Plaintiff is Improperly Seeking Appeals Panel Decisions

While Plaintiff now attempts to distinguish her request from the SAMS Motion by also seeking confidential documents from the Citywide Appeals Panel, the nature of the information Plaintiff demands remains the same – and it remains improper. Plaintiff seeks personal and confidential information relating to non-parties to this litigation, and such information cannot and should not be produced. Plaintiff herself acknowledges the overlap between this request and her prior attempt to obtain the same type of information from SAMS, further confirming that her current motion is merely another attempt to relitigate a motion that the Court has already denied. *See* ECF Dkt No. 73.

As set forth above, Magistrate Judge Bulsara correctly denied Plaintiff's motion to compel this information because it is confidential and amounted to a fishing expedition. *See* ECF Dkt No. 60, Transcript of Proceedings, 8:2-10. That same rationale applies with full force here. Plaintiff's transparent attempt to compel the same documents from a different source does not make her request any more valid, and does not change the simple fact that the information she seeks is confidential to non-parties, and is irrelevant to her sole remaining claims. Plaintiff's request is improper, invasive, and legally deficient under the law of the case doctrine.

Accordingly, for the reasons set forth above, Plaintiff's motion to compel should be denied in its entirety.

Respectfully Submitted,<br>
s/Andrea M. Martin<br>
Assistant Corporation Counsel

cc:   Counsel of Record (via ECF)