

| | | |
|---|---|---|
| **MURIEL GOODE-TRUFANT**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | Andrea M. Martin<br>*Assistant Corporation Counsel*<br>Telephone: (212) 356-3549<br>E-mail: andmarti@law.nyc.gov<br>*Email not for service* |

November 18, 2025

**VIA ECF**
Magistrate Judge Vera Scanlon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

     Re: <u>Masciarelli v. New York City Department of Education</u>
       No. 22-Cv-7553

Dear Magistrate Judge Scanlon:

  We represent Defendant New York City Department of Education ("DOE" or "Defendant") in the above-referenced action. In accordance with the Court's Order dated November 17, 2025 (ECF Dkt No. 75), Defendant respectfully submits this letter to provide additional context and address the points raised in the Court's October 15, 2025 Order prior to the November 20, 2025 oral argument concerning Plaintiff's motion to compel (ECF Dkt. No. 73). For the reasons set forth below, as well as in Defendant's opposition to Plaintiff's motion to compel (ECF Dkt. No. 75), the motion should be denied in its entirety.

  The Court's October 15, 2025 Order directed the parties to be prepared to discuss the following: (1) whether any of the private arbitration decisions are within Defendant's custody and control; (2) the impact that any confidentiality provisions involved in the private arbitrations have on Plaintiff's request; and (3) whether the Citywide Appeals Panel decisions are subject to any confidentiality agreements and, if so, the impact of those agreements on Plaintiff's request. Those points are addressed herein.

**1. The Private Arbitration Decisions Are Not Within Defendant's Exclusive Custody and Control**

  As a general matter, the private arbitration decisions Plaintiff seeks are not within Defendant's exclusive custody or control. These decisions were issued in confidential proceedings governed by independent arbitration agreements between the City of New York (the "City") and Scheinman Arbitrations and Mediation Services ("SAMS"), a non-party to this case. Defendant does not possess, maintain, or control the entirety of those records. SAMS occasionally, but not

consistently, provided Defendant with its decisions to notify Defendant of results in certain discrete arbitrations. A party cannot be compelled to produce documents it neither controls nor has authority to access. See Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d 130 (2d Cir. 2007) ("[A] party is not obliged to produce . . . documents that it does not possess or cannot obtain.")

Applying that standard here, Defendant should not be compelled to produce the SAMS arbitration decisions not within its exclusive custody and control.

### 2. Judge Bulsara Already Determined That The Private Arbitration Decisions Must Remain Confidential

Even if the private arbitration decisions were in Defendant's custody and control, Plaintiff's motion must be rejected because well-established case law and strong public policy concerns dictate that those decisions must remain confidential. First, arbitrators are required to maintain the confidentiality of all arbitration proceedings.[1] The Alternative Dispute Resolution Act, 28 U.S.C. § 652, on its face, instructs federal district courts to adopt local rules to apply confidentiality in their dispute resolution programs. Importantly, courts have been instructed to "provide for the confidentiality of the alternative dispute resolution processes and prohibit disclosure of confidential dispute resolution communications." 28 U.S.C. § 652(d).

Second, Plaintif has already moved to compel non-party SAMS to produce the arbitration decisions, (ECF Dkt No. 53), and Judge Sanket J. Bulsara denied Plaintiff's motion in its entirety on August 6, 2024, ruling that the decisions are confidential and Plaintiff had not met her burden to compel their production. See ECF Minute Entry and Order dated August 6, 2024. Plaintiff's prior motion to compel sought the same confidential decisions Plaintiff seeks here, based on the same erroneous reasoning of an alleged numerical discrepancy. See ECF Dkt. No. 53. As such, the law of the case doctrine dictates that Plaintiff's renewed request should be denied. See United States v. Quintieri, 306 F.3d 1217, 1225 (2d Cir. 2002) (The law of the case doctrine commands that "when a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case" unless "cogent and compelling reasons militate otherwise.").

Courts in the Eastern District of New York, including Judge Bulsara in this matter, have previously held that the type of material being sought here, namely private arbitration decisions from a third party conducted pursuant to a confidentiality agreement, are routinely recognized as confidential and sensitive. "A party seeking disclosure of confidential mediation communications must demonstrate (1) a special need for the confidential material, (2) resulting unfairness from a lack of discovery, and (3) that the need for the evidence outweighs the interest in maintaining confidentiality." Savage & Assocs. P.C. v. K&L Gates LLP (In re Teligent, Inc.), 640 F.3d 53, 58 (2d Cir. 2011). "All three factors are necessary to warrant disclosure of otherwise non-discoverable documents." Id. In Teligent, the Second Circuit made this point clear, explaining that "[c]onfidentiality is an important feature of the mediation and other alternative dispute resolution processes." In re Teligent, 640 F.3d at 57; see also Bernard v. Galen Group, Inc., 901 F. Supp. 778 at 57 (S.D.N.Y. 1995). Moreover, the Teligent court "vigorously enforce[d] the confidentiality

---

[1] Rule 23 of the American Arbitration Association (AAA) states "[t]he arbitrator and the AAA shall maintain the privacy of the hearings unless the law provides otherwise."

provisions of [their] own alternative dispute resolution . . . because [the court] believe[s] that confidentiality is essential." Id. at 58 (internal citation omitted). The court explained that "if participants cannot rely on the confidential treatment of everything that transpires during [mediations] then counsel of necessity will feel constrained to conduct themselves in a cautious, tight-lipped, non-committal manner more suitable to poker players in a high-stakes game than to adversaries attempting to arrive at a just resolution of a civil dispute." Bernard, 901 F. Supp. at 784 (citing Lake Utopia Paper Ltd. v. Connelly Containers, Inc., 608 F.2d 928, 930 (2d Cir. 1979)). The state and federal courts of this jurisdiction have held that New York's pervasive public policy of endorsing and enforcing the confidentiality of alternative dispute resolution procedures, and protecting the neutral from discovery can scarcely be debated. Id.

In light of this well-established law, Judge Bulsara previously denied Plaintiff's motion to compel SAMS to produce the private arbitration decisions of non-parties to this litigation because such material is confidential and Plaintiff failed to meet the standards outlined by the Second Circuit in In re Teligent. See ECF Dkt No. 60, Transcript of Proceedings held on August 6, 2024 Specifically, Judge Bulsara determined that, "when seeking documents that have been made confidential and you are a third party, there's a separate and more exacting standard in order to get discovery of those documents…. those standards aren't even articulated in the motion, let alone met, and that's an independent basis to deny the motion to compel". See ECF Dkt No. 60, at 8-9. Accordingly, the Court should not disturb Judge Bulsara's prior finding and should instead preserve the integrity of the ADR system by maintaining the confidentiality protections that have long governed these materials.

### 3. The Citywide Panel Decisions Must Remain Confidential Pursuant to Law, Policy, and Practice

Plaintiff also seeks confidential documents from the Citywide Appeals Panel, also a non-party to this action. See ECF Dkt. No. 73. However, the City of New York mandates that agencies keep records related to all accommodation requests – including those reviewed by the Citywide Appeals Panel - confidential. See City of New York Reasonable Accommodation Procedural Guidelines 2024, attached hereto as Exhibit A at 30 ("All information, including a statement of the person requesting a reasonable accommodation or any other related documentation, record, and the fact that the individual has requested or obtained a reasonable accommodation, must be maintained as confidential records by the agency to the extent required by applicable federal, state, or local law.") This requirement applies not only to the initial agency-level review, but also to all subsequent stages of the accommodations process, including the Citywide Appeals Panel. As such, this directly addresses Your Honor's Point II regarding whether the Citywide Appeals Panel decisions are subject to any confidentiality agreements and, if so, the impact of those agreements on Plaintiff's request.

As the City's Reasonable Accommodation policy makes explicit, access to such information is strictly restricted. See Exhibit A at 30. Consistent with this mandate, the vaccine appeals database was intentionally designed so that the ability to access or download any data submitted by employees was severely restricted, reflecting the City's understanding that the entirety of these requests must be kept confidential and handled with heightened sensitivity. See id. To publicly disclose information surrounding DOE employees' accommodation requests would violate the City's own legally mandated confidentiality procedures and undermine the integrity of

3

the entire accommodation process, which depends on employees being assured that sensitive medical and religious information will be protected.

      In sum, both federal law, City policy and practice require that all reasonable accommodation requests submitted to City agencies be maintained as confidential. Thus, Defendant is not merely choosing to withhold private arbitration and Citywide Appeals Panel decisions, it is obligated to do so.

      Accordingly, for the reasons set forth above, Plaintiff's motion to compel should be denied in its entirety.

                      Respectfully Submitted,
                      s/Andrea M. Martin
                    Assistant Corporation Counsel

cc:    Counsel of Record (via ECF)