

**NYC**
**DCAS**
Citywide Administrative Services

**Reasonable Accommodation Procedural Guidelines**

**City of New York 2024**

# City of New York Reasonable Accommodation Procedural Guidelines

The City of New York is an inclusive equal opportunity employer committed to recruiting and retaining a diverse workforce and providing a work environment that is free from discrimination and harassment based upon any legally protected characteristic including, but not limited to, an individual's sex, race, color, ethnicity, national origin, age, religion, disability, sexual orientation, veteran status, gender identity, or pregnancy.

**Eric Adams**
*Mayor*

**Louis A. Molina**
*Commissioner*
Department of Citywide Administrative Services

**Silvia Montalban**
*Chief Citywide Equity and Inclusion Officer and Deputy Commissioner*
Department of Citywide Administrative Services

Document Revised: July 2024

# Table of Contents

I. Overview........................................................................ 5

II. Protected Bases Defined............................................ 7

  A. Disability ................................................................. 7

    1. Employees, Interns, and Consultants .............................. 7

    2. Job Applicants ................................................................. 9

    3. Participants at Agency-Sponsored Programs ................. 10

  B. Religion .................................................................... 10

  C. Status as a Victim of Domestic Violence, Sex Offenses, or Stalking ................................................................. 11

    1. Victim of Domestic Violence .......................................... 11

    2. Victim of Sex Offenses or Stalking ................................. 12

  D. Pregnancy, Childbirth, or Related Medical Conditions (Including Lactation Needs)........................................ 13

    1. Lactation Needs .............................................................. 14

III. The Reasonable Accommodation Process .............. 15

  A. The Cooperative Dialogue ....................................... 15

    1. Request for a Reasonable Accommodation ................... 16

    2. Examine Job Duties and Essential Job Functions ......... 17

    3. Meet with the Individual and Request Documentation, if Necessary........................................... 18

  B. Discuss Potential Accommodations.................................... 21

  C. Undue Hardship ...................................................... 21

    1. Disability; Pregnancy, Childbirth, or Related Medical Conditions; and Victim of Domestic Violence, Sex Offenses, or Stalking................................................ 22

    2. Religion........................................................................... 23

  D. Direct Threat ........................................................... 23

E. Grant, Deny, or Modify the Accommodation Request ...... 24

F. Time Frames for Processing Requests and Providing Reasonable Accommodations ............................................. 24

G. Extension Requests ............................................................. 26

H. The Appeal Process ............................................................ 26

I. Conflicts of Interest ........................................................... 28

## IV. Recordkeeping and Tracking .................................. 29

## V. Confidentiality ........................................................ 30

## VI. The Role of Agency Personnel ............................... 31

A. EEO Officer ....................................................................... 31

B. Disability Rights Coordinator (DRC) ................................. 31

C. Agency Personnel Officer (APO) ....................................... 32

D. Managers and Supervisors ................................................ 32

E. Agency Head (or their designee) ...................................... 32

## VII. Availability of the Reasonable Accommodation Procedural Guidelines ........................................... 34

## VIII. Appendices ......................................................... 35

A. Reasonable Accommodation Request Form ..................... 35

B. Authorization for Release of Health Information Pursuant to HIPAA ............................................................ 37

C. Reasonable Accommodation Request Record of Steps and Outcome .......................................................... 38

D. Granting of Reasonable Accommodation Request ........... 40

E. Denial of Reasonable Accommodation Request .............. 41

F. Reasonable Accommodations at a Glance ........................ 43

G. Resources ........................................................................... 44

# I. Overview

These *Reasonable Accommodation Procedural Guidelines* are intended to provide a clear and consistent framework for the implementation of the City of New York's (the City's) reasonable accommodation policy and procedures as is indicated in the City's *Equal Employment Opportunity (EEO) Policy* and any amendments (the Policy), and the *What to Know About Equity, Inclusion, and EEO* Handbook (the Handbook). The employee brochure on reasonable accommodations, the Policy, and the Handbook should be referred to and/or provided to persons who inquire about reasonable accommodations. At least once per year, each agency shall disseminate the *Reasonable Accommodation Procedural Guidelines* to its workforce and state where it is located and how to contact the EEO Office to request a reasonable accommodation.

Reasonable accommodations enable individuals who have needs under certain qualifying bases to perform the essential functions of the job and enjoy equal employment opportunities. Absent an undue hardship in conducting the agency's business, City agencies must provide reasonable accommodations to all applicants, employees, interns (paid or unpaid), and consultants that permit them to perform the essential functions of their job in connection with disability; religion; status as a victim of domestic violence, sex offenses, or stalking; pregnancy, childbirth, or related medical conditions, including lactation needs (collectively, protected bases). City agencies must also accommodate individuals who indicate their need for a reasonable accommodation in order to participate in agency-sponsored programs and events.

> **NOTE: Reasonable accommodations are for the requestor's condition only. Consult Human Resources for options to address needs about caring for another.**

Accommodations are considered reasonable if they do not create an undue hardship or a direct threat. An accommodation can be a change to a workplace environment (such as modifying facilities or providing equipment), rule, or practice (such as rules concerning when work is performed, when breaks are taken, or how job tasks are to be done), or to an individual's job or operation in order to enable qualified individuals to perform the essential functions of their job, and to enjoy the benefits and privileges of employment.

There is no one-size-fits-all approach for deciding when to grant a reasonable accommodation; rather, the reasonable accommodation process must be flexible, interactive, and individualized, with meaningful, cooperative, and timely communication between the individual requesting the accommodation and the agency. Agency EEO officers should consult with Citywide Equity and Inclusion (CEI) at the Department of Citywide Administrative Services (DCAS) regarding any questions about the reasonable accommodation process.

# II. Protected Bases Defined

The bases for which an individual can request a reasonable accommodation are disability; religion; status as a victim of domestic violence, sex offenses, or stalking; pregnancy, childbirth, or related medical conditions, including lactation needs.

## A. Disability

A disability is any "physical, medical, mental or psychological impairment, or a history or record of such impairment."[1] Both temporary or short-term injuries, as well as chronic conditions, may qualify as disabilities, even if the impairments, when treated, permit the individual to perform physical activities without limitation, and/or the conditions do not substantially limit the individual's major life activities.

### 1. Employees, Interns, and Consultants

A reasonable accommodation for employees, paid and unpaid interns, and consultants may include a change to a job, the work environment, or the way the job is performed, which allows an individual with a disability to perform the essential functions of the job, and to enjoy equal benefits and privileges of employment as are enjoyed by similarly situated employees without disabilities.

Some examples of reasonable accommodations for employees, interns, and consultants with disabilities include, but are not limited to, the following:

- Job restructuring

- Modifying work schedules

- Providing or modifying equipment or devices

- Making existing facilities readily accessible to and usable by individuals with disabilities

- Extending leave for additional recuperation time and/or temporary transfer

- Adjustments or modifications of examinations, training materials, or policies

- Providing a sign language interpreter for the hearing impaired or reader for the visually impaired

---

[1] *See* the definition of "Disability" in New York City Administrative Code § 8-102.

7

- Reassignment, which is an accommodation of last resort

**Reassignment is a type of reasonable accommodation for individuals with disabilities. An individual can be reassigned to:**

- A vacant position, or a position that will become available within a reasonable time of the request (generally, up to three months).

- An equivalent or lower-level job title for which the individual is qualified, and should be considered if:
  - there are no other effective accommodations that will enable the employee to perform the essential functions of their current job.
  - all other possible accommodations will impose undue hardship; and there is an open position for which the employee may be qualified.

**General considerations on reassignment as a reasonable accommodation based on disability:**

- If reassignment is explored, consider open positions for which the employee meets the posted job qualifications and requirements for which the employee can perform the essential job duties. If the employee cannot perform those duties without a reasonable accommodation, then the agency should consider whether the employee can perform them with a reasonable accommodation.

- An agency is not required to create a vacancy, new positions, or move other employees from their current jobs.

- An agency is not required to consider giving an employee a promotion as a reasonable accommodation.

- An agency should first consider reassignment to a vacant position equivalent in terms of pay and status to the employee's current position.

- If there is no vacant equivalent position, then the employee may be offered a reassignment to a vacant lower-level position for which they are qualified.

- Reassignment should be consistent with the New York State Civil Service Law and procedures and the terms of the relevant collective bargaining agreement, if any.

- If a vacancy exists in a position for which the employee seeking a reassignment is qualified, but there is a more qualified candidate who is not seeking the position as an accommodation for a disability, then the agency should consult with the Labor Relations and/or General Counsel's Office to assess whether there is any consideration under applicable collective bargaining agreements for the title.

- The agency's EEO officer, in collaboration with the agency's personnel officer, should help to identify opportunities that match the parameters agreed upon with the employee. The employee should also be encouraged to assist in the search to help determine whether:

  - there are limits on the search the employee would like the agency to conduct.
  - the employee is qualified for a particular job.
  - the employee would need a reasonable accommodation to perform the essential functions of a new position.

- As the end of the search period draws near, the EEO officer and agency personnel officer should schedule a meeting with the employee to review where things stand (including the process to date and a realistic assessment of the employee's chances for finding a reassignment in view of current and projected job opportunities).

- If the employee does not wish to pursue other opportunities within the agency or no appropriate opportunities exist, the EEO Office should consult with the General Counsel's Office to confirm that all options have been exhausted before denying the accommodation.

## 2. Job Applicants

A reasonable accommodation may include a change to the way agency operations are carried out that allows an eligible individual to participate in the application and examination process, and subsequent interview process.

Some examples of reasonable accommodations for job applicants with disabilities include, but are not limited to, the following:

- An alternative test date, format, or test site

- Extended time to take a test

- Preparing information in enlarged print, including test booklets and answer sheets

- Audio version of the test and scribe assistance in the selection of answers

- Telecommunication devices for the hard of hearing

- An accessible interview location

To request an accommodation, applicants should follow the instructions on the relevant Notice of Examination and the Special Circumstances Guide.

### 3. Participants at Agency-Sponsored Programs

Participants at agency-sponsored programs or events may indicate their need for a reasonable accommodation, which may include accessibility to agency buildings and facilities; policy changes necessary to ensure they can take part in, and benefit from, agency-sponsored programs and services; or providing auxiliary aids and services, such as interpreters, real-time captioning, screen reader software, etc., to ensure effective communication.

Depending on the agency, the Disability Rights Coordinator and/or a member of the EEO Office is designated to review these reasonable accommodation requests. As a best practice, all materials advertising an agency-sponsored program or event should include the contact information individuals should use if they need a reasonable accommodation. The event materials should also provide a timeframe by which participants can submit a request for a reasonable accommodation in order to allow time for the agency to evaluate and make appropriate arrangements.

## B. Religion

Religion is broadly defined as an individual's sincerely held belief or practice of their creed or religion, including all aspects of religious observance, practice, and belief.[2]

---

[2] Religious beliefs include theistic beliefs (*i.e.*, those that include a belief in God) as well as non-theistic moral or ethical beliefs as to what is right and wrong which are sincerely held with the strength of traditional religious views. *See* U.S. Equal Employment Opportunity Commission, EEOC-CVG-2021-3, Section 12: Religious Discrimination (Jan. 2021).

A belief system that does not include a traditional concept of God may be a religion. Creeds do not need to be part of a religion. However, an individual's assertion that the strength of the belief they hold has reached the level of traditional religious views does not automatically mean that the belief is religious. Strongly held beliefs that are based on scientific evidence or that are philosophical and personal may not be religious beliefs for purposes of assessing a reasonable accommodation request even though they inform critical life choices.

Some examples of reasonable accommodations for individuals based on religion include, but are not limited to, the following, which are considered as options to facilitate the individual's ability to exercise religious observance on a particular date or time of day:

- Flexible arrival and departure times

- Allowing leave usage or voluntary changes of shifts or assignments

- Time and/or place to pray

- Accommodation relating to appearance and dress

- Modified workplace practices, policies and/or procedures

## C. Status as a Victim of Domestic Violence, Sex Offenses, or Stalking[3]

### 1. Victim of Domestic Violence

A victim of domestic violence is a person who has been subjected to acts or threats of violence, not including acts of self-defense.[4] Acts or threats of violence include, but are not limited to, acts that would constitute violations of the New York State Penal Law.

---

[3] EEO officers determine whether it is appropriate to refer an employee who may be a victim of domestic violence, sex offenses, or stalking to additional resources. Executive Order 85 (Oct. 27, 2021) requires each City agency to appoint a Domestic and Gender-Based Violence Liaison to provide City employees who either have experienced or are experiencing domestic and gender-based violence with consultation and support services. Such referral is not intended to supplant the EEO Office's review of the individual's need or request for a workplace reasonable accommodation.

[4] *See* the definition of "Victim of domestic violence" in New York City Administrative Code § 8-102.

11

Domestic violence is an umbrella term that encompasses the following:

- **Intimate Partner Violence**, which can occur between people with any current or former romantic involvement, people who have a child in common, people who are dating, previously dated, or who are dating on again/off again, or people who are married, divorced, living together or apart. Intimate partner violence can occur between people of any gender identity or sexual orientation.

- **Family Violence**, which can occur between members of a family or a household who are not involved in a romantic relationship and includes elder abuse. Family violence can occur between chosen family as well as people related by blood, marriage, foster care, adoption, or any other familial relationships.

## 2. Victim of Sex Offenses or Stalking

A victim of sex offenses or stalking is a person who has been subjected to acts that would constitute violations of New York State Penal Law.[5]

Absent an undue hardship, an agency must provide reasonable accommodations to victims of domestic violence, sexual offenses, or stalking for various reasons, including, but not limited to:

- Seeking medical attention for injuries caused by violence.

- Obtaining services from a shelter, program, or rape crisis center.

- Obtaining psychological counseling related to an incident of domestic violence, stalking, or other offense.

- Participating in safety planning or to take other actions to increase safety from future incidents of domestic violence, stalking, or other such offense.

- Obtaining legal services, assist in the prosecution of the offense, file a complaint, secure a restraining order, or appear in court in relation to the incident of domestic violence, stalking, or other offense.

---

[5] *See* the definition of "Victim of sex offenses or stalking" in New York City Administrative Code § 8-102.

Some examples of reasonable accommodations for individuals who are victims of domestic violence, sex offenses, or stalking include, but are not limited to, the following:

- Leave (e.g., approving leave usage so that the employee may attend a court appointment)

- Modified or flexible arrival and departure times or a shift change

- Protecting confidentiality of personal information, including addresses and telephone numbers

- Transfer to another location, unit, division, and/or workstation

- Assisting in the enforcement of protective orders, such as sharing a photograph of the person causing harm with reception or security

## D. Pregnancy, Childbirth, or Related Medical Conditions (Including Lactation Needs)

Absent an undue hardship, an agency must reasonably accommodate the needs of an individual related to pregnancy, childbirth (whether or not it results in a live birth), or related medical conditions[6] (including the state of seeking to become pregnant, any medical condition that is related to or caused by pregnancy or childbirth, including, but not limited to, infertility, gestational diabetes, pregnancy-induced hypertension, preeclampsia, post-partum depression, miscarriage, lactation, and recovery from childbirth, miscarriage, and termination of pregnancy) without necessitating that the employee's limitation qualifies as a disability.[7]

Some examples of reasonable accommodations for pregnancy, childbirth, or related medical conditions, include, but are not limited to, the following:

---

[6] New York City Administrative Code § 8-107(22)(a).

[7] The pregnancy, childbirth or related medical condition does not need to meet the definition of a disability, though it may be a disability, for the employee to be entitled to a reasonable accommodation. *See* New York City Commission on Human Rights, Legal Enforcement Guidance on Discrimination on the Basis of Pregnancy, Childbirth, Related Medical Conditions, Lactation Accommodations, and Sexual or Reproductive Health Decisions, at pp. 6-7 (July 2021).

- Bathroom breaks
- Changes to work environment
- Time off for prenatal appointments
- Light duty/temporary transfer
- Extending or advancing leave if employee has no balances
- Periodic rest for those who stand for long periods of time
- Assistance with manual labor

**1. Lactation Needs**

An agency is required to provide an employee who has lactation needs with 30 minutes of paid break time each time they have a reasonable need to express breast milk for up to three years after the birth of a child.[8] When employees need additional time to express breast milk that exceeds a 30-minute paid break, they are permitted to use existing mealtime or paid break time. Employees may also elect to use unpaid break time instead of, or in combination with, paid break time and meal periods. Agencies are required to allow employees to charge their annual leave and compensatory time balances for the portion of the lactation break that would otherwise be unpaid. Agencies are also required to permit employees to work before or after their normal shift to make up for unpaid break time used to express breast milk.

Generally, an agency cannot limit the amount of time or frequency for this process (unless the agency can establish the time spent presents an undue hardship).

An agency is also required to provide a sanitary place, other than a restroom, that can be used to express breast milk, shielded from view and free from intrusion, and that includes, at minimum, an electrical outlet, a chair, a surface on which to place a breast pump and other personal items, nearby access to running water, and a refrigerator to store breast milk in the workplace.[9]

An agency must permit employees to express milk at their usual workstation if it does not create an undue hardship, regardless of whether a coworker, client, or customer expresses discomfort.

---

[8] *See* Personnel Services Bulletin No. 440-13 (June 28, 2024); New York State Labor Law § 206-c(1).

[9] New York City Administrative Code § 8-107(22)(b)-(c); New York State Labor Law § 206-c(2). *See also* New York City Commission on Human Rights, Model Lactation Accommodation Policies (Mar. 2019).

# III. The Reasonable Accommodation Process

An individual need not mention the words "reasonable accommodation" or "accommodation." If an employee raises an issue that implicates the potential need for an accommodation, or if a supervisor or manager perceives that an accommodation may be helpful to permit the employee to perform the essential functions of the position, then they must immediately refer the employee to the EEO Office to initiate the cooperative dialogue.[10]

> **NOTE: Upon becoming aware of a need or a request, managers and supervisors must refer the information to the EEO Office immediately, barring extenuating circumstances. Managers and supervisors must also inform the employee to submit their accommodation request to the agency's EEO Office so that their need is reviewed appropriately.**

## A. The Cooperative Dialogue

The cooperative dialogue refers to the process by which the agency and an individual who may be entitled to an accommodation engage, in good faith, a written or oral dialogue concerning the person's accommodation needs, potential accommodations, the difficulties that the potential accommodations may pose for the agency, and alternative accommodations.[11] The objective of a cooperative dialogue is to determine the appropriate reasonable accommodation.

While the person requesting the accommodation may express a preferred accommodation, the EEO officer determines what is the most reasonable accommodation based on fact-specific factors that include: the requestor's need, the documentation provided, the essential functions of the position, and an undue hardship assessment that considers the operational impact of the potential accommodation.

---

[10] While Human Resources, and not an agency's EEO Office, processes leave requests under the Family and Medical Leave Act (FMLA), it is important to recognize when leave under the FMLA can overlap with a reasonable accommodation for the employee's disability. *See generally* U.S. Equal Employment Opportunity Commission EEOC-CVG-2003-1, Enforcement Guidance on Reasonable Accommodation and Undue Hardship under the ADA (Oct. 2002).

[11] *See* the definition of "Cooperative dialogue" in New York City Administrative Code § 8-102.

The EEO Office is responsible for reviewing reasonable accommodation requests and should determine if the request is based on disability; religion; status as a victim of domestic violence, sex offenses, or stalking; or pregnancy, childbirth, or related medical conditions, including lactation needs.[12] If the request is based on one or more of these, then the EEO Office must engage in the cooperative dialogue.

The cooperative dialogue is critical. Failure to engage in the cooperative dialogue within a reasonable time with a person who has requested an accommodation, or with a person who the agency has reason to know may need an accommodation, is a violation of law.

Appendix C may be used to record the steps taken during the cooperative dialogue process and the outcome.

## 1. Request for a Reasonable Accommodation

The agency must engage in the cooperative dialogue with the employee within a reasonable time, not to exceed 10 days after:

- An individual requests an accommodation; or

- The agency has notice that an individual may need an accommodation.

> **NOTE: The agency has notice whenever the agency learns, either directly or indirectly, that an individual needs an accommodation.**

If a disability and/or need for an accommodation are obvious or known, the employee may be provided with an accommodation without a formal analysis of their job limitations or the job's essential duties. This is the case, for example, for an employee in a wheelchair who needs a desk to be elevated in order to permit wheelchair access. If the need for an accommodation is not obvious or known, the agency must determine the job duties and essential functions of the position.

---

[12] Most City agencies follow the best practice that the EEO officer is the designee to review reasonable accommodation requests. *See* City of New York's Equal Employment Opportunity Policy.

If the agency has reason to believe that an employee is a victim of domestic violence, sex offenses, or stalking (for example, an agency official knows that the person is living in a shelter for victims or survivors of domestic violence), and that person is in need of a reasonable accommodation (such as a modified schedule or leave to attend a court proceeding, for example), the agency should initiate the cooperative dialogue process with that individual.

## 2. Examine Job Duties and Essential Job Functions

The employee must meet the qualifications for the job and must be able to perform the essential duties of the position. When an employee requests a reasonable accommodation, the agency must consider whether the individual could perform the essential functions with a reasonable accommodation.

In determining what is "essential," no one factor is dispositive; a fact-specific inquiry must be conducted into both the agency's description of a job and how the job is actually performed in practice. A job description or job posting, while informative, is not considered an absolute list of essential job functions; rather, the specific day-to-day essential functions that the employee performs will be considered.

A job function (function) may be considered essential for various reasons, such as whether:

- The position exists for performance of that particular function.

- There is a limited number of employees among whom the performance of the function can be distributed.

- The function is highly specialized so that the employee in the position is hired for their specific expertise or ability to perform it.

- Removal or reassignment of the function would fundamentally alter the position.

- There are consequences associated with failing to perform the function.

- The function is critical to one's job performance.

The inquiry into whether a function is essential is not intended to second guess the agency's business judgment with regard to production standards, or to require the agency to lower performance standards.

17

### 3. Meet with the Individual and Request Documentation, if Necessary

#### a. Documentation for Accommodations Based on Disability

Meet with the employee in person, by telephone, or via electronic means to determine the physical or mental abilities or limitations and the specific barriers these limitations pose to the performance of the job's essential functions.

If the employee chooses not to disclose that they have a condition or problem in that conversation, the agency has met its obligation to initiate a cooperative dialogue. However, the employee has not waived the opportunity to reveal their condition or problem and initiate the cooperative dialogue at a later time. The EEO Office must make a record of the exchange.

> **NOTE: Agencies cannot ask for documentation when: (1) both the disability and the need for a reasonable accommodation are obvious; or (2) the employee has already provided sufficient information that the employee has a disability and needs a reasonable accommodation.**

If necessary for analyzing the need for the request, the EEO Office may ask the employee to provide reasonable medical documentation, which means documentation sufficient to describe the nature, severity, and duration of the impairment, limitations on performing the essential job functions, specific accommodations sought, if any, and the need for the accommodation sought. The employee may be provided with copies of essential functions for review by their medical provider. Unless the exact diagnosis is necessary to determine what accommodation the employee needs, the EEO Office cannot require that the specific disability or diagnosis be disclosed.[13] The EEO Office must only request information or medical documentation related to the condition and the employee's needs.

---

[13] *See* New York City Commission on Human Rights Legal Enforcement Guidance on Employment Discrimination on the Basis of Disability, at p. 60 (June 2018).

The EEO Office should determine if the medical documentation provides sufficient information regarding the nature, severity, duration, limitations, and need for an accommodation. An agency cannot require a specific type or form of documentation and the term "medical documentation" should be considered broadly.

If the medical documentation provided is deemed insufficient, the employee should be given an opportunity to have their medical provider submit additional documentation. The employee may also be asked to sign a limited medical release or, if necessary, an Authorization for Release of Health Information Pursuant to HIPAA, (see Appendix B) so that the agency may solicit a response from the medical provider to a list of specific questions.

In limited circumstances, an employee can be asked to submit to an examination by a health professional selected by the agency, at the agency's expense, if the agency is unable to get sufficient information directly from the requestor or their medical provider. However, this should be reserved for extremely rare cases when the EEO Office has serious questions about what accommodation the employee needs and the medical provider is unable to answer those questions.

### b. Documentation for Accommodations Based on Religion

Religion is defined broadly and protects sincerely held beliefs, practices or observances, even those that may seem unfamiliar or uncommon. Accordingly, the agency should generally not question whether a request for religious accommodation is based on a sincerely held belief. If there is an objective basis for questioning either the religious nature of a particular belief, (as described above, in Section II.B. Protected Bases Defined), or whether it is sincerely held, the agency may make a limited inquiry, including asking for supporting documentation.[14] The documentation

---

[14] "The individual's sincerity in espousing a religious observance or practice is 'largely a matter of individual credibility'… Factors that – either alone or in combination – might undermine an employee's credibility include: whether the employee has behaved in a manner markedly inconsistent with the professed belief; whether the accommodation sought is a particularly desirable benefit that is likely to be sought for secular reasons; whether the timing of the request renders it suspect (e.g., it follows an earlier request by the employee for the same benefit for secular reasons); and whether the employer otherwise has reason to believe the accommodation is not sought for religious reasons." *See* U.S. Equal Employment Opportunity Commission, EEOC-CVG-2021-3, Section 12: Religious Discrimination (Jan. 2021).

submitted may include the requestor's firsthand explanation, or explanations from others, such as fellow adherents, or religious leaders (e.g., a minister, rabbi, priest, imam, or pastor) who are aware of the religious practices or beliefs.

### c. Documentation for Victim of Domestic Violence, Sex Offenses, or Stalking

The agency may ask the individual to provide appropriate documentation supporting their status as a victim of domestic violence, sex offenses, or stalking, such as documentation from an employee, agent, or volunteer of a victim services organization, attorney, member of the clergy, medical or other professional services provider, police or court records, or any other corroborating evidence.

### d. Documentation for Accommodations Based on Pregnancy, Childbirth, or Related Medical Conditions

In cases of pregnancy, childbirth, or related medical conditions where the need for an accommodation is not obvious, the agency may request reasonable medical documentation supporting the employee's request.

However, the agency may not require an individual to provide medical confirmation of pregnancy, childbirth, or related medical condition, except when:

- The individual is requesting time away from work (including for medical appointments) other than the presumptive 6-8 week period[15] for recovery from childbirth, and the agency requires such verification under other circumstances.

- The individual is requesting to work from home, either on an intermittent basis or a longer-term basis, and the agency requires such verification under other circumstances.

---

[15] *See* New York City Commission on Human Rights, Legal Enforcement Guidance on Discrimination on the Basis of Pregnancy, Childbirth, Related Medical Conditions, Lactation Accommodations, and Sexual or Reproductive Health Decisions, at p. 10, FN 60 (July 2021); *see also* New York State Insurance Fund, *About Your Disability Benefits Claim* ("Generally, a claimant is covered six weeks after a normal delivery and eight weeks after a Caesarian section.").

## B. Discuss Potential Accommodations

Using a flexible approach, work with the individual requesting the accommodation to determine possible reasonable accommodations, and whether the individual would be able to perform the essential functions of the position with a reasonable accommodation. See Appendix G for additional guidance identifying possible reasonable accommodations, particularly the Job Accommodation Network (JAN).

Where more than one possible reasonable accommodation exists, the agency should give primary consideration to the employee's preference. However, the agency has the discretion to choose among various appropriate reasonable accommodations that will enable the performance of the employee's essential job functions or ensure access to equal employment opportunities. The individual "cannot simply reject an offered accommodation that would be sufficient to meet their needs because it is not their preferred accommodation."[16]

- The agency may consider factors such as the relative ease in providing a particular accommodation as compared to others, or the expenses associated with each accommodation.

- If there are two or more possible reasonable accommodations and one is less costly or burdensome, the agency may choose the less expensive or less burdensome accommodation.

## C. Undue Hardship

An agency need not grant a request for an accommodation that would result in undue hardship to the agency. A determination of undue hardship must be based on an individualized assessment of the circumstances at the time of the accommodation request and the review of the request.

If a particular accommodation imposes an undue hardship, an agency must consider whether an alternative accommodation is available that does not impose undue hardship.

---

[16] *See* New York City Commission on Human Rights Legal Enforcement Guidance on Employment Discrimination on the Basis of Disability, at p. 56 (June 2018).

There is no accommodation that is categorically excluded from the universe of reasonable accommodations under the New York City Human Rights Law.

## 1. Disability; Pregnancy, Childbirth, or Related Medical Conditions; and Victim of Domestic Violence, Sex Offenses, or Stalking

An undue hardship for (a) disability; (b) pregnancy, childbirth, or related medical conditions; and (c) victim of domestic violence, sex offenses, or stalking includes any accommodation that would be unduly costly, extensive, substantial, or disruptive, or that would fundamentally alter the nature or operation of an agency's business.

The agency's determination of undue hardship should be based on several factors, including, but not limited to, the following:[17]

- The nature and cost of the accommodation

- The overall financial resources of the facility or facilities involved in the provision of the reasonable accommodation; the number of persons employed at such facility; the effect on expenses and resources, or the impact otherwise of such an accommodation on the operation of the facility

- The overall financial resources of the agency, the overall size of the agency with respect to the number of employees, as well as the number, type, and location of its facilities

- The type of operation or operations of the agency, including the composition, structure and functions of the workforce, the geographic separateness, administrative, or fiscal relationship of the facility or facilities in question to the agency

---

[17] *See* the definition of "Reasonable accommodation" in New York City Administrative Code § 8-102.

## 2. Religion

The agency's analysis of undue hardship in the context of requests for religious accommodations is slightly different than what is described above and should be based on several factors, including, but not limited to, the following:[18]

- The identifiable cost of the accommodation, including the costs of loss of productivity and of retaining or hiring employees or transferring employees from one facility to another, in relation to the size and operating cost of the agency

- The number of individuals who will need the particular accommodation to a sincerely held religious observance or practice

- For an agency with multiple facilities, the degree to which the geographic separateness or administrative or fiscal relationship of the facilities will make the accommodation more difficult or expensive

## D. Direct Threat

If there is a reasonable belief that an employee with a disability may pose a direct threat to themselves or others, the employee may be asked to submit to an examination by a health professional selected by the agency.

- A "direct threat" is a significant risk of substantial harm to the health or safety of the individual or others that cannot be eliminated or reduced by a reasonable accommodation.[19]

- The determination that an individual poses a direct threat must be based on an individualized assessment of the individual's present ability to safely perform the essential functions of the job and should include consideration of whether there is a reasonable accommodation that could enable the individual to do so.

---

[18] New York City Administrative Code § 8-107(3)(b) (with regard to religious accommodations, the New York City Human Rights Law defines an undue hardship as "accommodation requiring significant expense or difficulty (including a significant interference with the safe or efficient operation of the workplace or a violation of a bona fide seniority system.)").

[19] 29 C.F.R. § 1630.2(r).

- The assessment that an employee poses a direct threat to themselves or others, that cannot be eliminated or reduced with a reasonable accommodation, must be based on reasonable medical judgment that relies on the most current medical knowledge and/or on the best available objective evidence.

- An agency seeking to remove an employee from a permanent competitive position whose disability poses a direct threat must comply with the process set forth in Section 72 of the New York State Civil Service Law.

## E. Grant, Deny, or Modify the Accommodation Request

A grant, denial, or modification of a reasonable accommodation request must be in writing, either explaining the accommodation that will be provided, or for denials, the reason the request was denied. Appendices D and E may be used to document internally the decision granting or denying an individual's reasonable accommodation request. A letter briefly explaining the outcome must be sent to the applicant or employee. The written decision must also provide information on the right to appeal the decision.

Supervisors and managers may be informed regarding necessary restrictions on the work or duties of the employee and necessary accommodations.

When an individual's request for an accommodation has been denied, or the individual has been offered an accommodation other than the one requested, the individual may appeal to the agency head or their designee. (See below, Section III.H. The Appeal Process.)

An individual may choose to file a complaint with the EEO Office or with an external enforcement agency, or in any court of competent jurisdiction regarding the agency's failure to reasonably accommodate.

## F. Time Frames for Processing Requests and Providing Reasonable Accommodations

- **Upon becoming aware of a need or a request,** managers and supervisors must refer the information to the EEO Office immediately, barring extenuating circumstances. Managers and supervisors must also inform the

employee to submit their accommodation request to the agency EEO Office so that their need is reviewed appropriately.

- **Within 10 days from notice of an accommodation need or request,** the EEO Office must initiate the cooperative dialogue.

- **Within 15 days from the conclusion of the cooperative dialogue,** the EEO Office must issue a written decision notifying the individual whether the accommodation requested is granted or denied, or if an alternative accommodation is being offered. The written decision must also provide information on the right to appeal the decision.

- **Expedited processing is necessary in certain time-sensitive circumstances,** *e.g.*, when the accommodation is needed for imminent medical treatment or to avoid imminent emotional and/or bodily harm, a request for a reasonable accommodation requires an expedited review and decision in less than 15 days.

- **At least 10 business days** before an accommodation is set to expire, the EEO Office must remind the employee in writing of the end date of the accommodation and indicate the following:
  - The notice is a reminder of the expiration of the accommodation.
  - The process to request an extension or modification of their accommodation and the due date for documentation to support the request. To allow time for re-evaluation, the EEO Office should notify the employee that if needed, a request for an extension or modification should be submitted to the EEO Office at least five business days before the expiration of the original accommodation, in which case the EEO Office will initiate the cooperative dialogue.
  - That if the employee does not communicate to the EEO Office the need for an extension or submit supporting documentation to extend the accommodation beyond the re-evaluation date, the accommodation ends and, in the case where the accommodation was temporary telework, the employee is expected to return to the office.

See Appendix F (Reasonable Accommodations at a Glance).

## G. Extension Requests

There are certain situations in which an employee may need an extension of their reasonable accommodation. Reasonable accommodations do not renew automatically; any need for extension of an accommodation must be communicated to the EEO Office.

A request for an extension or modification should be submitted to the EEO Office at least five business days before the expiration of the original accommodation. If the employee does not communicate to the EEO Office the need for an extension or submit supporting documentation to extend the accommodation beyond the re-evaluation date, the accommodation ends.

## H. The Appeal Process

**Within 10 days from when the EEO Office issues the decision,** the employee may appeal to the agency head (or their designee) a decision denying the individual's request for a reasonable accommodation or denying the specific accommodation requested. In the event that the employee is on an approved leave when the EEO Office issues its decision, the employee will have an additional five days from when they return from the approved leave to appeal the decision. Where the EEO Office has not issued a decision after 15 days from the end of the cooperative dialogue and has not notified the individual of a need to extend the time for decision, the individual may file an appeal.

> **NOTE: The Agency's EEO officer or general counsel cannot be designated to review an appeal. However, they may provide guidance on the process, if needed.**

**Within 15 business days of receiving an appeal,** the agency head (or their designee) must review and decide the appeal and issue a notice of the decision to the employee.

As part of the appeal process, the agency head (or their designee) should:

- Review the appeal, as well as the record of the cooperative dialogue, including, but not limited to, the original request and concluding correspondence. The appeal review is limited to the information and documents contained in the EEO Office's case file that were relied on to make the determination.

  - If an employee submits new documentation to the agency head (or their designee) after filing the appeal or submits new documentation before the appeal review is complete, those documents must be forwarded to the EEO Office, for review. The agency head (or their designee) does not conduct a cooperative dialogue; rather, the EEO Office must make a separate determination based on the new documentation.

  - The agency head (or their designee) must still issue a written determination on the employee's accommodation request even though they have forwarded the new documentation to the EEO Office for review.

- Consult with the EEO Office, and any relevant agency representative.

- Evaluate the determination, giving deference to the EEO Office's evaluation of the facts and its decision.

- Consult with DCAS Citywide Equity and Inclusion and/or the NYC Law Department, as needed.

If the decision on appeal is to grant a reasonable accommodation, the agency head (or their designee) must direct the appropriate agency representative to promptly implement the reasonable accommodation. The EEO officer must monitor the implementation of the reasonable accommodation.

If a decision on appeal cannot be rendered within 15 business days, the agency must communicate that to the employee in writing and provide the reason for the delay and when the decision on the appeal will be rendered.

## I. Conflicts of Interest

There are certain situations where it is an inherent conflict of interest for an agency's EEO Office to review a reasonable accommodation request:

- In the event that the agency EEO officer or EEO Office staff member has their own request for a reasonable accommodation, their request should be referred to the agency's Personnel Office or Human Resources Benefits personnel for review and determination.

- If an agency head has a reasonable accommodation request, the EEO officer should contact CEI for assistance with referring the request to another agency's EEO officer for review and determination.

# IV. Recordkeeping and Tracking

It is important to maintain a complete written record of the reasonable accommodation process, including the request(s), all steps to review the request(s), the decision on the request(s) and, appeal(s) if applicable, and the dates on which each of these was made.

A complete record is also important for tracking and related purposes. Some additional factors to consider throughout the record keeping and tracking process are:

- Number of reasonable accommodations, by type, for disability; religion; status as a victim of domestic violence, sex offenses, or stalking; pregnancy, childbirth, or related medical conditions, including lactation needs that have been requested and whether those requests have been granted or denied.

- Job titles for which reasonable accommodations have been requested.

- Types of reasonable accommodations that have been requested for each of those job titles.

- Number of reasonable accommodations, by type, for each job that have been approved and the number of accommodations, by type, that have been denied.

- Number of requests for reasonable accommodations, by type, that relate to the benefits or privileges of employment, and whether those requests have been granted or denied, including leaves recorded under CityTime as religious observances.

- Amount of time taken to process each request for reasonable accommodation.

- Sources of technical assistance that have been consulted in trying to identify possible reasonable accommodations.

# V. Confidentiality

All information, including a statement of the person requesting a reasonable accommodation or any other related documentation, record, and the fact that the individual has requested or obtained a reasonable accommodation, must be maintained as confidential records by the agency to the extent required by applicable federal, state, or local law.

- Medical information must be collected and maintained on separate forms in separate medical files and must be treated as a confidential medical record except that, among other exceptions, supervisors and managers may be provided with information necessary to implement restrictions on the work or duties of the employee or to provide a reasonable accommodation.

- Information relating to a reasonable accommodation request may be shared with agency counsel or personnel officers for the purposes of reviewing a request and implementing an accommodation.

# VI. The Role of Agency Personnel

The following describes the roles of various agency personnel in the reasonable accommodation process.

## A. EEO Officer

The agency EEO officer is responsible for:

- Providing information to individuals regarding the reasonable accommodation process.

- Receiving, reviewing, and providing consultations to individuals concerning reasonable accommodation requests.

- Recording and tracking all reasonable accommodation requests and the outcome of each request.

- Maintaining, with appropriate confidentiality, all accommodation requests, supporting documentation, and outcomes.

## B. Disability Rights Coordinator (DRC)

If an agency has a disability rights coordinator (DRC) in addition to an EEO officer, the DRC is responsible for:

- Forwarding to the EEO officer each request for a reasonable accommodation upon receipt, including any supporting documentation.

- Submitting the accommodation request to the EEO officer on behalf of a requesting individual, as needed.

- Ensuring effective communication between applicants or employees and the EEO Office at every stage of the request and throughout the reasonable accommodation process.

If the agency has no DRC, the EEO officer should perform, or designate appropriate agency personnel to perform, these duties.

## C. Agency Personnel Officer (APO)

The APO is responsible for:

- Ensuring that job vacancy announcements and letters of appointment contain information regarding the City's reasonable accommodation policy, including the contact information of the appropriate agency personnel to facilitate the accommodation process.

- Forwarding accommodation requests to the EEO officer when received directly from an applicant or employee.

- Identifying vacant positions for reassignment as a possible reasonable accommodation.

- Serving as a resource to the agency EEO officer.

## D. Managers and Supervisors

Managers and supervisors are responsible for:

- Notifying the EEO officer of a request for a reasonable accommodation upon receiving the request.

- Engaging in the cooperative dialogue with the EEO Office.

- Cooperating with the EEO Office in the implementation of the EEO Policy and standards.

- Cooperating with the EEO Office in the timely implementation of approved accommodations.

## E. Agency Head (or their designee)

The agency head (or their designee) is responsible for:

- Reviewing and deciding a written appeal, if any, from any individual expressing dissatisfaction with the resolution of the individual's reasonable accommodation request within 15 business days of receipt of that appeal.

- If an agency head designates another individual within the agency to review and decide an appeal, the agency head is responsible for their designee's decision.

> **NOTE: The agency's EEO officer or general counsel cannot be designated to review an appeal. However, they may provide guidance on the process, if needed.**

# VII. Availability of the Reasonable Accommodation Procedural Guidelines

Each agency shall make these *Reasonable Accommodation Procedural Guidelines* and any related updates readily available through the following means:

- EEO Policy Handbook: *What to Know About Equity, Inclusion, and EEO*

- Employee orientation sessions

- Employee training sessions, specifically, EEO trainings

- Periodic employee meetings

- Written materials

- Agency bulletin boards

- Electronic materials

- Agency internet and intranet sites

- New York City websites

- E-mail

- Links to the City's EEO Policy

**This information shall be made readily available to:**

- Job applicants

- New employees

- Current employees

- The public

# VIII. Appendices

## A. Reasonable Accommodation Request Form

**This form and all information must be kept <u>confidential</u>.**

| NAME AND CONTACT INFORMATION | |
|---|---|
| Print full name | ☐ Current employee<br>☐ Job applicant<br>☐ Other (please specify) |
| Home or work address: | Phone number |

| EMPLOYEE INFORMATION (Complete this section only if you are an employee) | | |
|---|---|---|
| Civil service title | Office title | |
| Office telephone number | Email address | |
| Supervisor name | Phone number | Supervisor email address |
| Division | Worksite/location | |

| APPLICANT INFORMATION (Complete this section only if you are a job applicant) | |
|---|---|
| Position/title sought | Division/unit (if known) |
| Location of position (if known) | |
| Part(s) of the employment process for which an accommodation is requested (please check the box below): | |
| ☐ Job application<br><br>Job vacancy notice number (if known): | |
| ☐ Interview<br><br>Interview date: | |
| ☐ Other (please specify): | |
| Agency contact person (if known) | Phone number |

**Basis of reasonable accommodation request:**
- ☐ **Disability**
- ☐ **Religion**
- ☐ **Status as victim of domestic violence, sex offenses, or stalking**
- ☐ **Pregnancy, childbirth, or a related medical condition**
    - ☐ **Lactation needs**

**Is the condition for which you are requesting an accommodation:**
☐ Permanent                    ☐ Temporary                    ☐ Unknown

**If temporary, anticipated date accommodation(s) no longer needed:**

**Identify the situation that requires accommodation and describe the nature of reasonable accommodation requested and how the accommodation will assist you to perform the essential functions of the position held or desired, or to enjoy the benefits and privileges of employment. Please be specific. (Attach additional sheets and present supporting documentation as appropriate.)**

**If equipment is requested, please specify brand, model number and vendor, if known.**

**For reasonable accommodation requests based on disability, you may be asked to provide additional medical documentation to better assess your need.**

**This CONFIDENTIAL documentation should be provided
to the Disabilities Rights Coordinator or EEO officer**

**Such documentation should:**
- ☐ Be dated and signed by the health professional. (e.g., M.D., D.O., etc.)
- ☐ Describe the severity of the disability and its limitations in detail as they currently exist and how they limit the individual's ability to perform the essential functions of the job.
- ☐ Indicate the extent to which the accommodation will permit you to perform the essential functions of the job or to enjoy the benefits and privileges of employment.
- ☐ State whether the duration of disability is permanent or temporary or unknown.
- ☐ If temporary, specify the date the disability is expected to no longer require accommodation.

**I certify that I have read and understood the information provided in this request, and that it is true to the best of my knowledge, information, and belief.**

| Date | Requestor's signature/authorized agent |
|------|------------------------------------------|
|      |                                          |

# B. Authorization for Release of Health Information Pursuant to HIPAA

OCA Official Form No.: 960

**AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION PURSUANT TO HIPAA**
**[This form has been approved by the New York State Department of Health]**

| Patient Name | Date of Birth | Social Security Number |
|---|---|---|
| Patient Address | | |

I, or my authorized representative, request that health information regarding my care and treatment be released as set forth on this form:

In accordance with New York State Law and the Privacy Rule of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), I understand that:

1. This authorization may include disclosure of information relating to **ALCOHOL** and **DRUG ABUSE, MENTAL HEALTH TREATMENT**, except psychotherapy notes, and **CONFIDENTIAL HIV\* RELATED INFORMATION** only if I place my initials on the appropriate line in Item 9(a). In the event the health information described below includes any of these types of information, and I initial the line on the box in Item 9(a), I specifically authorize release of such information to the person(s) indicated in Item 8.

2. If I am authorizing the release of HIV-related, alcohol or drug treatment, or mental health treatment information, the recipient is prohibited from redisclosing such information without my authorization unless permitted to do so under federal or state law. I understand that I have the right to request a list of people who may receive or use my HIV-related information without authorization. If I experience discrimination because of the release or disclosure of HIV-related information, I may contact the New York State Division of Human Rights at (212) 480-2493 or the New York City Commission of Human Rights at (212) 306-7450. These agencies are responsible for protecting my rights.

3. I have the right to revoke this authorization at any time by writing to the health care provider listed below. I understand that I may revoke this authorization except to the extent that action has already been taken based on this authorization.

4. I understand that signing this authorization is voluntary. My treatment, payment, enrollment in a health plan, or eligibility for benefits will not be conditioned upon my authorization of this disclosure.

5. Information disclosed under this authorization might be redisclosed by the recipient (except as noted above in Item 2), and this redisclosure may no longer be protected by federal or state law.

6. **THIS AUTHORIZATION DOES NOT AUTHORIZE YOU TO DISCUSS MY HEALTH INFORMATION OR MEDICAL CARE WITH ANYONE OTHER THAN THE ATTORNEY OR GOVERNMENTAL AGENCY SPECIFIED IN ITEM 9 (b).**

7. Name and address of health provider or entity to release this information:

8. Name and address of person(s) or category of person to whom this information will be sent:

9(a). Specific information to be released:
   ❑ Medical Record from (insert date) _____ to (insert date) _____
   ❑ Entire Medical Record, including patient histories, office notes (except psychotherapy notes), test results, radiology studies, films, referrals, consults, billing records, insurance records, and records sent to you by other health care providers.
   ❑ Other: _____        Include: (*Indicate by Initialing*)
      _____        _____ **Alcohol/Drug Treatment**
                                                _____ **Mental Health Information**
**Authorization to Discuss Health Information**                _____ **HIV-Related Information**

   (b) ❑ By initialing here _____ I authorize _____
                    Initials                    Name of individual health care provider
      to discuss my health information with my attorney, or a governmental agency, listed here:
      _____
                    (Attorney/Firm Name or Governmental Agency Name)

| 10. Reason for release of information:<br>❑ At request of individual<br>❑ Other: | 11. Date or event on which this authorization will expire: |
|---|---|
| 12. If not the patient, name of person signing form: | 13. Authority to sign on behalf of patient: |

All items on this form have been completed and my questions about this form have been answered. In addition, I have been provided a copy of the form.

_____        Date: _____
   Signature of patient or representative authorized by law.

   \* **Human Immunodeficiency Virus that causes AIDS. The New York State Public Health Law protects information which reasonably could identify someone as having HIV symptoms or infection and information regarding a person's contacts.**

## C. Reasonable Accommodation Request Record of Steps and Outcome

| REASONABLE ACCOMMODATION REQUEST<br>RECORD OF STEPS AND OUTCOME | |
|---|---|
| **Name of applicant/employee:** | **Telephone number:** |
| **Address:** | |
| **Request number:** | **Received by:** |
| **Date received:** | **Received by:** |
| **Method of filing:**<br>☐ In Person      ☐ Phone      ☐ Mail      ☐ E-mail | |
| **DOCUMENTATION OF STEPS TAKEN TO CONSIDER REQUEST** | |
| **DATE:** | **COMMENTS:** |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

| RESOLUTION | |
|---|---|
| ☐ **Granted**<br><br><br>**Date:** | **Type of accommodation granted:**<br><br>☐ **As requested**<br><br>☐ **Different from what was requested**<br><br>**Please provide specifics: (Attach additional sheets as needed.)** |
| ☐ **Denied**<br><br>**Date:** | **Reason for denial:** |
| **Date when letter granting or denying the requested accommodation was sent to employee or applicant:** | |

**Signature**_____**Date:**_____

# D. Granting of Reasonable Accommodation Request

| GRANTING OF REASONABLE ACCOMMODATION REQUEST |
|---|
| (To be completed by deciding official) |

**1. Full name of individual requesting reasonable accommodation:**

**2. Basis for reasonable accommodation request:**

☐ **Disability**

☐ **Religion**

☐ **Status as victim of domestic violence, sex offenses, or stalking**

☐ **Pregnancy, childbirth or a related medical condition**

   ☐ **Lactation needs**

**3. Specific accommodation requested:**

**4. Decision:**

☐ **Reasonable accommodation granted as requested**

☐ **Alternative accommodation granted**

**Describe accommodation granted:**

**Deciding official**
**name (print):**
_____

**Signature:**

_____

**Date granted: _____**

**Telephone: _____**

**Email: _____**

cc: EEO officer, and if applicable, agency personnel officer, manager/supervisor.

# E. Denial of Reasonable Accommodation Request

| DENIAL OF REASONABLE ACCOMMODATION REQUEST |
| --- |
| **(To be completed by deciding official)** |
| 1.   **Name of individual requesting reasonable accommodation:** |
| 2.   **Basis for reasonable accommodation request:** |
| ☐  **Disability** |
| ☐  **Religion** |
| ☐  **Status as victim of domestic violence, sex offenses, or stalking** |
| ☐  **Pregnancy, childbirth, or a related medical condition** |
| ☐  **Lactation needs** |
| 3.   **Specific accommodation request:** |
| 4.   **Request for reasonable accommodation denied because (you may check more than one box).** |
| ☐  **Employee's request determined not to be related to a disability** |
| ☐  **Employee's request determined not to be related to religion** |
| ☐  **Employee determined not to be a victim of domestic violence, sex offenses, or stalking** |
| ☐  **Employee's request determined not to be related to pregnancy, childbirth, or related medical condition** |
| ☐  **Employee's request determined not to be related to a lactation need** |
| ☐  **Accommodation would not meet requested need** |
| ☐  **Accommodation would cause undue hardship** |
| ☐  **Documentation of need for the accommodation inadequate** |
| ☐  **Accommodation would require removal of an essential function of the job** |
| ☐  **Accommodation would pose direct threat** |
| ☐  **Other (please specify)** |

5. **Reason(s) for the denial of reasonable accommodation (must be specific, e.g., why accommodation is ineffective or causes undue hardship).**

6. **If the individual proposed one type of reasonable accommodation, which is being denied, but rejected an offer of a different type of reasonable accommodation, explain both the reasons for denial of the requested accommodation and reason why chosen accommodation would be effective.**

7. **Appeal: Where an employee or applicant has requested a reasonable accommodation consistent with these procedures and the agency representative has not provided the reasonable accommodation, an appeal may be made to the agency head or their designee within 10 days from when the EEO Office issues the decision.**

8. **If a job applicant or employee wishes to file an internal EEO complaint, they must contact (name), the agency EEO officer (provide contact information).**

**Deciding official**

**Name (print):** _____

**Telephone:** _____

**Email:** _____

**Signature:** _____     **Date denied** _____

cc: EEO officer, and if applicable, agency personnel officer, manager/supervisor.

## F. Reasonable Accommodations at a Glance

# Reasonable Accommodations at a Glance

All City agencies are required to provide reasonable accommodations to eligible individuals unless doing so would cause an undue hardship for the agency. Reasonable accommodations allow individuals to enjoy the rights and privileges of employment and perform the essential functions of their job.



### Making the Request

Individuals are entitled to reasonable accommodations for disability, pregnancy and related medical conditions, religious observances, and their status as a victim of domestic violence, sex offenses, or stalking.

Requests for accommodations should be made to the agency EEO officer.

### Refer Requests to the EEO Officer

Upon becoming aware of a need or request for an accommodation, managers and supervisors must refer the information to the EEO Office immediately and inform the employee to submit their request to the EEO Office.



### The Cooperative Dialogue

The cooperative dialogue is an ongoing, good faith communication between the agency and an individual to understand and assess accommodation needs. It also explores ways to meet those needs that do not cause an undue hardship for the agency.

The EEO Office must initiate the cooperative dialogue **within 10 days** from notice of an accommodation need or request.

Documentation should be provided to support accommodation needs, if warranted.



### Determination

The EEO Office must issue a written notice of any decision granting or denying an accommodation and all appeal rights **within 15 days** from the conclusion of the cooperative dialogue. In certain time-sensitive circumstances, expedited processing or a temporary accommodation may be necessary.

**At least 10 business days** before an accommodation will expire, the EEO Office must remind the individual in writing of the end date of the accommodation. Any request for an extension or modification should be submitted to the EEO Office **at least five business days** before the expiration of the original accommodation.



### Right to Appeal

Individuals may appeal the denial of an accommodation request, to the agency head **within 10 days** from when the EEO Office issues the decision.

### Appeal

The agency head or designee must issue a written determination on the appeal **within 15 business days** of receipt of an appeal.



If you need an accommodation or have any questions, contact your agency's EEO officer.

*Revised March 2024*

## G. Resources

Listed below are resources for identifying and evaluating possible accommodations that agency personnel may consult. Agency personnel involved in the reasonable accommodation process are encouraged to use these resources as needed.

**Disabilities**

**New York City Commission on Human Rights**

NYCCHR_LegalGuide-DisabilityFinal2.pdf

**Mayor's Office for People with Disabilities**

http://nyc.gov/mopd

311

1-212-NEW-YORK (Out of City)

711 (Relay Service for Deaf\Hard of Hearing)

**Job Accommodation Network (JAN)**

http://www.askjan.org/

1-800-526-7234

jan@askjan.org

**U.S. Equal Employment Opportunity Commission (EEOC)**

www.eeoc.gov

1-800-669-4000

(TTY) 1-800-669-6820

info@eeoc.gov

The EEOC has published many documents that provide guidance on ADA requirements. Some examples include:

- **Reasonable Accommodation and Undue Hardship Under the ADA:** http://www.eeoc.gov/policy/docs/accommodation.html

- **Disability-Related Inquiries & Medical Examinations of Employees under the ADA:** http://www.eeoc.gov/policy/docs/guidance-inquiries.html

- **Application of the ADA to the Contingent Workers Placed By Temporary Agencies & Other Staffing Firms:** http://www.eeoc.gov/policy/docs/guidance-contingent.html

- **ADA and Psychiatric Disabilities:** http://www.eeoc.gov/policy/docs/psych.html

- **Enforcement Guidance: Workers' Compensation & the ADA:** http://www.eeoc.gov/policy/docs/workcomp.html

- **Pre-employment Disability-Related Questions & Medical Examinations:** http://www.eeoc.gov/policy/docs/preemp.html

- **FMLA, ADA, and Title VII:** http://www.eeoc.gov/policy/docs/fmlaada.html

- **Job Applicants and the ADA:** http://www.eeoc.gov/facts/jobapplicant.html

**Religion**

EEOC Compliance Manual:

Section 12 – Religion

http://www.eeoc.gov/policy/docs/religion.html

**Victims of Domestic Violence, Sex Offenses, and Stalking**

**New York City Commission on Human Rights**

https://www1.nyc.gov/site/cchr/law/domestic-violence-law.page

**New York State Division of Human Rights**

https://dhr.ny.gov/system/files/documents/2022/06/employment-domestic-violence-trifold.pdf

**Pregnancy, Childbirth, and Other Related-Medical Conditions**

**NYC Commission on Human Rights**

https://www1.nyc.gov/site/cchr/law/pregnancy-legal-guidance.page

https://www1.nyc.gov/site/cchr/law/lactation.page

**New York State Division of Human Rights**

https://dhr.ny.gov/system/files/documents/2022/05/pregnancy.pdf

**EEOC**

http://www.eeoc.gov/laws/types/pregnancy.cfm

