UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
LORRAINE MASCIARELLI,                                              :
                                                                  :
                              Plaintiff,                          :
                                                                  :         **MEMORANDUM**
              -against-                                            :         **AND ORDER**
                                                                  :
NEW YORK CITY DEPARTMENT OF EDUCATION,        :         22 Civ. 7553 (CBA) (VMS)
                                                                  :
                              Defendant.                          :
-------------------------------------------------------------------------X

**Vera M. Scanlon, Chief United States Magistrate Judge:**

In this action, Plaintiff seeks relief for injuries allegedly suffered from her termination as a teacher with the NYC Department of Education ("DOE"), arising out of her refusal to receive the COVID-19 vaccine. See Am. Compl., ECF No. 39. Before the Court are two motions filed by Plaintiff, which the Court addresses together herein.

Plaintiff moves to compel production of documents. "Motion to Compel," ECF No. 73. For the reasons described below, the Motion to Compel is denied.

Plaintiff seeks leave to file an amended complaint. "Motion to Amend," ECF No. 78 (with Motion to Compel, the "Motions"). As set forth herein, the Motion to Amend is granted.

## I.    BACKGROUND

The Court assumes familiarity with the underlying facts of this case, which are summarized in detail in the Memorandum and Order granting in part and denying in part Defendant's motion to dismiss, "M&O," ECF No. 33; they are discussed only as relevant to the Motions.

In September 2000, Defendant hired Plaintiff, a Roman Catholic, to be a public-school teacher. See Am. Compl. ¶¶ 10, 14. In August 2021, Plaintiff was notified that Defendant was requiring all employees to be fully vaccinated against COVID-19. See EEOC Charge at 3, ECF No. 39-1. Plaintiff refused to be vaccinated. See Am. Compl. ¶ 12. She notified Defendant that

her religious belief conflicted with the vaccination requirement, and she requested an accommodation to the vaccinate mandate.  See EEOC Charge at 2.  Defendant denied her request for accommodation, and Plaintiff was suspended without pay.  See Am. Compl. ¶¶ 12-13.

Pursuant to an arbitration award arising out of an arbitration between Defendant and the United Federation of Teachers ("Arbitration Award," ECF No. 39-9), any DOE employee who sought an exemption from the vaccination requirement first needed to seek an accommodation from Defendant.  See M&O at 2-3.  Any denial by Defendant of an employee's accommodation request could be appealed to a panel of Scheinman Arbitration and Mediation Services ("SAMS") arbitrators.  See M&O at 2-4; Arb. Award.  An employee could appeal any denial to the Reasonable Accommodation Appeals Panel ("Citywide Panel").  See M&O at 4; Am. Compl. ¶¶ 19-21.

Plaintiff requested a religious accommodation from the DOE's vaccine mandate, see "Req. Ltr.," ECF No. 39-3, which Defendant denied on September 21, 2021, see ECF No. 39-4. Plaintiff's appeal of the accommodation denial was denied by a SAMS arbitrator on October 4, 2021, see ECF No. 39-5, and the Citywide Panel also denied her appeal, see ECF No. 39-8.  On September 5, 2022, Plaintiff's employment was terminated, for failure to comply with the COVID-19 vaccinate mandate.  See Compl. ¶ 27.  This action followed.

### A.  First Motion To Compel

On June 27, 2024, Plaintiff moved to compel production of documents related to SAMS arbitrations, "First Motion," ECF No. 53, seeking an order compelling non-party arbitrator Martin Scheinman to produce, pursuant to a subpoena duces tecum, documents about arbitrations and mediations related to DOE employees and the COVID-19 vaccine.  See Subpoena Addendum, ECF No. 53-1.  Plaintiff also sought to depose Mr. Scheinman.  See First Motion.

During the August 6, 2024 conference, then-Magistrate Judge Bulsara denied the First Motion on the record, for several reasons.  See Tr. 8/6/2024 Conf., ECF No. 60.

First, Plaintiff did not cite any legal support for compelling an arbitrator to produce documents related to an arbitration.  See id. 5:23-6:5.  Second, the Court determined that the First Motion was "an improper collateral attack on the decision of an arbitrator or a mediator." Id. 6:6-8.  As a party affected by the arbitration award, if Plaintiff wanted to challenge that award, the Court determined that she needed to appeal "either before the arbitration panel itself or as a separate action under the FAA to vacate or set aside such an award," id. 6:9-14, which Plaintiff had not done.  Third, the Court found that the First Motion sought documents related to "financial circumstances and the financial payments" made for the arbitration, which "are questions that attempt to undermine" the arbitration proceedings and which "can't be done collaterally."  See id. 7:1-6.  The Court found that Plaintiff did not address and otherwise failed to meet the relevant Second Circuit standard, as set forth in Lyeth v. Chrysler Corp, 929 F.2d 891 (2d Cir. 1991), for collateral attacks on arbitration awards on the basis of alleged bias.  See Tr. 8/6/2024 Conf. 8:2-4.  Fourth, the Court determined that Plaintiff did not address and otherwise failed to meet the "separate and more exacting standard" necessary to obtain discovery of "documents that have been made confidential," that is, documents related to the arbitration which was "conducted pursuant to a confidentiality agreement."  See id. 8:19–9:12.

Plaintiff appealed Judge Bulsara's denial of the First Motion.  See ECF No. 61.  The District Court affirmed.  See ECF No. 65.

**B.  Prior Production Of Records**

During the April 2, 2024 status conference before Judge Bulsara regarding a discovery dispute, see ECF No. 44, the parties discussed Defendant's provision of a list of DOE employees who had been granted religious exemptions to the COVID-19 vaccination requirement.  See Tr.

3

4/2/2024 Conf., ECF No. 49.  The Court directed Defendant to produce an anonymized spreadsheet of accommodations with the employee's religion (Catholic or non-Catholic), whether an accommodation was provided, and, if so, what accommodation was granted.  See id. 14:2-15:20.  Defendant appealed the Court's order compelling it to produce this spreadsheet of information, see ECF No. 51, and the District Court affirmed, see ECF No. 65.

## II.    DISCUSSION

### A.  Motion To Compel

Plaintiff now moves to compel production of an additional two categories of documents: "(a) Scheinman Arbitration and Mediation Service ('SAMS') decisions that granted certain NYCDOE employees religious exemptions to the COVID-19 vaccine mandate . . .; and (b) decisions of the City of New York Reasonable Accommodation Appeals Panel ('Appeals Panel') granting certain NYCDOE employees religious exemptions to the COVID-19 vaccine mandate." Mot. to Compel at 1.  Defendant opposes, see "Opposition to Compel," ECF No. 75, and Plaintiff replies, "Reply to Compel," ECF No. 76.

The Court held oral argument on the Motion to Compel.  See Tr. 11/20/2025 Oral Arg., ECF No. 85.

#### 1.    Timeliness

As an initial matter, Defendant contends that the Motion to Compel should be denied because it was filed twenty days before the close of discovery and thus evinces a "pattern of bad-faith tactics intended to stall progress and burden Defendant." Opp. to Compel at 1-2.

Plaintiff states that she could not have filed the Motion "any sooner" because the deposition "which triggered the request" for the SAMS and Appeals Panel awards took place approximately seven weeks earlier.  See Reply to Compel at 3.  Plaintiff states that she is not

4

requesting any additional discovery besides these awards such that once the Motion is resolved, "discovery will be complete." See id. at 3.

Although Plaintiff does not appear to have brought this motion with the intent to delay, the motion is nonetheless untimely. That multiple arbitrations concerning religious accommodations were conducted and resolved was known to Plaintiff long before the deposition upon which she relies because this was Defendant's approach to resolving such claims during the Covid-19 pandemic. See First Mot.; M&O at 2-3. Plaintiff waiting for the deposition and then several additional weeks is not reasonable given the extensive period of discovery in this case. See Orders dated 12/31/2023, 3/4/2024, 4/2/2024, 11/20/2024, 2/27/2025, 4/2/2025.

### 2. SAMS Arbitration Records

In the Motion to Compel, Plaintiff seeks arbitration records distinct from those she sought in the First Motion.[1] There, the Court denied Plaintiff's request for documents "related to the impasse in negotiations" about the process for requesting and appealing denials for exemptions and the arbitration of this impasse, "not the appeals from the NYCDOE denial of all religious exemptions." Reply to Compel at 3; see M&O at 13-15. In the Motion to Compel, Plaintiff does not attempt to collaterally attack the proceedings but rather seeks "only to obtain copies of the awards" in support of her discrimination claim, Reply to Compel at 3-4, specifically the "reasoning" behind the arbitration decisions, see id. at 2.

As on the First Motion, see M&O at 6-7, Plaintiff does not discuss the relevant legal standard for obtaining documents related to confidential proceedings: "[a] party seeking

---

[1] The Court also notes that Plaintiff is already in possession of much of this information. During oral argument, Defendant stated that it "had already produced . . . a list of over 3,000 DOE employees who requested a religious accommodation, whether their accommodation was granted or denied, their identified religion, and if they received an accommodation, what the nature of that accommodation was," see Tr. 11/20/2025 Oral Arg. 12:20-25, information that Plaintiff acknowledged having received, see id. 13:2-9.

5

disclosure of confidential mediation communications must demonstrate (1) a special need for the confidential material, (2) resulting unfairness from a lack of discovery, and (3) that the need for the evidence outweighs the interest in maintaining confidentiality." In re Teligent, Inc., 640 F.3d 53, 58 (2d Cir. 2011). Instead, Plaintiff argues that the documents can be redacted to remove any identifying information. See Reply to Compel at 4.

Redaction of materials, however, does not address the purpose of the high bar to disclosure of these records. "Confidentiality is an important feature of the mediation and other alternative dispute resolution processes. Promising participants confidentiality in these proceedings promotes the free flow of information that may result in the settlement of a dispute . . . and protecting the integrity of alternative dispute resolution generally[.]" In re Teligent, 640 F.3d at 57 (internal quotations & citations omitted). "Courts have consistently observed that there is an important public interest in protecting the rights of parties who submit to confidential arbitration." Pasternak v. Dow Kim, No. 10 Civ. 5045 (LTS) (JLC), 2013 WL 1729564, at *3 (S.D.N.Y. Apr. 22, 2013) (internal quotation omitted). Plaintiff's proposal to redact documents is inadequate to render them disclosable under this Circuit's In re Teligent standard.

Although Plaintiff contends that the SAMS award information is relevant to her claims, see Mot. to Compel at 2; Reply to Compel at 3, Plaintiff fails to show that she has any special need for these confidential materials, which do not contain the information Plaintiff seeks,[2] see Opp. to Compel at 1 n.1; Tr. 11/20/2025 Oral Arg. 21:5-10, or that any such need "outweighs the interest in maintaining confidentiality," see In re Teligent, 640 F.3d at 58. Moreover, Plaintiff

---

[2] Although Plaintiff "is not required to accept the NYCDOE's representation of the contents of the documents," Reply to Compel at 2 n.1, the Court accepts Defendant's counsel's representation to the Court about the documents.

has already been afforded a long period of discovery and does not state why discovery to date has been inadequate or that the discovery process resulted in any unfairness to her, such that this additional discovery is needed.

Accordingly, Plaintiff's request for SAMS arbitration records is denied, as the motion was untimely, and the discovery of confidential materials is unnecessary and does not outweigh the arbitration parties' confidentiality interest.

### 3.    Citywide Appeals Panel Documents

Plaintiff seeks to compel records from the Citywide Appeals Panel that contain "the identity of the appeal['s] panel member's name that granted the exemption" and "any reasoning given by the Appeal[s] Panel for the grant of the exemption," Mot. to Compel at 3, with any personal identifying information redacted such that the documents no longer contain "confidential information," see Reply to Compel at 4.

During oral argument, Plaintiff contended for the first time, without evidence, that the Arbitration Award did not specify that an employee's appeal at the Citywide Appeals Panel was subject to any confidentiality agreement. See Tr. 11/4/2025 Conf. 18:3-12. Defendant responded that, pursuant to 28 U.S.C. § 652, "arbitrators are required to maintain the confidentiality of all arbitration proceedings." Id. 19:8-10. Plaintiff does not provide any basis for the Citywide Appeals Panel process not being confidential.

As above, Plaintiff does not attempt to meet the standard for compelling disclosure enunciated in In re Teligent, and she otherwise does not provide legal support for disclosure of documents related to these proceedings. The only argument Plaintiff makes regarding the presumptive confidentiality of the proceedings is that Defendant may "redact any personal identifiable information." Reply to Compel at 4. For the same reasons as described above and

7

because Plaintiff does not show any special need for this information or even explain how it would strengthen her claim, Plaintiff does not overcome the presumption of confidentiality.

Accordingly, Plaintiff's request for the Citywide Panel documents is denied.

## B. Motion To Amend The Amended Complaint

Plaintiff seeks leave to amend the complaint to "add a single cause of action to the Amended Complaint [ECF No. 39] alleging a violation of the New York City Human Rights Law ['CHRL']." Pl. Mem. to Am., ECF No. 78-1; see Prop'd Am. Compl., ECF No. 71-1.

### 1.    Legal Standard

After the time expires for amending a pleading as of right, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id. "'[I]t is within the sound discretion of the district court to grant or deny leave to amend.'" Carroll v. Trump, 680 F. Supp. 3d 491, 504 (S.D.N.Y. 2023) (quoting McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007)), aff'd in part, appeal dismissed in part, 88 F.4th 418 (2d Cir. 2023). "[M]otions to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." Pereira ex rel. Capala v. Capala, No. 17 Civ. 3434 (ILG) (SMG), 2018 WL 4259982, at *2 (E.D.N.Y. Sept. 6, 2018) (quoting Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008)); see E.E.O.C. v. Hillstone Rest. Grp., Inc., 346 F.R.D. 26, 30 (S.D.N.Y. 2024). The non-moving party bears the burden of establishing why leave to amend should not be granted. See Lion-Aire Corp. v. Lion Air Installation, Inc., 747 F. Supp. 3d 488, 515 (E.D.N.Y. 2024).

8

The Court must accept all allegations in the proposed amended complaint as true and draw all inferences in Plaintiff's favor to determine whether she has stated a claim.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

### 2.       Application

Plaintiff contends that amendment is warranted on account of "newly disclosed evidence from the NYCDOE's FRCP Rule 30(b)(6) witness[]," Pl. Mem. to Am. ¶ 15, "Kathleen Rodi, [who] admitted that regardless of what religious belief a person had, every religious exemption request made to the NYCDOE for an accommodation from the COVID-19 vaccine mandate was denied as a matter of adopted policy," id. ¶ 3.  Specifically, Plaintiff's proposed amendment would argue that Defendant "failed to analyze the Plaintiff'[s] specific and particularized situation to determine whether [] an undue hardship existed to the NYCDOE to grant the Plaintiff an accommodation."  Id. ¶ 5.  Plaintiff contends, therefore, that Defendant's "'undue burden' defense is pretext for religious discrimination since the NYCDOE never determined whether granting this Plaintiff a religious accommodation was an undue burden."  Id. ¶ 6.

Defendant opposes on two grounds, futility and undue prejudice.  Defendant contends that amendment is futile because she "unequivocally abandoned all claims under" state and city anti-discrimination laws, and, even if she did not abandon the claim, it would be "futile on the merits."  See Opp. to Amend. at 3, 9, ECF No. 79.  As to undue prejudice, Defendant argues that amendment would "further delay the close of discovery" and create the "potential for additional motion practice [that] would significantly delay the resolution of the dispute" and "would result in new problems of proof."  Id. at 13 (internal quotation omitted).

### a. Futility

#### i. "New" Claim

Plaintiff "seeks permission to add a single cause of action to the Amended Complaint alleging a violation of the New York City Human Rights Law." Pl. Mem. to Am. ¶ 2. Although Plaintiff acknowledges that the Amended Complaint already pleads a religious discrimination claim under New York City law, in light of discovery, "Plaintiff can elaborate on and provide additional details, with more specificity, asserting allegations concerning how [Defendant] violated" city anti-discrimination law. Id. ¶ 14.

The Court does not find that Plaintiff seeks to allege a new claim for purposes of the Motion to Amend. The Complaint brought religious discrimination claims under federal, state and city anti-discrimination laws, see Compl., ECF No. 1, and the Amended Complaint does the same, see Am. Compl.

Accordingly, for purposes of the Motion to Amend, the Court understands Plaintiff to request leave to add new allegations in support of a claim that was previously asserted, not to raise a new claim altogether.

#### ii. Abandonment Of Her Claim

In the Complaint, Plaintiff asserted claims for religious discrimination and failure to reasonably accommodate her sincerely held religious beliefs, pursuant to federal, state and city anti-discrimination laws. In support, Plaintiff alleged, inter alia, that despite her contention that reasonable accommodations were available "that would not have caused [Defendant] an undue hardship," Defendant did not offer a reasonable accommodation and otherwise "did not participate in an interactive process to find a reasonable accommodation for [] Plaintiff's sincerely held religious belief." Compl. ¶¶ 32-34.

10

Defendant moved to dismiss the Complaint.  See "Def. Mem. to Dismiss," ECF No. 21-1.  As relevant here, Defendant contended that Plaintiff's "failure to accommodate claim should be denied because accommodating [P]laintiff would cause an undue hardship."  Id. at 11.  In her opposition to Defendant's motion to dismiss, "Pl. Opp. to Dismiss," ECF No. 22-8, Plaintiff argued that "Defendant's decision to deny the Plaintiff's request for a reasonable accommodation . . . was not based upon an examination of the additional costs or substantial expenditures but rather "solely on a direct threat to health and safety."  Pl. Opp. to Dismiss at 10 (internal quotation omitted).  Plaintiff argued further that Defendant did not "engage in a cooperative dialogue" regarding any accommodation.  Id. at 17.

During oral argument, in light of the Complaint's lack of clarity, the Court asked Plaintiff to state the causes of action that she believed the Complaint set forth.  See Tr. 9/6/2023 Oral Arg. 13:2-5, ECF No. 31.  After Plaintiff stated that she had asserted federal claims of "Title VII religious discrimination and First Amendment, free exercise cause of action," id. 13:6-7, the Court asked Plaintiff if she pled any "state claims."  Id. 13:9-10.  Plaintiff stated that she "ha[d] not pled any state claims."  Id. 13:11.  Plaintiff thereafter discussed the New York City law standard which she contended required Defendant to "perform an interactive process to determine what a reasonable accommodation could have been for [Plaintiff's] requested accommodation."  Id. 13:19-21.

In the M&O, the Court found that Plaintiff, "[b]ased on counsel's clear statement at oral argument," waived "any state-law claims [Plaintiff] purported to bring," and the Court thus did not address them in the M&O.  See M&O at 1 n.1.  The Court determined further that, because Defendant "failed to show the existence of an undue hardship," Plaintiff's "reasonable

accommodations claim" could proceed, "but not on any purported claim of failure to engage in an interactive process." M&O at 12-13.

Contrary to the parties' contentions, the Court did not state that Plaintiff had waived her New York City law claims, and Plaintiff did not state that she had not pled any City claims. See generally M&O; Tr. 9/6/2023 Oral Arg. Accordingly, Plaintiff has not waived or otherwise abandoned any City claim. The District Court did not conclude that she had waived or abandoned such claims.

### iii.    Failure To State A Claim

Defendant contends that Plaintiff's failure-to-accommodate claim would fail because it is "well[-]established that the DOE would have suffered an undue hardship by granting Plaintiff a religious exemption from the Covid-19 vaccine mandate." Opp. to Amend at 10. Defendant argues further that the claim "would also be futile at the summary judgment stage." Id. at 11.

"The party opposing the amendment bears the burden of proving futility." Zou v. Han, 797 F. Supp. 3d 199, 216 (E.D.N.Y. 2025). "To overcome objections of futility, the moving party must merely show that it has 'at least colorable grounds for relief.'" Copantitla v. Fiskardo Estiatorio, Inc., No. 09 Civ. 1608 (RJH) (JCF), 2010 WL 1327921, at *3 (S.D.N.Y. Apr. 5, 2010) (quoting Ryder Energy Distribution Corp. v. Merrill Lynch Commodities Inc., 748 F.2d 774, 783 (2d Cir. 1984)). "Amendments are generally favored because they tend to facilitate a proper decision on the merits." Bruno v. Zimmer, Inc., No. 15 Civ. 6129 (LDW) (AKT), 2017 WL 8793242, at *3 (E.D.N.Y. Aug. 11, 2017) (quotation omitted), R&R adopted, 2018 WL 671234 (E.D.N.Y. Feb. 1, 2018).

As discussed above, Plaintiff seeks to allege new facts in support of a claim she previously alleged, not interpose a new claim. This does not form a basis for denying the Motion to Amend. See, e.g., Norman Maurice Rowe, M.D., M.H.A., L.L.C. v. Aetna Life Ins. Co., No.

12

23 Civ. 2596 (GRB) (PK), 2025 WL 3461170, at *3 (E.D.N.Y. Aug. 13, 2025) (permitting amendment to add new allegations to existing claims but rejecting new claims); Soler v. G & U, Inc., 103 F.R.D. 69, 74 (S.D.N.Y. 1984) (granting motion to amend where "[t]he proposed amended complaint does not set forth new legal theories upon which relief could be granted"). In opposing Plaintiff's request to add new allegations in support of an existing claim, Defendant's futility argument essentially asks that the Court "finally determine the merits of" Plaintiff's claim, not simply "satisfy itself that [the claim] is colorable and not frivolous." Chodkowski v. Cnty. of Nassau, No. 16 Civ. 5770 (SJF) (GRB), 2018 WL 6521839, at *5 (E.D.N.Y. May 8, 2018).

In light of the requirement that the Court "accept as true all factual allegations in the proposed amended complaint" and "draw all reasonable inferences" in Plaintiff's favor, the Court does not find that Plaintiff's new allegations render her claim frivolous for purposes of a motion to amend. See UMG Recordings, Inc. v. Lindor, No. 05 Civ. 1095 (DGT), 2006 WL 3335048, at *3 (E.D.N.Y. Nov. 9, 2006) (permitting amendment of defense that was not frivolous and stating that the "court will address the merits of the affirmative defense, if necessary, at a later date"). Moreover, amendment will help "facilitate a proper decision on the merits." Chodkowski, 2018 WL 6521839, at *4. Any questions regarding whether the claim is ultimately successful are reserved for dispositive motion practice or trial.

### iv.    Undue Prejudice

"Prejudice to the nonmovant is an important factor when determining whether to grant a claimant's leave to amend and is often the 'most frequent reason for denying leave to amend.'" Zou, 797 F. Supp. 3d at 214 (quoting Ruotolo v. City of N.Y., 514 F.3d 184, 191 (2d Cir. 2008)). "When considering whether the opposing party may be prejudiced, courts consider whether the new claim would: (1) require the opponent to expend significant additional resources to conduct

13

discovery and prepare for trial; (2) significantly delay the resolution of the dispute; [or] (3) prevent the plaintiff from bringing a timely action in another jurisdiction." Washington v. Green Trips Inc., No. 24 Civ. 3585 (DG) (VMS), 2025 WL 3687784, at *3 (E.D.N.Y. Dec. 19, 2025) (quotation omitted). Defendant bears the burden of demonstrating undue prejudice. See Perez v. Escobar Constr., Inc., 342 F.R.D. 378, 382 (S.D.N.Y. 2022).

If leave to amend is granted, Defendant contends that it would suffer undue prejudice because "further discovery" is required. See Opp. to Amend at 12-13. Defendant, however, does not state the anticipated scope of any additional discovery. Defendant does not explain why granting amendment would require "additional motion practice." Id. at 13.

Plaintiff states that the amendment "does not require any additional discovery" because it "does not change [her] theory of the case, and does not add any allegations" already explored in discovery. See Pl. Mem. to Amend at 5.

Accordingly, Defendant has not met its burden of demonstrating the undue prejudice sufficient to deny leave to amend.

14

## III.    CONCLUSION

For the above reasons, Plaintiff's Motion to Compel is denied, and Plaintiff's Motion to Amend is granted.

Plaintiff is directed to file her amended complaint on or before February 20, 2026, and Defendant must respond to the amended complaint by March 6, 2026.

On the basis of the parties' responses to the Court at the November 20, 2025 oral argument, the Court understands that, with resolution of the Motion to Compel, fact discovery has concluded and that the only expert discovery the parties seek relates to Plaintiff's pension benefits.  See Tr. 11/20/2025 Oral Arg. 22:10-23:12.  In light of the parties' consent, see id., this limited expert discovery is stayed pending resolution of any dispositive motion practice.  The Court certifies discovery as otherwise complete.  Accordingly, within seven days of a decision on any dispositive motion, if this case is not dismissed, the parties are directed to file a joint status letter proposing deadlines for expert discovery.

By April 10, 2026, the parties are directed to commence dispositive motion practice, in accordance with the District Judge's individual rules.

In light of the parties' decision to stay consideration of Court-annexed mediation pending resolution of the Motions, see ECF No. 84, the parties are directed to confer regarding mediation and, by March 20, 2026, file a joint letter stating whether they seek a referral to Court-annexed mediation.


Dated:  Brooklyn, New York
           February 13, 2026

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge

15