UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
LORRAINE MASCIARELLI,

Plaintiff,

**INDEX NO. 22-cv-7553**

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

Defendant.
---------------------------------------------------------------------X

**LOCAL RULE 56.1(a) STATEMENT OF MATERIAL FACTS AS TO WHICH THERE ARE NO GENUINE ISSUES TO BE TRIED SUBMITTED BY THE PLAINTIFF LORRAINE MASCIARELLI**

Pursuant to Local Civil Rule 56.1(a) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, the Plaintiff LORRAINE MASCIARELLI submit the following as material facts as to which there are no genuine issues to be tried:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this Action pursuant to 28 U.S.C §§ 1331 and 1367(a) as it arises under the laws of the United States and related claims for relief for New York City statutory violations. *See,* **Exhibit B,** a copy of the Second Amended Complaint, at ¶¶ 3 and 4.

2. Venue is proper in this case pursuant to 28 U.S.C. § 1391(b) because the events giving rise to the Plaintiff's claims occurred in the Eastern District of New York. *See,* **Exhibit B,** at ¶ 5.

## II. PARTIES

### A. Plaintiff

3. The Plaintiff LORRAINE MASCIARELLI ("Plaintiff") is a natural person with her domicile in the County of Suffolk, State of New York. *See,* **Exhibit B,** at ¶ 1.

### B. Defendant

4. The Defendant NEW YORK CITY DEPARTMENT OF EDUCATION ("NYCDOE") is a school district organized under the laws of New York State. *See,* **Exhibit B,** at ¶ 2.

## III. UNDISPUTED MATERIAL ISSUES OF FACTS

9. The Plaintiff is Roman Catholic. *See,* **Exhibit A,** at page 12, lines 11-12.

10. The Plaintiff is a licensed Special Education teacher, elementary education teacher Pre-K through grade 6, and a provisional certification in physical education, K through 12. *See,* at page 15, line 19 through page 16, line 3.

11. The Plaintiff is a former teacher for the NYCDOE who was terminated from her employment with the NYCDOE for failing to comply with the COVID-19 Vaccine Mandate ("Vaccine Mandate") imposed by the NYCDOE. *See,* **Exhibit** A, a copy of the Plaintiff's deposition transcript, at page 25, lines 19-21.

12. The Plaintiff refused to comply with the Vaccine Mandate because she has bona fide religious beliefs that conflict with the Vaccine Mandate. *See,* **Exhibit A,** at page 61, lines 13 through page 64, line 3; **Exhibit F,** at page 77, lines 4-14.

13. The NYCDOE refused, as a matter of policy, to grant the Plaintiff a religious accommodation from Vaccine Mandate. *See,* **Exhibit M**, a copy of the deposition transcript of Katherine G. Rodi, at page 16, lines 10-13.

14. The Plaintiff informed the NYCDOE of her bona fide religious beliefs in her applications for religious accommodations from the Vaccine Mandate. *See,* **Exhibit C**, a copy of the Plaintiff's request for religious accommodations; **Exhibit D**, a copy of the Plaintiff's renewal application for religious accommodation; **Exhibit E**, a copy of the Plaintiff's application to the NYC Appeal Panel.

15. When the Plaintiff applied for a religious accommodation of an exemption from the Vaccine Mandate, it was denied. *See,* **Exhibit G**, a copy of the NYCDOE's denial of the Plaintiff's accommodation request.

16. From the Plaintiff's file there is no indication that "anyone made a finding at any point in this process that her religious beliefs themselves would not qualify her for an accommodation." **Exhibit F**, a copy of the deposition transcript of Eric Eichenholtz, at page 77, lines 4-14.

17. The NYCDOE told the Plaintiff's union, the UFT at the bargaining table during negotiations over the implementation of the Vaccine Mandate, in August 2021, that no employee of the NYCDOE was going to receive a religious accommodation from the Vaccine Mandate. *See,* **Exhibit I**, a copy of the UFT"s Declaration of Impasse, at Schedule A and page 6. *See also,* **Exhibit J**, a copy of the Declaration of Alan Klinger, dated March 17, 2025, at ¶ 6.

18. It was not until September 2021 did the NYCDOE determine that granting religious accommodations to the Vaccine Mandate would be an undue hardship. *See,* **Exhibit M,** at page 18, lines 19-25.

19. The "general committee" of the NYCDOE met in September 2021 and decided that, no matter what a person's religious beliefs or bona fides were, the NYCDOE was denying each and every religious accommodation request from the Vaccine Mandate. *See,* **Exhibit M**, at page 23, line 8 through page 25, line 12.

20. The Plaintiff's request for a religious accommodation was rejected without any individual analysis whether if an accommodation was granted to the Plaintiff would be an undue burden. *See,* **Exhibit M**, at page 22, lines 10-15.

21. Ultimately, through the appeal process created to provide of the NYCDOE's denial of religious accommodations, one hundred forty-six (146) NYCDOE employees were granted religious accommodations. *See,* **Exhibit N**, a copy of the NYCDOE's responses to Interrogatories, at Response No. 17.

22. The 146 were placed in NYCDOE's offices to perform office-based jobs, like answering phones as a COVID hotline for principals. *See,* **Exhibit M**, at page 80, line 18 through page 81, line 10.

23. The Vaccine Mandate authorized and permitted reasonable accommodations "otherwise required by law." **Exhibit L**, at § 6.

24. The NYCDOE denied every single religious accommodation request from the Vaccine Mandate. *See,* **Exhibit M**, at page 16, lines 10-13; page 22, lines 10-15.

25. The NYCDOE approved both medical exemptions to the Vaccine Mandate and medical accommodation to the Vaccine Mandate. *See,* **Exhibit M**, at page 33, line 5 through page 36, line 17.

26. The NYCDOE took the position that the Plaintiff's bona fide religious belief that the COVID-19 vaccine was produced using fetal cells (**Exhibit A**, at page 61, lines 13-21) was "BS". **Exhibit O**, a copy of the September 20, 2021 email chain, at pages 7-8.

27. When the Plaintiff executed her release to extend her suspension without pay for one year in September 2021, she communicated with the NYCDOE and stated that she is "continuing my leave under duress. I am 51 years old and need my pension that I worked for my whole life." **Exhibit U**.

28. When the Plaintiff executed her release to extend her suspension without pay for one year in September 2021, the Plaintiff emailed Beth Norton, Esq. ("Norton") an attorney for the UFT that "[t]oday I notified the revokevaccinationprovision@schools.nyc.edu to extend my forced unpaid leave **UNDER DURESS**! I am notifying you as well." **Exhibit V**, a copy of the email to Norton (emphasis in original).

29. When the Plaintiff executed her release to extend her suspension without pay for one year in September 2021, the Plaintiff emailed her Principal that she "[u]nder duress, I have extended my forced Leave Without Pay for Vaccine Reasons until September 5, 2022." **Exhibit W**, a copy of the Plaintiff's email to her Principal.

30. The Plaintiff was presented with the release without any time to review it. *See,* Masciarelli Affidavit, at ¶ 3.

31. The Plaintiff was not given time for her union to review the release before signing. *See,* Masciarelli Affidavit, at ¶ 4.

32. The Vaccine Mandate did not prohibit the NYCDOE from granting reasonable accommodations for religious objectors. *See,* **Exhibit L**, § 6.

## IV. CONCLUSION

33. There are no genuine issues of material fact precluding summary judgment.

Dated: Garden City, New York
June 10, 2026

Austin Graff
The Scher Law Firm, LLP
*Attorneys for the Plaintiff*
600 Old Country Road, Suite 440
Garden City, New York 11530
(516) 746-5040
agraff@scherlawfirm.com