UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X

LORRAINE MASCIARELLI,

Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

Defendants.

------------------------------------------------------------------- X

**DEFENDANT'S RESPONSES TO PLAINTIFFS' LOCAL RULE 56.1 STATEMENT OF MATERIAL UNDISPUTED FACTS**

22-cv-7553 (CBA)(VMS)

**DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' LOCAL RULE 56.1 STATEMENT OF MATERIAL UNDISPUTED FACTS**

Pursuant to Rule 56.1 of the Local Civil Rules of this Court, defendant New York City Department of Education ("DOE") by its attorney Steven Banks, Corporation Counsel of the City of New York, submits the following statements in response to Plaintiffs' Local Rule 56.1 Statement of Material Undisputed Facts, dated June 10, 2026 (Plaintiff's Rule 56.1 Statement) submitted in support of her motion for summary judgment:

**<u>GENERAL OBJECTIONS</u>**

For the reasons set forth in their Memorandum of Law in Opposition to Plaintiff's Motion for Summary Judgment, ("Defendant's Opposition" or "Def. Opp."), Defendant contends that Plaintiff's motion is flawed as a matter of law, even assuming, *arguendo*, that Plaintiff's factual allegations are true, and therefore Defendant denies the materiality of each and every paragraph of Plaintiff's Rule 56.1 Statement. Defendant respectfully refers the Court to Defendant's Opposition for a response to Plaintiff's legal arguments.

**<u>REPLY TO PLAINTIFF'S RULE 56.1 STATEMENT</u>**

1. This Court has jurisdiction over this Action pursuant to 28 U.S.C. §§ 1331 and 1367(a) as it arises under the laws of the United States and related claims for relief for New York City statutory violations. *See*, Exhibit B, a copy of the Second Amended Complaint at ¶¶ 3 and 4.

**DEFENDANT'S RESPONSE: Defendant objects to paragraph "1" on the grounds that it consists of legal argument, not fact and, therefore, should be disregarded as improper under Rule 56.1. Defendant further objects to paragraph "1" on the grounds that it is immaterial and irrelevant to Plaintiff's claims.**

2. Venue is proper in this case pursuant to 28 U.S.C. § 1391(b) because the events giving rise to the Plaintiff's claims occurred in the Eastern District of New York. *See*, Exhibit B, at ¶ 5.

**DEFENDANT'S RESPONSE: Defendant objects to paragraph "2" on the grounds that it consists of legal argument, not fact and, therefore, should be disregarded as improper under Rule 56.1. Defendant further objects to paragraph "2" on the grounds that it is immaterial and irrelevant to Plaintiff's claims.**

3. The Plaintiff LORRAINE MASCIARELLI ("Plaintiff") is a natural person with her domicile in the County of Suffolk, State of New York. *See*, Exhibit B, at ¶ 1.

**DEFENDANT'S RESPONSE: Defendant objects to paragraph "3" on the grounds that it consists of legal argument, not fact and, therefore, should be disregarded as improper under Rule 56.1. Defendant further objects to paragraph "3" on the grounds that it is immaterial and irrelevant to Plaintiff's claims.**

4. The Defendant NEW YORK CITY DEPARTMENT OF EDUCATION ("NYCDOE") is a school district organized under the laws of New York State. *See*, Exhibit B at ¶ 2.

DEFENDANT'S RESPONSE: **Defendant objects to paragraph "4" on the grounds that it is immaterial and irrelevant to Plaintiff's claims. Notwithstanding the foregoing objection, Defendant admits that the New York City Department of Education ("DOE") is formally the Board of Education of the City School District of the City of New York, as defined pursuant to Articles 52 and 52-A of the New York State Education Law.**

9. The Plaintiff is Roman Catholic. *See*, **Exhibit A**, at page 12, lines 11-12. [1]

DEFENDANT'S RESPONSE: **Defendant admits the allegations set forth in paragraph "9" to the extent that Plaintiff has previously self-identified as Roman Catholic.**

10. The Plaintiff is a licensed Special Education teacher, elementary education teacher Pre-K through grade 6, and a provisional certification in physical education, K through 12. *See*, at page 15, line 19 through page 16, line 3.

DEFENDANT'S RESPONSE: **Defendant admits the allegations set forth in paragraph "10" except notes that Plaintiff's most recent position with the DOE was physical education teacher for grades pre-kindergarten through grade five. See Masciarelli Depo. at 30:15-18.**

11. The Plaintiff is a former teacher for the NYCDOE who was terminated from her employment with the NYCDOE for failing to comply with the COVID-19 Vaccine Mandate ("Vaccine Mandate") imposed by the NYCDOE. *See*, **Exhibit A**, a copy of the Plaintiff's deposition transcript, at page 25, lines 19-21.

[1] Plaintiff's paragraphs are mislabeled after paragraph 4 and omits paragraph numbers 5-8.

**<u>DEFENDANT'S RESPONSE</u>: Defendant admits that Plaintiff's employment with the DOE was terminated on September 5, 2022 due to her noncompliance with the Vaccine Mandate. <u>See</u> Def. Rule 56.1 ¶ 46.**

12. The Plaintiff refused to comply with the Vaccine Mandate because she has bona fide religious beliefs that conflict with the Vaccine Mandate. *See*, **Exhibit A**, at page 61, lines 13 through 64, line 3; **Exhibit F**, at page 77, lines 4-14.

**<u>DEFENDANT'S RESPONSE</u>: Defendant objects to paragraph "12" on the grounds that it consists of legal argument, not fact, and is therefore improper pursuant to Local Rule 56.1. Furthermore, Defendant disputes the factual allegations set forth in paragraph "12" on the grounds that the cited record evidence does not support the statement of fact. In addition, Plaintiff testified to taking other vaccines in the past, as well as vaccinating her children. <u>See</u> Pltf. Exh. A. 40:14-25, 41:1-6.**

13. The NYCDOE refused, as a matter of policy, to grant the Plaintiff a religious accommodation from Vaccine Mandate. *See*, **Exhibit M**, a copy of the deposition transcript of Katherine G. Rodi, at page 16, lines 10-13.

**<u>DEFENDANT'S RESPONSE</u>: Defendant objects to paragraph "13" as argumentative and on the grounds that the phrase "as a matter of policy" is vague and undefined. Furthermore, Defendant disputes the allegations in paragraph "9" as unsupported by the cited evidence. In addition, paragraph "13" is not material to Plaintiff's remaining failure to accommodate claims because Plaintiff never requested an accommodation; she only requested a religious exemption. <u>See</u> Def. Rule 56.1 ¶¶ 22-24. Defendant also objects to Plaintiff's characterizations about Ms. Rodi's personal knowledge because she was not noticed to testify as a fact witness in her personal capacity. She was, instead, designated by the DOE as its Rule 30(b)(6)**

**designee to discuss certain topics in Plaintiff's Rule 30(b)(6) deposition notice. In determining whether the First Exemption Request would constitute an undue hardship, the DOE considered: (1) the thousands of exemption requests in the aggregate; (2) DOE's obligation to provide educational services to students; (3) the return to in-person learning; (4) the DOHMH order mandating that unvaccinated individuals could not enter DOE school buildings; (4) health risks posed to students, students families, and DOE staff; (5) DOE's legal obligations to their students; (6) the economic burden of creating alternative assignments and/or positions for the requester; and, (7) whether granting the exemption would require DOE to have to hire other employees to complete the essential functions of the individual seeking the exemption. <u>See</u> Def. Exh. E at 23:12-25, 24:2-23, 25:6-15, 54:12-25, 55:2-6, 56:3-9, 66:21-25, 67:2- 9.**

14. The Plaintiff informed the NYCDOE of her bona fide religious beliefs in her applications for religious accommodations from the Vaccine Mandate. *See*, **Exhibit C**, a copy of the Plaintiff's request for religious accommodations; **Exhibit D**, a copy of the Plaintiff's renewal application for religious accommodation; **Exhibit E**, a copy of the Plaintiff's application to the NYC Appeal Panel.

**<u>DEFENDANT'S RESPONSE</u>: Defendant disputes the allegations set forth in paragraph "14" because the cited record evidence does not support the statement of fact. Notwithstanding the foregoing, Defendant admits that, in her first exemption request dated September 19, 2021, Plaintiff represented that she was a Roman Catholic and that she "certainly would not take any vaccine that contained fetal cells from the unborn, even if they are not directly contained in the vaccine, but were used in the research or production of the vaccine." <u>See</u> Def. 56.1 ¶¶ 22-23.**

15. When the Plaintiff applied for a religious accommodation of an exemption from the Vaccine Mandate, it was denied. *See*, **Exhibit G**, a copy of the NYCDOE's denial of the Plaintiff's accommodation request.

**<u>DEFENDANT'S RESPONSE</u>: Defendant admits the allegations set forth in paragraph "15" to the extent that on September 21, 2021, Plaintiff received an e-mail denying her a religious exemption from the COVID-19 vaccine mandate on the grounds that, pursuant to the DOHMH order, "unvaccinated employees cannot work in a …DOE[] building or other site without contact with DOE students, employees, or families without posing a direct threat to health and safety. We cannot offer another worksite as an accommodation as that would impose an undue hardship [] on the DOE and its operations.". <u>See</u> Def. 56.1 ¶¶ 22-31.**

16. From the Plaintiff's file there is no indication that "anyone made a finding at any point in this process that her religious beliefs themselves would not qualify her for an accommodation." **Exhibit F**, a copy of the deposition transcript of Eric Eichenholtz, at page 77, lines 4-14.

**<u>DEFENDANT'S RESPONSE</u>: Defendant disputes the allegations in paragraph "12" on the grounds that the cited evidence does not support the statement of fact. Furthermore, Defendant objects to Plaintiff's paragraph "16" as misleading and on the grounds that it mischaracterizes Mr. Eichenholtz's deposition testimony. Mr. Eichenholtz testified that the focus was on "undue hardship" in Plaintiff's case. <u>See</u> Plaintiff's Exhibit F, at 77:4-14. Defendant further disputes the materiality and relevance of the assertions in paragraph "16" of Plaintiff's 56.1 Statement, because the only remaining claim in this case is whether allowing Plaintiff to mask and test while remaining unvaccinated would have imposed an undue hardship on the DOE, not whether Plaintiff had a bona-fide religious belief. <u>See</u> <u>Order</u>**

**and Decision, ECF Dkt No. 33 at 11 ("Although it is a close question, I hold that at this stage Defendant has failed to show that an accommodation like masking and frequent testing would have imposed an undue hardship as the term is defined in Groff.").**

17. The NYCDOE told the Plaintiff's union, the UFT at the bargaining table during negotiations over the implementation of the Vaccine Mandate, in August 2021, that no employee of the NYCDOE was going to receive a religious accommodation from the Vaccine Mandate. *See*, **Exhibit I**, a copy of the UFT's Declaration of Impasse, at Schedule A and page 6. *See also*, **Exhibit J**, a copy of the Declaration of Alan Klinger, dated March 17, 2025, at ¶ 6.

**DEFENDANT'S RESPONSE: Defendant denies the allegations set forth in paragraph "17" because the cited record evidence does not support the statement of fact. Defendant also objects to paragraph "17" on the grounds that the fact asserted therein is a conclusory and self-serving testimony unsupported by evidence and insufficient to give rise to a dispute of material fact. See United Magazine Co. v. Murdoch Magazines Distrib., 393 F. Supp. 2d 199, 211 (S.D.N.Y. 2005); Gustavia Home, LLC v. Rice, No. 16 Civ. 2353 (BMC), 2016 U.S. Dist. LEXIS 157212, at *3 (E.D.N.Y. Nov. 10, 2016).**

18. It was not until September 2021 did the NYCDOE determine that granting religious accommodations to the Vaccine Mandate would be an undue hardship. *See*, **Exhibit M**, at page 18, lines 19-25.

**DEFENDANT'S RESPONSE: Defendant objects to paragraph "18" on the grounds that it is argumentative and confusing. Defendant further objects to this assertion as irrelevant and immaterial. Further, Defendant disputes the allegations set forth in paragraph "18" because the cited record evidence does not support the statement of fact. After being asked when the**

**general committee determined that providing exemptions was an undue burden, Ms. Rodi testified responding "I don't remember exactly when… I think it was early September, it was sometime during that period where we already – by the time we met and talked about how we were going to approach it, we already had several thousand applications". See Plaintiff's Exhibit M, 17:24-25, 18:2-8.**

19. The "general committee" of the NYCDOE met in September 2021 and decided that, no matter what a person's religious beliefs or bona fides were, the NYCDOE was denying each and every religious accommodation request from the Vaccine Mandate. *See*, **Exhibit M**, at page 23, line 8 through page 25, line 12.

DEFENDANT'S RESPONSE**: Defendant disputes the allegations in paragraph "19" on the grounds that they are unsupported by the cited evidence. Furthermore, Defendant objects to Plaintiff's paragraph "19" as mischaracterizing Ms. Rodi's deposition testimony, as it omits testimony that would provide context and refute Plaintiff's mischaracterization, and including improper argument disguised as a factual statement. After being asked what was the basis for the general committee's determination that providing exemptions to all applicants was an undue burden, Ms. Rodi testified to the operational burden noting that the DOE "did not have the staffing resources to have people not in school buildings or not be able to go into school buildings, because, at that time, if you weren't vaccinated, you weren't permitted in school buildings." See Pl.'s Exh. M, Rodi deposition at 23:8-25, 24:2-10; see also Def. Rule 56.1 ¶ 13.**

20. The Plaintiff's request for a religious accommodation was rejected without any individual analysis whether if an accommodation was granted to the Plaintiff would be an undue burden. *See*, **Exhibit M**, at page 22, lines 10-15.

**<u>DEFENDANT'S RESPONSE</u>: Defendant objects to the allegations in paragraph "20" on the grounds that it is confusing and argumentative. Furthermore, Defendant disputes paragraph "20" on the grounds that it is unsupported by the cited evidence. This statement misleadingly omits testimony that would provide context and refute Plaintiff's mischaracterization. After being asked what was the basis for the general committee's decision that determined that providing exemptions to all applicants was an undue burden, Ms. Rodi testified to the operational burden noting that the DOE "did not have the staffing resources to have people not in school buildings or not be able to go into school buildings, because, at that time, if you weren't vaccinated, you weren't permitted in school buildings." <u>See</u> Pl.'s Exh. M, Rodi deposition at 23:8-25, 24:2-10; <u>see also</u> Def. Rule 56.1 ¶ 13.**

21. Ultimately, through the appeal process created to provide of the NYCDOE's denial of religious accommodations, one hundred forty-six (146) NYCDOE employees were granted religious accommodations. *See* **Exhibit N**, a copy of the NYCDOE's responses to Interrogatories, at Response No. 17.

**<u>DEFENDANT'S RESPONSE</u>: Defendant objects to paragraph "21" on the grounds that it is confusing. Notwithstanding the foregoing, Defendant admits that 146 DOE employees were granted, religious accommodations in connection with the Vaccine Mandate.**

22. The 146 were placed in NYCDOE's office to perform office-based jobs, like answering phones as a COVID hotline for principals. *See*, **Exhibit M**, at page 80, line 18 through 81, line 10.

**<u>DEFENDANT'S RESPONSE</u>: Defendant objects to Plaintiff's paragraph "22" on the grounds that it is confusing and on the grounds that it is not relevant to Plaintiff's failure to accommodate claim because Plaintiff never requested an accommodation to work in a**

**different assignment or position; she only requested an exemption from the COVID-19 Vaccine Mandate. Further, accommodations afforded to other DOE employee is irrelevant and immaterial to whether granting Plaintiff's request for an exemption from the Vaccine Mandate would have imposed an undue hardship on Defendant.**

23. The Vaccine Mandate authorized and permitted reasonable accommodations "otherwise required by law." **Exhibit L**, at § 6.

**DEFENDANT'S RESPONSE: Defendants dispute the accuracy of Plaintiff's citation of the cited evidence, except admit that Paragraph 6 of the Vaccine Mandate stated, "Nothing in this Order shall be construed to prohibit any reasonable accommodations otherwise required by law." See Plaintiff's Ex. L.**

24. The NYCDOE denied every single religious accommodation request from the Vaccine Mandate. *See*, **Exhibit M**, at page 16, lines 10-13; page 22, lines 10-15.

**DEFENDANT'S RESPONSE: Defendant disputes the allegations set forth in paragraph "24" as the cited record evidence does not support the statement of fact. Ms. Rodi testified that providing *exemptions* would be an undue burden for the agency. See Plaintiff's Exhibit M, 16:10-13 (emphasis added). Ms. Rodi explained that the agency had over three thousand applications and if they had granted all of the exemption requests, that would be an undue burden. See Plaintiff's Exhibit M, 16:22-25, 17:2-8. Furthermore, the statement in paragraph "20" is contradicted by other evidence in the record, which reflects that 146 DOE employees were granted religious accommodations in connection with the Vaccine Mandate. See ¶ 21 *supra.***

25. The NYCDOE approved both medical exemptions to the Vaccine Mandate and medical accommodation to the Vaccine Mandate. *See*, **Exhibit M**, at page 33, line 5 through page 36, line 17.

**DEFENDANT'S RESPONSE: Defendant objects to paragraph "25" on the grounds that it is confusing. Further, the allegations in paragraph "25" are immaterial and irrelevant to Plaintiff's claims concerning her request for a religious exemption from the Vaccine Mandate. Notwithstanding the foregoing objections, Defendant admits that it approved requests for medical exemption from the Vaccine Mandate, and other medical accommodations.**

26. The NYCDOE took the position that Plaintiff's bona fide religious belief that the COVID-19 vaccine was produced using fetal cells (**Exhibit A**, at page 61, lines 13-21) was "BS". **Exhibit O**, copy of the September 20, 2021 email chain, at pages 7-8.

**DEFENDANT'S RESPONSE: Defendant objects to the allegations in paragraph "26" to the extent they rely on an email, without additional context, which constitutes an inadmissible hearsay. See Aghaeepour v. N. Leasing Sys., No. 14 Civ. 5449 (NSR), 2024 U.S. Dist. LEXIS 93322, at *29 (S.D.N.Y. May 14, 2024). Defendant further denies the materiality and relevance of the assertions in paragraph "26", because the issue in this case is whether allowing Plaintiff to mask and test while remaining unvaccinated would have imposed an undue hardship on the DOE, not whether Plaintiff had a bona-fide religious belief. In addition, Defendant affirmatively states that Plaintiff has admitted she has no facts to support her claim about vaccines using aborted fetal cells. See Martin Decl, Exh A, at 60:11-14, 40:14-17, 60:17-23, 61:13-21.**

27. When the Plaintiff executed her release to extend her suspension without pay for one year in September 2021, she communicated with the NYCDOE and stated that she is "continuing my leave under duress. I am 51 years old and need my pension that I worked for my whole life." **Exhibit U**.

**<u>DEFENDANT'S RESPONSE</u>: Defendant disputes the materiality and relevance of the assertions in paragraph "27". Notwithstanding the foregoing, Defendant admits that Plaintiff executed a Waiver and Release on February 21, 2022, extending her leave without pay and releasing the DOE of all legal claims while remaining eligible to maintain health insurance, and thereafter sent an e-mail seven days later on February 28, 2022 to revokevaccinationprovision@schools.nyc.gov that she was "continuing my leave under duress. I am 51 years old and need my pension that I worked for my whole life." <u>See</u> Pltf's Exh. U.**

28. When the Plaintiff executed her release to extend her suspension without pay for one year in September 2021, the Plaintiff emailed Beth Norton, Esq ("Norton") an attorney for the UFT that "[t]oday I notified the revokevaccinationprovision@schools.nyc.edu to extend my forced unpaid leave **UNDER DURESS!** I am notifying you as well." **Exhibit V**, a copy of the email to Norton (emphasis in original).

**<u>DEFENDANT'S RESPONSE</u>: Defendant denies the materiality and relevance of the assertions in paragraph "28". Notwithstanding the foregoing, Defendant admits that Plaintiff executed a Waiver and Release on February 21, 2022, extending her leave without pay and releasing the DOE of all legal claims while remaining eligible to maintain health insurance, and thereafter sent an e-mail seven days later on February 28, 2022 to Beth**

**Norton, UFT, that she notified the DOE to extend her unpaid leave "UNDER DURESS!". <u>See</u> Pltf's Exh.V.**

29. When the Plaintiff executed her release to extend her suspension without pay for one year in September 2021, the Plaintiff emailed her Principal that she "[u]nder duress, I have extended my forced Leave Without Pay for Vaccine Reasons until September 5, 2022." **Exhibit W**, a copy of the Plaintiff's email to her Principal.

**<u>DEFENDANT'S RESPONSE</u>: Defendant denies the materiality and relevance of the assertions in paragraph "29". Notwithstanding the foregoing, Defendant admits that Plaintiff executed a Waiver and Release on February 21, 2022, extending her leave without pay and releasing the DOE of all legal claims while remaining eligible to maintain health insurance, and thereafter sent an e-mail seven days later on February 28, 2022 to Dominic Armano, then Principal of P.S. 84, Q, that "under duress, I have extended my forced Leave Without Pay for Vaccine Reasons until September 5, 2022." <u>See</u> Pltf's Exh.W.**

30. The Plaintiff was presented with the release without any time to review it. **See**, Masciarelli Affidavit, at ¶ 4.

**<u>DEFENDANT'S RESPONSE</u>: Defendant objects to the allegations set forth in paragraph "30" as irrelevant and immaterial, and only supported by Plaintiff's own declaration which is inherently self-serving, conclusory, and unsupported by any admissible factual detail or evidence.**

31. The Plaintiff was not given time for her union to review the release before signing. *See*, Masciarelli Affidavit, at ¶ 4.

**<u>DEFENDANT'S RESPONSE</u>: Defendant objects to the allegations set forth in paragraph "31" as irrelevant and immaterial, and only supported by Plaintiff's own declaration which**

**is inherently self-serving, conclusory, and unsupported by any admissible factual detail or evidence.**

32. The Vaccine Mandate did not prohibit the NYCDOE from granting reasonable accommodations for religious objectors. *See*, **Exhibit L**, § 6.

**DEFENDANT'S RESPONSE: Defendant denies the allegations set forth in paragraph "32" because the cited record evidence does not support the statement of fact. Notwithstanding, Defendant admits that paragraph 6 of the Vaccine Mandate stated, "Nothing in this Order shall be construed to prohibit any reasonable accommodations otherwise required by law." See Plaintiff's Ex. L.**

33. There are no genuine issues of material fact precluding summary judgment.

**DEFENDANT'S RESPONSE: Defendant objects to this statement on the grounds that it is argumentative and improperly states a conclusion of law that is inappropriate in a Rule 56.1 Statement.**

Dated: New York, New York
July 10, 2026

/s/
Andrea M. Martin
Assistant Corporation Counsel