Index No. 22 CV 07553 (CBA)(VMS)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LORRAINE MASCIARELLI,

Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

Defendant.

**DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

***STEVEN BANKS***
*Corporation Counsel of the City of New York*
Attorney for Defendant
100 Church Street
New York, N.Y. 10007

Of Counsel: Andrea M. Martin
Tel: (212) 356-3549
andmarti@law.nyc.gov

Matter No. 2022-074546

# TABLE OF CONTENTS

**Page**


TABLE OF AUTHORITIES ........ III

PRELIMINARY STATEMENT ........ 1

ARGUMENT

POINT I

PLAINTIFF'S PRIMA FACIE CASE IS NOT AT ISSUE AND REGARDLESS, SHE CANNOT ESTABLISH THE THRESHOLD ELEMENTS OF HER CLAIM ........ 1

A. Plaintiff's *Prima Facie* Arguments are Irrelevant to the Remaining Issues Before the Court ........ 1

B. Plaintiff Cannot Establish the Threshold Element of Her *Prima Facie* Case ........ 2

POINT II

DEFENDANT'S UNDUE HARDSHIP DEFENSE IS NOT PRETEXT FOR RELIGIOUS DISCRIMINATION ........ 4

A. Plaintiff's Interpretation of the DOHMH Order Erroneously Presumes Reasonable Accommodations Were Required Without Regard to Undue Hardship ........ 5

B. Plaintiff Fails to Rebut That Allowing Her to Teach In Person While Unvaccinated Would Have Imposed an Undue Hardship on the DOE ........ 6

POINT III

PLAINTIFF'S FILING WITH THE EEOC DOES NOT REMEDY PLAINTIFF'S FAILURE TO COMPLY WITH EDUCATION LAW 3813 ........ 10

POINT IV

PLAINTIFF DID NOT SIGN THE WAIVER UNDER ECONOMIC DURESS ........ 11

**Page**

CONCLUSION ........................................................................ 12

CERTIFICATION ........................................................................ 13

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

Matter of Barrer-Cohen v. Greenburgh Cent. Sch. Dist., 178 A.D.3d 920 (App. Div. 2d Dep't 2019) ... 11, 12

Beickert v. N.Y.C. Dep't of Educ., No. 22-CV-5265(DLI)(VMS), 2023 U.S. Dist. LEXIS 170719 (E.D.N.Y. Sept. 25, 2023) ... 4-5

Bergin v. N.Y. State Unified Ct. Sys., 2026 U.S. App. LEXIS 20685 (2d Cir. 2026) ... 2, 3

Bobnar v. AstraZeneca, 672 F. Supp. 3d 475 (N.D. Ohio 2023) ... 7, 8

Brown v. S. Shore Univ. Hosp., 762 F. Supp. 3d 191 (E.D.N.Y. 2025) ... 5, 8

Cosme v. Henderson, 287 F.3d 152 (2d Cir. 2002) ... 3, 4

Groff v. DeJoy, 600 U.S. 447, 143 S. Ct. 2279 (2023) ... 1, 6, 8, 9

Matter of Hogue v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y., 220 A.D.3d 416 (App. Div. 1st Dep't 2023) ... 7

Knight v. State Dep't of Pub. Health, 275 F.3d 156 (2d Cir. 2001) ... 4

Matter of LaBarbera v. N.Y.C. Dep't of Educ., 241 A.D.3d 547 (App. Div. 2d Dep't 2025) ... 6, 7

Lavelle-Harden v. Legacy Health, No. 3:22-cv-01752 (IM), 2024 U.S. Dist. LEXIS 145818 (D. Ore. Aug. 14, 2024) ... 9

Matter of Lee v. City of N.Y., 221 A.D.3d 505 (App. Div. 1st Dep't 2023) ... 7

**Cases** **Pages**

Mahmud v. Kaufmann,
607 F. Supp. 2d 541 (S.D.N.Y. 2009)....2

Matter of Marsteller v. City of N.Y.,
217 A.D.3d 543 (App. Div. 1st Dep't 2023) ....7

Masciarelli v. N.Y.C. Dep't of Educ.,
Index No. 726150/2022
(Sup. Ct. Queens Cnty. May 30, 2023)....6

Mc Clellan v. Alexander Cent. Sch. Bd. Of Educ.,
201 A.D.2d 898
(App. Div. 4th Dep't 1994)....11

Palmieri v. Lynch,
392 F.3d 73 (2d Cir. 2004)....2

Parochial Bus Systems, Inc. v. Bd. of Educ.,
60 N.Y.2d 539 (1983) .... 11-12

Rodriguez v. City of N.Y.,
193 A.D.3d 603
(App. Div. 1st Dep't 2021) ....12

Russo v. Patchogue-Medford Sch. Dist.,
129 F.4th 182 (2d Cir. 2025) ....5

Varsity Transit, Inc. v. Bd. of Educ. of City of N.Y.,
5 N.Y.3d 532 (2005) ....11, 12

**Statutes**

N.Y. Educ. Law § 3813 ....11, 12

## PRELIMINARY STATEMENT

Defendant respectfully submits this Reply Memorandum of Law in Further Support of their Motion for Summary Judgment. Plaintiff alleges that the DOE's denial of her request for a religious exemption from the DOHMH Order requiring the vaccination of all DOE staff and visitors, and the subsequent termination of Plaintiff's employment due to her failure to comply with this condition of employment, constituted religious discrimination. However, as explained in its initial moving papers, and as reiterated below, Defendant's denial of Plaintiff's religious exemption request was fully lawful because granting the exemption, which would require Defendant to allow Plaintiff, a classroom physical education teacher, to teach students in-person, unvaccinated, would have caused an undue hardship on Defendant's operations. Accordingly, summary judgment should be granted in favor of Defendant.

## ARGUMENT

### POINT I

### PLAINTIFF'S PRIMA FACIE CASE IS NOT AT ISSUE AND REGARDLESS, SHE CANNOT ESTABLISH THE THRESHOLD ELEMENTS OF HER CLAIM

#### A. Plaintiff's *Prima Facie* Arguments are Irrelevant to the Remaining Issues Before the Court

Plaintiff's only surviving claim under Title VII is whether allowing Plaintiff to mask and test would have posed an undue hardship on Defendant. As noted by Judge Amon, "[a]lthough it is a close question, I hold that at this stage Defendant has failed to show that an accommodation like masking and frequent testing would have imposed an undue hardship as the term is defined in Groff." See Decision and Order, dated January 19, 2024, ECF Dkt No. 33 at 11. Thus, Plaintiff's arguments regarding her *prima facie* showing are of no moment because the issue before this Court

is whether masking and testing would have imposed on undue hardship, not whether Plaintiff can establish a *prima facie* case of religious discrimination.

Furthermore, Plaintiff's opposition improperly shifts from defending against Defendant's motion to launching an offensive attack on elements Defendant does not challenge. See Pl. Opp. at 5-6. This attempt at distraction highlights the weakness of Plaintiff's position and warrants rejection of her arguments. Rather than addressing the arguments made in Defendant's Motion, in opposition, Plaintiff erroneously alleges Defendant somehow conceded that Plaintiff met her *prima facie* burden, citing Palmieri v. Lynch. While Plaintiff is correct that failure to raise an argument in opposition can constitute waiver, she misunderstands the application: Plaintiff is the party opposing Defendant's motion. Her brief must address Defendant's arguments, not manufacture new issues for litigation. See Palmiere v. Lynch, 392 F.3d 73, 87 (2d Cir. 2004). By attempting to shift the burden back to Defendant on elements neither Defendant nor the Court put at issue, Plaintiff violates fundamental procedural rules and asks this Court to permit what is, in effect, an amendment by briefing. See Mahmud v. Kaufmann, 607 F. Supp. 2d 541, 555 (S.D.N.Y. 2009). Plaintiff's attempt to litigate *prima facie* elements through opposition briefing is procedurally improper and should be disregarded.

**B. Plaintiff Cannot Establish the Threshold Element of Her *Prima Facie* Case**

Nevertheless, even if the Court were to consider Plaintiff's *prima facie* arguments, Plaintiff cannot meet the threshold element of a *prima facie* case of discrimination because there is no evidence in the record showing that she had a religious objection to the vaccine mandate. See Def. Opp at 2-4, Point I. The Second Circuit's recent decision in Bergin v. N.Y. State Unified Ct. Sys., 2026 U.S. App. LEXIS 20685 (2d Cir 2026), clarifies the *prima facie* showing required for a Title VII religious-accommodation claim: a plaintiff must demonstrate that she actually required an accommodation of her religious practice, and that the employer's desire to avoid that actually

required prospective accommodation was a motivating factor in an adverse employment decision. Id. That standard is consistent with Title VII's focus on an actual conflict between a genuine religious practice and an employment requirement. Cosme v. Henderson, 287 F.3d 152 (2d Cir. 2002).

The record demonstrates that Plaintiff does not have a religious practice that conflicts with vaccination, and therefore cannot satisfy Bergin's first element. The absence of a concrete religious practice requiring accommodation is fatal, because Title VII's accommodation duty arises when an employee has a genuine religious practice that conflicts with an employment requirement and the employer is notified of that conflict. Cosme, 287 F.3d at 158. Plaintiff's own testimony confirms this point. When asked why she objected to vaccination, Plaintiff did not identify a religious practice requiring accommodation. Instead, she testified: "I didn't know about the attenuation of the aborted fetal cells. And it didn't make sense to me that everybody was required to get this shot . . . So when I looked into it, and saw that it changes your DNA, that violates God itself." Def. Ex. A at 41:10-15. Further, Plaintiff could not identify the source of this information, stating only that she had read "various journals" or "information." Id. at 41:17-18. She could not recall whether those materials were medical, religious, or otherwise. Id. at 41:22-24. And when directly asked whether she had any factual basis for her assertion that the vaccines utilized aborted fetal cells, she answered, "off the top of my head, no." Id. at 60:11-14. This testimony cannot establish that Plaintiff actually required an accommodation of a religious practice. At most, it reflects generalized objections to vaccination based on personal concerns about vaccine composition, DNA, and information Plaintiff could not identify as medical, religious, or otherwise. Title VII does not require an employer to provide the employee's preferred outcome merely

because the employee labels the request religious; the relevant inquiry is whether an actual religious practice required accommodation. Cosme, 287 F.3d at 158.

Because Plaintiff cannot establish that she actually required an accommodation of a religious practice, she cannot show that Defendant's desire to avoid such an accommodation was a motivating factor in any adverse employment decision. Thus, should the Court consider Plaintiff's *prima facie* arguments, her claim fails as a matter of law, and summary judgment should be granted on Plaintiff's Title VII religious accommodation claim.

## POINT II

## DEFENDANT'S UNDUE HARDSHIP DEFENSE IS NOT PRETEXT FOR RELIGIOUS DISCRIMINATION

Plaintiff recycles her motion for summary judgment as an opposition, using the same unsupported, conspiratorial arguments. See Pl. Mtn at 7-13. None, however, rebuts Defendant's straightforward undue hardship defense. Defendant thus refers to and incorporates herein arguments made in opposition to Plaintiff's summary judgment motion. See Def. Opp. at 5-15.

At the time of her request, Plaintiff was employed as a physical education teacher whose duties required daily, in-person interaction with students, including children as young as three years old, in a school environment where health and safety concerns were paramount. See Def. Rule 56.1 ¶¶ 2-8; see also Def. Rule 56.1 ¶ 28. Granting Plaintiff's requested exemption would have required DOE to permit an unvaccinated employee to continue working in close physical proximity to students who, at the time, were themselves ineligible for vaccination. Doing so would not only have conflicted with the DOHMH Order, but also would have increased the risk to students, coworkers, and the school community. See Def Rule 56.1 ¶¶ 14, 17; see also Beickert v. N.Y.C. Dep't of Educ., No. 22-CV-5265(DLI)(VMS), 2023 U.S. Dist. LEXIS 170719, at *14-15 (E.D.N.Y. Sep. 25, 2023)(finding that Plaintiff's unvaccinated presence would have imposed

"substantial increased costs in relation to the conduct of [the DOE's] particular business" by creating a health and safety risk that would have prevented the DOE from fostering a safe educational and work environment when COVID-19 vaccines had become available.") Moreover, Plaintiff's request cannot be viewed in isolation. DOE was required to evaluate thousands of religious exemption requests. See Def. Rule 56.1 ¶ 21. Accommodating such requests on a broad scale would have imposed significant operational, administrative, and financial burdens. See Russo v. Patchogue-Medford Sch. Dist., 129 F.4th 182 (2d Cir. 2025).

### A. Plaintiff's Interpretation of the DOHMH Order Erroneously Presumes Reasonable Accommodations Were Required Without Regard to Undue Hardship

Plaintiff mischaracterizes the DOHMH Order savings clause which states, "Nothing in this Order shall be construed to prohibit any reasonable accommodations otherwise required by law," as a guarantee of accommodation. See Pl. Opp. at 16-17, 25. Title VII requires employers to accommodate the religious practice of their employees unless doing so would impose an undue hardship on the conduct of the employer's business. Brown v. S. Shore Univ. Hosp., 762 F. Supp. 3d 191, 206 (E.D.N.Y. 2025). The Supreme Court has clarified that undue hardship is shown when a burden is substantial in the overall context of an employer's business. Id. Plaintiff's attempt to transform a procedural savings clause into a substantive mandate ignores the statutory framework. The savings clause ensures compliance with applicable law including the undue hardship defense Congress embedded in Title VII itself. Plaintiff further asserts that the DOE's undue hardship defense under the CHRL fails because the Vaccine Mandate permitted reasonable accommodations. This argument is similarly misplaced; the savings clause exists but does not eliminate the undue hardship defense. The statute and binding precedent make clear that an employer need not provide an accommodation that imposes substantial costs or burdens. See id.; see also Groff v. DeJoy, 600 U.S. 447, 143 S. Ct. 2279 (2023).

## B. Plaintiff Fails to Rebut That Allowing Her to Teach In Person While Unvaccinated Would Have Imposed an Undue Hardship on the DOE

Regardless of Plaintiff's interpretation of the DOHMH Order, allowing Plaintiff to continue teaching in person while unvaccinated would have imposed an undue hardship on DOE, thereby precluding the religious exemption she sought under Title VII and the CHRL.

First, Plaintiff's reliance on Matter of LaBarbera is misplaced. See Matter of LaBarbera v. N.Y.C. Dep't of Educ., 241 A.D.3d 547 (App. Div. 2nd Dept. 2025). Unlike the present action, Matter of LaBarbera was an Article 78 proceeding in which the petitioner challenged the DOE's denial of her request for a religious exemption subsequent to the execution of a waiver as arbitrary and capricious. Those circumstances bear no resemblance to the claims before this Court. Here, Plaintiff already pursued that very avenue of relief by commencing an Article 78 proceeding in Queens County challenging the denial of her religious exemption request. Masciarelli v. N.Y.C. Dept. of Educ., Index No. 726150/2022 (Sup. Ct., Queens Cty., May 30, 2023). She did not prevail. Moreover, even if Matter of LaBarbera were analogous, which it is not, Plaintiff offers no explanation of how its reasoning applies to Defendant's specific showing of undue hardship. See Pl. Opp at 7.

Indeed, Plaintiff's cherry picked citation to Matter of LaBarbera is a distraction that does nothing to rebut the substantial evidence Defendant has presented regarding the operational, financial, and safety burdens imposed by granting Plaintiff's requested accommodation. See Matter of LaBarbera v. N.Y.C. Dep't of Educ., 241 A.D.3d 547 (App. Div. 2nd Dept. 2025); see also Def. Rule 56.1 ¶ 29, 30, 31, 44. Not only does Matter of LaBarbera fail to address the issues presented in this action, including the Title VII and CHRL undue hardship analysis presently before the Court, but Plaintiff also conveniently ignores the numerous decisions dismissing Article 78 petitions challenging the denial of religious exemption requests to the Vaccine Mandate. See

Matter of Hogue v. Bd. of Educ. of the City Sch. Dist. of the City of N.Y., 220 A.D.3d 416 (App. Div. 1st Dept. 2023) (affirming dismissal of an Article 78 proceeding where the Citywide Panel found petitioner failed to establish a sincerely held religious belief and that granting the exemption would impose an undue hardship on the DOE); Matter of Marsteller v. City of N.Y., 217 A.D.3d 543 (App. Div. 1st Dept. 2023)(affirming dismissal of an Article 78 proceeding because the petitioner's application contained only a "generic statement" that failed to explain how his religious tenets conflicted with the vaccine requirement and the petitioner had "no demonstrated history of refusing medications or vaccines) Accordingly, Plaintiff's reliance on this case is not only inapposite, it selectively ignores the substantial body of precedent not in her favor.

Plaintiff's citation to Bobnar is equally unavailing. Bobnar v. AstraZeneca, 672 F. Supp. 3d 475 (N.D. Ohio 2023). Seemingly unable to identify supportive authority from this Circuit or New York courts, Plaintiff instead relies on a decision from the Northern District of Ohio. As already discussed, Bobnar is not binding on this Court. See Def. Opp at 16-17. Second, Bobnar addresses entirely different factual and legal issues and provides no guidance on the undue hardship inquiry in this case. Id. Plaintiff offers no analysis of how Bobnar's holding applies to Defendant's specific showing of increased costs, operational disruption, and safety concerns. See Pl. Opp. at 18.

Plaintiff further argues that the threat to the health and safety of co-workers and students is not supported by the evidence. See Pl. Opp at 16. This argument fails both factually and legally. The Supreme Court has explained that an accommodation's effect on co-workers may have ramifications for the conduct of the employer's business. Brown v. S. Shore Univ. Hosp., 762 F. Supp. 3d 191, 209 (E.D.N.Y. 2025); see Groff v. DeJoy, 600 U.S. at 447 (Finding that effects on co-workers may be considered to the extent that they affect the conduct of the employer's

business.) The record is replete with evidence based on public health guidance, expert recommendations, and operational realities at the time of the mandate, demonstrating that unvaccinated employees posed heightened health and safety risks in Plaintiff's workplace. See Def. Rule 56.1 ¶¶ 9-18. Plaintiff's co-workers and the students the DOE serves were at increased risk of COVID-19 transmission from unvaccinated personnel. Id. This risk directly affects the conduct of Defendant's business by threatening the health of the workforce, increasing absenteeism, disrupting operations, and exposing Defendant to liability. Plaintiff offers no evidence rebutting these concerns; she merely asserts, without support, that she believes the risks to others were insufficient. Plaintiff's personal belief about a public health risk during a global pandemic is not enough to create a genuine dispute of material fact, nor can it overcome the precedents set forth in Defendant's moving brief. See Def. Mem. at 3-7, Point I (II-III).

Unsurprisingly, Plaintiff does not cite to any case law in support of her argument that Defendant cannot consider the cumulative impact of granting thousands of accommodation requests. See Pl. Opp at 19. Plaintiff's argument is simply: they granted 146, what's one more?, without noting any differences in positions, responsibilities of the 146 that were granted versus Plaintiff's position and responsibilities. See Pl. Opp at 19-20. Courts must take into account all relevant factors in the case at hand, including the particular accommodations at issue and their practical impact in light of the nature, size and operating cost of an employer. Groff v. DeJoy, 600 U.S. 447, 471, 143 S. Ct. 2279, 2295 (2023). This includes the aggregate or cumulative effects of an accommodation when multiple, similarly situated employees request the same accommodation. See Lavelle-Harden, 2024 U.S. Dist. LEXIS 145818, at *24 (holding that "undue hardship is properly analyzed cumulatively"). The DOE is a large public employer that faced thousands of accommodation requests. See Def. Rule 56.1 ¶ 21. The cumulative burden of granting all such

requests, or even a substantial percentage, would impose substantial increased costs in staffing, scheduling, safety compliance, and operational continuity. See id. ¶¶ 19, 21. Plaintiff's position and responsibilities are not identical to those of the 146 employees who received accommodations. Plaintiff works in a role requiring in-person contact with elementary-aged students and her co-workers in an environment where health and safety risks were acute. See Def. Rule 56.1 ¶¶ 2-8. Plaintiff offers no evidence comparing her position to those 146 employees and no authority for the proposition that cumulative impact is irrelevant. Her "what's one more" argument belittles a global pandemic that took the lives of millions of people, trivializes the substantial operational burdens Defendant has demonstrated, and ignores binding precedent recognizing cumulative effects as a relevant factor in the undue hardship analysis.

In opposition, Plaintiff repeatedly asserts that testing and masking "was not an option considered by the DOE.," arguing that such measures were "permitted, authorized, approved, and accepted" by the New York State Commissioner of Health and therefore reflected New York State policy. See Pl. Opp at 17. In support, Plaintiff relies almost exclusively on guidance and documents issued by the NY Department of Health ("NYSDOH"). See Pl. Opp. Exhs. 10-11. Plaintiff's argument, however, rests on a fundamental misunderstanding of the governing legal framework. As Defendant has consistently maintained, the controlling authority was not guidance issued by the NYSDOH, but rather the New York City DOHMH Order, which prohibited unvaccinated DOE employees from entering DOE school buildings. See Def. Rule 56.1 ¶ 13. Accordingly, masking and frequent testing were not available alternatives that would have permitted Plaintiff to perform her position in person while remaining unvaccinated. Plaintiff's reliance on NY State guidance is misplaced because it does not alter or negate the requirements imposed by the controlling DOHMH

Order applicable to DOE Employees. Simply put, Plaintiff cannot manufacture a reasonable accommodation by relying on guidance that did not govern her employment.

In sum, Plaintiff has failed to rebut Defendant's undue hardship defense with sufficient evidence. Defendant has demonstrated that granting Plaintiff's requested exemption from the Vaccine Mandate would result in substantial increased costs and operational burdens in relation to the conduct of its business, considering the cumulative impact of thousands of accommodation requests, the health and safety risks posed to co-workers and students, and the infeasibility of alternatives such as remote work. Plaintiff offers no case law, no factual rebuttal, and no meaningful engagement with the governing legal standards.

## POINT III

## PLAINTIFF'S FILING WITH THE EEOC DOES NOT REMEDY PLAINTIFF'S FAILURE TO COMPLY WITH EDUCATION LAW 3813

Filing a charge of discrimination with the EEOC cannot substitute for, or take the place of, filing a timely notice of claim as required by New York law. See Matter of Barrer-Cohen v. Greenburgh Cent. Sch. Dist., 178 A.D.3d 920 (App. Div. 2nd Dept. 2019). Under NY CLS Educ § 3813, presenting a written verified claim to the governing body of a school district or board of education is a strict, statutory condition precedent to prosecuting or maintaining any action or special proceeding against them. NY CLS Educ § 3813, MC CLELLAN v. ALEXANDER Cent. Sch. Bd. OF Educ., 201 A.D.2d 898 (App. Div. 4th Dept. 1994). New York courts have consistently held that the statutory requirements conditioning suits against governmental entities must be strictly construed. Varsity Transit, Inc. v. Bd. of Educ. of City of N.Y., 5 N.Y.3d 532, 536 (2005). Because these requirements are mandatory, a claimant cannot be relieved of this positive statutory directive to notify the correct public body. Parochial Bus Systems, Inc. v. Board of Education, 60 N.Y.2d 539, 547 (1983). Consequently, Plaintiff's reliance on an administrative

filing with the EEOC does not excuse or remedy the failure to serve a formal notice of claim upon the proper school board or district authorities in compliance with the statute. Matter of Barrer-Cohen v. Greenburgh Cent. Sch. Dist., 178 A.D.3d 920 (App. Div. 2nd Dept. 2019).

Because Plaintiff failed to present a timely, written verified notice of claim in connection with her termination, she has lost the right to challenge that adverse employment action under the CHRL. See Def. Mtn for Summary Judgment at 17, Point II(B) ; Parochial Bus Systems, Inc., 60 N.Y.2d at 548. Failure to comply with the strict three-month presentation requirement of NY CLS Educ § 3813 is a fatal defect that mandates dismissal of the action. Parochial Bus Systems, Inc., 60 N.Y.2d at 548, Rodriguez v. City of N.Y., 193 A.D.3d 603 (App. Div. 1st Dept. 2021). Accordingly, Plaintiff's CHRL claim challenging her termination is barred by her failure to timely serve a Notice of Claim.

## POINT IV

## PLAINTIFF DID NOT SIGN THE WAIVER UNDER ECONOMIC DURESS

Plaintiff's allegations of financial hardship do not alter the conclusion that she knowingly and voluntarily executed the Waiver and Release, and the Agreement is therefore not voidable on the basis of economic duress. Plaintiff offers little to contradict Defendant's arguments.

Plaintiff incorrectly asserts that no waiver or release of claims was contained within the arbitration award. See Pl. Opp at 23. Indeed, the record squarely refutes that assertion. Plaintiff herself cites the arbitration award, which expressly incorporates the terms of the Waiver and Release. See Pl. Ex. D at 17–18. Plaintiff therefore cannot avoid the legal effect of the Waiver by claiming it was separate from the Arbitration Award while simultaneously relying on the award itself. To the extent Plaintiff seeks to invalidate the Waiver, she is necessarily challenging the terms of the UFT Arbitration Award into which the Waiver was incorporated. Such a challenge is

barred as Plaintiff is collaterally estopped from relitigating issues resolved through the arbitration process and, in any event, lacks standing to collaterally attack the arbitration award because it was entered between her union and DOE, and Plaintiff was not a party to that proceeding. See Def. Mtn for Summary Judgment at 21-26, Point III, II-III. Accordingly, Plaintiff's economic duress argument fails as a matter of law.

**CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that this Court grant the Defendant's motion for summary judgment, and grant Defendant's costs, disbursements, and attorney's fees, and such other and further relief as the Court deems just and proper.

Dated: New York, New York
July 24, 2026

**STEVEN BANKS**
Corporation Counsel of the City of New York
*Attorney for Defendant*
100 Church Street
New York, New York 10007
(212) 356-3549

By: /s/
Andrea Martin
*Assistant Corporation Counsel*

## CERTIFICATION

In accordance with Local Civil Rule 7.1 (c) of the Local Rules Of The United States District Courts For the Southern and Eastern Districts Of New York, the undersigned certifies that the word count in this memorandum of law (excluding the caption, table of contents, table of authorities, signature block, and this certification), as established using the word count on the word-processing system used to prepare it, is 3,500 words.

Dated: New York, New York
July 24, 2026

Respectfully submitted,

By: /s/
Andrea M. Martin
*Assistant Corporation Counsel*